**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KATHRYN SHIBER,

Plaintiff,

v.

CENTERVIEW PARTNERS LLC,

Defendant.

Case No. 1:21-cv-03649

**Declaration of Cheryl Robinson**

I, Cheryl Robinson, declare as follows:

1. I am currently the Director of Human Resources of Centerview Partners LLC ("Centerview"). I have been employed in that role since July 2013.

2. In my role as Director of Human Resources, I am ultimately responsible for all of Centerview's human resources functions. Among other responsibilities, I ensure that all employees complete applicable payroll and benefits forms and that all employee contact information is current in the firm's systems.

3. Since approximately March 2020, I have also been responsible for aspects of Centerview's Covid-19 response, including development and implementation of the firm's work-from-home policies, operational changes, and office re-opening plan.

4. I offer this declaration in support of Centerview's Motion to Dismiss Causes of Action I–VI of the Complaint for Lack of Subject Matter Jurisdiction. I am familiar with the facts and circumstances set forth in this declaration, and if called upon to testify to those facts and circumstances, I could and would competently do so.

5. On July 3, 2020, Centerview's Chief Financial Officer and Chief Operating Officer, Jeanne Vicari, emailed the NYCAllEmployees@centerview.com listserv, on which I am a member, with the subject: "Covid Team Update on New York Office," attaching a document describing the plan for reopening Centerview's New York office. On July 6, 2020 Centerview Partner Richard Case forwarded the July 3, 2020 email to Centerview's incoming first-year analyst class, including Kathryn Shiber.

6. As part of its New York office reopening, Centerview required that "[b]y 5pm the prior evening, on the inet, employees need to notify us that you intend to come into the office, and at what 30 minute time slot. In the morning, on the inet, employees are to complete a mandatory health questionnaire . . . ."

7. These notification and health questionnaire requirements were effective during the entire period of Kathryn Shiber's employment with Centerview.

8. Had Plaintiff indicated via inet that she intended to come into the office at any time during her employment, I would have received notice of same to help arrange for her entry. Plaintiff never notified Centerview on inet that she intended to visit Centerview's New York City office.

9. Attached hereto as **Exhibit 1** is a true and correct copy of a "People Search" database inquiry for "shiber" run on May 12, 2021. "People Search" is a software program that monitors building and office security and manages employees' access permissions and activity. Had Plaintiff accessed Centerview's office, the People Search software application would have registered this activity. However, People Search did not return any matching records for "shiber," indicating Plaintiff never entered or exited Centerview's office. Indeed, Plaintiff never picked up her employee ID, which is necessary to gain entry to Centerview's office.

10. Attached hereto as **Exhibit 2** is a true and correct copy of a July 8, 2020 email from Plaintiff to me in which she states that "due to [work-from-home] I am in New Jersey . . . ."

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 27, 2021, in New York, New York.

/s/ *Cheryl Robinson*
Cheryl Robinson