UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN SHIBER,<br><br>   Plaintiff,<br><br>   v.<br><br>CENTERVIEW PARTNERS LLC,<br><br>   Defendant. | Case No. 1:21-cv-03649 |

**CENTERVIEW PARTNERS LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS</u>**

Jennifer J. Barrett
Hope D. Skibitsky
Ty Adams
QUINN EMANUEL
URQUHART & SULLIVAN LLP
51 Madison Ave., 22nd Floor
New York, New York 10010
Tel: 212-849-7000
Fax: 212-849-7100
jenniferbarrett@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
tyadams@quinnemanuel.com

*Attorneys for Centerview Partners LLC*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1
FACTUAL BACKGROUND.........................................................................................................2
LEGAL STANDARDS ..................................................................................................................4
ARGUMENT..................................................................................................................................5
       A.     *Hoffman* And Its Progeny Dictate That An Employee Living And Working In New Jersey Cannot Avail Herself Of The NYCHRL Or NYSHRL ....................5
       B.     The Impact Requirement Remains In Full Force Throughout The Covid-19 Pandemic..................................................................................................................7
CONCLUSION.............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Benham v. eCommission Solutions, LLC*,
   118 A.D.3d 605 (N.Y. App. Div. 1st Dept. 2014) ............................................................... 6

*Carter v. HealthPort Techs., LLC*,
   822 F.3d 47 (2d Cir. 2016) .................................................................................................. 4

*Fried v. LVI Servs., Inc.*,
   2011 WL 4633985 (S.D.N.Y. Oct. 4, 2011),
   *aff'd*, 500 F. App'x 39 (2d Cir. 2012) ............................................................................. 5, 9

*Hardwick v. Auriemma*,
   116 A.D.3d 465 (N.Y. App. Div. 1st Dept. 2014) ............................................................... 6

*Hoffman v. Parade Publications*,
   15 N.Y.3d 285 (2010) ................................................................................ 1, 5, 6, 7, 8, 9, 10

*Katz v. Donna Karan Co., L.L.C.*,
   872 F.3d 114 (2d Cir. 2017) ................................................................................................ 4

*Lyons v. Litton Loan Servicing LP*,
   158 F. Supp. 3d 211 (S.D.N.Y. 2016) ................................................................................. 4

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000) ................................................................................................ 4

*Pakniat v. Moor*,
   192 A.D.3d 596 (N.Y. App. Div. 1st Dept. 2021) ............................................................... 9

*Pedroza v. Ralph Lauren Corp.*,
   No. 19-CV-08639(ER), 2020 WL 4273988 (S.D.N.Y. July 24, 2020) ........................... 4, 5

*Vangas v. Montefiore Med. Ctr.*,
   2015 WL 1514742, n.2 (S.D.N.Y. Apr. 3, 2015) (Ramos, J.,
   *aff'd in relevant part, rev'd in part*, 823 F.3d 174 (2d Cir. 2016) ............................. 5, 6, 7

*Ware v. L-3 Vertex Aerospace, LLC*,
   833 F. App'x 357 (2d Cir. 2020) ......................................................................................... 1

*Wexelberg v. Project Brokers LLC*,
   2014 WL 2624761, 13-cv-7904(LAK)(MHD) (Apr. 28, 2014),
   *report & recommendation adopted* June 3, 2014 (ECF No. 25) ..................................... 1, 2

*Wolf v. Imus*,
   170 A.D.3d 563 (N.Y. App. Div. 1st Dept. 2009) ............................................................... 6

## Statutory Authorities

N.Y. Exec. Law § 296(1)(a) .......................................................................................... 3

N.Y. Exec. Law § 296(3)(a) .......................................................................................... 3

## N.Y.C. Charter and Administrative Code

N.Y.C. Admin. Code § 8-107 ....................................................................................... 3

N.Y.C. Admin. Code § 22-1005 ................................................................................... 8

## Rules and Regulations

Fed. R. Civ. P. 12(b)(1) ..................................................................................... 4, 5, 10

## Additional Authorities

*https://legistar.council.nyc.gov/LegislationDetail.aspx?ID=4424954&GUID=C2A4AC1 6-7409-465E-B5A4-A84F6E7989FB&Options=&Search.* .................................................. 8

Defendant Centerview Partners LLC ("Centerview") respectfully submits this memorandum of law in support of its motion to dismiss Causes of Action I–VI of Plaintiff's Second Amended Complaint (ECF. 23, "Complaint") for lack of subject-matter jurisdiction.

