UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN SHIBER,<br><br>      Plaintiff,<br><br>   v.<br><br>CENTERVIEW PARTNERS LLC,<br><br>      Defendant. | Case No. 1:21-cv-03649 |

**CENTERVIEW PARTNERS LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF KATHRYN SHIBER'S MOTION TO COMPEL A DEPOSITION & <u>REMOVE THE CONFIDENTIALITY DESIGNATIONS</u>**

Jennifer J. Barrett
Hope D. Skibitsky
Janice Yoon
Maheema Haque
QUINN EMANUEL
URQUHART & SULLIVAN LLP
51 Madison Ave., 22nd Floor
New York, New York 10010
Tel: 212-849-7000
Fax: 212-849-7100
jenniferbarrett@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
janiceyoon@quinnemanuel.com
maheemahaque@quinnemanuel.com

*Attorneys for Centerview Partners LLC*

## TABLE OF CONTENTS

**Page**

ARGUMENT ..................................................................................................................................1

I. THE MOTION SHOULD BE DENIED BECAUSE MR. PRUZAN IS ENTITLED TO THE PROTECTION OF THE APEX DOCTRINE ...........................................................1

    A. The Apex Doctrine Applies to Mr. Pruzan ...................................................2

    B. Mr. Pruzan Lacks Any Unique Knowledge Relevant to the Issues in this Case ...................................................................................................................3

II. SHIBER'S REQUEST TO DEPOSE MR. PRUZAN IS UNTIMELY ...............................6

III. PLAINTIFF'S MOTION WITH RESPECT TO CONFIDENTIALITY DESIGNATIONS SHOULD BE DENIED AS MOOT .........................................................7

CONCLUSION ................................................................................................................................8

# TABLE OF AUTHORITIES

<u>Page</u>

## Cases

*Aileron Inv. Mgmt. LLC v. Am. Lending Ctr., LLC*
   2021 WL 7448237 (M.D. Fla. Aug. 13, 2021) ................................................................... 3

*Alex & Ani., Inc. v. MOA Int'l Corp.*
   2011 WL 6413612 (S.D.N.Y. Dec. 21, 2011) ................................................................... 1

*Alexis v. Rogers*
   2016 WL 11707613 (S.D. Cal. Oct. 21, 2016) ................................................................. 3

*Alliance Industries, Inc. v. Longyear Holding, Inc.*
   2010 WL 4323071 (W.D.N.Y. Mar. 10, 2010) ................................................................. 1

*Burns v. Bank of America*
   2007 WL 1589437 (S.D.N.Y. June 4, 2007) ................................................................. 1, 3

*Consolidated Rail Corp. v. Primary Industries Corp.*
   1993 WL 364471 (S.D.N.Y. Sept. 10, 1993) ................................................................. 2, 4

*Herrera v. N.Y.C. Dept. of Educ.*
   2022 WL 2719186 (S.D.N.Y. June 15, 2022) ................................................................ 5, 6

*Naftchi v. New York University Medical Center*
   172 F.R.D. 130 (S.D.N.Y. 1997) ......................................................................................... 5

*Scott v. Chipotle Mexican Grill, Inc.*
   306 F.R.D. 120 (S.D.N.Y. 2015) ......................................................................................... 6

*In re Ski Train Fire of Nov. 11, 2000 Kaprun, Austria*
   2006 WL 1328259 (S.D.N.Y. May 16, 2006) ..................................................................... 1

*Tiger Cap., LLC v. PHL Variable Ins. Co.*
   2013 WL 4517267 (S.D.N.Y. Aug. 26, 2013) ..................................................................... 3

*Treppel v. Biovail Corp.*
   2006 WL 468314 (S.D.N.Y. Feb. 28, 2006) ................................................................... 1, 3

## Rules

Fed. R. Civ. P. 26(a)(1) ............................................................................................................ 7

Fed. R. Civ. P. 26(b)(2) ............................................................................................................ 2

Fed. R. Civ. P. 30(b)(1) .................................................................................................................. 6, 7

Southern District of New York Local Rule 33.3 ................................................................................ 7

Defendant Centerview Partners LLC ("Centerview" or the "firm") respectfully submits this memorandum of law in opposition to Plaintiff Kathryn Shiber's ("Plaintiff" or "Shiber") Motion To Compel A Deposition & Remove The Confidentiality Designations (ECF. 69, "Mot.").

**ARGUMENT**

On the eve of the deadline for completing fact witness depositions, Plaintiff, a former first-year analyst of leading global investment banking firm Centerview, notified Centerview that she intends to take the deposition of Centerview's CEO, Robert Pruzan, who is also a co-founder and a principal of the firm. But as the CEO of an over 400-employee investment banking firm, Mr. Pruzan is entitled to the protection of the apex doctrine and Plaintiff's motion to compel his deposition should be denied for that reason alone. Further, Plaintiff's motion to compel Mr. Pruzan's deposition testimony should be denied as untimely.

