SCHWARTZ PERRY & HELLER LLP

3 PARK AVENUE, 27TH FL. NEW YORK, NY 10016
T: 212.889.6565 | F: 212.779.8208 | SPHLEGAL.COM

March 20, 2024

**Via ECF**

Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Street
New York, NY 10007

**Re: Kathryn Shiber v. Centerview Partners LLC**
**1:21-cv-03649-ER**

Dear Judge Ramos:

We represent Plaintiff Kathryn Shiber ("Shiber") in the above-referenced matter. We write pursuant to Rule 2(A)(ii) of Your Honor's Individual Practices to request leave to file a motion to amend the Complaint, to assert causes of action under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). While Your Honor has previously dismissed causes of action asserted under these New York Laws, Shiber respectfully submits that the law has changed in light of the New York State Court of Appeals' decision in Syeed v. Bloomberg L.P., issued on March 14, 2024. I have conferred with counsel for Defendant Centerview Partners LLC ("Centerview") and they do not consent to this request.

This case involves Shiber's claim that Centerview terminated her on September 15, 2020 because she disclosed a disability and requested a reasonable accommodation. While Shiber worked remotely from her home in New Jersey due to the pandemic, it is undisputed that she would have been required to work in New York City had her employment continued. (Depo. of Tony Kim 47:14-17 – "Q. If Kate Shiber had continued to work at Centerview from July 2020 to today, would she be expected to come into the office in New York City? A. Yes.").[1]

In its decision dated April 20, 2022, the Court noted that, under the law as it then existed, Shiber could not assert a claim under New York because she did not physically work in New York City. The Court cited Hoffman v. Parade Publishing, 15 N.Y.3d 285, 289 (2010), where the New York State Court of Appeals held that a plaintiff must show that the alleged discriminatory conduct had an "impact" within the borders of New York for New York Law to apply.

[1] Kim could not recall exactly when analysts in Shiber's class returned to the office. (Kim Depo. 46:8-13).

Following Hoffman, this Court held, "Shiber alleges that, had she not been fired, she at some point might have been able to work in New York City. This is not enough." (Dkt. 30, pgs. 7-8). The Court also noted that Shiber's "suggestion that an employee's expectation of future work in New York might allow that employee to gain the protection of New York's human rights laws is, as Centerview makes clear, untenable." (Dkt. 30, pg. 11).

Thereafter, the Second Circuit addressed the same issue in the case of Syeed v. Bloomberg L.P., 58 F.4th 64 (2d Cir. 2023). In that case, the plaintiff, a non-resident, alleged that she was denied employment opportunities in New York City because of discriminatory reasons. The court held that the case presented "an unsettled issue of New York law that merits certification to the New York Court of Appeals." Id. at 67. The Second Circuit certified the following question to the New York State Court of Appeals:

> Whether a nonresident plaintiff not yet employed in New York City or State satisfies the impact requirement of the New York City Human Rights Law or the New York State Human Rights Law if the plaintiff pleads and later proves that an employer deprived the plaintiff of a New York City-or State-based job opportunity on discriminatory grounds. Id. at 71.

On March 14, 2024, the New York Court of Appeals answered that question in the affirmative. A copy of the Order is attached. Specifically, the Court stated: "we hold that the New York City and New York State Human Rights Laws each protect nonresidents who are not yet employed in the city or state but who proactively sought an actual city- or state-based job opportunity." (Pg. 2).

The Court distinguished Hoffman, where the plaintiff would not have worked in New York City or State, with a plaintiff who hoped to work in New York, noting, "The prospective employee personally feels the impact of a discriminatory refusal to promote or hire in New York City or State, because that is where the person wished to work (and perhaps relocate) and where they were denied the chance to do so." (Pg. 7). The Court held that, when construing the City and State Laws as broadly in favor of discrimination plaintiffs as is reasonably possible, "a prospective inhabitant or employee, who was denied a job opportunity because of discriminatory conduct, fits comfortably within the Human Rights Laws' protection." (Pg. 7).

In this case, as in Syeed, Shiber was denied the opportunity to work in New York City because she was fired before she was permitted to do so, which she attributes to disability discrimination. Accordingly, in the wake of Syeed, Shiber should be permitted to amend her Complaint to assert claims under the New York State and City Human Rights Law.

Shiber's claims under the NYSHRL and NYCHRL are timely because they relate back to the same facts and circumstances in the original pleading. In fact, these exact claims were in the Second Amended Complaint and were only dismissed because of law that has now changed in the wake of Syeed. See Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of

the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."); Vuksanovich v. Airbus Ams., Inc., 608 F. Supp. 3d 92, 111 (S.D.N.Y. 2022) (permitting an amendment under New York law because, "from the outset of the litigation Defendants have had sufficient knowledge to motivate the type of litigation preparation and planning needed to defend against the entirety of the particular plaintiff's situation.") (citing C.P.L.R. §203(f)); Martin v. Coinmach Corp., 2016 U.S. Dist. LEXIS 164834, at *27 (S.D.N.Y. Nov. 29, 2016) ("Because the plaintiffs' disparate impact claims arise from substantially the same series of facts as their disparate treatment claims, the amended complaint shall be deemed to relate back to the filing of the original complaint on October 15, 2015.").

There is no prejudice to Centerview for Shiber to amend her complaint. Shiber does not seek any additional discovery and believes that the robust record already established under federal and New Jersey Law is equally applicable to claims under New York Law. See Jacobson v. McNeil Consumer & Specialty Pharms., 68 A.D.3d 652, 654 (1st Dept. 2009) ("Prejudice does not occur simply because a defendant is exposed to greater liability or because a defendant has to expend additional time preparing its case.").

Accordingly, Shiber respectfully requests a pre-motion conference to amend her Complaint to assert the following causes of action:

(1) disability discrimination under NYSHRL §296(1)(a) and NYCHRL §8-107(1)(a);

(2) refusal to provide a reasonable accommodation under NYSHRL §296(3)(a) and NYCHRL §8-107(15)(a);

(3) refusing to engage in a cooperative dialogue under the NYCHRL §8-107(28); and

(4) retaliation for requesting a reasonable accommodation under NYCHRL §8-107(7).

We thank the Court for its consideration of this matter.

Respectfully submitted,

BRIAN HELLER

cc: All counsel – via ECF