UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KATHRYN SHIBER,

**1:21-cv-03649-ER**

*Plaintiff*,

-against-

CENTERVIEW PARTNERS LLC,

*Defendant*.
-------------------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

**SCHWARTZ PERRY & HELLER, LLP**
***Attorneys for Plaintiff***
**3 Park Avenue, Suite 2700**
**New York, NY 10016**
**(212) 889-6565**

**CLAYMAN ROSENBERG KIRSHNER & LINDER LLP**
***Attorneys for Plaintiff***
**305 Madison Avenue, Suite 650**
**New York, NY 10165**
**(212) 922-1080**

# TABLE OF CONTENTS


| SUBJECT | PAGE |
|---|---|
| TABLE OF AUTHORITIES | iii |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | |
| SHIBER ESTABLISHES CAUSES OF ACTION UNDER THE NEW YORK STATE AND CITY HUMAN RIGHTS LAWS PURSUANT TO SYEED | 1 |
| A. This Court's Prior Dismissal Of Shiber's New York Law Claims Under Hoffman | 1 |
| B. The Expansion New York Law's Protections Under Syeed | 2 |
| C. Syeed Applies To This Case | 5 |
| D. Syeed Is Not Limited To Failure To Hire And Failure To Promote Cases | 6 |
| E. Shiber's Claims Are Timely & Centerview Will Suffer No Prejudice | 8 |
| CONCLUSION | 9 |

## TABLE OF AUTHORITIES


| CASE | PAGE |
|---|---|
| Albunio v. City of New York, 16 N.Y.3d 472 (2011) | 8 |
| Anderson v. HotelsAB, LLC, 2015 U.S. Dist. LEXIS 111820 (S.D.N.Y. Aug. 24, 2015) | 4 |
| Chau v. Donovan, 357 F. Supp. 3d 276 (S.D.N.Y. 2019) | 4 |
| Hoffman v. Parade Publishing, 15 N.Y.3d 285 (2010) | 2 |
| Jacobson v. McNeil Consumer & Specialty Pharms., 68 A.D.3d 652 (1st Dept. 2009) | 9 |
| Kraiem v. JonesTrading Institutional Servs. LLC, 492 F. Supp. 3d 184 (S.D.N.Y. 2020) | 5 |
| Martin v. Coinmach Corp., 2016 U.S. Dist. LEXIS 164834 (S.D.N.Y. Nov. 29, 2016) | 9 |
| Shaughnessy v. Scotiabank, 2024 U.S. Dist. LEXIS 57840 (S.D.N.Y. Mar. 29, 2024) | 6-7 |
| Shiber v. Centerview Partners LLC, 2022 U.S. Dist. LEXIS 72710 (S.D.N.Y. Apr. 20, 2022) | 2 |
| Syeed v. Bloomberg L.P., 2024 N.Y. LEXIS 293 (N.Y. Mar. 14, 2024) | 1, 3-4, 6, 8 |
| Syeed v. Bloomberg L.P., 58 F.4th 64 (2d Cir. 2023) | 2-3 |
| Vuksanovich v. Airbus Ams., Inc., 608 F. Supp. 3d 92 (S.D.N.Y. 2022) | 8-9 |
| Wexelberg v. Project Brokers LLC, 2014 U.S. Dist. LEXIS 84400 (S.D.N.Y. Apr. 28, 2014) | 7 |

| **STATUTE** | **PAGE** |
|---|---|
| Administrative Code §8-130(b) | 6 |
| C.P.L.R. §203(f) | 9 |
| Executive Law § 300 | 6 |
| Fed. R. Civ. P. 15(a)(2) | 2 |
| Fed. R. Civ. P. 15(c)(1)(B) | 8 |

## PRELIMINARY STATEMENT

Plaintiff Kathryn Shiber ("Shiber") moves for leave to file an Amended Complaint to assert claims under the New York State and City Human Rights Laws against her former employer, Defendant Centerview Partners LLC ("Centerview"). Shiber files this motion in accordance with the permission granted by the Court at the conference held on April 3, 2024. A copy of the proposed Third Amended Complaint is attached to the accompanying Declaration of Brian Heller, Esq., as Exhibit A.

As set forth herein, the recent New York State Court of Appeals decision in Syeed v. Bloomberg L.P., 2024 N.Y. LEXIS 293 (N.Y. Mar. 14, 2024), expanded the geographic scope of the protections afforded under both the New York State Human Rights Law and New York City Human Rights Law. Given the newly established standard, Shiber respectfully requests leave to amend her Complaint to assert the following causes of action:

(1) disability discrimination under NYSHRL §296(1)(a) and NYCHRL §8-107(1)(a);

(2) refusal to provide a reasonable accommodation under NYSHRL §296(3)(a) and NYCHRL §8-107(15)(a);

(3) refusing to engage in a cooperative dialogue under the NYCHRL §8-107(28); and

(4) retaliation for requesting a reasonable accommodation under NYCHRL §8-107(7).

