UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN SHIBER,<br><br>                Plaintiff,<br><br>   v.<br><br>CENTERVIEW PARTNERS LLC,<br><br>                Defendant. | Case No: 1:21-cv-03649-ER<br>ECF Case<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

## TABLE OF CONTENTS

Page

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT ...................................................................................................................................3

CONCLUSION ................................................................................................................................6

# TABLE OF AUTHORITIES

**Page**

## Cases

*Anderson v. HotelsAB, LLC*
    2015 U.S. Dist. LEXIS 111820 (S.D.N.Y. Aug. 24, 2015) ..................................................3

*Chau v. Donovan*
    357 F. Supp. 3d 276 (S.D.N.Y. 2019) ................................................................................3

*Hoffman v. Parade Publishing*
    15 N.Y.3d 285 (2010) ........................................................................................................1

*Kraiem v. JonesTrading Institutional Servs. LLC*
    492 F. Supp. 3d 184 (S.D.N.Y. 2020) ................................................................................4

*MacEntee v. International Business Machines*
    783 F. Supp. 2d 434 (S.D.N.Y. 2011) ................................................................................5

*Shaughnessy v. Scotiabank*
    2024 WL 1350083 (S.D.N.Y. Mar. 29, 2024) .................................................................4, 5

*Syeed v. Bloomberg, L.P.*
    2024 WL 1097279 (N.Y. Mar. 14, 2024) ...................................................................1, 2, 3

*Wexelberg v. Project Brokers LLC*
    2014 U.S. Dist. LEXIS 84400 (S.D.N.Y. Apr. 28, 2014) ...................................................5

## Other Authorities

Fed. R. Civ. P. 15(a) ..............................................................................................................5

**INTRODUCTION**

Centerview Partners LLC ("Centerview") respectfully submits this opposition to Plaintiff Kathryn Shiber's ("Shiber") Motion for Leave to File an Amended Complaint (Dkt. 103, the "Motion"). Plaintiff's Motion is premised on an alleged change in the application of the New York City and New York State Human Rights Laws (the "HRLs") arising out of the New York Court of Appeal's ruling in *Syeed v. Bloomberg, L.P.*, 2024 WL 1097279 (N.Y. Mar. 14, 2024). However, *Syeed* does not reflect any change of law that would impact this Court's prior dismissal of Shiber's HRL claims for lack of subject matter jurisdiction. Accordingly, any amendment would be futile and the Court should thus deny Plaintiff's Motion.

**BACKGROUND**

In 2010, in *Hoffman v. Parade Publishing*, 15 N.Y.3d 285, 289 (2010), the New York Court of Appeals addressed whether a plaintiff who does not reside in New York but alleges discriminatory conduct against a New York-based employer could assert a cause of action under the New York City and New York State Human Rights Laws. The Court held that a "[n]onresident[] of the city and state must plead and prove that the alleged discriminatory conduct had an impact [on the nonresident] within those respective [geographic] boundaries." *Id.* at 289. Since *Hoffman*, courts have looked to that "impact test" to determine whether a non-resident plaintiff may properly assert a claim under the HRLs.

On August 23, 2021, Shiber filed her Second Amended Complaint in this action, asserting claims for disability discrimination against Centerview, her former employer, relating to Centerview's termination of her employment. ECF No. 23. Among other claims, Shiber alleged that Centerview's termination of her employment violated the HRLs. *Id.* On September 27, 2021, Centerview moved to dismiss Shiber's HRL claims, arguing that she had failed to plead that this

Court may exercise jurisdiction over those claims. ECF No. 26. Specifically, Centerview argued that Shiber—who was neither a New York resident nor working within the State of New York during her employment with Centerview—failed to meet the *Hoffman* impact test. *Id.*

On April 20, 2022, this Court granted Centerview's Motion to Dismiss Shiber's HRL claims for lack of subject-matter jurisdiction. ECF No. 30 (the "MTD Order"). Specifically, the Court agreed with Centerview that Shiber could not meet the *Hoffman* impact test because she was neither living nor working in New York at the time of the alleged discriminatory termination.[1]

