UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KATHRYN SHIBER,

                                                            **1:21-cv-03649-ER**

                  *Plaintiff*,

     -against-

CENTERVIEW PARTNERS LLC,

                  *Defendant*.
-------------------------------------------------------------------X

---

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

---

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiff*
**3 Park Avenue, Suite 2700**
**New York, NY 10016**
**(212) 889-6565**

**CLAYMAN ROSENBERG KIRSHNER & LINDER LLP**
*Attorneys for Plaintiff*
**305 Madison Avenue, Suite 650**
**New York, NY 10165**
**(212) 922-1080**

## TABLE OF CONTENTS

**SUBJECT**                                              **PAGE**

TABLE OF AUTHORITIES                                        ii

PRELIMINARY STATEMENT                                       1

ARGUMENT                                                    2

CONCLUSION                                                  5

## <u>TABLE OF AUTHORITIES</u>

<u>CASE</u>                                                          <u>PAGE</u>

<u>Shaughnessy v. Scotiabank</u>,
        2024 U.S. Dist. LEXIS 57840 (S.D.N.Y. Mar. 29, 2024)            3, 4, 5

<u>Syeed v. Bloomberg L.P.</u>,
        2024 N.Y. LEXIS 293 (N.Y. Mar. 14, 2024)                        *passim*

<u>Syeed v. Bloomberg L.P.</u>,
        58 F.4th 64 (2d Cir. 2023)                                      2

<u>Wexelberg v. Project Brokers LLC</u>,
        2014 U.S. Dist. LEXIS 84400 (S.D.N.Y. Apr. 28, 2014)            3

[

## <u>PRELIMINARY STATEMENT</u>

Plaintiff Kathryn Shiber ("Shiber") submits this memorandum of law in reply to the opposition of Defendant Centerview Partners LLC ("Centerview") to her motion for leave to assert claims under the New York State and City Human Rights Laws ("the New York Laws").

Centerview seeks to avoid the Court of Appeals' recent decision in <u>Syeed v. Bloomberg L.P.</u>, 2024 N.Y. LEXIS 293 (N.Y. Mar. 14, 2024) by arguing that <u>Syeed</u> is limited to failure to hire and failure to promote cases. Centerview ignores the Court's discussion of the breadth of the New York Laws and claims that since Shiber was employed for a few weeks, her claims are immune from the revised analysis. Centerview's narrow and limited reading of <u>Syeed</u> flies in the face of that decision. As set forth herein, Shiber falls within the class of individuals that <u>Syeed</u> found protected by the New York Laws, namely "a nonresident plaintiff not yet employed in New York City or State" who was "deprived …of a New York City- or State-based job opportunity on discriminatory grounds." <u>Id</u>. at *4.

Centerview essentially asks the Court to restate the same arguments in its prior decision addressing Shiber's claims under the New York Laws. However, <u>Syeed</u> represents a fundamental change in the analysis that applies. Excluding Shiber from the New York Laws' protections under the circumstances present in this case would negate <u>Syeed</u>'s broad analysis of the New York Laws. Shiber, therefore, respectfully requests that this Court acknowledge the shift that Syeed represents and permit Shiber to assert claims under the New York Laws.

## ARGUMENT

Centerview's central argument is that <u>Syeed</u> only applies to failure to hire or promote claims. This is an overly narrow reading of the case that ignores the certified question before the Court, which was:

> Whether a nonresident plaintiff not yet employed in New York City or State satisfies the impact requirement of the New York City Human Rights Law or the New York State Human Rights Law if the plaintiff pleads and later proves that an employer deprived the plaintiff of a New York City- or State-based job opportunity on discriminatory grounds.

2024 N.Y. LEXIS 293, at *4 (<u>citing</u> <u>Syeed v. Bloomberg L.P.</u>, 58 F.4th 64, 71 (2d Cir. 2023)).

<u>Syeed</u>'s key clarification of <u>Hoffman</u> is to not look exclusively at the plaintiff's location at the time of the adverse employment action. Instead, the New York Laws are now recognized to "protect nonresidents who are not yet employed in the city or state but who proactively sought an actual city- or state-based job opportunity." 2024 N.Y. LEXIS 293, at *1. Shiber falls within those boundaries, as she was a non-resident who proactively sought an opportunity to be employed within New York City and was denied that opportunity because of her disability. Centerview's overly narrow interpretation of <u>Hoffman</u> would strip <u>Syeed</u> of the breadth required when considering the New York Laws.

Centerview cherry-picks certain passages from <u>Syeed</u> that discuss failure to hire and failure to promote cases to create the illusion that it was limited to those fact patterns. However, the core question before the Court was not so restricted, nor did the Court ever state that its holding was limited only to failure to hire and failure to promote cases. Rather, the Court used those as examples of cases where a plaintiff could anticipate working in New York City but had not been granted the opportunity. The unprecedented global pandemic that prevented Shiber from working in New York City certainly falls within the fact pattern addressed in <u>Syeed</u>.

