quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7155**

WRITER'S EMAIL ADDRESS
**jenniferbarrett@quinnemanuel.com**

September 9, 2024

**VIA ECF**
The Honorable Edgardo Ramos
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007-1312

Re:   *Kathryn Shiber v. Centerview Partners LLC*, No. 1:21-cv-03649-ER

Dear Judge Ramos:

We represent defendant Centerview Partners LLC ("Centerview") in the above-referenced action. Pursuant to Your Honor's Individual Rule 3(ii) and ¶ 12(c) of the Stipulated Protective Order (Dkt. No. 42), we write to request permission to file certain documents and exhibits from Centerview's motion for summary judgment under seal with leave to file redacted versions on the public record.

**I.     Standard**

Any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents.  *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).  However, there are circumstances in which a party's interest in maintaining confidentiality outweighs such a presumption.

A party's interest in preserving competitively sensitive business operations is an example of the type of confidential information that merits sealing.  *See, e.g.*, *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information).  In

addition, "third-party privacy interests" regarding identity and contact information "outweigh the presumption of public access." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *9 (S.D.N.Y. May 16, 2023).

To this end, courts grant motions to seal documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see also, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (identifying documents that "[t]he parties may file … under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm"); *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (ordering redactions where counsel "identifies specific harm that [defendant] will suffer if these materials are disclosed to … its competitors"). Courts also grant motions to seal "the identities of certain non-party [] employees and non-party contact information, including email addresses." *Ripple Labs, Inc.*, 2023 WL 3477552, at *6.

**II.     Materials That Centerview Requests Be Redacted from the Public Record**

Centerview respectfully sets forth its justifications for filing these documents under seal in the table below:

| Documents Centerview seeks to be redacted | Portions sought to be redacted | Reason for redaction |
|---|---|---|
| Mem. of Law in Support of Mot. for Summary Judgment | Portions indicated by yellow highlighting | Contains detailed, confidential proprietary information regarding the hiring process for Centerview's prestigious three-year analyst program that would put Centerview at a competitive disadvantage if made public; contains information from documents provided by non-parties and designated as 'CONFIDENTIAL.' |
| Rule 56.1 Statement | Portions indicated by yellow highlighting | Contains detailed, confidential proprietary information regarding the hiring process for |

| | | |
|---|---|---|
| | | Centerview's prestigious three-year analyst program that would put Centerview at a competitive disadvantage if made public; contains information from documents provided by non-parties and designated as 'CONFIDENTIAL.' |
| Exhibit 1 to the Skibitsky Decl. | Portion indicated by yellow highlighting | Contains private information, including email address and contact information, of a non-party Centerview employee. |
| Exhibit 2 to the Skibitsky Decl. | Portion indicated by yellow highlighting | Contains detailed, confidential proprietary information regarding the hiring process for Centerview's prestigious three-year analyst program that would put Centerview at a competitive disadvantage if made public; contains private information, including email address and contact information, of a non-party Centerview employee. |
| Exhibit 3 to the Skibitsky Decl. | Portion indicated by yellow highlighting | Contains private information, including email address and contact information, of a non-party Centerview employee. |
| Exhibit 4 to the Skibitsky Decl. | Portion indicated by yellow highlighting | Contains private information, including email address and contact information, of a non-party Centerview employee. |
| Exhibit 10 to the Skibitsky Decl. | Portion indicated by yellow highlighting | Contains detailed, confidential proprietary information regarding the hiring process for Centerview's prestigious three-year analyst program that would put Centerview at a competitive disadvantage if made public |

| Exhibit 12 to the Skibitsky Decl. | Portion indicated by yellow highlighting | Contains private information, including email address and contact information, of a non-party Centerview employee. |
|---|---|---|
| Exhibit 13 to the Skibitsky Decl. | Portion indicated by yellow highlighting | Contains private information, including email address and contact information, of a non-party Centerview employee. |
| Exhibit 14 to the Skibitsky Decl. | Portion indicated by yellow highlighting | Contains private information, including email address and contact information, of a non-party Centerview employee. |
| Exhibit 15 to the Skibitsky Decl. | Portion indicated by yellow highlighting | Contains private information, including email address and contact information, of a non-party Centerview employee. |
| Exhibit 16 to the Skibitsky Decl. | Portion indicated by yellow highlighting | Contains private information, including email address and contact information, of a non-party Centerview employee. |
| Exhibit 23 to the Skibitsky Decl. | Portion indicated by yellow highlighting | Contains private information, including email address and contact information, of a non-party Centerview employee. |

**II.     Materials That Third Parties Designated as Confidential**

Third-party Dartmouth College has designated a document as Confidential. Pursuant to ¶ 12(c) of the Stipulated Protective Order, Centerview will not file that document designated as Confidential in the public record absent a court order.

The document that Dartmouth College has designated as Confidential in its entirety and Centerview now wishes to file under seal, is set forth in the table below.

| **Document Dartmouth College seeks to be sealed** | **Portions sought to be sealed** |
|---|---|
| Ex. 6 to Skibitsky Decl. | Entire Document |

Accordingly, Centerview respectfully requests the Court grants its request for leave to seal portions of its motion for summary judgment and allow redacted versions of same to be entered in the public docket.

Respectfully submitted,

*/s/ Jennifer Barrett*

Jennifer Barrett

*Counsel for Centerview Partners LLC*