**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7535**

WRITER'S EMAIL ADDRESS
hopeskibitsky@quinnemanuel.com

January 26, 2026

<u>VIA ECF</u>

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   <u>*Kathryn Shiber v. Centerview Partners LLC*, No. 1:21-cv-03649-ER</u>

Dear Judge Ramos:

We represent defendant Centerview Partners LLC ("Centerview") in the above-referenced action. Pursuant to Your Honor's Individual Rule 3(ii) and ¶ 12(c) of the Stipulated Protective Order (Dkt. No. 42), we write to request permission to file Centerview's opposition to Plaintiff's Letter Motion to compel (Dkt. No. 143) and an accompanying affidavit under seal.

**I.   Standard**

Any redaction or sealing of a court filing must be tailored to serve the purpose that justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). A party's interest in preserving competitively sensitive business operations is an example of the type of confidential information that merits sealing. *See, e.g.*, *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information).

Courts grant motions to seal documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*,

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see also, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (identifying documents that "[t]he parties may file … under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm"); *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (ordering redactions where counsel "identifies specific harm that [defendant] will suffer if these materials are disclosed to … its competitors").

II.   **Materials That Centerview Requests Be Redacted from the Public Record**

Centerview respectfully sets forth its justifications for filing these documents under seal in the table below:

| Documents Centerview seeks to be redacted | Portions sought to be redacted | Reason for redaction |
|---|---|---|
| Letter Opposition to Plaintiff's Motion to Compel | Portions indicated by yellow highlighting. | Contains confidential proprietary information regarding Centerview's internal promotion decisions and compensation structures that would put Centerview at a competitive disadvantage if publicly disclosed. |
| Affidavit of Richard Case | Portions indicated by yellow highlighting. | Contains confidential proprietary information regarding Centerview's internal promotion decisions and compensation structures that would put Centerview at a competitive disadvantage if publicly disclosed. |

Very truly yours,

*/s/ Hope Skibitsky*

Hope Skibitsky

2