**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10010-10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7535**
WRITER'S EMAIL ADDRESS
**hopeskibitsky@quinnemanuel.com**

January 26, 2026

<u>VIA ECF</u>

Judge Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Kathryn Shiber v. Centerview Partners LLC*, Case No. 1:21-cv-03649

Dear Judge Ramos:

Per this Court's January 21 Order (ECF No. 144), Defendant Centerview Partners LLC ("Centerview") respectfully submits this response to Plaintiff's January 20 letter (ECF No. 143).

### A. This Court Should Defer Consideration Of The Motion To Compel Compensation Information Until Resolution Of Motions *In Limine*

Trial is scheduled to begin on February 23, 2026. The parties will be filing motions *in limine* tomorrow, January 27, and those motions will be fully briefed by February 10. Centerview has informed Plaintiff that it will be moving *in limine* to preclude all evidence of compensation Centerview employees earn other than amounts Ms. Shiber could have earned during Centerview's Analyst program for which she was hired.[1] Ms. Shiber intends to argue she would have been promoted to Associate in 2023, when the Analyst program ended, and been compensated accordingly. But, as will be set forth in greater detail in Centerview's motions *in limine*, a fact finder cannot award damages for such speculative promotions as a matter of law, and thus evidence of compensation for the Associate role or beyond is inadmissible. Given the fast approaching trial, this Court should exercise its discretion under Rule 26(b) and defer consideration of Plaintiff's discovery motion until after motions *in limine* are decided. If Associate compensation information is admissible, Defendant will produce such information. If it is not, Defendant should not be forced to undertake the burden of searching for and producing such information the month before trial when such materials cannot be used at trial.

While discovery under Rule 26 is not usually tied to the ultimate admissibility of evidence, a pragmatic approach is warranted here. *See GMO Gamecenter USA, Inc. v. Whinstone US, Corp.*,

---

[1] Centerview has provided information regarding the earnings of the other analysts in Ms. Shiber's Analyst class through completion of that program.

quinn emanuel urquhart & sullivan, llp

AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

2025 WL 722853, at *1 (S.D.N.Y. Mar. 5, 2025) ("courts must determine 'the burden or expense of proposed discovery' in a 'realistic way.'") (*quoting* Advisory Committee Note for 2015 Amendment to Rule 26.)).  This Court limits the "extent of discovery otherwise allowed by these rules if . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering . . . the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Fed. Housing Finance Agency v. UBS Ams. Inc.*, 2013 WL 3284118, at *11-12 (S.D.N.Y. June 26, 2013).  Trial is less than a month away and discovery has been closed for years.  Thus, Plaintiff is seeking discovery here for the ***sole purpose*** of using such discovery at trial (and not, for example, for use in depositions, in summary judgment briefing, or as the foundation to seek other discovery).  Allowing discovery into inadmissible evidence at this stage would require Defendant to undertake the burden of collecting and producing materials for no purpose whatsoever.  This is exactly the kind of pointless exercise this Court has discretion to prevent.  *See Jones v. Goord*, 2002 WL 1007614, at *6 (S.D.N.Y. May 16, 2002) ("the Court [] has considerable discretion to evaluate the practical realities of discovery, balancing the importance of the information against the burdens of production to decide whether fairness does or does not require production, and if so, on what terms.").

As will be set forth in greater detail in Centerview's motions *in limine*, the discovery Plaintiff seeks regarding non-Analyst compensation is inadmissible.  When a plaintiff seeks to introduce "[e]vidence of the salaries paid to other individuals" in support of a request for front pay or back pay, the plaintiff must "lay[] a sufficient foundation to permit the reasonable inference that his salary would have matched or been pegged to the salaries of others." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 166 (2d Cir. 1998).  Plaintiff thus may not have the jury merely "assume at trial that her continued employment at Centerview was guaranteed," ECF No. 143 at 3.  Ms. Shiber has not laid such foundation.  ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ means Ms. Shiber is not entitled to back or front pay reflecting Associate compensation.  *See Monette v. Cnty of Nassau*, 2015 WL 1469982, at *19 (E.D.N.Y. Mar. 31, 2015) (holding that a "plaintiff is not entitled to back pay beyond the date" where his employment would naturally end "simply because it was not foreseeable that plaintiff would have kept his position"); *Mobasher v. Bronx Cmty College of City of New York*, 269 F. App'x 71, 74-75 (2d. Cir. 2008) (affirming exclusion of evidence regarding other employees in discrimination case where "Plaintiff had not established that those individuals were comparably situated.").

