quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10010-10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7155**

WRITER'S EMAIL ADDRESS
**jenniferbarrett@quinnemanuel.com**

January 27, 2026

**VIA ECF**
The Honorable Edgardo Ramos
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007-1312

Re:   *Kathryn Shiber v. Centerview Partners LLC*, No. 1:21-cv-03649-ER

Dear Judge Ramos:

We represent defendant Centerview Partners LLC ("Centerview") in the above-referenced action. Pursuant to Your Honor's Individual Rule 3(ii) and ¶ 12(c) of the Stipulated Protective Order (Dkt. No. 42), we write to request permission to file certain documents and exhibits from Centerview's motions in limine under seal.

## I.   Standard

Any redaction or sealing of a court filing must be tailored to serve the purpose that justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents.  *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).  However, there are circumstances in which a party's interest in maintaining confidentiality outweighs such a presumption.

A party's interest in preserving competitively sensitive business operations is an example of the type of confidential information that merits sealing.  *See, e.g.*, *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information).  In

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

addition, "third-party privacy interests" regarding identity and contact information "outweigh the presumption of public access." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *9 (S.D.N.Y. May 16, 2023).

To this end, courts grant motions to seal documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see also, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (identifying documents that "[t]he parties may file … under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm"); *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (ordering redactions where counsel "identifies specific harm that [defendant] will suffer if these materials are disclosed to … its competitors"). Courts also grant motions to seal "the identities of certain non-party [] employees and non-party contact information, including email addresses." *Ripple Labs, Inc.*, 2023 WL 3477552, at *6.

Courts also recognize that privacy interests in medical information, particularly mental health records, outweigh the presumption of public access to judicial documents. "An individual generally 'maintains significant privacy rights to her medical information,' and courts 'regularly seal' such information." *Robinson v. De Niro*, 2022 WL 2952071, at *2 (S.D.N.Y. July 26, 2022) (quoting Valentini v. Grp. Health Inc., 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020)); *see also* United States v. Milken, 780 F. Supp. 123, 127 (S.D.N.Y. 1991) (granting request to seal material relating to the medical conditions of the defendant's family). Courts routinely seal medical records and documents containing detailed medical information to protect patient privacy interests under HIPAA and related privacy laws. *Valentini*, 2020 WL 7646892, at *2 (granting motion to seal plaintiff's confidential health records, finding that "Plaintiffs' privacy interests and Defendants' legal obligations [under HIPAA] outweigh the presumption of public access"). These privacy interests are particularly compelling where, as here, the documents contain sensitive mental health treatment records, diagnoses, and treatment histories from non-party medical providers. *See Robinson*, 2022 WL 2952071, at *2 (sealing "sensitive medical information of the parties, witnesses, and their family members, including diagnoses of diseases and symptoms suffered as a result of said diseases").

## II.     Materials That Centerview Requests Be Redacted from the Public Record

Centerview respectfully sets forth its justifications for filing these documents under seal in the table below:

2

| Documents Centerview seeks to be redacted | Portions sought to be redacted | Reason for redaction |
|---|---|---|
| Memorandum of Law In Support of Motions in Limine | Portions indicated by yellow highlighting. | Contains detailed, confidential protected health information regarding plaintiff's medical conditions, diagnoses, treatment history, and mental health records; third-party privacy interests of non-party medical providers; Contains confidential proprietary information regarding Centerview's internal promotion decisions and compensation structures that would put Centerview at a competitive disadvantage if publicly disclosed. |
| Declaration of Hope D. Skibitsky in Support of Motions in Limine | Portions indicated by yellow highlighting. | Contains detailed, confidential protected health information regarding plaintiff's medical conditions, diagnoses, treatment history, and mental health records; third-party privacy interests of non-party medical providers. |

### III.  Materials That Centerview Requests To Be Sealed

Centerview respectfully sets forth its justifications for filing these documents under seal in the table below:

| Documents Centerview seeks to be redacted | Portions sought to be redacted | Reason for redaction |
|---|---|---|
| Exhibit A to the Skibitsky Decl. (Defendant's Second Set of Interrogatories dated October 3, 2022) | Entire Document | Contains interrogatories probing sensitive areas of plaintiff's medical history, mental health conditions, and treatment; disclosure would reveal private medical topics |

| | | of inquiry and violate plaintiff's privacy interests. |
|---|---|---|
| Exhibit B to the Skibitsky Decl. (Excerpts from Deposition of Kylee Mueggenburg, taken January 15, 2026) | Entire Document | Contains testimony from plaintiff's therapist discussing confidential mental health treatment records and protected health information under HIPAA; third-party privacy interests of non-party medical provider. |
| Exhibit C to the Skibitsky Decl. (Plaintiff's Supplemental Responses to Defendant's Second Set of Interrogatories dated November 18, 2025) | Entire Document | Contains plaintiff's detailed descriptions of medical conditions, symptoms, treatment providers, and treatment history; protected health information under HIPAA. |
| Exhibit D to the Skibitsky Decl. (Excerpts from Deposition of Heather Nelson, Psy.D., taken February 10, 2023) | Entire Document | Contains testimony from plaintiff's treating psychologist discussing confidential medical records, diagnoses, and treatment; protected health information under HIPAA; third-party privacy interests of non-party medical provider. |
| Exhibit E to the Skibitsky Decl. (Excerpts from Deposition of Kathryn Shiber, taken January 25, 2023) | Entire Document | Contains plaintiff's testimony regarding her medical conditions, diagnoses, treatment history, and protected health information. |
| Exhibit F to the Skibitsky Decl. (Treatment records from The Lotus Collaborative, Bates Mueggenberg 017-019) | Entire Document | Contains confidential mental health treatment records protected under HIPAA; third-party privacy interests of non-party medical provider. |
| Exhibit G to the Skibitsky Decl. (Expert Report of Alexander Bardey, M.D., dated April 27, 2023) | Entire Document | Contains detailed analysis of plaintiff's medical conditions, diagnoses, treatment history, and psychological testing results based on review of protected health information. |

| | | |
|---|---|---|
| Exhibit H to the Skibitsky Decl. (Offer letter from Centerview Partners dated September 20, 2019, Bates Centerview 000019) | Entire Document | Contains confidential compensation information that would put Centerview at a competitive disadvantage if publicly disclosed. |
| Exhibit I to the Skibitsky Decl. (Centerview's Responses to Plaintiff's Second Set of Interrogatories dated January 9, 2026) | Entire Document | Contains confidential proprietary information regarding Centerview's internal promotion decisions and compensation structures that would put Centerview at a competitive disadvantage if publicly disclosed. |

Accordingly, Centerview respectfully requests the Court grant its request for leave to seal portions of its Motions in Limine and allow redacted versions of same to be entered in the public docket.

Respectfully submitted,

*/s/ Hope D. Skibitsky*

Hope D. Skibitsky

*Counsel for Centerview Partners LLC*