UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KATHRYN SHIBER,

                                                    **1:21-cv-03649-ER**

                        *Plaintiff,*

        -against-                                   **JOINT PRE-TRIAL**
                                                    **ORDER**
CENTERVIEW PARTNERS LLC,

                        *Defendant.*
-------------------------------------------------------------------X

        The parties adopt the following statements, directions and agreements as the Joint Pretrial

Order pursuant to Federal Rules of Civil Procedure Rule 16:

        **i.      The full caption of the action:** as set forth above.

        **ii.     The names, addresses (including firm names), e-mail addresses, and telephone
and fax numbers of trial counsel are:**

        <u>**For Plaintiff**</u>:
        Schwartz Perry & Heller LLP
        Brian Heller
        Davida S. Perry
        3 Park Avenue, Suite 2700
        New York, NY 10016
        Phone: (212) 889-6565
        Fax: (212) 779-8208
        bheller@sphlegal.com
        dperry@sphlegal.com

        Clayman Rosenberg Kirshner & Linder LLP
        James F. Valentino
        305 Madison Avenue, Suite 650
        New York, NY 10165
        (212) 922-1080
        valentino@clayro.com

**For Defendant**:
Quinn Emanuel Urquhart & Sullivan, LLP
Jennifer J. Barrett
Hope D. Skibitsky
Charles H. Sangree
Janice Yoon
295 5th Ave, 9th Floor
New York, NY 10016
(212) 849-7000
jenniferbarrett@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
charlessangree@quinnemanuel.com
janiceyoon@quinnemanuel.com

**iii.    A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

Plaintiff states that the Court has subject matter jurisdiction over this case based on federal question, 28 U.S.C §1331, in that Plaintiff asserts claims of discrimination and retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C. §12112(a), in addition to claims under the New York State and City Human Rights Laws and the New Jersey Law Against Discrimination. Alternatively, the Court has original jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. §1332, in that Plaintiff's claims exceed the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

For the reasons set forth in Centerview's motions to dismiss the complaint, ECF Nos. 16, 26, Centerview disputes that the Court has jurisdiction over Plaintiff's New York State and City Human Rights Law Claims.  Centerview admits that this Court has diversity jurisdiction over the

subject matter of this litigation pursuant to 28 U.S.C. § 1332.  Centerview also admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

      **iv.**     **A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied upon. The parties shall also identify all claims and defense previously asserted that are not to be tried.**

**<u>Plaintiff's Claims To Be Tried</u>:**

      (1)     Shiber brings claims for disability discrimination regarding her termination 18 days following the disclosure of her disability. Plaintiff brings this claim under the New York City Human Rights Law ("NYCHRL") § 8-107(1)(a) (First Cause of Action), the New York State Human Rights Law ("NSYHRL") § 296(1)(a) (Fifth Cause of Action), the Americans with Disabilities Act ("the ADA") 42 U.S.C. § 12112(a) (Tenth Cause of Action) and the New Jersey Law Against Discrimination ("NJLAD") § 10:5-12(a) (Seventh Cause of Action).

      (2)     Shiber brings a claim for Defendant's failure to provide Plaintiff with a reasonable accommodation, as Plaintiff claims pursuant to NYCHRL § 8-107(15)(a) (Third Cause of Action), NYSHRL § 296(3)(a) (Sixth Cause of Action), the ADA 42 U.S.C. § 12112(b)(5)(a) (Eleventh Cause of Action), NJLAD § 10:5-12(A) and the New Jersey Administrative Code ("NJAC") § 13:13-2.5 (Eighth Cause of Action).

      (3)     Shiber brings a claim for failure to engage in an interactive process in violation of NJLAD § 10:5-12(a) and NJAC § 13:13-2.5 (Ninth Cause of Action).

(4)    Shiber brings a claim for Centerview refusing to engage in the cooperative dialogue under NYCHRL § 8-107(28) (Second Cause of Action).

(5)    Shiber brings a claim for retaliation as a result of her termination 18 days following the disclosure of her disability under NYCHRL § 8-107(7) (Fourth Cause of Action).

## Defendant's Defenses To Be Tried:

Defendant denies all liability and asserts the following defenses:

(1)    Unable to Perform Essential Functions: Plaintiff could not perform the essential functions of the analyst position either with or without a reasonable accommodation under the ADA, 42 U.S.C. § 12111(8); NYCHRL § 8-107; NYSHRL § 296; and NJLAD, N.J. Stat. § 10:5-12(a).

(2)    Undue Hardship: Plaintiff's requested accommodation would constitute an undue hardship on Centerview's operations under the ADA, 42 U.S.C. §§ 12112(b)(5)(A), 12111(10); NYCHRL § 8-107(15); NYSHRL § 296(3); NJLAD § 10:5-12(a); and N.J.A.C. § 13:13-2.5.

(3)    Good Faith Interactive Process: Defendant engaged in good faith in the interactive process as required by NYCHRL § 8-107(28); ADA, 42 U.S.C. § 12112(b)(5)(A); and NJLAD § 10:5-12(a); N.J.A.C. § 13:13-2.5.

(4)    Legitimate, Non-Discriminatory Reasons: Plaintiff was terminated for legitimate, non-discriminatory reasons under NYCHRL § 8-107; NYSHRL § 296; ADA § 12112(a); and NJLAD § 10:5-12(a).

(5)     No Retaliation: Plaintiff did not suffer retaliation within the meaning of NYCHRL § 8-107(7), NYSHRL § 296(7), ADA § 12203, or NJLAD § 10:5-12(d).

(6)     Failure to Mitigate Damages: Plaintiff has failed to mitigate her damages.

(7)     No Damages or Insufficient Proof of Damages: Plaintiff has failed to prove any compensable damages, including any damages for emotional distress.

(8)     No Basis for Punitive Damages: Plaintiff is not entitled to punitive damages under 42 U.S.C. § 1981a(b)(1) or N.J. Stat. § 10:5-13, N.Y.C. Admin. Code § 8-502(a),42 U.S.C. § 1981a(b)(1).

(9)     Failure to Prove Her Claims:  Plaintiff has failed to prove the elements of her claims for disability discrimination and failure to accommodate under the ADA, 42 U.S.C. §§12112(a), 12112(b)(5)(A); disability discrimination, retaliation, failure to accommodate, and failure to engage in cooperative dialogue under NYCHRL §§8-107(1)(a), 8-107(7), 8-107(15)(a), 8-107(28); disability discrimation and failure to accommodate under NYSHRL §§296(1)(a), 296(3)(a); and disability discrimination, failure to accommodate, and failure to engage in interactive process under NJLAD §10:5-12(a) and N.J.A.C. §13:13-2.5. Plaintiff is also not entitled to costs, pre-judgment interest, or reasonable attorneys' fees.

**v.     A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

This case is to be tried with a jury.[1]  The parties anticipate that 5 trial days will be required.

---

[1]  Centerview consents to a jury trial, except that it consents only to an advisory verdict on the issue of backpay. *Murray v. UBS Sec., LLC*, 2020 WL 7384722, at *7 (S.D.N.Y. Dec. 16, 2020).  Plaintiff responds that her claims for

**vi.    A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

The parties do not consent to trial by a magistrate judge.

**vii.    Any stipulations or agreed statements of fact or law.**

(1)    Shiber graduated from Dartmouth College in 2020 and commenced employment with Centerview as an analyst on July 6, 2020, at age twenty-one.

(2)    On August 24, 2020, Shiber was assigned to her first live deal, project "Dragon."

(3)    On August 28, 2020, Shiber emailed Centerview's Director of Human Resources Cheryl Robinson.

(4)    That same day, Shiber had a meeting with Robinson and then another meeting with Robinson and Kim.

(5)    Centerview terminated Shiber on September 15, 2020 in a meeting with Robison and Vicari.

**viii.    A list of the witnesses each party expects to call on its case in chief, including a very brief description of the witness's role and/or the subject matter of his or her anticipated testimony, and a statement as to whether any other party objects to the witness.**

---

back pay and front pay under the New York City and State Human Rights Laws are legal remedies, not equitable remedies, which must be determined by the jury. *See Dodd v. City Univ. of N.Y.*, 541 F. Supp. 3d 318, 321 (S.D.N.Y. 2021) (recognizing "back pay is a legal remedy, as to which [plaintiff] is entitled to a jury verdict, under the NYSHRL and NYCHRL.") (*citing Chisholm v. Meml. Sloan-Kettering Cancer Ctr.*, 824 F. Supp. 2d 573, 576 (S.D.N.Y. 2011) ("Although front pay is an equitable remedy under Title VII, any form of money damages, including front pay, is a legal remedy to be decided by the jury under the NYSHRL.")).

**Plaintiff's trial witnesses:**

Kathryn Shiber, Plaintiff: all aspects of her case.

Cheryl Robinson, Human Resources Representative: Plaintiff's request for accommodation; Defendant's ability to provide Plaintiff with a reasonable accommodation; Defendant's refusal to engage in the interactive process/cooperative dialogue; and the decision to terminate Plaintiff's employment.

Tony Kim, Partner: Plaintiff's request for accommodation; Defendant's ability to provide Plaintiff with a reasonable accommodation; and Defendant's refusal to engage in the interactive process/cooperative dialogue; the compensation that Plaintiff could have earned but for her termination.

Jeanne Vicari, Chief Operating Officer: Plaintiff's request for accommodation; Defendant's ability to provide Plaintiff with a reasonable accommodation; Defendant's refusal to engage in the interactive process/cooperative dialogue; and the decision to terminate Plaintiff's employment.

