UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
KATHRYN SHIBER,

                                             **1:21-cv-03649-ER**

                         *Plaintiff*,

      -against-

CENTERVIEW PARTNERS LLC,

                         *Defendant*.
--------------------------------------------------------------------X

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**PROPOSED CHARGE**                                **PAGE**

1. BURDEN OF PROOF — 3

2. CONSIDER ONLY TESTIMONY AND EXHIBITS — 5

3. WHAT IS AND IS NOT EVIDENCE — 6

4. INTERESTED WITNESS — 7

5. CIRCUMSTANTIAL EVIDENCE — 8

6. NOT ALL EVIDENCE IS INTRODUCED — 10

7. INTRODUCTION TO THE CLAIMS — 11

8. PERCEIVED DISABILITY *(If Needed)* — 13

9. CLAIM #1 – WRONGFUL TERMINATION DUE TO DISABILITY DISCRIMINATION — 14

10. NEED TO PROVIDE A REASONABLE ACCOMMODATION — 15

11. ESSENTIAL FUNCTION — 16

12. UNDUE HARDSHIP — 18

13. CLAIM #2 – FAILURE TO PROVIDE A REASONABLE ACCOMMODATION — 19

14. CLAIM #3 – FAILURE TO ENGAGE IN THE
    INTERACTIVE PROCESS UNDER THE NJLAD    22

15. CLAIM #4 – FAILURE TO ENGAGE IN THE
    COOPERATIVE DIALOGUE UNDER THE
    NEW YORK CITY HUMAN RIGHTS LAW    24

16. CLAIM #5 – RETALIATION UNDER THE
    NEW YORK CITY HUMAN RIGHTS LAW    26

17. DAMAGES – GENERALLY    28

18. ECONOMIC LOSSES    30

19. DUTY TO MITIGATE    31

20. EMOTIONAL DISTRESS DAMAGES    33

21. PUNITIVE DAMAGES    35

## PROPOSED INSTRUCTION NO. 1

## BURDEN OF PROOF[1]

The burden of proof rests on Plaintiff. That means Plaintiff must establish by a fair preponderance of the credible evidence that the claim she makes is true. The credible evidence means the testimony and exhibits you find believable and reliable. The preponderance of the evidence means the greater part of the evidence.

The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and effect it has on your minds, not to the quantity. The law requires that for Plaintiff to prevail on a claim, the evidence that supports her claim must appeal to you as more nearly representing what took place than the evidence opposed to her claim. If it does not, or if it weighs so evenly that you are unable to say there is a preponderance on any side, then you must decide the question against Plaintiff. It is only if the evidence favoring Plaintiff's claim outweighs the evidence opposed to it that you can find in favor of Plaintiff.

If, after considering all of the evidence, you are satisfied that the Plaintiff has satisfied her burden on each element of the claim for which she has the burden of proof, then you must find in the Plaintiff's favor. The party with the burden of proof needs no more than a preponderance of the evidence. So long as you find that the scales tip, however slightly, in favor of the Plaintiff – that what she claims is more likely true than not – then the element will have been proven by a preponderance of evidence.

If, however, you find that the evidence on a given element is evenly divided between the parties or that the evidence produced by the Plaintiff is outweighed by evidence against her claim, then you must decide that issue against the Plaintiff and find for the Defendant. That is because

---

[1] N.Y. PJI 1:23.

the party bearing the burden of proof must prove that element by more than a simple equality of evidence.

Remember what I said in the beginning about the scales of justice. At the start of the trial they are equally balanced. The party with the burden of proof must make those scales of justice tip in her favor, even if only slightly, if she is to meet this burden of proof. If the scales have not moved or tip in the opposite direction then that party has not met her burden of proof.

This is in contrast to the burden of proof in a criminal case. In a criminal case, the standard is one of "proof beyond a reasonable doubt." This means that a reasonable person would not hesitate to rely on and act upon it in the most important of his or her affairs. This is a much more stringent standard than "preponderance of the evidence," which is all that is required under the law for the Plaintiff in this case to establish her right to recovery.

This also does not mean that the party who presents the greatest number of witnesses should prevail. Our system of justice rests on the assumption that the truth is not to be determined merely by the number of witnesses on each side of a controversy. In gauging the truth of conflicting evidence, you have no simple formulation of weights and measures upon which to rely. The touchstone is always credibility; the ultimate measure of testimonial worth is quality, not quantity.

## PROPOSED INSTRUCTION NO. 2

## CONSIDER ONLY TESTIMONY AND EXHIBITS[2]

In deciding this case, you may consider only the exhibits that were admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom or as was read to you or shown to you during the trial. Under our rules of practice an examination before trial or testimony that was recorded before the trial was taken under oath and is entitled to equal consideration by you even though it was taken before the trial and outside this courtroom. However, arguments, remarks, and summation(s) of the attorneys are not evidence, nor is anything I now say or may have said with regard to the facts, evidence. As I instructed you previously, it is important to remember that you may not use any internet services or social media, including for example, Google, Facebook, Twitter, LinkedIn, Instagram or TikTok or other media platforms, to discuss or give or get information about the case or its participants or to research topics concerning the trial. Electronic devices including any cell phones, smartphones, laptops or any other personal electronic devices must be turned off while you are deliberating. Allowing outside information which may be incomplete, inaccurate, or otherwise unreliable to affect your judgment is unfair and prejudicial to the parties and could require this case to be retried.

---

[2] N.Y. PJI 1:25.

## PROPOSED INSTRUCTION NO. 3

## WHAT IS AND IS NOT EVIDENCE[3]

The evidence in this case includes the sworn testimony of the witnesses and the documents admitted into evidence. The lawyers' questions are not evidence; rather, it is the witnesses' answers to the questions that are evidence.

Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict. Arguments by lawyers are not evidence, because the lawyers are not witnesses. Lawyers do not testify. The lawyers' opening statements and their summations are intended to help you understand the evidence. If, however, your recollection of facts differs from the lawyers' statements, it is your recollection that controls.

Evidence also includes exhibits that have been received into evidence. Exhibits marked only for identification, but not admitted into evidence, are not evidence. Nor are materials brought forth only to refresh a witness's recollection. Finally, any statements that I may have made during the trial do not constitute evidence. It is for you alone to weigh the evidence and decide the facts based on the testimony you have heard and the exhibits you have seen.

---

[3] Mayo-Coleman v. Am. Sugar Holdings, Inc., 14-cv-79-PAC-KN, dkt. #169 (S.D.N.Y. Mar. 2, 2018).

**PROPOSED INSTRUCTION NO. 4**

**INTERESTED WITNESS[4]**

The Plaintiff and employees of the Defendant have testified before you. As parties to the action, both are interested witnesses, that is, they have an interest in the outcome of the case that may have affected their testimony.

The fact that certain witnesses for Defendant were and still are employed by Defendant may be considered by you in deciding whether the testimony of those witnesses is in any way influenced by the employment relationship with Defendant.[5]

An interested witness is not necessarily less believable than a disinterested witness. The fact that they are interested in the outcome of the case does not mean that they have not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by their interest. You may reject the testimony if, after careful consideration of all the evidence in the case, including the cross-examination of the witness, you decide you do not believe the testimony or you find it is not reliable. On the other hand, you are not required to reject the testimony of such a witness and may accept all or such part of their testimony as you find believable and reliable and reject such part as you find unworthy of acceptance. The testimony is entitled to such weight as you decide it is worth.

---

[4] N.Y. PJI 1:25C.
[5] N.Y. PJI 1:92.

## PROPOSED INSTRUCTION NO. 5

## CIRCUMSTANTIAL EVIDENCE[6]

Facts must be proved by evidence. Evidence includes the testimony of a witness concerning what the witness saw, heard or did. Evidence also includes writings, photographs, or other physical objects which may be considered as proof of a fact. Evidence can either be direct or circumstantial or by a combination of both.

Direct evidence is evidence of what a witness saw, heard, or did which, if believed by you, proves a fact. For example, suppose a fact in dispute is whether I knocked over this water glass near the witness chair. If someone testifies that she saw me knock over the glass, that is direct evidence that I knocked over the glass.

Circumstantial evidence is evidence of a fact that does not directly prove a fact in dispute but which permits a reasonable inference or conclusion that the fact exists. For example, a witness testifies that he saw this water glass on the bench. The witness states that, while he was looking the other way, he heard the breaking of glass, looked up, and saw me wiping water from my clothes and from the papers on the bench. This testimony is not direct evidence that I knocked over the glass; it is circumstantial evidence from which you could reasonably infer that I knocked over the glass.

Those facts that form the basis of an inference must be proved and the inference to be drawn must be one that reasonably may be drawn. In the example, even though the witness did not see me knock over the glass, if you believe her testimony, you could conclude that I did. Therefore, the circumstantial evidence, if accepted by you, allows you to conclude that the fact in dispute has been proved.

---

[6] N.Y. PJI 1:70.

In reaching your conclusion you may not guess or speculate. Suppose, for example, the witness testifies that the water glass was located equally distant from the court clerk and me. The witness states she heard the breaking of glass and looked up to see both the court clerk and me brushing water from our clothes. If you believe that testimony, you still could not decide on that evidence alone who knocked over the water glass. Where these are the only proved facts, it only would be a guess as to who did it. However, if the witness also testifies that she heard the court clerk say "I am sorry," then this additional evidence would allow you to decide who knocked over the water glass.

You may give circumstantial evidence less weight, more weight, or the same weight as direct evidence.

## PROPOSED INSTRUCTION NO. 6

## NOT ALL EVIDENCE IS INTRODUCED[7]

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at the trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case. Your decision must be based on the testimony and documents admitted into evidence.

---

[7] Mayo-Coleman v. Am. Sugar Holdings, Inc., 14-cv-79-PAC-KNF, dkt. #169 (S.D.N.Y. Mar. 2, 2018).

**PROPOSED INSTRUCTION NO. 7**

**INTRODUCTION TO THE CLAIMS**

As you have heard, this is an action to recover damages for disability discrimination. In this case, Plaintiff Kathryn Shiber claims that she was terminated by Defendant Centerview Partners because of her disability.

Plaintiff brings her claims under the Americans With Disabilities Act ("ADA"), which is a Federal Law, the New York State Human Rights Law, the New York City Human Rights Law, and also the New Jersey Law Against Discrimination. These laws make it unlawful for an employer to intentionally discriminate against an employee in the terms and conditions of employment because of the employee's disability.

The ADA provides in pertinent part that "[N]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[8]

The New York State Human Rights Law provides in pertinent part that it shall be unlawful for an employer "because of an individual's ... disability ... to ... discharge from employment such individual or to discriminate against such individual m compensation or in terms, conditions or privileges of employment."[9]

The New York City Human Rights Law similarly provides that "It shall be an unlawful discriminatory practice … [f]or an employer or an employee or agent … because of the actual or

---

[8] 42 U.S.C. §12112(a).
[9] N.Y. Executive Law §296(1)(a)/

perceived … disability … of any person … [t]o discriminate against such person in compensation or in terms, conditions or privileges of employment."[10]

The New Jersey Law Against Discrimination provides that "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination…[f]or an employer, because of the…disability…of any individual…to refuse to hire or employ or to bar or to discharge…from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."[11]

The disability discrimination Plaintiff alleges took five different forms.[12] First, she claims that Defendant took an adverse employment action against her – that is, terminating her – because of her disability. Second, she claims that Defendant discriminated against her by failing to provide a reasonable accommodation for her disability. Third, Plaintiff claims that Defendant failed to engage in the interactive process with her, meaning a substantive back-and-forth communication between an employer and employee to find effective, reasonable accommodations so the employee can perform essential job functions. Fourth, Plaintiff claims that Defendant failed to engage in the cooperative dialogue (similar to interactive process) required by the New York City Human Rights Law. Finally, Plaintiff claims that Defendant retaliated against her for requesting a reasonable accommodation.

