UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KATHRYN SHIBER,

                *Plaintiff,*

   -against-

CENTERVIEW PARTNERS LLC,

                *Defendant.*
------------------------------------------------------------------X

1:21-cv-03649-ER

**PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**

## JOINT PARAGRAPH TO BE READ BY THE JURY

This is a federal civil case involving an employment dispute. The plaintiff is an individual named Kathryn Shiber and a former employee of the defendant, Centerview Partners LLC, which is a New York-based investment banking advisory firm. [**Plaintiff proposes the following sentence, to which Defendant objects**: Ms. Shiber worked at Centerview as an investment banking analyst from July 6, 2020 until she was terminated on September 15, 2020.] [**Defendant proposes this alternative sentence**: Ms. Shiber worked at Centerview as an investment banking analyst in 2020.] In this litigation, Ms. Shiber alleges that Centerview's termination of her employment was motivated by disability discrimination and in retaliation for her seeking a reasonable accommodation. Centerview denies these claims and alleges that Ms. Shiber was terminated for a legitimate, non-discriminatory reason. Your role as jurors is not to decide whether you agree with either side's position at this stage, but to determine whether you can listen to the evidence with an open mind, follow the law as instructed to you, and decide the facts fairly and impartially based solely on the evidence presented in this courtroom.

## PROPOSED VOIR DIRE QUESTIONS

The Plaintiff, through her counsel, hereby submits the following proposed voir dire questions for the trial of this action.

**I.      GENERAL QUESTIONS**

1. Do you have any commitments that would interfere with your serving as a juror on this trial that is expected to end by Friday, February 27, 2026?

2. Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet, or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

7. Would you be able to make a decision in this case even if you were not absolutely certain that one side had won as long as you believed it was more likely that the position of one side was more believable than the other?

**II.     BACKGROUND AND ATTITUDES**

8. What is your educational background, including the highest level of education you have completed?

9. Do you live with anyone else? If yes, what is that person's or those individuals' occupation(s)?

10. Are you married, single, divorced, or widowed?

11. Do you have children? How many? What ages? If your children are adults, what are their occupations?

12. What neighborhood or area do you live in, and how long have you resided there?

13. Are you involved in any community organizations, volunteer work, or professional associations?

14. Do you follow the news at all? If so, from what sources?

15. Are you employed? If yes, please describe your position. If not, what was your last employment?

16. Have you or anyone in your family been employed in the personnel or human resources department of a company? What was your/their position and duties?

17. Have you ever had a job where you supervised other employees? If so, please state when and describe the circumstances.

### III. PRIOR LEGAL SYSTEM EXPERIENCE

18. Have you ever served on a jury before, either in federal or state court? If so, what type of case was it, and did the jury reach a verdict?

19. Have you ever been a party to a lawsuit, either as a plaintiff or defendant?

20. Have you ever been a witness in a legal proceeding?

21. Have any of your family members or close friends been involved in litigation as parties, witnesses, or jurors?

22. Have you or any family members ever been employed in law enforcement, the legal profession, or the court system?

23. Have you ever had any negative experiences with the legal system that might affect your ability to be impartial?

24. Is any member of your family, or are any of your close friends, a lawyer? If yes, please describe your relationship to each such person and the type of law that person practices.

## IV. KNOWLEDGE OF PARTIES & ATTORNEYS

25. The plaintiff in this case is Kathryn ("Kate") Shiber and she is represented by Davida S. Perry and Brian Heller of the law firm Schwartz Perry & Heller LLP and also James F. Valentino of the law firm Clayman Rosenberg Kirshner & Linder LLP. Is anyone acquainted with the plaintiff or her attorneys?

26. The defendant in this case is Centerview Partners LLC, an investment bank, and it is represented by Jennifer Barrett, Hope Skibitsky, Janice Yoon and Charles Sangree of the law firm Quinn Emmanuel Urquhart & Sullivan, LLP. Does anyone know Centerview Partners or its attorneys?

27. Have you had any dealings with or know anything about Centerview Partners?

28. Are you or is any member of your family acquainted with any of the following persons who may be called as witnesses or mentioned at the trial of this case? These individuals include:

(1) Jeanne Vicari

(2) Cheryl Robinson

(3) Timothy Ernst

(4) Anthony Kim

(5) Robert Pruzan

(6) Matthew Gallea

(7) Kylee Mueggenberg, M.A.

(8) Marylee Verdi FNP-C, PMHNP-BC

(9) Heather Nelson, Psy.D.

(10) Alexander Bardey, M.D.