**PRELIMINARY STATEMENT**

This is a straightforward case involving a New Jersey worker and resident attempting to avail herself of New York City and State statutes that simply do not apply to her. Plaintiff Kathryn Shiber is a New Jersey resident who, for less than three months during the global pandemic, worked for Centerview as an analyst. Although Centerview maintains an office in New York City (among many other cities world-wide), Plaintiff never stepped foot inside that New York City office during her employment with Centerview and was never required to work in the City at all. Instead, Plaintiff worked from her residence in New Jersey. Yet Plaintiff now seeks $5 million[1] from Centerview for alleged violations of, *inter alia*, the New York City Human Rights Law ("NYCHRL"), which the New York Court of Appeals has long held covers only "those who inhabit or are 'persons in' the City of New York," *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 287 (2010), and the New York State Human Rights Law ("NYSHRL"), which the same Court in the same case held protects only "'inhabitants' and persons 'within' the state." *Id.* at 291. Plaintiff is neither an inhabitant nor person in New York City or New York State.

---

[1] Plaintiff's initial complaint sought to quadruple any recovery by combining redundant damages requests for each of her original four causes of action, even though those claims arise out of the same allegations. (ECF No. 1 at 18). Centerview moved to strike the portion of Plaintiff's WHEREFORE clause that sought redundant damages, but Plaintiff filed a First Amended Complaint before that motion was resolved. (*See* ECF Nos. 16, 18). Because the operative Complaint does not contain the multiplying language in Plaintiff's original pleading, Centerview presumes that Plaintiff is no longer seeking redundant damages and therefore does not move with respect to Plaintiff's damages request. To the extent Plaintiff does seek impermissible damages, Centerview reserves its right to object.

Addressing "whether a nonresident alleging discriminatory conduct who did not work in New York can assert a cause of action under the NYCHRL or NY[S]HRL," the Second Circuit explained in a November 2020 opinion that "[e]very case to address this issue forecloses such a conclusion."[2]  *Ware v. L-3 Vertex Aerospace, LLC*, 833 F. App'x 357, 359 (2d Cir. 2020).  Those cases likewise foreclose, and thus require dismissal of, Plaintiff's NYCHRL and NYSHRL claims. *Id.*

## FACTUAL BACKGROUND

The following factual background section references information gleaned from allegations in the Complaint—many of which Centerview disputes but adopts only for purposes of this pleading-stage motion—and exhibits accompanying Centerview's motion to dismiss.

Centerview is a prestigious investment banking and advisory firm with offices in New York City and other locations.  Compl. ¶¶ 5, 9.  Centerview hires a select group of analysts each year for its three-year analyst program.  *Id.* ¶ 9.  In September 2019, Centerview offered Plaintiff (then a college senior) a position in its highly competitive analyst program to commence the following summer.  *Id.* ¶¶ 7, 9.  Plaintiff began her employment with Centerview on or about July 6, 2020. *Id.* ¶¶ 15-16.  Because of the global pandemic then plaguing New York City, Plaintiff never entered Centerview's New York City office at any time during her employment with the firm.  *See* Declaration of Cheryl Robinson ("Robinson Decl.") ¶¶ 5–9, Ex. 1 (People Search Database