**I.   THE MOTION SHOULD BE DENIED BECAUSE MR. PRUZAN IS ENTITLED TO THE PROTECTION OF THE APEX DOCTRINE**

Because of the possibility of business disruption and the potential for harassment, courts give special scrutiny to requests to depose high-ranking corporate and government officials, who are sometimes referred to as 'apex witnesses.' *Alliance Industries, Inc. v. Longyear Holding, Inc.*, 2010 WL 4323071, at *4 (W.D.N.Y. Mar. 10, 2010); *Burns v. Bank of America*, 2007 WL 1589437, at *3 (S.D.N.Y. June 4, 2007); *see also Treppel v. Biovail Corp.*, 2006 WL 468314, at *1-2 (S.D.N.Y. Feb. 28, 2006) ("[P]ermitting unlimited access to corporate executives could disrupt their businesses and create a tool for harassment."). Courts thus "recognize[] an additional layer of protection for senior corporate executives subject to depositions," *Alex & Ani., Inc. v. MOA Int'l Corp.*, 2011 WL 6413612, at *3 (S.D.N.Y. Dec. 21, 2011), and generally "disfavor requiring the depositions of senior executives unless they have personal knowledge of relevant facts or some unique knowledge that is relevant to the action." *In re Ski Train Fire of Nov. 11,*

1

*2000 Kaprun, Austria*, 2006 WL 1328259, at *10 (S.D.N.Y. May 16, 2006).  And, "where other witnesses have the same knowledge, it may be appropriate to preclude a redundant deposition of a highly-placed executive."  *Consolidated Rail Corp. v. Primary Industries Corp.*, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993).  This apex doctrine is consistent with Federal Rule of Civil Procedure 26(b)(2) which limits discovery that is "unreasonably cumulative or duplicative," or is obtainable from a "more convenient, less burdensome, or less expensive" source.  Fed. R. Civ. P. 26(b)(2).

### A. The Apex Doctrine Applies to Mr. Pruzan

Plaintiff disputes that Mr. Pruzan is an apex witness, contending that "[t]here is simply no individual at Centerview who is entitled to any special protections in discovery." Mot. at 7.  This argument strains credulity.  In support of its argument that Centerview has no "apex", Plaintiff cites to deposition testimony to the effect that Centerview fosters a collegial, collaborative environment and does not have strict reporting structures, and also cites to Centerview's website that does not identify Mr. Pruzan as the firm's CEO.  *Id.*  Neither the cited testimony nor Centerview's website supports Plaintiff's position.  Centerview is a leading global investment banking firm with over 400 employees in offices in New York, London, Paris, Menlo Park, and San Francisco.  Ex. A (Declaration of Robert Pruzan ("Pruzan Decl.")) ¶ 2.[1]  Centerview provides advice on mergers and acquisitions, financial restructurings, and capital structure to companies, institutions and governments, and its clients include over 20% of the 50 largest companies in the world by market capitalization.  *Id.* ¶ 2.  Centerview was founded in 2006 by Mr. Pruzan and Blair Effron.  *Id.* ¶ 1.  As principals and founders, Messrs. Pruzan and Effron remain at the very top of

---

[1] All citations to exhibits refer to exhibits to the Declaration of Hope D. Skibitsky ("Skibitsky Decl.") submitted herewith.

2

Centerview's organizational structure. Indeed, Mr. Pruzan is Centerview's CEO. *Id.* ¶ 1. As such, Mr. Pruzan certainly qualifies as a high-ranking corporate executive entitled to the protections of the apex doctrine.

Plaintiff also argues that Centerview cannot have an apex because, relative to some of its competitors, Centerview is a small firm. Mot. at 7. First, Centerview's size vis-à-vis its competitors is inapposite to the question of whether Centerview has any individuals who qualify as apex witnesses. Second, Plaintiff cites no case law to support the proposition that a small firm does not have an apex, nor is Plaintiff aware of any such cases. *See Alexis v. Rogers*, 2016 WL 11707613, at *4 (S.D. Cal. Oct. 21, 2016) ("Plaintiff has not provided any case law establishing that the apex doctrine is inapplicable to directors of small companies."); *see also Aileron Inv. Mgmt. LLC v. Am. Lending Ctr. LLC*, 2021 WL 7448237, at *3 (M.D. Fla. Aug. 13, 2021) (declining to "create a rule on what size a company needs to be to protect their high-level officials from being deposed"). Finally, even if Centerview's size was relevant to the question of Mr. Pruzan's status as an apex witness, Centerview has over 400 employees in offices around the world, thus rendering the job of its CEO a significant one that should not be interrupted by a deposition called for by a former junior employee with whom that CEO had no relationship. *See Treppel*, 2006 WL 468314, at *1.