## ARGUMENT

### SHIBER ESTABLISHES CAUSES OF ACTION UNDER THE NEW YORK STATE AND CITY HUMAN RIGHTS LAWS PURSUANT TO *SYEED*

The Court of Appeals' recent decision in Syeed has changed the law since the Court addressed this issue. Applying the law in accordance with Syeed, Shiber should be permitted to

amend her Complaint to assert discrimination claims under New York Law. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

**A. This Court's Prior Dismissal Of Shiber's New York Law Claims Under *Hoffman***

This case involves Shiber's claim that Centerview terminated her on September 15, 2020 because she disclosed that she was disabled and requested a reasonable accommodation. Shiber initially asserted claims under the Americans with Disabilities Act ("ADA"), the New Jersey Law Against Discrimination ("NJLAD") and other New Jersey state laws, as well as the New York State and City Human Rights Laws (referred to herein collectively as "the New York Laws").

Centerview moved to dismiss Shiber's claims under the New York Laws, arguing that subject matter jurisdiction did not exist because Shiber did not physically work in New York City. The Court granted that motion in an Order dated April 20, 2022. The Court relied on Hoffman v. Parade Publishing, 15 N.Y.3d 285, 289 (2010), where the New York State Court of Appeals held that a plaintiff must show that the alleged discriminatory conduct had an "impact" within the borders of New York for New York Law to apply. Following Hoffman, this Court held, "Shiber alleges that, had she not been fired, she at some point might have been able to work in New York City. This is not enough." Shiber v. Centerview Partners LLC, 2022 U.S. Dist. LEXIS 72710, at *10 (S.D.N.Y. Apr. 20, 2022). The Court also noted that Shiber's "suggestion that an employee's expectation of future work in New York might allow that employee to gain the protection of New York's human rights laws is, as Centerview makes clear, untenable." Id. at *15.

**B. The Expansion New York Law's Protections Under *Syeed***

The scope of the geographic boundaries of New York Law came before the Second Circuit in Syeed v. Bloomberg L.P., 58 F.4th 64 (2d Cir. 2023). In that case, the female plaintiff, who worked in Washington, D.C., applied for a position in New York City that ultimately was offered

to a man. Id. at 66. The Second Circuit held that the case presented "an unsettled issue of New York law that merits certification to the New York Court of Appeals." Id. at 67. The court certified the following question to the New York State Court of Appeals:

> Whether a nonresident plaintiff not yet employed in New York City or State satisfies the impact requirement of the New York City Human Rights Law or the New York State Human Rights Law if the plaintiff pleads and later proves that an employer deprived the plaintiff of a New York City-or State-based job opportunity on discriminatory grounds. Id. at 71.

On March 14, 2024, the New York Court of Appeals answered that question in the affirmative. See Syeed v. Bloomberg L.P., 2024 N.Y. LEXIS 293, at *1 (N.Y. Mar. 14, 2024). Specifically, the Court stated: "we hold that the New York City and New York State Human Rights Laws each protect nonresidents who are not yet employed in the city or state but who proactively sought an actual city- or state-based job opportunity." Id. at *1.

The Court distinguished Hoffman, where the plaintiff would not have worked in New York City or State, with the Syeed plaintiff, who hoped to work in New York, noting, "The prospective employee personally feels the impact of a discriminatory refusal to promote or hire in New York City or State, because that is where the person wished to work (and perhaps relocate) and where they were denied the chance to do so." Id. at *8. The Court held that, when construing the City and State Laws as broadly in favor of discrimination plaintiffs as is reasonably possible, "a prospective inhabitant or employee, who was denied a job opportunity because of discriminatory conduct, fits comfortably within the Human Rights Laws' protection." Id.

The Syeed Court held that these protections met the broad goals of the New York Laws, stating, "Our conclusion is buttressed by important policy considerations specifically addressed in the Human Rights Laws." 2024 N.Y. LEXIS 293, at *8. The Court noted that beyond just the harm suffered by the plaintiff, "the Human Rights Laws contemplate that discrimination harms the state

and city as governmental institutions, in addition to the targeted individual" and that Syeed's holding "has the beneficial effect of protecting New York institutions and the general welfare of the state and city – as the legislature and city council intended." Id. at *9-10.