On March 14, 2024, in *Syeed v. Bloomberg L.P.*, the New York Court of Appeals considered the narrow question of "how *Hoffman*'s impact test governs a situation where a nonresident plaintiff alleges a failure to promote or hire." *Syeed v. Bloomberg L.P.*, 2024 WL 1097279, at *3 (N.Y. Mar. 14, 2024). The Court noted that "[f]or purposes of the impact test, a failure to hire or promote case is distinct from a discriminatory termination case, like *Hoffman*," and held that in the failure to hire or promote context, the HRLs protect nonresidents who are not yet employed in New York City or New York State but nonetheless proactively sought a City- or State-based job opportunity—and were deprived of that opportunity on discriminatory grounds. *Id.*

On April 24, 2024, following an April 3, 2024 pre-motion conference, Shiber filed a Motion for Leave to File an Amended Complaint in an attempt to revive the HRL claims that this Court previously dismissed. ECF No. 105. Shiber's sole basis for her Motion is the Court of

---

[1] Shiber misstates this Court's ruling by claiming that "[o]ne of the key foundations in the Court's Order […] was that Shiber could not show that she would have worked in New York City." ECF No. 105 at 5. Not so. This Court's principal holding was that Shiber failed the *Hoffman* impact test because never lived or worked in New York City, not that she failed to show she "would have" worked in New York City. MTD Order at 7-8 ("Shiber's allegations […] in any event, do not show that Shiber suffered an impact in New York City or New York State.")

Appeals' decision in *Syeed*. Shiber claims that *Syeed* "has changed the law since the Court addressed this issue [of the HRLs' geographic scope]" and that "[a]pplying the law in accordance with *Syeed*, Shiber should be permitted to amend the Complaint to assert discrimination claims under New York law." *Id.* at 6.

As discussed below, Shiber misreads *Syeed*, which does not reflect any change of law that would impact this Court's dismissal of Shiber's HRL claims.

## ARGUMENT

The sole question raised by the Motion is whether, as Shiber suggests, *Syeed* overturned *Hoffman* such that a plaintiff alleging discriminatory termination need not show she was impacted in the City or State of New York. *See* ECF No. 105 at 6 (Shiber arguing that *Syeed* "expanded the geographic scope of the protections afforded under both [HRLs]," because "[t]he clear language of the *Syeed* decision confirms that it was never intended to be so limited" to failure to hire and failure to promote cases). Respectfully, Shiber's argument is wholly inconsistent with the plain language of *Syeed* itself.

In *Syeed*, the Court of Appeals stated that it was considering "how *Hoffman's* impact test governs a situation where … a nonresident plaintiff ***alleges a failure to promote or hire***." *Syeed*, 2024 WL 1097279, at *6 (emphasis added). Indeed, the Court stated: "For purposes of the impact test, ***a failure to hire or promote case is distinct from a discriminatory termination case, like Hoffman***." *Id.* (emphasis added). The narrow question before the Court of Appeals in *Syeed* is distinct from the question that Shiber has already put before this Court with respect to her already-dismissed HRL claims based on an alleged discriminatory ***termination***.

In essence, through the Motion, Shiber attempts to re-draft her discriminatory termination claim into a failure to hire or promote claim that might then fall under the *Syeed* analysis. Yet, this Court has already considered and rejected Shiber's attempt to do just that. ECF No. 30 at 7-

3

8. In her Opposition to Centerview's Motion to Dismiss her HRL claims, Shiber cited failure to hire cases, *Anderson v. HotelsAB, LLC*, 2015 U.S. Dist. LEXIS 111820 (S.D.N.Y. Aug. 24, 2015) and *Chau v. Donovan*, 357 F. Supp. 3d 276, 283 (S.D.N.Y. 2019), for her argument that Centerview "deprived her of the opportunity to work in New York City in the role for which she was hired, once the pandemic-related restrictions subsided." ECF No. 28 at 8. In its October 25, 2021 Reply in Support of Motion to Dismiss, Centerview squarely addressed both *Anderson* and *Chau*, clarifying that in those cases, unlike in this case, "the impact on the plaintiff was specifically tied to their being deprived a job in New York on discriminatory grounds" (citing *Kraiem v. JonesTrading Institutional Servs. LLC.*, 492 F. Supp. 3d 184, 199 (S.D.N.Y. 2020)). ECF No. 29 at 2.