2

Centerview does not address the merits of <u>Syeed</u>. Instead, Centerview treats <u>Syeed</u> as a nullity with no impact on this case. Shiber respectfully submits that <u>Syeed</u> cannot be dismissed as a formulaic, procedural decision that applies only to failure to fire or failure to promote cases, but rather established a fundamental shift that expanded the impact test beyond solely looking at the plaintiff's geographic location.

Centerview accuses Shiber of "blurring the line" between her claim and a failure to hire/promote case. (Centerview Brief pg. 5). However, courts have already recognized the "grey area" that can exist in the impact test. <u>See</u> <u>Shaughnessy v. Scotiabank</u>, 2024 U.S. Dist. LEXIS 57840 (S.D.N.Y. Mar. 29, 2024); <u>Wexelberg v. Project Brokers LLC</u>, 2014 U.S. Dist. LEXIS 84400, at *32-33 (S.D.N.Y. Apr. 28, 2014). <u>Syeed</u> specifically rejected the bright line rule that Centerview proposes, which looks only to the plaintiff's location. Further, there is no meaningful distinction for purposes of the impact test between a plaintiff who was not hired in New York City because of a disability and one, like Shiber, who was hired to work in New York City but was terminated because of her disability before she could actually work there. Providing protection under the New York Laws to the former victim and not the latter is contrary to the purpose and intended scope of the New York Laws.

Centerview incorrectly states that "the sole question" raised by this motion is whether "<u>Syeed</u> overturned <u>Hoffman</u> such that a plaintiff alleging discriminatory termination need not show she was impacted in the City or State of New York." (Centerview Brief pg. 3). There was no request to "overturn" <u>Hoffman</u> in <u>Syeed</u> and the Court of Appeals' decision specifically noted that "[t]he certified question presumes that <u>Hoffman</u>'s impact test applies here." There is similarly no request nor need to question whether <u>Hoffman</u> was overruled. Rather, the question before this

Court is whether the expanded protections of <u>Syeed</u> that look at more than just geography apply to Shiber, which they do.

Nor is Shiber seeking to "re-draft" her termination as a failure to hire or a failure to promote, as Centerview claims. (Centerview Brief pg. 3). Rather, Shiber is merely seeking to avail herself of <u>Syeed</u>'s holding that courts must look to whether a plaintiff *would have* worked in New York City in determining where the impact was felt, rather than solely looking at whether the plaintiff *actually* worked in New York City.

Centerview's argument that the Court should look only at Shiber's location was rejected in <u>Shaughnessy v. Scotiabank</u>, 2024 U.S. Dist. LEXIS 57840 (S.D.N.Y. Mar. 29, 2024), a decision that followed <u>Syeed</u>. In that case, the defendant claimed that the New York Laws did not apply because the plaintiff was working remotely from Connecticut when he was terminated. <u>Id</u>. at *18-19. The court rejected that argument, concluding that "Defendants' position, boiled down, is that not only is location an important factor, but it is the sole factor." <u>Id</u>. The court found that the New York Laws applied since the plaintiff was deemed part of the New York office and was scheduled to return to that office once the pandemic subsided. <u>Id</u>. The defendants in <u>Shaughnessy</u> argued that <u>Shiber</u> presented "the 'exact question' at issue" in that case, yet came to a different result in the wake of <u>Syeed</u>. <u>Id</u>. at *18.

The court in <u>Shaughnessy</u> attempted to distinguish that case from Shiber by noting that plaintiff there had previously worked in New York City before the pandemic, unlike Shiber. However, that is a distinction without a difference. The court in <u>Shaughnessy</u> made clear that the reason that the New York Laws applied was because the plaintiff would have worked in New York but for his termination. That is the exact scenario in this case. Furthermore, the <u>Shaughnessy</u> court was understandably not aware in the specifics of this case and incorrectly stated that Shiber "had

4

hopes to work in New York City down the line." <u>Shaughnessy</u>, 2024 U.S. Dist. LEXIS 57840, at *18. Discovery has confirmed the concrete fact that Shiber would have worked in New York City but for her termination.

Because the facts of this case confirm that Shiber was denied the opportunity to work in New York City, she respectfully requests leave to amend her Complaint to assert claims under the New York Laws.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, and for the reasons in her initial Memorandum of Law, Shiber respectfully requests leave to serve an Amended Complaint asserting claims under the New York State and City Human Rights Laws, and for such further relief as this Court deems just and proper.

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiff*

By:_____
    BRIAN HELLER
    DAVIDA S. PERRY
    3 Park Avenue, Suite 2700
    New York, NY 10016
    (212) 889-6565
    bheller@sphlegal.com

**CLAYMAN ROSENBERG KIRSHNER & LINDER LLP**
*Attorneys for Plaintiff*

By:_____
    JAMES F. VALENTINO
    305 Madison Avenue, Suite 650
    New York, NY 10165
    (212) 922-1080
    valentino@clayro.com