Thus, the appropriate order in these circumstances would be to defer consideration of the motion to compel until this Court has adjudicated the motions *in limine*.  If the Court finds the speculative compensation information Plaintiff seeks is admissible, then Defendant will produce it at that time.  But, Defendant should not be required to undertake the burden of collecting and producing the information Plaintiff requests, distracting from trial preparation, if such information were shortly thereafter excluded from trial.

This conclusion is further justified by the fact that Plaintiff never pursued discovery regarding compensation beyond the Analyst salary until November 2025, over two and a half years

after the close of fact discovery. "Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied." *Peterson v. Home Depot U.S.A., Inc.*, 2013 WL 5502816, at *2 (S.D.N.Y. Oct. 3, 2013) (Ramos, J.) (*quoting Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 140 (S.D.N.Y. 2011)). Ms. Shiber clearly knew before the close of discovery that she would be relying in her damages case on compensation information regarding more senior Centerview bankers. That Ms. Shiber delayed bringing this motion until the eve of trial further warrants delaying consideration of her motion until motions *in limine* are decided. *See Owen v. No Parking Today, Inc.*, 280 F.R.D. 106, 112 (S.D.N.Y. 2011) ("A party ordinarily must file a motion to compel before the close of discovery and if it fails to do so, the motion will be deemed untimely.").

### B. This Court Should Reject Plaintiff's Request For Hours Worked By Bankers Other Than Analysts

Plaintiff seeks documents showing "the hours that each individual in the Analyst class of 2020 have worked since July 2020 to the present." ECF No. 143 at 3. Centerview recently produced updated self-reported hours data through June 2023 (the end of Plaintiff's analyst class program). Information regarding the hours the select few individuals who were promoted to Associate have worked are not relevant and would be unduly burdensome to produce.

First, as discussed, Ms. Shiber has not laid a foundation to support her claim that she would have been part of the small minority of Centerview Analysts who are promoted to Associate. *Supra*. Thus, the hours worked by those Associates has no non-speculative connection to Ms. Shiber's claims. Second, pulling and producing documents showing these hours would be unduly burdensome. Associates submit their hours on a weekly basis. Collecting and reviewing multiple years of hours from these employees would require time and effort—a burden that is unwarranted on the eve of trial.

These requests are also untimely. Centerview objected to producing any documents in response to the request for Analyst hours in its August 15, 2022 responses and objections. Centerview later agreed to produce responsive documents showing such hours through the end of December 2020, but no later. Such production was made nearly three years ago, and it was not until the leadup to trial, over two years after the conclusion of discovery, that Plaintiff suddenly took issue with Centerview's 2020 date cutoff. The time to seek information post-dating 2020 was during the fact discovery period. These renewed requests are thus untimely, and Plaintiff must show "good cause" and "excusable neglect" to reopen discovery. *Al-Anesi v. City of New York*, 2021 WL 4554628, at *2 (S.D.N.Y. Oct. 5, 2021). She cannot do so. First, there is no reason that Plaintiff could not have sought this data in a timely manner. Second, the fact that trial will commence in less than a month strongly weighs against reopening discovery. *See Lopez v. Ramos*, 2013 WL 6912692, at *4 (S.D.N.Y. Dec. 30, 2013) ("Where a request to reopen discovery is made on the eve of trial, this factor weighs against granting the request to reopen discovery.").

Respectfully submitted,

*/s/ Hope D. Skibitsky*
Hope D. Skibitsky

3