Timothy Ernst, Former Associate: Plaintiff's responsibilities; Defendant's ability to provide Plaintiff with a reasonable accommodation; the compensation that Plaintiff could have earned but for her termination.

Matt Gallea, Former Associate: Plaintiff's responsibilities; Defendant's ability to provide Plaintiff with a reasonable accommodation; the compensation that Plaintiff could have earned but for her termination.

Robert Pruzan, Partner: Defendant's ability to provide Plaintiff with a reasonable accommodation; and the decision to terminate Plaintiff's employment. **Defendant objects to**

Plaintiff calling Mr. Pruzan as a witness.

Marylee Verdi FNP-C, PMHNP-BC: Plaintiff's disability and request for reasonable accommodation.

Kylee Mueggenburg, MA: Plaintiff's emotional distress and treatment. **Defendant objects to Plaintiff calling Ms. Mueggenburg as a witness.**

Heather Nelson, Psy.D.: Plaintiff's emotional distress and treatment.

**Defendant's trial witnesses (in alphabetical order by last name):**

Alexander Bardey, M.D., Forensic psychiatrist; Defendant's expert witness: Shiber's alleged disability and symptoms; Shiber's alleged damages; Centerview's defenses.

Richard Case, Partner and Director of Recruiting at Centerview: Centerview's hiring process; Centerview's hiring of Shiber; Centerview's analyst program; Centerview's defenses.

Timothy Ernst, Principal at Centerview: Centerview's hiring process; Centerview's analyst program; the "guardrails"; Shiber's work performance; Centerview's defenses.

Matthew Gallea, Principal at Centerview: Centerview's hiring process; Centerview's analyst program; the "guardrails"; Shiber's work performance; Centerview's defenses.

Da-Shih Hu, M.D., Psychiatrist at Dartmouth College's Student Health Services; Shiber's former medical provider: Shiber's alleged disability and symptoms. **Plaintiff objects to Defendant calling Dr. Lichtenstein as a witness.**

Anthony Kim, Co-President of Investment Banking at Centerview: Centerview's hiring process; Centerview's analyst program; Shiber's work performance; the "guardrails"; interactive process; Centerview's defenses.

Jonathan Lichtenstein, Psy.D., Neuropsychologist at Dartmouth Hitchcock Medical Center; Shiber's former medical provider: Shiber's alleged disability and symptoms. **Plaintiff objects to Defendant calling Dr. Lichtenstein as a witness.**

Heather Nelson, Psy.D., Psychologist at One Medical; Shiber's former therapist: Shiber's alleged disability and symptoms; Shiber's alleged damages.

Cheryl Robinson, Director of Human Resources at Centerview: Shiber's alleged disability; Shiber's accommodation request; interactive process; Shiber's termination; Centerview's defenses.

Kathryn Shiber, Plaintiff: All aspects of her case and Centerview's defenses.

Marylee Verdi, FNP-C, PMHNP-BC, Family Nurse Practitioner at Dartmouth College's Student Health Services; Shiber's former medical provider: Shiber's alleged disability and symptoms; Shiber's accommodation request.

Jeanne Vicari, Partner, Chief Operating Officer, and Chief Financial Officer at Centerview: Centerview's analyst program; Shiber's accommodation request; interactive process; Shiber's termination; Centerview's defenses.

**ix.    A designation by each party of deposition testimony to be offered in its case in chief with any cross-designations and objections by any other party.[2]**

**Plaintiff's Deposition Designations for Trial**

| WITNESS | DESIGNATION | CROSS DESIGNATION |
|---------|-------------|-------------------|
| Marylee Verdi | 11:19-25 (no objection)<br>12:1-12 (no objection) | 25:1-5<br>40:23 |

---

[2]  To the extent deposition testimony will be introduced by designation, the Parties agree that the jury should be provided an instruction that advises the jury as to the date the depositions occurred.

| | 13:1-20 (no objection)<br>18:2-4 (no objection)<br>18:7-18 (no objection)<br>22:1-5 (no objection)<br>22:9-18 (no objection)<br>24:20-25 (no objection)<br>25:17-24 (counter designate<br>25:1-5)<br>29:9-21 (no objection)<br>30:2-22 (no objection)<br>35:25-36:22 (no objection)<br>37:13-17 (no objection)<br>37:21-39:2 (no objection)<br>39:9-:40:22 (counter designate<br>40:23)<br>40:24-41:24 (no objection)<br>43:4-10  (no objection)<br>43:16-44:2 (no objection)<br>43:16-44:2 (no objection)<br>44:4-7 (objection – relevance)<br>44:16-45:21(objection to 44:21-<br>23 (counsel objection) on<br>relevance and confuses the jury) | |
|---|---|---|
| Heather Nelson | 12:7-14:2 (no objection)<br>14:13-16:7 (no objection)<br>16:15-17 (no objection)<br>21:24-22:8 (no objection but will<br>need an instruction/clarification<br>that "current" patient means<br>"current" as of the date of the<br>deposition in 2023)<br>41:3-12 (no objection)<br>57:7-9 (objection to 52:11 –<br>attorney objection as not relevant<br>and confusing the jury)<br>57:18-58:2 (no objection but<br>57:7-9 needs the clarifying<br>instruction regarding the depo<br>being taken in 2023).<br>58:22-24 (no objection)<br>69:8-14 (speculation/lack of<br>personal knowledge—to the | 68:21-25<br>69:2-7<br>78:3-5<br>83:1-9<br>85:2-6<br>86:4-5<br>87:5-6<br>87:8<br>93:6-12<br>113:25-114:4<br>120:11-17<br>125:24-126:8<br>129:2-14<br>173:15-21 |

| | | |
|---|---|---|
| | extent it remains, counter-designate 68:21-25 and 69:2-7)<br>74:21-75:11(no objection)<br>75:3-76:9 (no objection)<br>77:12-25 (object to attorney objection at 77:15 and counter-designate 78:3-5)<br>81:19-25 (counter-designate 83:1-9 and 85:2-6)<br>83:17-23 (no objection)<br>85:12-86:3 (counter-designate 86:4-5)<br>86:7-11(counter-designate 86:4-5)<br>86:15-19 (no objection)<br>86:21-87:4 (counter designate 87:5-6; 87:8)<br>87:10-23 (no objection)<br>91:20-93:5 (objection to 92:12 as irrelevant attorney objection; counter-designate 93:6-22).<br>95:8-21 (no objection)<br>98:12-22 (no objection)<br>99:12-100:25 (objection – relevance)<br>104:24-105:7<br>105:12-16 (no objection)<br>107:13-18 (no objection)<br>108:12-109:4 (no objection except to the designation of attorney objection at 109:2)<br>112:22-113:1 (counter-designate 113:25-114:4)<br>118:12-119:7 (counter-designation 120:11-17)<br>124:23-125:8 (hearsay)<br>125:16-23 (hearsay; counter-designate if it gets in: 125:24-126:8)<br>128:12-129:1 (counter-designate 129:2-14).<br>130:3-131:7 (no objection)<br>148:14-149:1 (no objection) | |

| | | |
|---|---|---|
| | 151:15-23 (objection ; hearsay/speculation)<br>169:11-14 (hearsay/likely to confuse the jury/not qualified to opine on causation)<br>173:8-14 (counter-designate 15-21)<br>175:16-20 (hearsay) | |
| | | |

### Defendant's Deposition Designations for Trial

| WITNESS | DESIGNATION | CROSS DESIGNATION |
|---|---|---|
| Marylee Verdi | 7:17-19<br>8:15-18<br>11:19-25<br>12:1-6<br>13:1-12<br>18:2-4<br>18:7-18<br>22:1-5<br>22:9-18<br>25:17-24<br>26:16-18<br>30:2-22<br>35:15-23<br>35:25-36:22<br>37:13-17<br>37:21-38:17<br>39:9-25<br>40:3-11<br>41:1-24<br>43:4-10<br>43:16-44:2<br>44:16-20<br>44:24-45:21<br>51:17-19<br>51:21-52:6<br>52:10-53:21        (objection –<br>irrelevant and prejudicial) | None |

| | 54:13 (objection – irrelevant and prejudicial)<br>54:19-55:6 (objection – irrelevant and prejudicial)<br>55:22-56:7 (objection – irrelevant and prejudicial)<br>56:14-57:7 (objection – irrelevant and prejudicial) | |
|---|---|---|
| Dr. Jonathan Lichtenstein | 4:11-12<br>6:4-6<br>6:12-20<br>7:2-8<br>7:13-20<br>7:22-23<br>8:1-21<br>10:10-11<br>10:22-11:14<br>11:20<br>12:1-3<br>12:6<br>12:9-10<br>13:1-12<br>14:15-15:5<br>15:8-23<br>16:3-10<br>16:14-23<br>17:13-18:1<br>18:5-12<br>19:2-4<br>19:14-20<br>21:12-22:1<br>22:2-15<br>23:18-24:8<br>24:17-20<br>24:22-25:2<br>25:13-21<br>26:17-18<br>27:9-20<br>27:22-23<br>28:16-29:3<br>29:8-14<br>29:23-30:6<br>30:7-12<br>30:14-31:3 | Plaintiff objects to Defendant relying on any part of the testimony of Dr. Lichtenstein. However, in the event that Defendant be permitted to cite his testimony, Plaintiff cross-designates the following citations:<br>34:16-35:6 (no objection)<br>36:14-23 (no objection)<br>38:19-40:1 (no objection)<br>42:9-13 (no objection)<br>42:21-43:10 (no objection)<br>54:12-23 (no objection)<br>59:22-60:4 (no objection) |