I will address the elements of each of these theories below. Although there is some overlap, these theories are distinct, so I ask that you pay close attention.

---

[10] Administrative Code of the City of New York, §8-107(1)(a).
[11] N.J. Stat. §10:5-12(a)
[12] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pg. 12 (S.D.N.Y. Aug. 1, 2025).

## PROPOSED INSTRUCTION NO. 8

### PERCEIVED DISABILITY[13]

***(Only Necessary If Defendant
Disputes That Plaintiff Has A Disability)***

Plaintiff may also demonstrate that Defendant perceived her as having a disability, or regarded her as such, even if you find that she does not have a disability. If you find that Defendant perceived Plaintiff as disabled, or regarded her as such, you may find in her favor as if she actually was.

---

[13] 42 U.S.C. §12102(1)(c).

## PROPOSED INSTRUCTION NO. 9

## CLAIM #1 – WRONGFUL TERMINATION
## DUE TO DISABILITY DISCRIMINATION[14]

Plaintiff's first claim is that she was terminated because of her disability. She brings this claim under the ADA, the New York State Human Rights Law, the New York City Human Rights Law and the New Jersey Law Against Discrimination.

"In order to establish a prima facie case of disability discrimination, [Plaintiff] must show that: (1) her employer is subject to the ADA; (2) she is disabled within the meaning of the ADA; (3) she is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation; and (4) she suffered an adverse employment action because of her disability."[15]

In this case, you heard and saw evidence that Plaintiff suffers from a mental disability and she alleges that she was discharged because she suffers from that condition. Defendant claims that Plaintiff's condition prevents her from reasonably performing the essential functions of her job. Defendant has the burden of proving that Plaintiff's disability prevents her from performing the essential functions of the job in a reasonable manner.

In deciding whether Plaintiff's disability prevents her from reasonably performing the essential functions of an Analyst at Centerview, you must decide whether the particular disability prevents this particular employee from performing the essential functions involved in the job or occupation in a reasonable manner. Your decision may not be based on how this condition generally affects others.

---

[14] N.Y. PJI 9:1; Mayo-Coleman v. Am. Sugar Holdings, Inc., Case No. 14-cv-79-PAC-KNF, Dkt. #169 (S.D.N.Y. Mar. 2, 2018)
[15] Shiber v. Centerview Partners LLC, 2025 US Dist. LEXIS 196493, at *23-24 (S.D.N.Y. Sept. 29, 2025)

## PROPOSED INSTRUCTION NO. 10

## NEED TO PROVIDE A REASONABLE ACCOMMODATION[16]

An employer is required to provide a disabled worker with a reasonable accommodation so the worker can perform the essential functions of the job so long as the accommodation does not impose an undue hardship on the business.

A reasonable accommodation may include, among other things, modification of job duties and schedules, alteration of the facilities in which a job is performed, acquisition of devices to assist the performance of job duties, and, under certain circumstances, reassignment to a vacant position. An employer is not required to reassign an employee if there is no vacant position available. An accommodation is not reasonable if the accommodation would require the employer to eliminate an essential job function.[17]

There are two issues for you to decide on this issue. The first is whether Plaintiff has proved by a preponderance of the evidence that she could perform the essential functions of the job with the requested accommodation. The second issue for you to decide is whether Defendant has proved by a preponderance of the evidence that the requested accommodation would impose an undue hardship on the business.

---

[16] N.Y. PJI 9:4.1, unless otherwise identified.
[17] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pg. 12 (S.D.N.Y. Aug. 1, 2025)

## PROPOSED INSTRUCTION NO. 11

## ESSENTIAL FUNCTION

Defendant has stated that Plaintiff was terminated because she was unable to fulfill the essential functions of her role. Plaintiff claims that she could perform that essential functions of her role with a reasonable accommodation.[18]

The term "essential function" is generally defined as "duties to be performed in the position in question, but not functions that are merely marginal." [19] The determination of a what constitutes an "essential function" requires "a fact-specific inquiry into both the employer's description of a job and how the job is actually performed in practice."[20] "[T]he question of whether a task constitutes an essential function depends on the totality of the circumstances."[21] You may consider the existence of a job description or policy in determining what is an essential function.[22] Further, you may undertake "a penetrating factual analysis" to determine what is an essential function.[23]

You must make the distinction between what is an "essential" function versus a "marginal" function.[24]

Under the New York City Human Rights Law, you must give Plaintiff the presumption that she could have fulfilled the essential functions of the role. Defendant has the burden of proving an affirmative defense that Plaintiff "could not, with reasonable accommodation, satisfy the essential requisites of the job."[25]

---

[18] N.Y. PJI 9:4.1.
[19] Tafolla v. Heilig, 80 F.4th 111, 119 (2d Cir. 2023).
[20] Id.
[21] Id.
[22] 42 U.S.C. §12111(8); Shiber, 2025 U.S. Dist. LEXIS 196493, at *26.
[23] McMillan v. City of N.Y., 711 F.3d 120, 129 (2d Cir. 2013).
[24] Id. at 128; Stone v. City of Mount Vernon, 118 F.3d 92, 99 (2d Cir. 1997).
[25] Hosking v. Meml. Sloan-Kettering Cancer Ctr., 186 A.D.3d 58, 126 N.Y.S.3d 98, 102 (1st Dept. 2009) (citing Administrative Code §8-107(15)(b)); Romanello v. Intesa Sanpaolo, S.p.A., 22 N.Y.3d 881, 885 (2013) ("Contrary to the State HRL, it is the employer's burden to prove undue hardship" under the City Law); Phillips v. City of N.Y., 66 A.D.3d 170, 182-183 (1st Dept. 2009) ("The City Council dealt explicitly with the question of whether an employee,