(11) Richard Case

(12) Da-Shih Hu, M.D.

## V. BELIEFS ABOUT INVESTMENT BANKS

29. Do you have any opinions about investment banks generally?

30. Do you hold any strong opinions about investment banking as an industry or people who work in investment banking?

31. Have you or anyone you know ever worked in finance or banking?

32. Do you have any opinions about what it is like to work at an investment bank?

33. Do you have any knowledge about typical working hours at investment banks?

## VI. ATTITUDES ABOUT DISABILTY & REASONABLE ACCOMMODATIONS

34. Do you or any of your family members suffer from a disability?

35. How many of you think of disabilities as only visible or physical?

36. Do you have any skepticism about mental disabilities or people who have a mental disability?

37. The law requires employers to provide reasonable accommodations for employees with disabilities unless it is an undue burden for the employer. How do you feel about that legal requirement?

38. Have you or any members of your family ever sought a reasonable accommodation from an employer?

39. Have you ever had a colleague request or receive a reasonable accommodation?

40. Do you have any thoughts about individuals who request a reasonable accommodation for a mental disability?

41. Does anyone have a family member or friend that has a medical condition that requires them to have consistent sleep because of their disability?

42. Is anyone familiar with the concept of an interactive process when an employee requests a reasonable accommodation?

43. Is anyone familiar with the concept of a cooperative dialogue when an employee requests a reasonable accommodation?

## VII. ATTITUDES ABOUT LAWS AGAINST DISCRIMINATION

44. What are your thoughts about the laws against discrimination?

45. Do you have any thoughts about lawsuits involving employment discrimination or people who bring lawsuits for employment discrimination?

46. Has anyone ever accused you, a family member or friend of discrimination? If so, did the person sue? What was the outcome? Do you think the outcome was fair?

47. Do you think there are too many lawsuits accusing employers of discrimination?\

48. Do you think today's employment laws make it too easy for an employee to sue an employer for discrimination?

49. Have you ever experienced or observed discrimination in the workplace? What if anything did you do? How was the situation handled?

50. Do you think it is appropriate to give people who have been subject to unlawful discrimination money damages for mental anguish, humiliation, or pain and suffering?

51. Are you at all uncomfortable about awarding money to a party in a lawsuit?

52. Do you believe there should be a cap on the amount of an award? Is there a limit beyond which you would not go?

53. Are there any reasons why you could not grant a substantial money award if you believe that it is justified?

## VIII. EMOTIONAL DISTRESS CLAIMS

54. Do you have any opinion about awards for emotional distress in lawsuits?

55. How do you feel about awarding money damages to a person who proves that he or she suffered emotional distress as a result of discrimination?

56. Do you have any opinions about therapists or people who seek therapy?

57. Do you think that someone can suffer emotional damage from multiple sources? If so, would you be able to award damages for one specific source of emotional distress?

58. Do you think that someone who already has emotional harm can still suffer additional emotional harm from something new?

59. Have you ever suffered emotional distress as a result of something that occurred in the workplace? If so, how did that feel?

60. Do you feel that pain and suffering from emotional injuries is of any less importance than pain and suffering from physical injuries such as a fractured leg or arm?

61. Do you have any opinion about therapists, psychiatrists, psychologists and, if you do, what is your opinion?

62. You may hear from a witness in this case qualified as an expert in forensic psychiatry. Do you think that an expert can be wrong? Do you think you could disagree with the conclusion of an expert?

## IX. CREDIBILITY & BURDEN OF PROOF

63. What is your understanding of the burden of proof in a civil case, as opposed to a criminal case?

64. Have you ever heard the term "circumstantial evidence" before? If so, what is your understanding of the meaning of that term?

65. Are you able to make a decision based on the evidence you hear, rather than finding in favor of the person who presents the most witnesses?

66. Would you give more weight to the testimony of a supervisor over a junior employee?

Dated: New York, NY
       January 27, 2026

**SCHWARTZ PERRY & HELLER LLP**
*Attorneys for Plaintiff*

By: _____
       BRIAN HELLER
       DAVIDA S. PERRY
       3 Park Avenue, Suite 2700
       New York, NY 10016
       (212) 889-6565
       bheller@sphlegal.com
       dperry@sphlegal.com

**CLAYMAN ROSENBERG KIRSHNER & LINDER LLP**
*Attorneys for Plaintiff*

By: *James Valentino*
       JAMES F. VALENTINO
       305 Madison Avenue, Suite 650
       New York, NY 10165
       (212) 922-1080
       valentino@clayro.com