---

[2]  *Wexelberg v. Project Brokers LLC*, which Plaintiff relies on in arguing that this Court has subject matter jurisdiction over her NYCHRL claims (*see* ECF No. 14 at 1-2), presents no exception.  2014 WL 2624761, 13-cv-7904(LAK)(MHD) (Apr. 28, 2014), *report & recommendation adopted* June 3, 2014 (ECF No. 25).  Unlike here where Plaintiff worked out of her home in New Jersey during the entirety of her employment, in *Wexelberg*, "for the majority of the relevant time the plaintiff was working *at defendants' work site in New York City*."  *Id.* at *11 (emphasis added). Thus, in denying defendants' motion to dismiss, the Court reasoned, *inter alia*, that "[i]t is not clear from *Hoffman* or its progeny that in such a circumstance the plaintiff may not be deemed to have been working in the City for purposes of all of his claims."  *Id.*

2

Inquiry). Instead, Plaintiff worked out of her home in New Jersey. *See id.* ¶ 10, Ex. 2 (July 8, 2020 Email from Plaintiff to Cheryl Robinson, Centerview Human Resources, stating: "due to [Work From Home] I am in New Jersey . . . ."); Compl. ¶ 3 ("At all relevant times mentioned herein, Plaintiff Kathryn Shiber . . . was and is a resident of the State of New Jersey.").

Plaintiff completed several weeks of remote training and exams and then received her first assignment around July 27, 2020. *Id.* ¶¶ 19–20. She contends that "around the week of August 24, 2020, [she] worked approximately from 8:00 am to 1:00 am the next morning for two or three days in a row, and [she] only logged off her computer and went to sleep because she believed her tasks for the evening were complete." *Id.* ¶ 22. Plaintiff alleges that on one occasion she was reprimanded for signing off her computer without first notifying her more senior team members. *Id.* ¶ 23.

Immediately following her reprimand, Plaintiff contacted Cheryl Robinson of Centerview's Human Resources Department, "request[ing] to speak about how she could manage work-life balance." *Id.* ¶ 28. Plaintiff alleges that she "advised [Ms.] Robinson that she had a medical disability that required eight to nine hours of sleep per night, ideally on a somewhat consistent schedule." *Id.* ¶ 29. Over the next few days, Ms. Robinson worked with Plaintiff and senior members of the deal team to explore a potential accommodation to address Plaintiff's purported concerns. *Id.* ¶¶ 30–37. Ultimately, Ms. Robinson told Plaintiff that her deal team had been advised that for the time being Plaintiff "had a 'hard stop' each night between midnight and 9:00 am[.]" *Id.* ¶ 38.

On Tuesday, September 15, 2020, Plaintiff was terminated by Centerview on a Webex video call. *Id.* ¶¶ 44, 46. Plaintiff claims that she was wrongfully terminated because of her alleged disability. *Id.* ¶ 55.

3

Plaintiff now brings eleven causes of action under: N.Y.C. Admin. Code § 8-107 (the NYCHRL); Chapter 18, Article 15 of the New York State Executive Law §§ 296(1)(a), (3)(a) (the NYSHRL); the New Jersey Law Against Discrimination ("NJLAD"), and; the Americans with Disabilities Act ("ADA"). Plaintiff seeks $5 million in alleged damages arising out of her NYCHRL, NYSHRL, and NJLAD claims, and seeks "damages in an amount to be determined at trial" for her ADA claims. Plaintiff also seeks costs and attorneys' fees. While Centerview disputes the merits of each and every cause of action, Centerview respectfully moves to dismiss only those claims arising under the NYCHRL and NYSHRL.

## LEGAL STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "[A] defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the" complaint and its exhibits. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016). "In opposition to such a motion, [a plaintiff] must 'come forward with evidence of [her] own to controvert that presented by the defendant,' or may instead 'rely on the allegations in [her] pleading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing.'" *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) (quoting *Carter*, 822 F.3d at 57)). Dismissal under Rule 12(b)(1) is appropriate where a plaintiff attempts to plead a statutory claim but lacks standing to invoke that law. *Pedroza v. Ralph Lauren Corp.*, No. 19-CV-08639 (ER), 2020 WL 4273988, at *1–4 (S.D.N.Y. July 24, 2020) (holding that "since Pedroza has failed to meet her burden of demonstrating an impact from the discriminatory conduct in New York City, her NYCHRL claim must be dismissed" under Rule 12(b)(1)).