**B.       Mr. Pruzan Lacks Any Unique Knowledge Relevant to the Issues in this Case**

In considering whether to order the deposition of an apex witness, "courts consider whether the proposed deponent has personal and *unique* knowledge of the relevant facts." *Tiger Cap., LLC v. PHL Variable Ins. Co.*, 2013 WL 4517267, at *3 (S.D.N.Y. Aug. 26, 2013) (denying deposition of "senior executive"); *Burns*, 2007 WL 1589437, at *3 ("Unless it can be demonstrated that a corporate official has some unique knowledge of the issues in the case, it may be appropriate to preclude a deposition of a highly-placed executive while allowing other witnesses with the same

3

knowledge to be questioned.") (cleaned up); *see also Consolidated Rail Corp.*, 1993 WL 364471, at *1 (granting motion for protective order to preclude live deposition of corporate executives "until it has been demonstrated that they have some unique knowledge pertinent to the issues in these cases").

Mr. Pruzan was not involved in the decision to implement the accommodation by which Ms. Shiber would sign offline for a set window of time each evening. Ex. B (Excerpts of Jeanne Vicari Dep. Tr. ("Vicari Tr.")) at 33:14-23 ("Q. Had you spoken to anybody besides Cheryl and Tony regarding this accommodation before the decision was made? A. I do not recall anyone else being involved in any way, shape, or form other than the three of us. …"); Pruzan Decl. ¶ 5 ("I did not become aware of the fact that Ms. Shiber had approached our Human Resources Director seeking an accommodation until after the "guard rails" approach, whereby Ms. Shiber would be offline for a block of time each night, was implemented. I was not involved in the decision to implement the guard rails.").

Plaintiff contends that Mr. Pruzan "was one of the three individuals who made the decision to terminate Shiber, namely Pruzan, [Jeanne] Vicari and [Cheryl Robinson]." Mot. at 9. However, Centerview's Chief Operating Officer, Jeanne Vicari, testified definitively that *she* made the decision to terminate Ms. Shiber. Vicari Tr. 79:17-19 ("Q. Who made the decision to terminate Kate Shiber? A. Ultimately, it was my decision."). Indeed, Mrs. Vicari testified that she did not speak with Mr. Pruzan about the decision to terminate Ms. Shiber before making that decision. *Id.* at 82:2-5. While Plaintiff argues that she needs to depose Mr. Pruzan to resolve an inconsistency between Ms. Robinson's and Mrs. Vicari's testimony, Mr. Pruzan's Declaration, wherein he confirms that Mrs. Vicari made the decision to terminate Ms. Shiber's employment, settles the matter. Pruzan Decl. ¶ 8.

The documentary record in this case further reflects Mr. Pruzan's limited involvement with Ms. Shiber's employment. After Plaintiff sought to depose Mr. Pruzan, Centerview reviewed and produced Mr. Pruzan's emails applying the same search parameters used to search its other custodians' emails—including those of Mrs. Vicari and Ms. Robinson. Skibitsky Decl. ¶ 3. Unlike the emails of Mrs. Vicari and Ms. Robinson that reflect the fact that they and a third Centerview Partner (who Ms. Shiber has also already deposed) were involved in discussions with Ms. Shiber and each other regarding Ms. Shiber's accommodation request, save for privileged correspondence that post-dated Ms. Shiber's termination, Mr. Pruzan was not on a single email regarding Ms. Shiber's employment. *Id.* This context supports Mrs. Vicari's testimony that it was she who made the decision to terminate Ms. Shiber's employment and underscores that Mr. Pruzan is not likely to have any unique knowledge about Ms. Shiber's termination.

Plaintiff's cited cases are inapposite. For example, Plaintiff quotes *Naftchi v. New York University Medical Center* for a general proposition about the scope of discovery, but a review of that decision reveals that the party resisting a deposition in that case did not claim that the would-be deponent was protected by the apex doctrine. 172 F.R.D. 130 (S.D.N.Y. 1997). Further, in *Herrera v. N.Y.C. Dept. of Educ.*, the Court granted the deposition of then-former Mayor Bill de Blasio where testimony reflected that the former Mayor "was very involved in staffing decisions" and was "very much focused" or "fixated" on the issues in that case and where deponents gave inconsistent answers with respect to Mr. de Blasio's involvement. *Herrera v. N.Y.C. Dept. of Educ.*, 2022 WL 2719186, at *1 (S.D.N.Y. June 15, 2022). Here, by contrast, Plaintiff has already deposed the individuals who were most directly involved in Ms. Shiber's situation and, unlike *Herrera*, where a review of the docket reflects that former Mayor de Blasio did not submit any affidavit in resisting the motion to compel his deposition testimony, any inconsistency in the