The Syeed decision affirmed cases that applied a broader analysis of the coverage of New York Laws. For example, the Court of Appeals cited Anderson v. HotelsAB, LLC, 2015 U.S. Dist. LEXIS 111820, at *12 (S.D.N.Y. Aug. 24, 2015), where the court held that the New York City Human Rights Law applied where the plaintiff was denied a position in Suffolk County that would have caused her to work in New York City months later. The court rejected the defendants' argument that "the NYCHRL would deny protection against hiring discrimination to anyone who did not actually cross the employer's threshold in New York," finding the future prospect of the plaintiff working in New York City "provid[es] the necessary New York City workplace nexus for her claim of a NYCHRL-covered injury." Id.

The Syeed Court also cited Chau v. Donovan, 357 F. Supp. 3d 276, 283 (S.D.N.Y. 2019), where the plaintiff, who at all times lived in California, was denied a position in New York City, noting, "Because Chau alleges she would have taken a position in New York City had she not been discriminated against, she has satisfied the requirement that the alleged discriminatory act had an impact within the boundaries of New York City, regardless of whether the conduct occurred in California or New York City." Id. at 284.

This Court, in the Order of April 20, 2022, had dismissed Anderson and Chau as "inapposite" because they were "failure to hire cases." 2022 U.S. Dist. LEXIS 72710, at *10. The Syeed decision gives a new perspective to those cases and shows why the New York Laws apply in this case.

### C. *Syeed* Applies To This Case

Given the change in the law following Syeed, Shiber should be permitted to amend her Complaint to assert claims under the New York Laws. One of the key foundations in the Court's Order of April 20, 2022, was that Shiber could not show that she would have worked in New York City. The Court noted, "Shiber points to no facts showing – with any specificity – that she one day would have been able to work in Centerview's New York City offices or that she relied on some promise of eventual in-person work," and that "Shiber's allegations that Centerview had plans to re-open its offices – at some point – are insufficient to prove that she would have been required to work in person and, in any event, do not show that Shiber suffered an impact in New York City or New York State." 2022 U.S. Dist. LEXIS 72710, at *11.

However, discovery has confirmed that Shiber *would* have been required to work in New York City but for her termination. During his deposition, relevant parts of which are attached as Exhibit B, Centerview Partner Tony Kim ("Kim") testified as follows:

> Q. If Kate Shiber had continued to work at Centerview from July 2020 to today, would she be expected to come into the office in New York City?
>
> A. Yes.[1] (Kim Depo. pgs. 47:14-17).

This case is unlike Kraiem v. JonesTrading Institutional Servs. LLC, 492 F. Supp. 3d 184, 199 (S.D.N.Y. 2020), which the Court cited in its Order of April 20, 2022, where the plaintiff was hired to work in London, where she lived, and only alleged an impact in New York by citing "unspecified future career prospects." The Kraiem court held that "a mere hope to work in New York down the line" was insufficient for subject matter jurisdiction under New York law. Id. In this case, however, unlike in Kraiem, Shiber did not "hope" to work in New York, nor did she cite

---

[1] Kim could not recall exactly when analysts in Shiber's class returned to the office. (Kim Depo. 46:8-13).

any future career prospects. Rather, Shiber points to the concrete and undisputed fact that she would have worked in New York City but for her termination.

### D. *Syeed* Is Not Limited To Failure To Hire And Failure To Promote Cases

Centerview's position thus far has been that Syeed does not control this case because its holding was limited to failure to hire and failure to promote cases. The clear language of the Syeed decision confirms that it was never intended to be so limited.

The certified question that the Court of Appeals answered contains no such limitation. The question present was about a plaintiff who "pleads and later proves that an employer deprived the plaintiff of a New York City- or State-based job opportunity on discriminatory grounds." 2024 N.Y. LEXIS 293, at *4. The Court interpreted "a New York City- or State-based job opportunity" to mean "a position that requires the employee to be physically present in New York." Id. at *8 n.2. The facts in this case fall clearly within the Court's definition of "a New York City- or State-based job opportunity," since Shiber would be required to be physically present in New York following the pandemic.

While the Court of Appeals did not specifically address the unique fact pattern this case – an employee that commenced employment during a worldwide pandemic that caused employers in New York City to temporarily halt in-person work – it certainly falls within the scope of the Syeed holding. Limiting Syeed to only failure to hire or failure to promote cases would violate the New York Law's direction that "'Exceptions to and exemptions from' both statutes 'shall be construed narrowly in order to maximize deterrence of discriminatory conduct.'" See id. at *5 (quoting Executive Law § 300; Administrative Code §8-130(b)).