In its MTD Order, this Court found *Anderson* and *Chau* inapplicable, holding that the "impact" felt by plaintiffs alleging failure to **hire** claims was not applicable to out of state plaintiffs, like Shiber, alleging discriminatory **termination** claims. ECF No. 30 at 8. That is, even if Shiber was able to sufficiently allege that she might ultimately work in Centerview's New York City office, that "do[es] ***not show that Shiber suffered an impact in New York City or New York State***." *Id.* (emphasis added) (internal citations omitted). Thus, the Court held that Shiber could not satisfy the *Hoffman* impact test.[2]

Shiber now claims that *Syeed* "affirmed cases that applied a broader analysis of the coverage of New York Laws," citing specifically to *Syeed*'s discussion of *Anderson* and *Chau*. ECF No. 105 at 8. Shiber claims that *Syeed* "gives a new perspective to those cases and shows why the New York Laws apply in this case." *Id.* As the Court of Appeals, and subsequent decisions interpreting *Syeed*, have made clear, the *Syeed* decision did not apply to discriminatory termination cases, and so would

---

[2] This holding stands regardless of whether Shiber could amend her complaint to allege a stronger likelihood that she might ultimately work in New York City because adding such allegations would "not show that Shiber suffered an impact in New York City or New York State." ECF No. 30 at 8.

4

not change this Court's determination in the MTD Order that *Anderson* and *Chau* are inapposite failure to hire cases. *See Shaughnessy v. Scotiabank,* 2024 WL 1350083, at *9 (S.D.N.Y. Mar. 29, 2024) ("In so ruling, the New York Court of Appeals explained that a failure-to-promote case is different from a termination case like *Hoffman*.")

Shiber attempts to access this "broader analysis" by blurring the line between her discriminatory termination allegations and failure to hire/promote cases. She argues that she falls into a "grey area" of the impact test under the law, citing to *Wexelberg v. Project Brokers LLC*, 2014 U.S. Dist. LEXIS 84400 (S.D.N.Y. Apr. 28, 2014) and *Shaughnessy*, 2024 WL 1350083 (S.D.N.Y. Mar. 29, 2024). ECF No. 105 at 6-7. As an initial matter, this Court has already considered and rejected Shiber's comparison to *Wexelberg*, finding that her entirely remote tenure at Centerview was unlike the plaintiff in *Wexelberg*, who spent the majority of his employment working out of the defendant's New York office. MTD Order at 8.

Shiber's reliance on *Shaughnessy* is similarly misplaced. Shiber argues that *Shaughnessy* held that plaintiffs who worked remotely for New York companies during the COVID-19 pandemic fall into a "grey area" of the *Hoffman* impact test. ECF 105 at 7. Although the *Shaughnessy* Court did consider the impact of the COVID-19 pandemic on employees working outside of New York, it found persuasive that, much like the "precise scenario hypothesized in *Wexelberg*," Shaughnessy "reported in person to the New York office for nearly ten months before the COVID-19 pandemic forced Scotiabank to close its doors and required its employees to work remotely." *Shaughnessy v. Scotiabank*, 2024 WL 1350083 at *8. Indeed, the *Shaughnessy* Court even distinguished Shiber from the plaintiff in that case, correctly explaining that "the plaintiff in *Shiber* **never** worked out of a New York City office and, at most, had hopes to work in New York City down the line." *Id.* (emphasis in original). To the extent there is a "grey area" in the impact test under *Hoffman*, the Southern District of New York has already made clear Shiber does not fit in it.

5

For the reasons discussed above, if the Court were to grant the Motion, Shiber's claims would again be dismissed for lack of subject matter jurisdiction. Accordingly, Shiber's Motion should be denied as any amendment to add HRL claims would be futile.[3] *See* Fed. R. Civ. P. 15(a); *see also MacEntee v. International Business Machines* 783 F. Supp. 2d 434, 446 (S.D.N.Y. 2011) ("[A] Court should not grant a plaintiff the right to amend when such amendment would be futile.").

## CONCLUSION

For the foregoing reasons, Centerview respectfully requests that the Court deny Shiber's Motion for Leave to File an Amended Complaint.

Dated: May 15, 2024  
New York, New York

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Jennifer Barrett*  
Jennifer Barrett  
Hope D. Skibitsky  
Janice Yoon  
Maheema Haque  
51 Madison Avenue, 22nd Floor

---

[3] Moreover, Shiber's filing of a Third Amended Complaint would prejudice Centerview by causing unneeded delay to the resolution of this matter, as it will require Centerview to re-file its motion for summary judgment, which has already been fully briefed and is pending before this Court.

6

New York, New York 10010
Tel. (212) 849-7000
Fax (212) 849-7100
jenniferbarrett@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
janiceyoon@quinnemanuel.com
maheemahaque@quinnemanuel.com

*Attorneys for Centerview Partners LLC*