| | | |
|---|---|---|
| | 31:5<br>31:6-8<br>31:10<br>33:2-16<br>33:17-34:8<br>34:10-15<br>37:1-38:18<br>40:1<br>40:12-13<br>40:20-41:10<br>41:14-22<br>44:22-46:3<br>57:6-8<br>57:15-16<br>57:21-58:21<br>58:23-59:5 | |
| Dr. Da-Shih Hu | 5:9-17<br>7:24-25<br>8:2-18<br>8:25<br>9:2-8<br>9:22-25<br>10:2-7<br>10:14-25<br>11:2-25<br>12:2-11<br>14:4-14<br>29:4-25<br>30:2-9<br>37:16-25<br>38:2-25<br>39:2-25<br>40:2-3<br>42:11-25<br>43:2-25<br>44:2-4<br>46:7-23<br>46:25<br>47:2-6<br>50:8-14<br>50:20-25<br>51:2-25<br>52:2-25<br>53:2-15 | Plaintiff objects to Defendant relying on any part of the testimony of Dr. Hu. However, in the event that Defendant be permitted to cite his testimony, Plaintiff cross-designates the following citations:<br>22:22-23:11 (objection – relevance; none of the designated testimony discusses mild/moderate/severe)<br>48:5-24<br>40:18-41:4<br>48:5-24<br>53:16-54:12<br>79:8-25<br>80:15-25 (counter-designate 81:2-5)<br>100:7-22<br>101:5-24<br>103:14-17<br>105:16-106:8 (objection – relevance; none of the designated testimony discusses mild/moderate/severe) |

| | | |
|---|---|---|
| | 54:16-25<br>55:2-15<br>55:21-25<br>56:2-3<br>59:2-20<br>60:11-25<br>61:2-20<br>64:2-25<br>65:2-25<br>66:2<br>66:4-25<br>67:2-3<br>74:14-20<br>75:9-25<br>76:2-6<br>76:21-25<br>77:2-15<br>77:25<br>78:2-8<br>80:2-14<br>81:6-25<br>82:2-25<br>83:2-19<br>83:21-25<br>84:4-25<br>85:2-9<br>85:16-25<br>86:2-7<br>87:6-25<br>88:2-13<br>88:21-25<br>89:2-25<br>90:2-5<br>92:5-25<br>93:2-24<br>94:2-7<br>94:24-25<br>95:2-4<br>95:6-25<br>96:2-11<br>96:15-23 | |
| Dr. Heather Nelson | 8:18-22<br>12:7-8<br>12:11-12 | 46:7-24 (no objection)<br>52:9-53:11 (no objection) |

| | | |
|---|---|---|
| | 12:16-20<br>12:25-13:1<br>13:3-6<br>13:13-18<br>13:25-14:2<br>15:5-7<br>15:9-10<br>15:17-16:3<br>16:4-7<br>16:8-13<br>16:15-17<br>20:1-5<br>21:8-11<br>21:13<br>21:15<br>21:17-21<br>21:24-22:8<br>26:15-18<br>27:9-13<br>29:23-30:3<br>30:10-13<br>30:15-19<br>30:22-24<br>32:16-22<br>33:2-3<br>33:4<br>33:8-9<br>37:15-38:1<br>38:2-9<br>41:3-12<br>43:7-12<br>45:7-10<br>47:10-13<br>48:4-8<br>48:13-18<br>50:1-5<br>50:14-17<br>50:25-51:1 (objection – irrelevant and prejudicial)<br>52:6-8 (objection – irrelevant and prejudicial)<br>53:12-21 (objection – irrelevant and prejudicial)<br>55:17-56:4 (objection to 55:17- | |

| | | |
|---|---|---|
| | 24 – irrelevant and prejudicial)<br>56:6-8<br>56:10-15<br>56:17<br>57:18-58:2<br>58:3-4<br>58:6<br>58:11-14<br>62:4-10<br>62:14-16<br>66:20-24<br>67:11-14<br>68:5-19<br>71:7-23 (objection to 71:20-72:1 – irrelevant, prejudicial, lack of foundation)<br>71:25-72:4<br>73:18-74:5 (objection – irrelevant, prejudicial, lack of foundation)<br>74:21-24 (objection – irrelevant, prejudicial, lack of foundation)<br>75:3-11<br>75:24-76:1<br>76:7-9<br>76:12-14<br>76:16-18<br>76:21-24 (objection – irrelevant, prejudicial, lack of foundation)<br>77:1-2 (objection – irrelevant, prejudicial, lack of foundation)<br>88:8-10 (objection – irrelevant, prejudicial, lack of foundation)<br>88:12-13 (objection – irrelevant, prejudicial, lack of foundation)<br>88:23-89:11 (objection – irrelevant, prejudicial, lack of foundation)<br>90:21-91:2<br>92:3-5 (objection – irrelevant and prejudicial)<br>95:8-21<br>98:12-22<br>102:10-12 | |

| | | |
|---|---|---|
| | 102:15-17<br>102:20<br>102:23-103:16<br>103:25-104:3<br>104:7-9<br>104:16-19<br>104:24-105:7<br>105:12-16<br>107:13-18<br>108:12-109:1<br>109:3-4<br>109:6-13 (objection as to 109:11-13 – irrelevant, prejudicial, lack of foundation)<br>116:21-24 (objection – irrelevant, prejudicial, lack of foundation)<br>117:1-2<br>117:17-23<br>117:25-118:2<br>118:4-6<br>118:10<br>121:8-23<br>122:2-3<br>122:6-8<br>122:12-13<br>131:8-16 (objection – no answer to the question)<br>132:2-4  (objection – no question to the answer)<br>132:17-21 (objection – irrelevant, prejudicial, lack of foundation)133:14-23<br>134:1<br>134:4-25<br>135:2-14<br>137:4-17<br>137:19<br>137:21-138:9<br>148:14-149:1<br>156:19-157:17    (objection – irrelevant and prejudicial)<br>157:25-158:17    (objection – irrelevant and prejudicial)<br>159:23-160:4    (objection – | |

| | |
|---|---|
| | irrelevant and prejudicial)<br>160:16-20 (objection – irrelevant and prejudicial)<br>160:22-24 (objection – irrelevant and prejudicial)<br>162:23-163:1      (objection      – irrelevant and prejudicial)<br>170:10-11 (objection – irrelevant and prejudicial)<br>170:13-14  (objection  –  seeks expert opinion)<br>170:17-18  (objection  –  seeks expert opinion)<br>170:20-21  (objection  –  seeks expert opinion)<br>170:24-171:2 (objection – seeks expert opinion)<br>171:22-24  (objection  –  seeks expert opinion)<br>172:1-10<br>172:14-18<br>175:8-14 (objection – irrelevant, prejudicial, lack of foundation) | |

      x.     **A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.**

**Joint Exhibits**[3]

| Joint Exhibit Number | Description of Joint Exhibit to be marked for identification and/or introduced into evidence |
|---|---|
| JX1 | Email from White to Shiber dated September 12, 2019 (Centerview 334) |
| JX2 | Offer letter to Shiber dated September 20, 2019 (Centerview 382) |
| JX3 | Email from Shiber to Robinson and Case dated October 3, 2019 with offer letter (Centerview 380-382) |
| JX4 | Vault ratings printed January 24, 2023 (Centerview 3287-3309) |
| JX5 | Email of June 19, 2020 from Gallea to new class (Centerview 615-616) |
| JX6 | Outside Business Activity Disclosure & Approval Form, July 20, 2020 (Centerview 1495) |
| JX7 | Email thread of August 24, 2020, subject line "[redacted]-AN1" (Centerview 70) |
| JX8 | Email from Ernst to Shiber dated August 28, 2020 (Centerview 1857) |
| JX9 | Email thread starting with email from Ernst to Stewart dated August 28, 2020, subject line "FW: Dragon" (Centerview 162-163) |
| JX10 | Email from Shiber to Robinson dated August 28, 2020 (Centerview 1859) |
| JX11 | Email from Robinson to Vicari dated August 28, 2020 (Centerview 319) |
| JX12 | Email from Kim to Robinson dated September 1, 2020 (Centerview 321) |
| JX13 | Email from Vicari to Robinson dated September 1, 2020 (Centerview 249) |
| JX14 | Emails between Kim, Robinson and Vicari dated September 1, 2020 (Centerview 322) |
| JX15 | Emails between Shiber and Verdi dated September 1, 2020 (Shiber 116) |
| JX16 | Email from Vicari to Kim dated September 1, 2020 (Centerview 325) |
| JX17 | Email from Robinson to Vicari dated September 2, 2020, subject line, "Kate" (Centerview 185) |
| JX18 | Email from Robinson to Vicari dated September 2, 2020 with attachment, subject line, "Fwd: Letter of Medical Necessity" (Centerview 186-187) |
| JX19 | Email from Robinson to Kim dated September 2 ,2020 (Centerview 168) |
| JX20 | Email from Kim to Robinson dated September 2, 2020 (Centerview 169-170) |

---

[3]  The Parties reserve their right to object to the improper use of any exhibits either party intends to introduce at trial, and inclusion on the joint exhibit list does not reflect either party's view that the exhibits listed hereto are appropriately introduced through any witness or are appropriately introduced for any purposes.