Under the ADA and the NYSHRL, the Plaintiff must prove, by a preponderance of the evidence, that some accommodation exists that would allow her to perform the essential functions of her job.[26]

Under the New Jersey Law Against Discrimination, Defendant must produce evidence that its decision that Plaintiff could not perform the essential functions of the role "was based on 'an objective standard supported by factual evidence' and not on general assumptions about the employee's disability."[27]

If you find that Plaintiff has not proved by a preponderance of the evidence that she would be able to perform the essential functions of the job with the requested accommodation, you should proceed no further and report to the court. If you find that Plaintiff has proved that she would be able to perform the essential functions of the job with or without an accommodation, you must proceed to consider the next question on her claim for wrongful termination.[28]

---

with reasonable accommodation, would be able to perform the essential requisites of the job by placing the burden of proof not on the plaintiff, but squarely on the defendant.").

[26] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pg. 13, (S.D.N.Y. Aug. 1, 2025)

[27] Grande v. Saint Clare's Health Sys., 230 N.J. 1, 27 (2017) (quoting N.J. Admin. Code §13:13-2.8(a)(3)).

[28] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pg. 13, (S.D.N.Y. Aug. 1, 2025)

## PROPOSED INSTRUCTION NO. 12

### UNDUE HARDSHIP[29]

An "undue hardship" is "an action requiring significant difficulty or expense."[30] It is the burden of the Defendant to prove that Plaintiff's requested accommodation presents an undue burden.[31] Defendant must "show special (typically case-specific) circumstances demonstrating undue hardship in the particular circumstances."[32] The Plaintiff has only the "modest burden of proposing 'the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits.'"[33]

The factors to consider in deciding whether the accommodation would impose an undue hardship include (1) the size of the employer's (business, program, enterprise) with respect to the number of employees, number and type of facilities, and size of budget, (2) the type of operation which the (business, program, enterprise) is engaged in, including the composition and structure of the workforce, and (3) the nature and cost of the accommodation needed.[34]

If you find that, considering the factors that I have previously described, Defendant has proved that the requested accommodation would impose an undue hardship on its business, then you will find for Defendant. If Defendant has failed to prove that the requested accommodation would impose an undue hardship on the business, then you will find for Plaintiff and proceed to consider damages.

---

[29] N.Y. PJI 9:4.1 unless otherwise identified.
[30] McMillan v. City of N.Y., 711 F.3d 120, 128 (2d Cir. 2013) (quoting 42 U.S.C. §12111(10)(A)).
[31] Id.
[32] Greenbaum v. N.Y.C. Transit Auth., 2022 U.S. App. LEXIS 22589, at *10-11 (2d Cir. Aug. 15, 2022).
[33] Id.
[34] N.Y. PJI 9:4.1.

## PROPOSED INSTRUCTION NO. 13

## CLAIM #2 – FAILURE TO PROVIDE
## A REASONABLE ACCOMMODATION

Plaintiff's second claim is that Defendant failed to accommodate her. "Disability discrimination under the ADA includes a failure to provide an employee with a reasonable accommodation for [her] disability."[35] This claim is distinct from her discrimination claim and must be viewed separately.[36]

NYSHRL, NYCHRL, and NJLAD failure to accommodate claims are analyzed in the same way as ADA claims.[37] First, the plaintiff must establish a prima facie case. "To establish a prima facie claim under the ADA for failure to accommodate, an employee must show that: (1) she is disabled within the meaning of the ADA, (2) her employer is covered by the ADA and had notice of her disability, (3) she could perform the essential functions of her job with reasonable accommodation, and (4) her employer refused to provide such an accommodation despite being on notice."[38]

Under the New York City Human Rights Law, "there is no accommodation…that is categorically excluded from the universe of reasonable accommodation." [39]

To establish a claim for failure to accommodate under New Jersey Law Against Discrimination, Plaintiff must show: "(1) she was disabled and her employer knew it; (2) she requested an accommodation or assistance; (3) her employer did not make a good faith effort to assist; and (4) she could have been reasonably accommodated but for the employer's lack of good

---

[35] Shiber v. Centerview Partners LLC, 2025 U.S. Dist. LEXIS 196493, at *28 (S.D.N.Y. Sep. 29, 2025).
[36] McMillan v. City of N.Y., 711 F.3d 120, 125 (2d Cir. 2013); Nixon-Tinkelman v. N.Y.C. Dept. of Health & Mental Hygiene, 434 Fed. Appx. 17, at *18-19 (2d Cir. 2011) ("A plaintiff can base a discrimination claim on an employer's failure to make a reasonable accommodation.").
[37] Shiber, 2025 U.S. Dist. LEXIS 196493, at *28.
[38] Id. at *28-29.
[39] Phillips, 66 A.D.3d at 182; Hosking, 126 N.Y.S.3d at 103 (noting that the City Council amended the City Law in 2018 to codify Phillips); Velez v. Girraphic LLC, 2021 U.S. Dist. LEXIS 88908, at *19 (S.D.N.Y. May 10, 2021).

faith."[40] Plaintiff is not required to show any adverse employment consequence as part of this claim.[41]

"[A]fter the plaintiff satisfies her burden of production and persuasion as to the existence of an accommodation that is facially reasonable, the burden shifts to the defendant to rebut the reasonableness of the proposed accommodation."[42] This burden of the Defendant "is in essence equivalent to the burden of showing, as an affirmative defense, that the proposed accommodation would cause the defendant to suffer an undue hardship."[43]