**ARGUMENT**

A.   *Hoffman* And Its Progeny Dictate That An Employee Living And Working In New Jersey Cannot Avail Herself Of The NYCHRL Or NYSHRL

The Court must dismiss Causes of Action I–VI of the Complaint under Rule 12(b)(1) because it lacks subject-matter jurisdiction over Plaintiff's NYCHRL and NYSHRL claims. The New York Court of Appeals has established that the NYCHRL and NYSHRL claims are jurisdictionally limited and offer no remedy where, as here, the alleged conduct underlying the claims impacts a plaintiff outside New York. *See Hoffman*, 15 N.Y.3d at 290–91 (holding that "the impact requirement is appropriate where a nonresident plaintiff invokes the protection of the City Human Rights Law" and that "a nonresident must plead and prove that the alleged discriminatory conduct had an impact in New York" to state a claim under the NYSHRL).

With respect to her NYCHRL and NYSHRL claims, Plaintiff must plead an "impact" in, respectively, New York City or New York State to establish the existence of subject matter jurisdiction over those claims. To establish the Court's subject-matter jurisdiction over her NYCHRL claims, Plaintiff must plead and prove that the alleged discriminatory conduct "impacted h[er] in New York City." *Fried v. LVI Servs., Inc.*, 2011 WL 4633985, at *12–13 (S.D.N.Y. Oct. 4, 2011), *aff'd*, 500 F. App'x 39 (2d Cir. 2012); *see also Pedroza v. Ralph Lauren Corp.*, No. 19-CV-08639 (ER), 2020 WL 4273988, at *4 (S.D.N.Y. July 24, 2020) (dismissing NYCHRL claims under Rule 12(b)(1) for lack of subject matter jurisdiction where "Pedroza has failed to meet her burden of demonstrating an impact from the discriminatory conduct in New York City. . . ."); *Hoffman*, 15 N.Y.3d at 289 (holding that, under the NYCHRL, "nonresidents of the city . . . must plead and prove that the alleged discriminatory conduct had an impact within [New York City]"); *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 183 (2d Cir. 2016) ("Under the NYCHRL the impact of the employment action must be felt *by the plaintiff* in NYC."). And

5

because "[a]pplication of the 'impact' requirement to State Human Rights Law claims achieves the same ends as is the case with its City counterpart," Plaintiff likewise "must plead and prove that the alleged discriminatory conduct had an impact in New York [State]" to establish the Court's subject-matter jurisdiction over her NYSHRL claim. *Hoffman*, 15 N.Y.3d at 291; *see also Hardwick v. Auriemma*, 116 A.D.3d 465, 467 (N.Y. App. Div. 1st Dept. 2014) ("[I]t is the place where the impact of the alleged discriminatory conduct is felt that controls whether the Human Rights Laws apply, not where the decision is made.").

    For purposes of the NYCHRL and NYSHRL, a plaintiff suffers an impact in New York City or State only if the plaintiff lived or worked in the City or State—a more tenuous connection will not do. *See Wolf v. Imus*, 170 A.D.3d 563, 564 (N.Y. App. Div. 1st Dept. 2009) (Supreme Court properly dismissed plaintiff's age discrimination claims brought under the NYCHRL and NYSHRL because the impact on plaintiff from the termination of his employment occurred in Florida, where he lived and worked); *Benham v. eCommission Solutions, LLC*, 118 A.D.3d 605, 606 (N.Y. App. Div. 1st Dept. 2014) (stating that "[w]hether New York courts have subject matter jurisdiction over a nonresident plaintiff's claims under the HRLs turns primarily on her physical location at the time of the alleged discriminatory acts" and dismissing NYCHRL and NYSHRL claims for lack of subject-matter jurisdiction where "the alleged conduct occurred while plaintiff was physically situated outside of New York").