5

testimony with respect to who made the decision to terminate Ms. Shiber has been resolved by the Pruzan Declaration. *See* Pruzan Decl. ¶ 8. Further, unlike former Mayor de Blasio, who the Court noted "is not a current high-ranking official," *Herrera*, 2022 WL 2719186, at *2, Mr. Pruzan *is* the current CEO of Centerview, and thus deposing Mr. Pruzan would substantially interfere with his day-to-day operation of the firm. Finally, *Scott v. Chipotle Mexican Grill, Inc.*, is likewise distinguishable. 306 F.R.D. 120 (S.D.N.Y. 2015). There, the Court permitted a Chipotle executive's deposition to go forward where "there [was] not a single human resources employee that is still a legacy employee that has existed from 2002 to the present" who thus might have had relevant historical knowledge about the company's classification of apprentices and where no documents had been produced reflecting the company's re-classification decision. By contrast, here, Plaintiff has already deposed three Centerview employees who were actually involved in the situation regarding Ms. Shiber, and thus it cannot be said that there is a lack of discovery absent Mr. Pruzan's deposition.

## II.     SHIBER'S REQUEST TO DEPOSE MR. PRUZAN IS UNTIMELY

Even if the Court were to find that the apex doctrine does not apply to Mr. Pruzan, Plaintiff's notice of Mr. Pruzan's deposition should be denied as untimely.

Federal Rule of Civil Procedure 30(b)(1) requires a party seeking to depose a person by oral questions to "give reasonable written notice to every other party." Here, Plaintiff notified Centerview of her desire to depose Mr. Pruzan on the evening of February 13—leaving only five business days before the Scheduling Order's February 27 deadline for completion of non-expert depositions (Dkt. 45 (Scheduling Order)) that were not otherwise occupied by pre-scheduled commitments for this matter. Skibitsky Decl. ¶ 2. Mr. Pruzan, the CEO of a leading investment banking and advisory firm, could not immediately clear two days of his calendar for deposition preparation and attendance. Pruzan Decl. ¶ 9.

Plaintiff attempts to justify this untimeliness by claiming that she only learned of Mr. Pruzan's involvement with her employment during a February 7 deposition. Yet, on July 1, 2022, Plaintiff served Rule 26(a)(1) disclosures identifying Mr. Pruzan as an individual she "presently believes [is] likely to have discoverable information that she may use to support her claims." Ex. C (Pl.'s Initial Discl.). In particular, Ms. Shiber identified Mr. Pruzan as potentially having information about, among other things, "Centerview's hiring of Shiber" and "Centerview's unlawful termination of Shiber." *Id.* Thus, Plaintiff believed Mr. Pruzan to have information more than six months before first notifying Centerview of her request to depose him on the eve of the close of fact witness depositions. And, to the extent Plaintiff wanted clarity as to Mr. Pruzan's involvement with respect to her employment, she simply could have served interrogatories pursuant to Local Rule 33.3, which permit interrogatories "at the commencement of discovery … seeking names of witnesses with knowledge of information relevant to the subject matter of the action." Plaintiff merely assumes that Centerview would either refuse to answer a Rule 33.3 interrogatory or violate the discovery rules by not disclosing Mr. Pruzan if the interrogatory called for such disclosure. Mot. at 12. Both assumptions are baseless.

Because Plaintiff unnecessarily delayed in notifying Centerview of her decision to depose its CEO and did so without the reasonable notice called for by Rule 30(b)(1), Plaintiff's motion to compel Mr. Pruzan's testimony should be denied.

### III. PLAINTIFF'S MOTION WITH RESPECT TO CONFIDENTIALITY DESIGNATIONS SHOULD BE DENIED AS MOOT

Centerview, having reviewed the excerpts of deposition testimony that Plaintiff referenced and attached to her motion, has advised Plaintiff that it agrees to de-designate those excerpts as confidential. Accordingly, Plaintiff's motion to de-designate certain deposition testimony should be denied as moot.

7

## CONCLUSION

For the foregoing reasons, Centerview respectfully requests that the Court deny Plaintiff's motion to compel the deposition testimony of Centerview's CEO.

DATED: March 28, 2023
        New York, New York

Respectfully submitted,

By   */s/ Jennifer J. Barrett*
    Jennifer J. Barrett
    Hope D. Skibitsky
    Janice Yoon
    Maheema Haque
    QUINN EMANUEL
    URQUHART & SULLIVAN LLP
    51 Madison Ave., 22nd Floor
    New York, New York 10010
    Tel: 212-849-7000
    Fax: 212-849-7100
    jenniferbarrett@quinnemanuel.com
    hopeskibitsky@quinnemanuel.com
    janiceyoon@quinnemanuel.com
    maheemahaque@quinnemanuelcom

*Attorneys for Centerview Partners LLC*