Judge Loretta A. Preska recently addressed the impact of the pandemic in Shaughnessy v. Scotiabank, 2024 U.S. Dist. LEXIS 57840 (S.D.N.Y. Mar. 29, 2024), where the court held that a

plaintiff who worked from his home in Connecticut for the entirety of the pandemic, and was working in Connecticut when he was fired, could assert a claim under New York Law. The court noted that while the plaintiff worked remotely "on a temporary basis and in response to government- and company-imposed mandates," he "was still based out of the New York City office, and he carried out the same job functions and responsibilities as he had in New York City. That is, Plaintiff did not transition into a new or remote role, and he did not become an employee of a Connecticut-based office." Id. at *20. The court found that the case "falls within the 'grey area' of the impact test" and permitted the plaintiff to assert claims under New York law. Id. at *22 (citing Wexelberg v. Project Brokers LLC, 2014 U.S. Dist. LEXIS 84400, at *32-33 (S.D.N.Y. Apr. 28, 2014) (finding subject matter jurisdiction under New York law where the plaintiff was "directed to work remotely from his home in New Jersey" until his termination and where "defendants consistently treated him as an employee in their New York office, as they withheld a portion of his pay to account for New York State income taxes.").

This case, as in Shaughnessy, presents a similar "grey area" of the law. While Shiber may not have had the opportunity to work in New York City, she applied for, and was hired for, a position working in person in New York City and was only denied that opportunity because of discrimination. Using her geographic location for the brief time she was permitted to work as the sole factor fails to consider that Shiber's employment prospects were within New York. See Wexelberg, 2014 U.S. Dist. LEXIS 84400, at *32-33 (rejecting an interpretation that protects only those who work in New York, since, "as is true in so many instances when courts apply specifically-worded legal principles, there are circumstances that may be classified as falling in a grey area."); Shaughnessy, 2024 U.S. Dist. LEXIS 57840, at *18-19 (noting, "although the impact test was intended to serve as a bright-line rule, some factual scenarios fall into a 'grey area.'").

The fact is, there is no appreciable difference between a discriminatory failure to promote or hire and Centerview's actions against Shiber. Had Centerview learned of Shiber's disability and withdrawn its offer, she would be protected under New York Law pursuant to Syeed. Yet Centerview argues that because Shiber had been employed for a few weeks, while still unable to actually work at Centerview's offices due to the pandemic, that protection melts away. Shiber was not hired to work remotely, nor was she assigned to a New Jersey office, but merely had to wait until she was permitted to work at Centerview's New York offices. Constructing New York law "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible," Shiber falls within Syeed's scope of "a prospective inhabitant or employee, who was denied a job opportunity because of discriminatory conduct" and "fits comfortably within the Human Rights Laws' protection." 2024 N.Y. LEXIS 293, at *5, 8 (quoting Albunio v. City of New York, 16 N.Y.3d 472, 477-478 (2011)).

**E. Shiber's Claims Are Timely & Centerview Will Suffer No Prejudice**

Shiber's claims under New York Law are timely because they relate back to substantially the same facts and circumstances in the original pleading. See Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."); Vuksanovich v. Airbus Ams., Inc., 608 F. Supp. 3d 92, 111 (S.D.N.Y. 2022) (permitting an amendment under New York law because, "from the outset of the litigation Defendants have had sufficient knowledge to motivate the type of litigation preparation and planning needed to defend against the entirety of the particular plaintiff's situation.") (citing C.P.L.R. §203(f)); Martin v. Coinmach Corp., 2016 U.S. Dist. LEXIS 164834, at *27 (S.D.N.Y. Nov. 29, 2016) ("Because the plaintiffs' disparate impact claims arise from

substantially the same series of facts as their disparate treatment claims, the amended complaint shall be deemed to relate back to the filing of the original complaint on October 15, 2015.").

There is no prejudice to Centerview for Shiber to amend her Complaint. Shiber does not seek any additional discovery and believes that the robust record already established under federal and New Jersey Law is equally applicable to claims under New York Law. See Jacobson v. McNeil Consumer & Specialty Pharms., 68 A.D.3d 652, 654 (1st Dept. 2009) ("Prejudice does not occur simply because a defendant is exposed to greater liability or because a defendant has to expend additional time preparing its case.").

## CONCLUSION

For the foregoing reasons, Shiber respectfully requests leave to serve an Amended Complaint asserting claims under the NYSHRL and NYCHRL, and for such further relief as this Court deems just and proper.

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiff*

By:______________________
BRIAN HELLER
DAVIDA S. PERRY
3 Park Avenue, Suite 2700
New York, NY 10016
(212) 889-6565
bheller@sphlegal.com

**CLAYMAN ROSENBERG KIRSHNER & LINDER LLP**
*Attorneys for Plaintiff*

By:______________________
JAMES F. VALENTINO
305 Madison Avenue, Suite 650
New York, NY 10165
(212) 922-1080
valentino@clayro.com