| **Joint Exhibit Number** | **Description of Joint Exhibit to be marked for identification and/or introduced into evidence** |
|---|---|
| JX21 | Email from Kim to Chopra dated September 2, 2020 (Centerview 164) |
| JX22 | Email from Robinson to Shiber dated September 2, 2020 (Centerview 1891) |
| JX23 | Email from Ernst to Baron dated September 2, 2020 (Centerview 63) |
| JX24 | Email from Baron to Ernst dated September 2020 (Centerview 280) |
| JX25 | Emails between Shiber and Ernst dated September 2, 2020, subject line, "RE: PE Group Benchmarking Slide" (Centerview 1883-86) |
| JX26 | Email from Gallea to Shiber dated September 2, 2020 (Centerview 1893) |
| JX27 | Email from Shiber to Ernst dated September 3, 2020 (Centerview 1920-24) |
| JX28 | Email from Gallea to Ernst dated September 3, 2020 (Centerview 266) |
| JX29 | Email from Ernst to Kim dated September 3, 2020, 6:50 pm (Centerview 302) |
| JX30 | Email from Ernst to Kim dated September 3, 2020, 8:43 pm (Centerview 300-301) |
| JX31 | Email from Kim to Ernst dated September 6, 2020, 7:40 pm (Centerview 315-316) |
| JX32 | Email from Ernst to Kim dated September 6, 2020, 7:49 pm (Centerview 272-273) |
| JX33 | Email from Kim to Ernst dated September 6, 2020, 7:55 pm (Centerview 274-275) |
| JX34 | Emails between Ernst, Chakravarthi and Baron dated September 8, 2020 (Centerview 294) |
| JX35 | Email from Vicari to Kosowsky dated September 11, 2020, 5:22 pm (Centerview 2863) |
| JX36 | Email from Kosowsky to Vicari dated September 11, 2020, 9:53 pm (Centerview 2867) |
| JX37 | Email from Vicari to Kosowsky dated September 11, 2020, 10:17 pm (Centerview 2862) |
| JX38 | WebEx invite from Vicari to Robinson and Shiber dated September 15, 2020 (Centerview 2851) |
| JX39 | Email from Robinson to Shiber dated September 15, 2020 with separation letter (Centerview 1973-74) |
| JX40 | Separation letter dated September 15, 2020 (Centerview 1974) |

| **Joint Exhibit Number** | **Description of Joint Exhibit to be marked for identification and/or introduced into evidence** |
|---|---|
| JX41 | 2020 Centerview W-2 (Shiber 18) |
| JX42 | Emails between Ernst, Gallea and Shiber dated September 3, 2020 (Centerview 71-75) |
| JX43 | Emails between Baron and Ernst dated September 7, 2020 (Centerview 268-269) |
| JX44 | Case email to Shiber, attaching Centerview offer letter (Centerview 367-368) |
| JX45 | Email correspondence between Ernst, Shiber, and Gallea re: expectations (Centerview 1860-61) |
| JX46 | Email correspondence between Robinson and Shiber re:"Meeting" (Centerview 1864) |
| JX47 | Shiber WebEx invite to Robinson (Centerview 2775) |
| JX48 | Centerview paychecks (from 6/17/2020 to 9/15/2020) (Shiber 19-25) |
| JX49 | Shiber - Form 1099 (for 2020) - Threadstone Advisors (Shiber 28) |
| JX50 | Shiber - Form 1099 (for 2020) – DoorDash (Shiber 30) |
| JX51 | Shiber Google Offer Letter (Shiber 33-35) |
| JX52 | Shiber - Form 1099 (for 2021) - Threadstone Advisors (Shiber 29) |
| JX53 | Shiber - Form 1099 (for 2021) - JRSK, Inc (Shiber 32) |
| JX54 | Shiber - 2021 W2 Form - Google (Shiber 796-800) |
| JX55 | Shiber - BayLink Capital Consulting Agreement (Shiber 71-73) |
| JX56 | Shiber - 2022 W2 Form – Google (Shiber 801-806) |
| JX57 | Shiber – Form 1099 (for 2022) – Catalant Technologies Inc. (Shiber 807) |
| JX58 | Shiber - 2023 W2 Form – Google (Shiber 808) |
| JX59 | Shiber  - 2024 W2 Form – Google (Shiber 814) |
| JX60 | Shiber – Form 1099 (for 2024) – Groombuggy (d/b/a Barkbus) (Shiber 819) |
| JX61 | Shiber – Form 1099-K (for 2024) – Octopusapp Inc. (Shiber 823) |
| JX62 | Barkbus Offer Letter (Full-Time) (Shiber 839) |

| Joint Exhibit Number | Description of Joint Exhibit to be marked for identification and/or introduced into evidence |
|---|---|
| JX63 | Barkbus Earnings Statement (Shiber 838) |

**Plaintiff expects to offer the following exhibits on her case in chief[4]:**

| Exhibit Number | Description of Exhibit to be marked for identification and/or introduced into evidence | Objections[5] |
|---|---|---|
| PX1 | Shiber's resume (Centerview 175) | * |
| PX2 | Email from William Susman with resume dated September 11, 2019 subject line, "Analyst Candidate – Kate Shiber" (Centerview 326-328) | * |
| PX3 | Email thread of September 11, 2019, subject line "FW: Analyst – Kate Shiber" (Centerview 115-116) | * |
| PX4 | Training Schedules (Centerview 687-690) | * |
| PX5 | Email from Mehmet Saka to Shiber, August 6, 2020 (Centerview 1761-62) | * |
| PX6 | Robinson's handwritten notes (Centerview 3337) | * |
| PX7 | Email from Shiber to Robinson dated September 1, 2020 with medical note (Centerview 1872-1873) | * |
| PX8 | Letter from Verdi dated September 1, 2020 (Centerview 1873) | * |
| PX9 | Email from Shiber to Robinson dated September 2, 2020 (Centerview 1882) | * |
| PX10 | Email from Shiber to Robinson dated September 1, 2020 with Robinson's handwritten notes (Centerview 3332) | * |

---

[4]  Defendant prepared these objections based on its current understanding of how Plaintiff intends to use each exhibit at trial.  Defendant accordingly reserves the right to object to any document used for an improper purpose even if not expressly set forth herein.

[5] One asterisk ("*") indicates exhibits for which no party objects on grounds of authenticity; two asterisks ("**") indicates exhibits to which no party objects on any grounds.

| **Exhibit Number** | **Description of Exhibit to be marked for identification and/or introduced into evidence** | **Objections**[5] |
|---|---|---|
| PX11 | Emails between Shiber and Baron dated September 5, 2020 (Centerview 2827) | * |
| PX12 | Email from Vicari to herself dated September 8, 2020 (Centerview 2860-61) | * |
| PX13 | Shiber's handwritten notes (Shiber 720-730) | Object as to authenticity and other grounds. |
| PX14 | Email from NYC Staffing Team to numerous recipients dated September 15, 2020 (Centerview 2884) | * |
| PX15 | Kate Shiber Workload Report by Week (Centerview 2908) | * |
| PX16 | Chart with hours of Analyst Class of 2020 (Centerview 2909 & Centerview 006255) | * |
| PX17 | Centerview's Interrogatory Responses | * |
| PX18 | Shiber job search documents (Shiber 312-713) | Object as to authenticity and other grounds. |
| PX19 | Spreadsheet of job search efforts (Shiber 714-719) | Object as to authenticity and other grounds. |
| PX20 | Google offer letter (Shiber 33-35) | * |
| PX21 | West Englewood LLC consulting agreement, April 5, 2022 (Shiber 38-40) | * |
| PX22 | BayLink Capital consulting agreement, April 5, 2022 (Shiber 71-73) | * |
| PX23 | Groombuggy, Inc. offer letter, Feb. 26, 2025 (Shiber 839-842) | * |
| PX24 | Groombuggy separation agreement, Aug. 22, 2025 (Shiber 824-827) | * |
| PX25 | Offer letter, Nov. 15, 2025 (Shiber 844-845) | * |
| PX26 | 2020 Doordash, Inc. 1099 (Shiber 30) | * |
| PX27 | Email from Shiber to Amy Eiten, March 18, 2021 (Shiber 117) | Object as to authenticity and other grounds. |
| PX28 | Invoices from Amy Eiten (Shiber 199-205) | Object as to authenticity and other grounds. |

| **Exhibit Number** | **Description of Exhibit to be marked for identification and/or introduced into evidence** | **Objections**[5] |
|---|---|---|
| PX29 | Invoices from Allison Lee (Shiber 212-222) | Object as to authenticity and other grounds. |
| PX30 | Emails between Kate Shiber and Emily Patrick dated August 3 & 4, 2020 (Centerview 1645-1650) | * |
| PX31 | Emails between Kate Shiber, Matt Baron, Tim Ernst and Matt Gallea dated September 5 & 6, 2020 (Centerview 1942-1944) | * |
| PX32 | Email and attachment from Kate Shiber to William Susman dated September 15, 2020 (Centerview 6188-6195) | Object as to authenticity and other grounds. |
| PX33 | Email from Jason Gelman to Kate Shiber dated December 24, 2020 (Shiber 594) | * |
| PX34 | Email from Mary Milton Kelly to Kate Shiber dated January 11, 2021 (Shiber 606) | * |
| PX35 | Emails between Leah Russell and Kate Shiber dated April 19 & 20, 2021 (Shiber 704-705) | * |
| PX36 | Medical records of Allison M.R. Lee, M.D. (Providers_000057-75) | Object as to authenticity and other grounds. |
| PX37 | Medical records of Dean Freelander, M.D. (Providers_000084-92) | Object as to authenticity and other grounds. |
| PX38 | Medical Records of Heather Nelson (Nelson 1-28, redacted) | Object as to authenticity and other grounds. |
| PX39 | Medical records of Lotus Collaborative (Shiber 746-795) | Object as to authenticity and other grounds. |
| PX40 | Medical records of Psychiatric Alternatives & Wellness Center (Providers_000324-359) | Object as to authenticity and other grounds. |
| PX41 | Medical records of Kylee Mueggenburg (Mueggenburg 1-79) | Object as to authenticity and other grounds. |

| **Exhibit Number** | **Description of Exhibit to be marked for identification and/or introduced into evidence** | **Objections[5]** |
|---|---|---|
| PX42 | Medical records of Joanne Lam for sessions in 2023 (Lam 1-39, redacted) | Object as to authenticity and other grounds. |
| PX43 | Medical records of Scott Rodriguez, M.D. during 2023 and January 4, 2024 (Rodriguez 1-43, redacted) | Object as to authenticity and other grounds. |