"An employer is required to engage in an interactive process upon notice of the need for an accommodation."[44] Under the ADA, "the employer's failure to engage in such an interactive process does not relieve a plaintiff of her burden of demonstrating…that some accommodation of her disability was possible. To meet that burden, a plaintiff must show that the costs of the accommodation, at least facially, do not clearly exceed its benefits."[45]

If Plaintiff successfully proves, by a preponderance of the evidence, that she was able to perform the essential function of her role, then you must move onto the final element of Plaintiff's failure to accommodate claim. Here you must decide whether Defendant refused to grant her a reasonable accommodation. You may consider a failure to engage in an interactive process as proof of discriminatory intent.[46] The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both Defendant and Plaintiff. The ADA, the NYSHRL,

---

[40] Church v. Sears Holding Corp., 605 Fed. Appx. 119, 124 (3d Cir. 2015).
[41] Richter v. Oakland Bd. of Educ., 246 N.J. 507, 532 (2020).
[42] Shiber, 2025 U.S. Dist. LEXIS 196493, at *29.
[43] Id.
[44] Id.
[45] Id.
[46] Sheng v. M&TBank Corp., 848 F.3d 78, 87 (2d Cir. 2017) (holding that "an employer's failure to engage in a good faith interactive process can be introduced as evidence tending to show disability discrimination and that the employer has refused to make a reasonable accommodation."); Cayetano v. Fed. Express Corp., 2022 U.S. Dist. LEXIS 119102, at *19 (S.D.N.Y. July 6, 2022) (noting that a failure to engage in an interactive proves "further supports an inference of discrimination.").

and the NJLAD require the parties to engage in an interactive process where the parties work together to determine if and how the employee's disability can be reasonably accommodated.[47]

Under the NYCHRL, it is not enough for the Defendant to meet its burden by showing that one accommodation is an undue hardship, but rather that all possible reasonable accommodations available to Plaintiff are an undue hardship.[48]

---

[47] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pgs. 17-18 (S.D.N.Y. Aug. 1, 2025).
[48] Agostini v. EmblemHealth, Inc., 2018 U.S. Dist. LEXIS 113607, at *18 (S.D.N.Y. July 9, 2018) (noting that "the NYCHRL places the burden on the employer to show the unavailability of any safe and reasonable accommodation.").

**PROPOSED INSTRUCTION NO. 14**

**CLAIM #3 – FAILURE TO ENGAGE IN THE
INTERACTIVE PROCESS UNDER THE NJLAD**

Plaintiff's third claim is that Defendant failed to engage in the interactive process in violation of the New Jersey Law Against Discrimination.

"To show under NJLAD that an employer failed to participate in the interactive process, a disabled employee must demonstrate: (1) the employer knew about the employee's disability; (2) the employee requested accommodations or assistance for her disability; (3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and (4) the employee could have been reasonably accommodated but for the employer's lack of good faith."[49]

"The burden is first upon the employee to request assistance, and then upon the employer to come up with potential accommodations."[50] "While there are no magic words to seek an accommodation, the employee, however, must make clear that assistance is desired for her disability."[51]

"An employer is required to initiate a good faith interactive process regarding accommodations before reasonably determining whether an employee's disability reasonably precludes performance of her essential job functions."[52] For example, an employer's good faith attempt may be shown by meeting with the employee, requesting information about the condition and what limitations the employee has, asking the employee what she specifically wants, and offering and discussing available alternatives when the request is too burdensome."[53] "Participation in the interactive process is the obligation of both parties, and the employer cannot

---

[49] Shiber, 2025 U.S. Dist. LEXIS 196493, at *32.
[50] Id.
[51] Id.
[52] Id. at *31-32.
[53] Id.; Goonan v. FRB of N.Y., 916 F. Supp. 2d 470, 480 (S.D.N.Y. 2013).

be faulted if after conferring with the employee to find possible accommodations, the employee then fails to supply information that the employer needs or does not answer the employer's request for more detailed proposals." [54]

If you find that Defendant failed to engage in the interactive process with Plaintiff in violation, you must find in her favor on this claim.

---

[54] Id.

**PROPOSED INSTRUCTION NO. 15**

**CLAIM #4 – FAILURE TO ENGAGE IN THE COOPERATIVE
DIALOGUE UNDER THE NEW YORK CITY HUMAN RIGHTS LAW**

Plaintiff's third claim is that the Defendant failed to engage in the cooperative dialogue with her. The New York City Human Rights Law provides, "It shall be an unlawful discriminatory practice for an employer . . . to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the [employer] has notice may require such an accommodation . . . related to a disability."[55] The cooperative dialogue required by the New York City Human Rights Law "requires a more rigorous process" than the interactive process required by federal and state law. [56]

"The term 'cooperative dialogue' means the process by which a covered entity and a person entitled to an accommodation…engage in good faith in a written or oral dialogue concerning the person's accommodation needs; potential accommodations that may address the person's accommodation needs, including alternatives to a requested accommodation; and the difficulties that such potential accommodations may pose for the covered entity."[57]

"Upon reaching a final determination at the conclusion of a cooperative dialogue," an employer "shall provide any person requesting an accommodation who participated in the cooperative dialogue with a written final determination identifying any accommodation granted or denied."[58] "The determination that no reasonable accommodation would enable the person requesting an accommodation to satisfy the essential requisites of a job or enjoy the right or rights

---

[55] N.Y.C. Admin. Code § 8-107(28)(a); Greenbaum v. N.Y.C. Transit Auth., 2022 U.S. App. LEXIS 22589, at *15-16 (2d Cir. Aug. 15, 2022).
[56] Hosking v. Meml. Sloan-Kettering Cancer Ctr., 186 A.D.3d 58, 63-64 1st Dept. 2020).
[57] NYC Administrative Code § 8-102.
[58] NYC Administrative Code § 8-107(28)(d).

in question may only be made after the parties have engaged, or the covered entity has attempted to engage, in a cooperative dialogue." [59]

Under the New York City Human Rights Law, an employer's failure to engage in the cooperative dialogue with an employee can alone be the basis for a claim against the employer.[60] If you find that Centerview failed to engage in the cooperative dialogue with Shiber, you must find in her favor. However, if you find that Centerview met the requirements of the cooperative dialogue before terminating Shiber, you must find in the company's favor.