    This Court recognized the impact requirement in *Vangas v. Montefiore Medical Center* when it dismissed plaintiff's NYCHRL claim during the trial because the plaintiff neither lived nor worked in New York City. *See* Transcript of June 26, 2014 Trial Proceedings at 620:7-12, *Vangas v. Montefiore Med. Ctr.*, 11-cv-6722 (ER) (ECF No. 120) ("[B]ecause [plaintiff] did not work in New York City, did not even live in New York City but rather had tangential contacts

6

through her work with New York City, the [NYCHRL] does not apply to her[.]"); *Vangas v. Montefiore Med. Ctr.*, 2015 WL 1514742, at *1, n.2 (S.D.N.Y. Apr. 3, 2015) (Ramos, J.) ("During the trial, the Court dismissed the NYCHRL claim for lack of subject matter jurisdiction."), *aff'd in relevant part, rev'd in part*, 823 F.3d 174 (2d Cir. 2016).

Plaintiff does not, and cannot, plead facts establishing that Centerview's alleged discriminatory conduct impacted her in New York City or State. Plaintiff offers the conclusory statement that she "was employed within the Southern District of New York," Compl. ¶ 2, but does not allege that she ever stepped foot anywhere in New York—much less lived or worked in New York—during her brief employment with Centerview. She has not alleged that she completed even one iota of work in New York—*City or State*—and key card data confirms she never went to Centerview's office during her two-and-a-half-month tenure with the firm. Instead, at all relevant times, Plaintiff worked remotely from her home in New Jersey. *See* Robinson Decl. ¶ 10, Ex. 2 (July 8, 2020 email from Plaintiff to Robinson stating: "due to [Work From Home] I am in New Jersey . . . ."); Compl. ¶ 3 (alleging that "at all relevant times" Plaintiff "was and is a resident of the State of New Jersey"). Thus, Plaintiff's allegation that Centerview has an office in New York City falls well short of establishing the requisite intra-City/State impact to confer subject-matter jurisdiction on the Court under either the NYCHRL or NYSHRL. *See Hoffman*, 15 N.Y.3d at 288, 290–91 (dismissing NYCHRL and NYSHRL claims brought by Atlanta-based employee of company headquartered in New York City because "[the plaintiff] was neither a resident of, nor employed in, the City or State of New York").

**B.     The Impact Requirement Remains In Full Force Throughout The Covid-19 Pandemic**

The *Hoffman* intra-City/State impact requirement operates the same today as it did before the pandemic and makes no exception for out-of-state plaintiffs who work remotely for New York City or State based employers because of Covid-19.

7

With respect to the NYCHRL, at no point during the pandemic did the New York City Council amend that law to render the impact requirement inapplicable—even temporarily. Had the Council determined an amendment to that statute were necessary in light of the pandemic, it could have enacted such an amendment. The Council in fact amended other parts of the New York City Administrative Code where it deemed appropriate in the wake of Covid-19. For example, the Council enacted a bill to "temporarily prohibit the enforcement of personal liability provisions in commercial leases or rental agreements involving a COVID-19 impacted tenant." N.Y.C. Council Int. No. 1932-A (2020)[3]; N.Y.C. Admin. Code § 22-1005. Had the Council decided that employees working and living outside of New York City during the pandemic should be able to avail themselves of the NYCHRL, it could have legislated to that end. It did not do so. Respectfully, it is the role of the New York City Council—not the courts—to re-write the City's laws where pertinent.