**Defendants' anticipated exhibits to be offered in their case-in-chief[6]:**

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|---|---|---|---|---|---|---|
| DX001 | 02/02/18 | Dr. Lichtenstein's medical records for Shiber (fax transmission) | Providers_000001 | Providers_000018 | Def's Dep. Ex. 1 (Shiber) | Object as to authenticity and other grounds. |
| DX002 | 04/08/19 | Dr. Hu's medical records for Shiber (fax transmission) | Providers_000019 | Providers_000056 | Def's Dep. Ex. 1 (Hu) | Object as to authenticity and other grounds. |
| DX003 | 09/11/19 | Perskin email to Case, attaching Shiber resume | Centerview_000110 | Centerview_000112 | | * |
| DX004 | 09/11/19 | Susman email to K. Berliner re: Shiber referral | Shiber 026 | Shiber 027 | | * |
| DX005 | 09/12/19 | Email correspondence between Case, White, Lucey re: Shiber interview | Centerview_000155 | Centerview_000156 | | * |
| DX006 | 09/13/19 | Email correspondence between White and Shiber re: interview | Centerview_000345 | Centerview_000346 | | * |
| DX007 | 09/16/19 | Wittmann email to Kim re: Shiber interview | Centerview_000174 | Centerview_000174 | Def's Dep. Ex. 02 | * |

---

[6] Plaintiff prepared these objections based on her current understanding of how Defendant intends to use each exhibit at trial. Plaintiff accordingly reserves the right to object to any document used for an improper purpose even if not expressly set forth herein.