---

[59] NYC Administrative Code § 8-107(28)(e).
[60] Carbone v. City of N.Y., 2025 U.S. Dist. LEXIS 226110, at *23 (S.D.N.Y. Nov. 17, 2025).

**PROPOSED INSTRUCTION NO. 16**

**CLAIM #5 – RETALIATION UNDER THE
NEW YORK CITY HUMAN RIGHTS LAW**

Plaintiff's fourth claim is that she was terminated in retaliation for seeking an accommodation, which is a violation of the New York City Human Rights Law. The New York City Human Rights Law makes it unlawful "to retaliate or discriminate in any manner against any person because such person has … requested a reasonable accommodation under this chapter."[61]

To establish a prima facie case of retaliation under the New York City Human Rights Law, Plaintiff must show that: "(1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) she suffered an action that would be reasonably likely to deter a person from engaging in a protected activity; and (4) a causal connection exists between the protected activity and the action."[62] Under the New York City Human Rights Law, "it is illegal for an employer to retaliate in any manner."[63]

Here, there is no dispute regarding the first, second or third elements. Regarding the fourth element, the Plaintiff must prove a causal connection between Plaintiff's request for an accommodation and the subsequent termination. In determining the question of Defendant's motivation, you should consider all the evidence in the case, including the timing of the allegedly retaliatory acts, the testimony of the witnesses, and the documents in evidence.[64] You may consider

---

[61] Administrative Code §8-107(7); Velez v. Girraphic LLC, 2021 U.S. Dist. LEXIS 88908, at *18 (S.D.N.Y. May 10, 2021); ("The NYCHRL further provides that failing to provide a reasonable accommodation for a person with a disability and retaliating against a person for requesting a reasonable accommodation are discriminatory practices.").
[62] Shiber, 2025 U.S. Dist. LEXIS 196493, at *35.
[63] Id.
[64] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pg. 20 (S.D.N.Y. Aug. 1, 2025)

the temporal proximity between the Plaintiff's request for accommodation and her termination when considering an inference of retaliation.[65]

Under the NYCHRL, Plaintiff need only show that retaliation for requesting an accommodation played some role in her termination. If Plaintiff cannot demonstrate that retaliation played at least some part, even if not the only part, in her termination, then you must find that she has not established a causal connection between her request for an accommodation and her subsequent termination. [66]

---

[65] Id. at *37-28; Tafolla, 80 F.4th at 126 ("The close temporal proximity between Tafolla's requests for the accommodation and the instruction that she would need to go on medical leave is sufficient to support on inference of retaliation.").

[66] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pg. 21 (S.D.N.Y. Aug. 1, 2025).

## PROPOSED INSTRUCTION NO. 17

## DAMAGES - GENERALLY[67]

My charge to you on the law of damages must not be taken as a suggestion that you should find for the Plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether Plaintiff is entitled to recover from Defendant. If you decide that Defendant is not liable to Plaintiff, you need not consider damages. Only if you decide that Defendant is liable to Plaintiff will you consider the amount of Plaintiff's damages.

If you find that Plaintiff is entitled to recover from Defendant, you must render a verdict in a sum of money that will justly and fairly compensate Plaintiff for all losses and harm resulting from Defendant's conduct. Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize Defendant.

Compensatory damages for employment discrimination and retaliation are not limited to the actual loss of time or money. You may also award Plaintiff a sum of money to compensate her for any past, present, or future mental pain, suffering and humiliation that resulted from the wrongful conduct on the part of the Defendants.[68] You must determine the amount that will fairly compensate Plaintiff for her harm. There is no exact standard to be applied. You must award an amount that is fair and just in light of the evidence. In determining Plaintiff's damages, you should consider Plaintiff's emotional pain and mental anguish as well as any monetary loss.

Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the

---

[67] N.Y. Pattern Jury Instr. §9:5.1.
[68] See Esposito-Hilder v. SFX Broadcasting, Inc., 654 N.Y.S. 259 (1996); Robinson v. Lockridge, 230 A.D. 389; McDougald v. Garber, 73 N.Y.2d 246; 538 N.Y.S.2d 937; Harris v. Forklift Systems, 510 U.S. 17 (1993).

circumstances permit. Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.[69]

When deciding what injuries a defendant caused, the law says that a defendant "takes the plaintiff as he finds her." Some of us are, for example, more susceptible to stress than others. Consequently, a particular event might have a different effect on us than it would on many other people. In this case, you have heard testimony from Plaintiff concerning the impact she claims the actions of Defendant had on her. The extent of her emotional distress depends at least in part on your assessment of the credibility of her claims of emotional distress.

---

[69] Kocar v. Port Auth. of N.Y. & N.J., 2024 U.S. Dist. LEXIS 156589, at *79-80 (S.D.N.Y. Jan. 26, 2024).

## PROPOSED INSTRUCTION NO. 18

## ECONOMIC LOSSES

If you find that Defendant is liable on any of Plaintiff's claims, you may award Plaintiff damages in the form of back-pay, front-pay, and other economic loss that came about as a result of Defendant's alleged violations of law. You must keep in mind that the purpose of money damages is to make people whole and that which makes Plaintiff whole is a matter of putting Plaintiff in the position that she would have been in if she had not been terminated on September 15, 2020.[70]

If you find that Defendant subjected Plaintiff to an unlawful termination, for example, then you must award as actual damages an amount that reasonably compensates her for any lost wages and benefits that Plaintiff would have received from Defendant had Plaintiff not been the subject of Defendant's discrimination.[71]

Back pay damages include any wages, employee benefits and other compensation that you find Plaintiff would have received from the date of her termination to the date of this trial, but for the Defendants' unlawful conduct.