Unlike the New York City Counsel, the New York State Legislature *did* amend the NYSHRL during the pandemic. *See* S. 7105, 2021–2022 Leg., Reg. Sess. (NY 2021) (amending paragraph I of section 297 of the Executive Law by deleting the requirement for a verified complaint and providing that a written complaint be made, signed and filed under oath or by declaration). Notably, despite its consideration of other sections of the NYSHRL, the Legislature at no point during the pandemic amended the statute to override the *Hoffman* impact requirement. As the Legislature is "presumed [to have] knowledge of the *Hoffman* decision", its lack of amendment to sections 290 and 298—on which "[t]he *Hoffman* Court … relied in finding that the statute intended to protect the residents of this State or nonresidents who work in this State" is

---

[3] The text of this bill is available at: https://legistar.council.nyc.gov/LegislationDetail.aspx?ID=4424954&GUID=C2A4AC16-7409-465E-B5A4-A84F6E7989FB&Options=&Search.

telling. *Pakniat v. Moor*, 192 A.D.3d 596, 597 (N.Y. App. Div. 1st Dept. 2021) (rejecting plaintiff's contention that a 2019 amendment to NYSHRL § 300 is of any consequence to the *Hoffman* impact requirement).

In *Pakniat v. Moor*, the Appellate Division also considered the NYCHRL and NYSHRL impact requirements in light of Covid-19 and rejected the suggestion that the "increase in remote working arrangements since the Court of Appeals decided *Hoffman*" somehow negates the *Hoffman* directive. *Id*. There, the Appellate Division explained that while "[t]he Covid-19 pandemic has only expanded the diaspora of remote workers, many of them laboring in other states for New York firms[,] . . . the clear directive of *Hoffman* bars this Court from expanding the jurisdictional breadth of either statute to encompass behavior such as that alleged in the complaint." *Id.* at 597–98 (affirming the dismissal of plaintiff's NYCHRL and NYSHRL claims where "plaintiff was living and working in Montreal, Canada, at the time of the alleged discriminatory conduct and she failed to allege that the conduct had any impact in either New York State or New York City").

Indeed, an application of *Hoffman* that takes into consideration the relocation of workers on account of the pandemic would entirely undermine the rationale behind the impact requirement—that is, to be "relatively simple for courts to apply and litigants to follow" and to "lead[] to predictable results." *Hoffman*, 15 N.Y.3d 285, 291. As Judge Rakoff explained in *Fried*, this goal of simplicity and predictability "would be completely undermined if courts were required to conduct a fact-intensive analysis of the amount of contact a particular individual maintained with New York City even where it was undisputed that that individual did not work in New York City." 2011 WL 4633985, at *13. Judge Rakoff further noted that "[t]his is especially true in today's increasingly globalized society in which business is often conducted over large distances."

9

*Id.* Thus, the increase in remote working caused by Covid-19 only lends itself to the need for strict adherence to the intra-city impact requirement.

Because Plaintiff fails to establish that any of Centerview's purportedly discriminatory conduct impacted her anywhere within New York, this Court lacks subject-matter jurisdiction over her NYCHRL and NYSHRL claims and must dismiss them. *See Hoffman*, 15 N.Y.3d at 290–92; *see also* Fed. R. Civ. P. 12(b)(1).

## **CONCLUSION**

For the foregoing reasons, Centerview respectfully requests that the Court dismiss Plaintiff's NYCHRL and NYSHRL claims (Causes of Action I–VI) with prejudice.

DATED: September 27, 2021        Respectfully submitted,

                                      By   */s/ Jennifer Barrett*
                                            Jennifer J. Barrett
                                            Hope D. Skibitsky
                                            Ty Adams
                                            QUINN EMANUEL
                                            URQUHART & SULLIVAN LLP
                                            51 Madison Ave., 22nd Floor
                                            New York, New York 10010
                                            Tel: 212-849-7000
                                            Fax: 212-849-7100
                                            jenniferbarrett@quinnemanuel.com
                                            hopeskibitsky@quinnemanuel.com
                                            tyadams@quinnemanuel.com

                                            *Attorneys for Centerview Partners LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2021, I electronically filed the foregoing Motion To Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

SCHWARTZ PERRY & HELLER LLP
David S. Perry
Brian Adam Heller

CLAYMAN & ROSENBERG LLP
James Francis Valentino

/s/ Hope D. Skibitsky
Hope D. Skibitsky