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|---|---|---|---|---|---|---|
| DX008 | 09/20/19 | Case email to Vicari, attaching Shiber resume | Centerview_000090 | Centerview_000091 | | * |
| DX009 | 09/20/19 | Vicari email to Case, attaching Shiber offer letter | Centerview_000113 | Centerview_000114 | | * |
| DX010 | 09/24/19 | Case email to Robinson re: benefits package | Centerview_000100 | Centerview_000100 | | * |
| DX011 | 10/03/19 | Shiber email to Case and Robinson, attaching signed offer letter | Centerview_000380 | Centerview_000382 | | * |
| DX012 | 02/27/20 | Robinson email to Shiber re: background check, attaching background check forms | Centerview_000392 | Centerview_000407 | | * |
| DX013 | 05/25/20 | Email correspondence between Case and Shiber re: program start date | Centerview_000458 | Centerview_000460 | | * |
| DX014 | 06/17/20 | Robinson email to Shiber re: relocation bonus | Centerview_000562 | Centerview_000570 | | * |
| DX015 | 07/03/20 | Outer Cape Health Services medical records for Shiber (fax transmission) | Providers_000076 | Providers_000083 | | Object as to authenticity and other grounds. |
| DX016 | 07/05/20 | Stewart email to Gurrala, et. al, attaching "2020 Full-Time Training Schedule_vF" | Centerview_000685 | Centerview_000690 | | * |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX017 | 07/06/20 | Robinson email re: "Benefit Forms," attaching benefit forms | Centerview_000698 | Centerview_000734 | | * |
| DX018 | 07/08/20 | Shiber email to Robinson re: "Benefit Forms," attaching benefit forms | Centerview_000752 | Centerview_000758 | | * |
| DX019 | 07/08/20 | Outer Cape Health Services email to Shiber re: visit summary notification | Shiber 151 | Shiber 152 | | Object as to authenticity and other grounds. |
| DX020 | 07/12/20 | Instagram posts (@kathrynshiber) dated July 12 to September 1, 2020 | Centerview_002977 | Centerview_003147 (not consecutive) | Def's Dep. Ex. 13 (Shiber) | Object as to authenticity and other grounds. |
| DX021 | 07/15/20 | Shiber email to Wittmann, et al., attaching compliance forms | Centerview_001009 | Centerview_001016 | | * |
| DX022 | 07/15/20 | Shiber - Outside Business Interests Questionnaire | Centerview_001012 | Centerview_001014 | | Object as to authenticity and other grounds. |
| DX023 | 07/15/20 | Email correspondence between Shiber and Stewart re: dental appointment | Centerview_001022 | Centerview_001024 | | Object as to authenticity and other grounds. |
| DX024 | 07/15/20 | Edwards email re: "Mid-Summer Check-Ins for Summer Analysts/Associates" | Centerview_002009 | Centerview_002010 | | * |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX025 | 07/20/20 | Email correspondence between Ernst and Shiber re: training module | Centerview_001126 | Centerview_001130 | | * |
| DX026 | 07/22/20 | Stewart email to Shiber, et al., attaching "AN1 Staffing Intros" | Centerview_002177 | Centerview_002178 | | * |
| DX027 | 07/24/20 | Kosowsky email re: compliance forms, attaching Outside Business Interests Questionnaire | Centerview_001490 | Centerview_001495 | | * |
| DX028 | 07/24/20 | Shiber email to Kosowsky re: compliance forms | Centerview_001496 | Centerview_001498 | | * |
| DX029 | 07/27/20 | Centerview email correspondence re: AN1 staffing, attaching "AN1 Staffings (2020-07-27)" | Centerview_000264 | Centerview_000265 | | * |
| DX030 | 07/27/20 | Staffing team email to Shiber re: new workstream | Centerview_001504 | Centerview_001504 | | * |
| DX031 | 07/27/20 | Saka email to Shiber re: new workstream | Centerview_001505 | Centerview_001505 | | * |
| DX032 | 07/30/20 | Email correspondence between Shiber and Saka re: upcoming appointments | Centerview_001575 | Centerview_001575 | | * |
| DX033 | 07/31/20 | Stewart email to Chopra, et. al re: staffing update | Centerview_000060 | Centerview_000060 | | * |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX034 | 08/03/20 | Shiber email to Patrick and Haber re: new staffing | Centerview_001583 | Centerview_001583 | | * |
| DX035 | 08/03/20 | Staffing team email to Shiber re: new workstream | Centerview_001584 | Centerview_001584 | | * |
| DX036 | 08/03/20 | Shiber email to Patrick re: upcoming appointments | Centerview_001586 | Centerview_001586 | | * |
| DX037 | 08/04/20 | Email correspondence between Stewart, Ernst, et al. re: adding Shiber to Dragon team | Centerview_000070 | Centerview_000070 | Pl's Dep. Ex. 4 (Kim) | * |
| DX038 | 08/06/20 | Email correspondence between Shiber and Patrick re: "TR Backup" | Centerview_001772 | Centerview_001779 | | * |
| DX039 | 08/24/20 | Email correspondence between Shiber and Gallea re: Dragon work | Centerview_001815 | Centerview_001816 | | * |
| DX040 | 08/24/20 | Staffing Team email thread re: Staffing Update 8/24 | Centerview_002891 | Centerview_002892 | | * |
| DX041 | 08/25/20 | Email correspondence re: Shiber and Ernst re: Dragon | Centerview_002588 | Centerview_002588 | Pl's Dep. Ex. 25 (Ersnt) | * |
| DX042 | 08/26/20 | Email correspondence re: Shiber and Gallea re: "PMOs" | Centerview_001839 | Centerview_001842 | | * |
| DX043 | 08/26/20 | Email correspondence re: Shiber and Gallea re: "Rate Hearing Press" | Centerview_001851 | Centerview_001851 | | * |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX044 | 08/28/20 | Robinson email to Vicari re: Shiber update | Centerview_000319 | Centerview_000319 | Pl's Dep. Ex. 5 (Kim) | * |
| DX045 | 08/30/20 | Shiber email to Ernst and Gallea re: "Appointments this Week" | Centerview_001865 | Centerview_001865 | | * |
| DX046 | 08/31/20 | Email correspondence between Shiber and Gallea re: Dragon work | Centerview_001869 | Centerview_001870 | | * |
| DX047 | 08/31/20 | Shiber email to Verdi re: letter of medical necessity | Shiber 153 | Shiber 153 | | * |
| DX048 | 09/01/20 | Vicari email to Kim and Robinson re: Shiber check-in, attaching "KS01" and "KS02" | Centerview_000249 | Centerview_000249 | Pl's Dep. Ex. 7 (Kim) | * |
| DX049 | 09/01/20 | "KS01" and "KS02", attachments to parent email (Centerview_000249) | Centerview_000250 | Centerview_000253 | | * |
| DX050 | 09/01/20 | Email correspondence between Kim, Robinson, and Vicari re: Shiber update | Centerview_000322 | Centerview_000322 | | * |
| DX051 | 09/01/20 | Vicari email to Robinson and Kim re: Shiber doctor's appointment | Centerview_000325 | Centerview_000325 | Pl's Dep. Ex. 22 (Vicari) | * |
| DX052 | 09/01/20 | Email correspondence between Robinson and Shiber re: Letter of Medical Necessity | Centerview_001871 | Centerview_001871 | | * |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX053 | 09/01/20 | Letter of Medical Necessity prepared by Verdi | Centerview_001873 | Centerview_001873 | Def's Dep. E. 11 (Shiber) | * |
| DX054 | 09/01/20 | Shiber email to Robinson re: "Logistics"; Robinson handwritten notes | Centerview_003332 | Centerview_003332 | Pl's Dep. Ex. 19 (Robinson) | * |
| DX055 | 09/02/20 | Email correspondence between Kim, Ernst, and Gallea re: guardrails | Centerview_000293 | Centerview_000293 | | * |
| DX056 | 09/02/20 | Kim email to Centerview Staffing Team re: Shiber staffing | Centerview_000167 | Centerview_000167 | | * |
| DX057 | 09/02/20 | Email correspondence between Robinson and Kim re: "Logistics" | Centerview_000169 | Centerview_000170 | | * |
| DX058 | 09/02/20 | Robinson email to Vicari re: "Logistics" | Centerview_000185 | Centerview_000185 | Pl's Dep. Ex. 23 (Vicari) | * |
| DX059 | 09/02/20 | Robinson email to Vicari, attaching Shiber's Letter of Medical Necessity | Centerview_000186 | Centerview_000187 | | * |
| DX060 | 09/02/20 | Baron email to Ernst re: guardrails | Centerview_000280 | Centerview_000280 | | * |
| DX061 | 09/02/20 | Email correspondence between Ernst, Gallea, and Shiber re: Dragon work | Centerview_002788 | Centerview_002789 | | * |
| DX062 | 09/03/20 | Email correspondence between Shiber, Ernst, and Gallea re: "Dragon Benchmarking" | Centerview_000071 | Centerview_000075 | | * |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX063 | 09/03/20 | Gallea email to Ernst re: draft email to Kim | Centerview_000266 | Centerview_000266 | Pl's Dep. Ex. 29 (Ersnt) | * |
| DX064 | 09/05/20 | Email correspondence between Shiber and Gallea re: "Profile Pages Questions" | Centerview_002808 | Centerview_002809 | | * |
| DX065 | 09/06/20 | Email correspondence between Kim, Ernst, and Baron re: staffing alternatives | Centerview_000274 | Centerview_000275 | Pl's Dep. Ex. 13 (Kim) | * |
| DX066 | 09/06/20 | Email correspondence between Shiber and Gallea re: "Groundhog Board Materials Check-in" | Centerview_001964 | Centerview_001965 | | * |
| DX067 | 09/06/20 | Email correspondence between Shiber, Ernst, and Gallea re: "Comps" | Centerview_002822 | Centerview_002823 | | * |
| DX068 | 09/06/20 | Email correspondence between Shiber, Ernst, and Gallea re: "Comps" | Centerview_002848 | Centerview_002850 | | * |
| DX069 | 09/07/20 | Email correspondence between Ernst and W. Beer re: rider | Centerview_000279 | Centerview_000279 | | * |
| DX070 | 09/07/20 | Email correspondence between Ernst and Baron re: Dragon/Nighthawk | Centerview_000288 | Centrview_000289 | Pl's Dep. Ex. 32 (Ernst) | * |
| DX071 | 09/08/20 | Email correspondence between Chakravarthi, Ernst, et al. re: Dragon staffing | Centerview_000294 | Centerview_000294 | | * |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX072 | 09/10/20 | Email correspondence between Krishnamurthy and Shiber re: dial-in | Centerview_002910 | Centerview_002911 | | * |
| DX073 | 09/15/20 | Gallea email to Krishnamurthy re: "Nighthawk presentation" | Centerview_000087 | Centerview_000087 | | * |
| DX074 | 09/15/20 | Robinson email to Shiber, attaching Separation Letter and Separation and Release Agreement | Centerview_001973 | Centerview_001982 | | * |
| DX075 | 09/15/20 | Vicari WebEx invite to Shiber and Robinson | Centerview_002851 | Centerview_002851 | | * |
| DX076 | 09/15/20 | Stewart email to NYC Staffing Team et al. re: Shiber termination | Centerview_002885 | Centerview_002885 | | * |
| DX077 | 09/15/20 | Shiber email to Susman re: Separation Letter | Shiber 104 | Shiber 104 | | * |
| DX078 | 09/15/20 | Shiber email to Susman re: Centerview employment timeline; Attachement: "CVP Timeline 9.15.docx/pdf" | Shiber 105 | Shiber 112 | Def's Dep. Ex. 8 (Shiber) | * |
| DX079 | 10/04/20 | Instagram post (@kathrynshiber) re: artwork selection | Centerview_003149 | Centerview_003149 | | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX080 | 10/16/20 | TikTok video (@kathrynshiber) re: watercolor app icons | Centerview_003247 | Centerview_003247 | | Object as to authenticity and other grounds. |
| DX081 | 10/16/20 | TikTok video (@kate.skate) re: DoorDash | Centerview_003283 | Centerview_003283 | | Object as to authenticity and other grounds. |
| DX082 | 10/28/20 | TikTok video (@kathrynshiber) re: tufting | Centerview_003193 | Centerview_003193 | | Object as to authenticity and other grounds. |
| DX083 | 11/15/20 | TikTok video (@kathrynshiber) re: tufting | Centerview_003243 | Centerview_003243 | | Object as to authenticity and other grounds. |
| DX084 | 12/15/20 | TikTok video (@kathrynshiber) re: tufting | Centerview_003266 | Centerview_003266 | | Object as to authenticity and other grounds. |
| DX085 | 12/20/20 | TikTok video (@kathrynshiber) re: tufting | Centerview_003238 | Centerview_003238 | | Object as to authenticity and other grounds. |
| DX086 | 12/23/20 | Email correspondence between Shiber and Kelly re: Compass offer | Shiber 589 | Shiber 589 | | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX087 | 12/27/20 | TikTok video (@kathrynshiber) re: mounting artwork | Centerview_003191 | Centerview_003191 | | Object as to authenticity and other grounds. |
| DX088 | 12/28/20 | TikTok video (@kathrynshiber) re: drawing | Centerview_003230 | Centerview_003230 | | Object as to authenticity and other grounds. |
| DX089 | 01/11/21 | Kelly email to Shiber voiding Compass offer | Shiber 606 | Shiber 606 | | Object as to authenticity and other grounds. |
| DX090 | 01/13/21 | Instagram post (@Katesrealtor) re: open house | Centerview_002917 | Centerview_002917 | | Object as to authenticity and other grounds. |
| DX091 | 01/13/21 | Instagram post (@Katesrealtor) re: Saddle River Prominent Properties team announcement | Centerview_002921 | Centerview_002921 | | Object as to authenticity and other grounds. |
| DX092 | 02/12/21 | Shiber - Nurse Verdi Medical Records | Dartmouth_000001 | Dartmouth_000073 | Def's Dep. Ex. 1 (Verdi) | Object as to authenticity and other grounds. |
| DX093 | 02/12/21 | Shiber email to Verdi re: medical records | Shiber 179 | Shiber 179 | Def's Dep. Ex. 15 (Shiber) | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|---|---|---|---|---|---|---|
| DX094 | 02/12/21 | Email correspondence between Shiber and Kiessling re: request for medical records | Shiber 182 | Shiber 185 | Def's Dep. Ex. 14 (Shiber) | Object as to authenticity and other grounds. |
| DX095 | 02/12/21 | Email correspondence between Shiber and Kiessling re: Request for Medical Records | Shiber 190 | Shiber 194 | | Object as to authenticity and other grounds. |
| DX096 | 02/13/21 | TikTok video (@kathrynshiber) re: art | Centerview_003270 | Centerview_003270 | | Object as to authenticity and other grounds. |
| DX097 | 02/13/21 | Email correspondence between Shiber and Verdi re: request for medical records | Shiber 186 | Shiber 189 | | Object as to authenticity and other grounds. |
| DX098 | 02/17/21 | TikTok video (@kathrynshiber) re: art | Centerview_003208 | Centerview_003208 | Def's Dep. Ex. 4 (Shiber) | Object as to authenticity and other grounds. |