Front pay damages, if any, represent a plaintiff's lost salary and benefits, caused by an unlawful discharge or other adverse action, accruing from the time of trial until the date when Plaintiff would have voluntarily resigned or obtained other comparable employment. Factors to be considered in determining front pay include the age of the Plaintiff and her reasonable prospects of obtaining comparable alternative employment.[72]

---

[70]  Fed. Jury Prac. & Instr. § 172.70 (5th ed. 2001) (modified).
[71]  Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pgs. 24-25 (S.D.N.Y. Aug. 1, 2025), unless otherwise noted.
[72]  Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pgs. 24-25 (S.D.N.Y. Aug. 1, 2025), unless otherwise noted.

## PROPOSED INSTRUCTION NO. 19

## DUTY TO MITIGATE[73]

Plaintiff has a duty under the law to "mitigate" her damages which means she must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the Defendant's actions or omissions. Plaintiff fails to mitigate her damages and is not entitled to backpay or front pay if she fails to remain in the labor market, fails to accept substantially similar employment, fails diligently to search for alternative work, or voluntarily quits alternative employment without good reason.

Defendant has the burden of proving that Plaintiff failed to mitigate. If the Defendant persuades you, by a preponderance of the evidence, that the Plaintiff has failed to take advantage of an opportunity that was reasonably available to her, then you must reduce the amount of the Plaintiff's damages by the amount that could have been reasonably obtained if she had taken advantage of such an opportunity.

Plaintiff must show that she used reasonable diligence in finding other suitable employment.[74] This duty is not onerous. Plaintiff need not go into another line of work, accept a demotion, or take a demeaning position. [75] An assessment of the reasonableness of Plaintiff's effort to mitigate "entails a consideration of such factors as the individual characteristics of the claimant and the job market, as well as the quantity and quality of the particular measures undertaken by the plaintiff to obtain alternate work… The defendant bears the evidentiary burden of showing that the plaintiff has failed to satisfy the duty to mitigate." [76]

---

[73] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pgs. 24-25 (S.D.N.Y. Aug. 1, 2025), unless otherwise noted.
[74] Ramey v. Dist. 362 Fed. Appx. 212, 215-16 (2d Cir. 2010).
[75] Id. at 216.
[76] Id.

You have heard testimony that the Plaintiff left a job to attend graduate school. It is up to you to determine whether Plaintiff's "furtherance of [her] education is inconsistent with his responsibility to use reasonable diligence in finding other suitable employment."[77]

In determining the amount of damages, you must exercise good judgment and common sense. The purpose of a damage award is to make a plaintiff whole, that is, to compensate for the injuries, if any, that resulted from the Defendant's violation of her legal rights. The damages that you award should be fair and reasonable, neither inadequate nor excessive.

---

[77] Dailey v. Societe Generale, 108 F.3d 451, 456-57 (2d Cir. 1997)

**PROPOSED INSTRUCTION NO. 20**

**EMOTIONAL DISTRESS DAMAGES**[78]

Plaintiff has alleged that, as a result of Defendant's conduct, she has suffered emotional distress. Plaintiff has the burden of proving any such damages by a preponderance of the evidence.[79] If Plaintiff does not establish that she has experienced emotional distress because of Defendant's conduct, then she cannot recover compensatory damages for those types of suffering. Do not decline to award emotional damages for the sole reason that they are hard to measure. While emotional injuries cannot be measured with precision, it does not mean that they are not real.[80]

Compensatory damages may also include compensation for pain, suffering, humiliation, mental anguish, or emotional distress. Plaintiff seeks emotional distress damages for the emotional distress that she allegedly suffered as a result of Defendant's alleged discriminatory actions against her. Therefore, if you find Defendant liable, you may award emotional distress damages for the emotional distress that was proximately caused by Defendant's actions.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.[81]

---

[78] Mayo-Coleman v. Am. Sugar Holdings, Inc., 14-cv-79-PAC-KNF, dkt. #169 (S.D.N.Y. Mar. 2, 2018).
[79] Id.
[80] See Cullen v. Nassau County Civil Serv. Commn., 53 N.Y.2d 492, 497 (1981); McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc., No. 128889/94 (N.Y. 1997), with further proceedings 175 Misc.2d 795, 806 (Sup. Ct. N.Y. Cty. 1997), appl. dismd., 256 A.D.2d 269 (1st Dept. 1998), leave to appl. denied, 94 N.Y.2d 753 (1999).
[81] Mayo-Coleman v. Am. Sugar Holdings, Inc., 14-cv-79-PAC-KNF, dkt. #169 (S.D.N.Y. Mar. 2, 2018).

If you find that Plaintiff is entitled to recover from Defendants, you must render a verdict in a sum of money that will justly and fairly compensate Plaintiff for all losses and harm resulting from Defendants' conduct.

Psychiatric or other medical treatment is not a precondition to recovery.[82] Nor is Plaintiff required to prove her claim through expert medical testimony. There is no requirement that evidence of the monetary value of such intangible things as mental anguish be introduced. Any award you make should be fair in light of the evidence presented at trial.[83]

---

[82] Mayo-Coleman v. Am. Sugar Holdings, Inc., 14-cv-79-PAC-KNF, dkt. #169 (S.D.N.Y. Mar. 2, 2018).
[83] Id.

## PROPOSED INSTRUCTION NO. 21

## PUNITIVE DAMAGES

In addition to the compensatory damages just described, you will also be asked to determine if punitive damages are appropriate.