| DX099 | 02/17/21 | Dr. Hu - Letter correspondence and notes | Providers_000242 | Providers_000246 | Def's Dep. Ex. 18 (Shiber) | Object as to authenticity and other grounds. |
| DX100 | 02/17/21 | Shiber - Dr. Hu Medical Records | Providers_000247 | Providers_000254 | Def's Dep. Ex. 17 (Shiber) | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|---|---|---|---|---|---|---|
| DX101 | 02/18/21 | Shiber - Nurse Verdi Medical Records | Providers_000100 | Providers_000212 | Def's Dep. Ex. 2 (Verdi) | Object as to authenticity and other grounds. |
| DX102 | 02/22/21 | TikTok video (@kathrynshiber) re: moving | Centerview_003201 | Centerview_003201 | | Object as to authenticity and other grounds. |
| DX103 | 02/26/21 | TikTok video (@kathrynshiber) re: art | Centerview_003213 | Centerview_003213 | | Object as to authenticity and other grounds. |
| DX104 | 02/28/21 | TikTok video (@kathrynshiber) re: art | Centerview_003254 | Centerview_003254 | Def's Dep. Ex. 5 (Shiber) | Object as to authenticity and other grounds. |
| DX105 | 03/04/21 | TikTok video (@kathrynshiber) re: life | Centerview_003244 | Centerview_003244 | | Object as to authenticity and other grounds. |
| DX106 | 03/15/21 | TikTok video (@kathrynshiber) re: art | Centerview_003222 | Centerview_003222 | | Object as to authenticity and other grounds. |
| DX107 | 03/18/21 | TikTok video (@kathrynshiber) re: life | Centerview_003260 | Centerview_003260 | | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|---|---|---|---|---|---|---|
| DX108 | 03/18/21 | Psychology Today auto-replies to Shiber re: initial meeting | Shiber 121 | Shiber 125 | | Object as to authenticity and other grounds. |
| DX109 | 03/18/21 | Email correspondence between Shiber and ConscientiaMD re: therapist inquiry | Shiber 126 | Shiber 127 | | Object as to authenticity and other grounds. |
| DX110 | 03/22/21 | TikTok video (@kathrynshiber) re: life | Centerview_003248 | Centerview_003248 | | Object as to authenticity and other grounds. |
| DX111 | 03/23/21 | Email correspondence between Shiber and Lopez re: psychiatrist inquiry | Shiber 128 | Shiber 129 | | Object as to authenticity and other grounds. |
| DX112 | 03/27/21 | Email correspondence between Shiber and Eiten re: "Initial Call" | Shiber 118 | Shiber 120 | Def's Dep. Ex. 16 (Shiber) | Object as to authenticity and other grounds. |
| DX113 | 04/10/21 | Psychology Today auto-replies to Shiber re: initial appointment | Shiber 130 | Shiber 131 | | Object as to authenticity and other grounds. |
| DX114 | 04/20/21 | Email correspondence between Shiber and Russell re: Away position | Shiber 1404 | Shiber 1407 | | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX115 | 08/10/21 | Psychology Today auto-replies to Shiber re: initial appointment | Shiber 136 | Shiber 137 | | Object as to authenticity and other grounds. |
| DX116 | 08/18/21 | Email correspondence between Shiber and Dr. Opthof re: scheduling | Shiber 132 | Shiber 135 | | Object as to authenticity and other grounds. |
| DX117 | 08/26/21 | Instagram posts (@Kathrynshiber) re: sold art pieces in 2021 and 2022 | Centerview_003083 | Centerview_003130 | | Object as to authenticity and other grounds. |
| DX118 | 09/08/21 | Email correspondence between Shiber and Dr. Lee re: consultation appointment | Shiber 138 | Shiber 140 | | * |
| DX119 | 10/25/21 | Instagram post (@Kathrynshiber) re: The Other Art Fair Brooklyn announcement | Centerview_003111 | Centerview_00311 | | Object as to authenticity and other grounds. |
| DX120 | 11/03/21 | Instagram post (@Kathrynshiber) re: Brooklyn art fair promo | Centerview_003092 | Centerview_003092 | | Object as to authenticity and other grounds. |
| DX121 | 11/19/21 | Email correspondence between Shiber and J. Amin re: "Checking in" | Shiber 141 | Shiber 142 | | * |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX122 | 12/07/21 | Instagram post (@Kathrynshiber) re: recent art commission | Centerview_003007 | Centerview_003007 | | Object as to authenticity and other grounds. |
| DX123 | 01/18/22 | Shiber - Progress Notes from Dr. Lee | Providers_000063 | Providers_000075 | Def's Dep. Ex. 6 (Shiber) | Object as to authenticity and other grounds. |
| DX124 | 04/13/22 | Instagram post (@Kathrynshiber) re: paintings | Centerview_003150 | Centerview_003150 | | Object as to authenticity and other grounds. |
| DX125 | 07/02/22 | Shiber's 26(a)(1) Initial Disclosures | | | | Object as to authenticity and other grounds. |
| DX126 | 08/15/22 | Shiber's Responses to Centerview's First Set of Interrogatories | | | | Object as to authenticity and other grounds. |
| DX127 | 08/17/22 | Instagram post (@Kathrynshiber) re: paintings | Centerview_002959 | Centerview_002959 | | Object as to authenticity and other grounds. |
| DX128 | 08/25/22 | Betterpsych email to Shiber re: new client inquiry | Shiber 143 | Shiber 144 | | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|---|---|---|---|---|---|---|
| DX129 | 08/29/22 | Email correspondence between Shiber and Octave re: therapy inquiry | Shiber 145 | Shiber 147 | | Object as to authenticity and other grounds. |
| DX130 | 09/07/22 | Email correspondence between Shiber and Calm Again Counseling re: phone consultations | Shiber 148 | Shiber 150 | | Object as to authenticity and other grounds. |
| DX131 | 10/20/22 | Shiber - Steven Lenio Medical Records | Providers_000093 | Providers_000099 | | Object as to authenticity and other grounds. |
| DX132 | 11/11/22 | Correspondence between Shiber and Dr. Nelson | Shiber 305 | Shiber 311 | Def's Depo. Ex. 2 (Nelson) | Object as to authenticity and other grounds. |
| DX133 | 11/15/22 | Confirmations of various appointments with Dr. Nelson (One Medical) | Shiber 261 | Shiber 289 | | Object as to authenticity and other grounds. |
| DX134 | 12/08/22 | Shiber's communications with Dr. Nelson (One Medical) | Shiber 304 | Shiber 311 | | Object as to authenticity and other grounds. |
| DX135 | 01/04/23 | Shiber's Supplemental Initial Disclosures | | | | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX136 | 01/24/23 | Centerview Partners - Vault.com Reviews | Centerview_003287 | Centerview_003309 | Pl's Dep. Ex. 1 (Kim) | Object as to authenticity and other grounds. |
| DX137 | 09/21/23 | Mueggenburg's follow-up session notes re: Shiber | Providers_000417 | Providers_000417 | | Object as to authenticity and other grounds. |
| DX138 | 10/05/23 | Mueggenburg's follow-up session notes re: Shiber | Providers_000386 | Providers_000386 | | Object as to authenticity and other grounds. |
| DX139 | 10/20/23 | The Lotus Collaborative's medical records for Shiber | Shiber 746 | Shiber 759 | | Object as to authenticity and other grounds. |
| DX140 | 10/26/23 | Mueggenburg's follow-up session notes re: Shiber | Providers_000412 | Providers_000412 | | Object as to authenticity and other grounds. |
| DX141 | 11/28/23 | Mueggenburg's diagnosis and treatment plan re: Shiber | Providers_000428 | Providers_000429 | | Object as to authenticity and other grounds. |
| DX142 | 12/14/23 | Mueggenburg's progress note re: Shiber | Providers_000396 | Providers_000396 | | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX143 | 12/28/23 | Mueggenburg's progress note re: Shiber | Providers_000384 | Providers_000384 | | Object as to authenticity and other grounds. |
| DX144 | 01/11/24 | Mueggenburg's progress note re: Shiber | Providers_000369 | Providers_000369 | | Object as to authenticity and other grounds. |
| DX145 | 01/25/24 | Mueggenburg's progress note re: Shiber | Providers_000437 | Providers_000437 | | Object as to authenticity and other grounds. |
| DX146 | 02/01/24 | Mueggenburg's progress note re: Shiber | Providers_000374 | Providers_000374 | | Object as to authenticity and other grounds. |
| DX147 | 03/14/24 | Mueggenburg's progress note re: Shiber | Providers_000361 | Providers_000361 | | Object as to authenticity and other grounds. |
| DX148 | 04/11/24 | Mueggenburg's diagnosis and treatment plan re: Shiber | Providers_000409 | Providers_000410 | | Object as to authenticity and other grounds. |
| DX149 | 04/11/24 | Mueggenburg's progress note re: Shiber | Providers_000438 | Providers_000438 | | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX150 | 04/25/24 | Mueggenburg's progress note re: Shiber | Providers_000381 | Providers_000381 | | Object as to authenticity and other grounds. |
| DX151 | 05/02/24 | Mueggenburg's progress note re: Shiber | Providers_000411 | Providers_000411 | | Object as to authenticity and other grounds. |
| DX152 | 05/09/24 | Mueggenburg's progress note re: Shiber | Providers_000416 | Providers_000416 | | Object as to authenticity and other grounds. |
| DX153 | 05/16/24 | Mueggenburg's progress note re: Shiber | Providers_000375 | Providers_000375 | | Object as to authenticity and other grounds. |
| DX154 | 05/23/24 | Mueggenburg's progress note re: Shiber | Providers_000430 | Providers_000430 | | Object as to authenticity and other grounds. |
| DX155 | 05/30/24 | Mueggenburg's progress note re: Shiber | Providers_000373 | Providers_000373 | | Object as to authenticity and other grounds. |
| DX156 | 06/06/24 | Mueggenburg's progress note re: Shiber | Providers_000380 | Providers_000380 | | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX157 | 06/13/24 | Mueggenburg's progress note re: Shiber | Providers_000362 | Providers_000362 | | Object as to authenticity and other grounds. |
| DX158 | 06/21/24 | Mueggenburg's progress note re: Shiber | Providers_000427 | Providers_000427 | | Object as to authenticity and other grounds. |
| DX159 | 07/01/24 | Mueggenburg's progress note re: Shiber | Providers_000406 | Providers_000406 | | Object as to authenticity and other grounds. |
| DX160 | 08/29/24 | Mueggenburg's progress note re: Shiber | Providers_000379 | Providers_000379 | | Object as to authenticity and other grounds. |
| DX161 | 09/20/24 | Mueggenburg's progress note re: Shiber | Providers_000401 | Providers_000401 | | Object as to authenticity and other grounds. |
| DX162 | 10/18/24 | Mueggenburg's progress note re: Shiber | Providers_000394 | Providers_000394 | | Object as to authenticity and other grounds. |
| DX163 | 10/25/24 | Mueggenburg's progress note re: Shiber | Providers_000382 | Providers_000382 | | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX164 | 12/13/24 | Mueggenburg's progress note re: Shiber | Providers_000370 | Providers_000370 | | Object as to authenticity and other grounds. |
| DX165 | 01/22/25 | Vault article re: "25 Best Investment Banking Firms to Work For in 2025" | Centerview_06220 | Centerview_06228 | | Object as to authenticity and other grounds. |
| DX166 | 02/13/25 | Mueggenburg's progress note re: Shiber | Providers_000405 | Providers_000405 | | Object as to authenticity and other grounds. |
| DX167 | 02/27/25 | Mueggenburg's progress note re: Shiber | Providers_000407 | Providers_000407 | | Object as to authenticity and other grounds. |
| DX168 | 03/07/25 | Mueggenburg's progress note re: Shiber | Providers_000365 | Providers_000365 | | Object as to authenticity and other grounds. |
| DX169 | 03/13/25 | Mueggenburg's progress note re: Shiber | Providers_000395 | Providers_000395 | | Object as to authenticity and other grounds. |
| DX170 | 05/09/25 | Mueggenburg's progress note re: Shiber | Providers_000360 | Providers_000360 | | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX171 | 06/13/25 | Mueggenburg's progress note re: Shiber | Providers_000376 | Providers_000376 | | Object as to authenticity and other grounds. |
| DX172 | 06/26/25 | Mueggenburg's progress note re: Shiber | Providers_000422 | Providers_000422 | | Object as to authenticity and other grounds. |
| DX173 | 07/03/25 | Mueggenburg's progress note re: Shiber | Providers_000363 | Providers_000363 | | Object as to authenticity and other grounds. |
| DX174 | 07/23/25 | Mueggenburg's progress note re: Shiber | Providers_000372 | Providers_000372 | | Object as to authenticity and other grounds. |
| DX175 | 08/22/25 | Groombuggy Separation Letter; Employee Confidential Information and Invention Assignment Agreement; and Notice to Employee as to Change in Relationship | Shiber 824 | Shiber 835 | | Object as to authenticity and other grounds. |
| DX176 | 08/27/25 | Mueggenburg's progress note re: Shiber | Providers_000364 | Providers_000364 | | Object as to authenticity and other grounds. |
| DX177 | 09/04/25 | Barkbus Earnings Statement | Shiber 843 | Shiber 843 | | * |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|---|---|---|---|---|---|---|
| DX178 | 11/10/25 | Omni job posting | Shiber 836 | Shiber 837 | | Object as to authenticity and other grounds. |
| DX179 | 11/15/25 | Shiber – Offer letter | Shiber 844 | Shiber 860 | | * |
| DX180 | 11/18/25 | Shiber's Supplemental Response to Centerview's Second Set of Interrogatories | | | | Object as to authenticity and other grounds. |
| DX181 | 01/06/26 | Shiber- LinkedIn Profile | Centerview_006241 | Centerview_006242 | | Object as to authenticity and other grounds. |
| DX182 | 01/07/26 | Centerview Partners - Vault 2019 Company Profile | Centerview_006237 | Centerview_006240 | | Object as to authenticity and other grounds. |
| DX183 | 01/08/26 | Centerview Partners - Vault Employee Reviews (Wayback machine, April 2019) | Centerview_006229 | Centerview_006232 | | Object as to authenticity and other grounds. |
| DX184 | 01/08/26 | Centerview Partners - Vault Employee Reviews (Wayback machine, April 2019), cont'd | Centerview_006233 | Centerview_006236 | | Object as to authenticity and other grounds. |
| DX185 | 01/08/26 | Centerview Partners - Vault Employee Reviews (Wayback machine, April 2019), cont'd | Centerview_006243 | Centerview_006246 | | Object as to authenticity and other grounds. |