Punitive damages are intended not only to punish the wrongdoer, but also to deter future reprehensible conduct.[84] Punitive damages "differ conceptually from compensatory damages and are intended to address gross misbehavior or conduct that willfully and wantonly causes hurt to another."[85] The Human Rights law authorizes an award of punitive damages for the purpose of punishing a wrongdoer and serving as an example or warning to other employers not to engage in conduct of the types just described. Punitive damages serve to "act as a deterrent to the offender 'and to serve as a warning to others.'"[86] An award of punitive damages "is a particularly appropriate response to flagrant acts of discrimination."[87] Much of the evidence used to support a finding of intent is also probative of reckless disregard of a plaintiff's rights.[88]

Under the federal law of the ADA, punitive damages are appropriate where Defendants' actions were undertaken in the face of a perceived risk that its actions would violate federal law.[89] You may award punitive damages to Plaintiff even in the absence of actual damages.[90] A finding of punitive damages does not require a showing of "egregious" conduct.[91]

---

[84] Chauca v. Abraham, 30 N.Y.3d 325, 331 (2017); Cush-Crawford v. Adchem Corp., 271 F.3d 352, 259 (2d Cir. 2001).
[85] Id.
[86] Thoreson v. Penthouse Intl., Ltd., 563 N.Y.S.2d 968, 973 (1990) (quoting Home Ins. Co. v. American Home Prods., 75 N.Y.2d 196, 203 (1990)).
[87] Thoreson, 149 Misc. 2d at 158.
[88] Greenbaum v. Handelsbanken, 67 F.Supp.2d 228, 262 (S.D.N.Y. 1999).
[89] Kolstad v. American Dental Association, 527 U.S. 526, 535 (1999).
[90] See Cush-Crawford v. Adchem Corp., 271 F.3d 352, 357 (2d Cir. 2001) ("An award of actual or nominal damages is not a prerequisite for an award of punitive damages in Title VII cases.").
[91] See Kolstad, 527 U.S. at 534-35.

The standard for an award of punitive damages is lower under the New York State and New York City Human Rights Laws. Under the New York State and City Human Rights laws, "a plaintiff is entitled to punitive damages where the wrongdoer's actions amount to willful or wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.[92] This standard "requires nether a showing of malice or awareness of the violation of a protected right, representing the lowest threshold, and the least stringent form, for the state of mind required to impose punitive damages."[93] This means that if you find that the conduct of Defendant was undertaken with the knowledge that it may have been in violation of Plaintiff's human rights, then you may award Plaintiff punitive damages.[94]

You do not need to find that direct evidence exists that Defendant acted with knowledge that it was engaging in discrimination or that its conduct would violate Plaintiff's human rights in order to find the required state of mind to justify an award of punitive damages. A defendant's "acknowledgment of training in equal opportunity permits an inference of the requisite mental state."[95]

You must use your best judgment in determining the amount of a punitive damages award, as "[n]o objective standard exists that justifies the award of one amount, as opposed to another, to punish a tortfeasor appropriately for his misconduct. Nor is there any formula to determine the dollar amount needed to effectuate deterrence."[96]

---

[92] Chauca, 30 N.Y.3d at 329 (citations omitted).
[93] Id. at 333.
[94] Kolstad, 527 U.S. at 536.
[95] See Zimmerman v. Associates First Capital Corp., 251 F.3d 376, 385 (2d Cir. 2002); Parrish v. Sollecito, 280 F.Supp.2d 145, 152 (S.D.N.Y. 2003) (recognizing that "the Second Circuit has found that general training in equal opportunity protocol and hiring practices is sufficient to infer awareness" and citing supporting cases, including Zimmerman).
[96] Payne v. Jones, 711 F.3d 85, 93 (2d Cir. 2012); Garcia v. Comprehensive Ctr., LLC, 2019 U.S. Dist. LEXIS 203447, at *22 (S.D.N.Y. Nov. 21, 2019) ("Under New York law, whether to award punitive damages and how much to award are primarily questions which reside in the sound discretion of the original trier of the facts.") (citations omitted).

In determining the amount to award for punitive damages, you should consider the following: the nature of Defendant's conduct, the harm caused as a result of the conduct, and "the degree to which the conduct offends principles of justice."[97] You may consider the Defendant's financial resources when considering the amount to an award.[98] The amount of punitive damages awarded must be sufficient to punish Defendant and to act as an effective deterrent against the commission of such acts in the future.[99]

Dated:  New York, NY
　　　　January 27, 2026

                          Respectfully submitted,

                          **SCHWARTZ PERRY & HELLER LLP**
                          *Attorneys for Plaintiff*
                 By: _____
                           BRIAN HELLER
                           DAVIDA S. PERRY
                           3 Park Avenue, Suite 2700
                           New York, NY 10016
                           (212) 889-6565
                           bheller@sphlegal.com
                           dperry@sphlegal.com

                          **CLAYMAN ROSENBERG KIRSHNER & LINDER LLP**
                          *Attorneys for Plaintiff*
                 By: _____
                           JAMES F. VALENTINO
                           305 Madison Avenue, Suite 650
                           New York, NY 10165
                           (212) 922-1080
                           valentino@clayro.com

---

[97] Thoreson v. Penthouse Intl., 149 Misc. 2d 150, 161 (Sup. Ct. N.Y. Cty. 1990)
[98] Rivera v United Parcel Serv., Inc., 148 A.D.3d 574, 575 (1st Dept. 2017) (upholding a punitive damages award while noting the "defendant's substantial income.") (citing McIntyre v. Manhattan Ford, 256 A.D.2d 269, 271 (1st Dept. 1998) ("The wealth of a defendant is material to the assessment of punitive damages.").
[99] Thoreson, 149 Misc. 2d at 161.