| DX No. | Doc Date | Description | Beg Bates | End Bates | Depo Ex. | P's Objections |
|--------|----------|-------------|-----------|-----------|----------|----------------|
| DX186 | 01/08/26 | Centerview Partners - Vault Employee Reviews (Wayback machine, April 2019), cont'd | Centerview_006247 | Centerview_006250 | | Object as to authenticity and other grounds. |
| DX187 | 01/08/26 | Centerview Partners - Vault Employee Reviews (Wayback machine, April 2019), cont'd | Centerview_006251 | Centerview_006254 | | Object as to authenticity and other grounds. |
| DX188 | 01/09/26 | Centerview's Responses and Objections to Shiber's Second Set of Interrogatories | | | | * |
| DX189 | 08/26/20 | Email correspondence between Ernst, Shiber, and Gallea re: Dragon | Centerview_001844 | Centerview_001845 | | Object as to authenticity and other grounds. |
| DX190 | 12/23/20 | Shiber - Compass Offer Letter | Shiber 41 | Shiber 52 | | Object as to authenticity and other grounds. |

The parties reserve the right to rely on any of the other party's trial exhibits.

**xi.    A statement of the relief sought, including damages claimed, itemizing each component or element of the damages sought with respect to each claim, and including the manner and method used to calculate the claimed damages.**

Shiber seeks compensation for (1) her financial loss, including back pay and front pay, (2) the emotional distress she endured as a result of Centerview's actions, (3) punitive damages for its willful disregard of Shiber's rights, (4) an award of attorney's fees, costs and prejudgment interest.

Centerview's act of terminating Shiber at the very start of her career had and will continue to have a devastating impact on her earnings for the rest of her work life. When she lost the opportunity to participate in Centerview's prestigious Analyst program that would have been a springboard for the rest of her career, she was foreclosed from pursuing a position at any other Investment Bank's Analyst program, as those had already been filled a year before her termination. Without a reasonable explanation for why she was fired after just 10 weeks, Shiber's ability to remain in investment banking evaporated.

Shiber calculates her back pay loss by taking the amount she could have reasonably expected to earn had her employment at Centerview continued and subtracting what she has actually earned. It is reasonable to believe that Shiber could have remained employed at Centerview. In fact, the very individuals with whom Shiber worked at Centerview Shiber remain employed by the company and others in her class are still employed. However, Centerview, without a proper basis, has refused to provide compensation information in discovery so that Shiber can calculate what she could have earned had she remained employed. Although Centerview provided interrogatory responses on March 2, 2023 identifying the compensation received by other employees who were hired in her class, Centerview has refused to update this

information and has failed to respond to interrogatories served on November 10, 2025. Without this information, Shiber is unable to calculate her financial loss and has been prejudiced by Centerview's willful refusal to satisfy its discovery obligations. Shiber expects to raise this matter formally before the Court should this information not be provided at once.

With respect to what she actually earned, Shiber has diligently sought to mitigate her financial damages since her termination on September 15, 2020. However, Shiber was unable to obtain comparable employment in investment banking. Among other reasons, programs at other investment banks had already selected their candidates a year prior, when Centerview selected Shiber. Additionally, Shiber also endured the stigma of termination by Centerview after just weeks, creating the appearance that she had done something to warrant her termination. Shiber was, therefore, required to alter the path of her career and has obtained lower paying positions in other fields. In addition to working, Shiber enrolled in a Master's Degree program at the Johns Hopkins Whiting School of Engineering starting in 2024. In so doing, Shiber hopes to improve her chances at obtaining a career that will provide financial security, among other things. Over the years since her termination, Shiber earned $581,281. Shiber reasonably believes that she could have earned several times that amount had she not been terminated because of her disability.

Shiber can reasonably expect to suffer a loss in income for the remainder of her working career, as the role she held at Centerview could reasonably have led to a lucrative career in investment banking. While Shiber believes that she will experience a loss for the remainder of her career, she presently seeks to recover for 10 years of front pay.

Shiber also seeks damages for the devastating emotional distress that Centerview's actions had on her, and which will continue to impact her into the future. Shiber's medical providers have

corroborated how the loss of her position at Centerview irreparably damaged her well-being and self-esteem.

Shiber also seeks uncapped punitive damages, pre-judgment interest and costs under the ADA, the New York State and City Human Rights Laws and the New Jersey Law Against Discrimination. Should Shiber be the prevailing party, she shall also be entitled to attorney's fees, pre-judgment interest and costs.

**Defendant's Response:**

Plaintiff cannot prove any of her claims and judgment should be entered in full for Defendant.  Even if Plaintiff were able to prove her claims, Defendant denies Plaintiff is entitled to damages. Among other reasons, Plaintiff has failed to mitigate her damages, seeks compensation for roles at Centerview for which she was not hired and to which she had only a highly speculative chance of promotion, and has not offered any evidence of emotional distress caused by her termination.

      **xii.**    **A statement of whether the parties consent to less than a unanimous verdict.**

The parties do not consent to less than a unanimous verdict.

CONSENTED TO:

**SCHWARTZ PERRY & HELLER LLP**
*Attorneys for Plaintiff*

By: _____

    BRIAN HELLER
    DAVIDA S. PERRY
    3 Park Avenue, Suite 2700
    New York, NY 10016
    (212) 889-6565
    bheller@sphlegal.com
    dperry@sphlegal.com

**CLAYMAN ROSENBERG KIRSHNER & LINDER LLP**
*Attorneys for Plaintiff*

By: *James Valentino*
    JAMES F. VALENTINO
    305 Madison Avenue, Suite 650
    New York, NY 10165
    (212) 922-1080
    valentino@clayro.com

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
*Attorneys for Defendant*

By: */s/ Hope D. Skibitsky*

    JENNIFER J. BARRETT
    HOPE D. SKIBITSKY
    CHARLES H. SANGREE
    JANICE YOON
    295 5th Ave, 9th Floor
    New York, NY 10016
    (212) 849-7000
    jenniferbarrett@quinnemanuel.com
    hopeskibitsky@quinnemanuel.com
    charlessangree@quinnemanuel.com
    janiceyoon@quinnemanuel.com