UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KATHRYN SHIBER,

                      *Plaintiff,*

  -against-

CENTERVIEW PARTNERS LLC,

                      *Defendant.*
------------------------------------------------------------------X

        **1:21-cv-03649-ER**

        **PLAINTIFF'S PROPOSED**
        <u>**VERDICT SHEET**</u>

1. Has Plaintiff proven, by a preponderance of the evidence, her claim that Defendant discriminated against her based on disability in violation of the Americans with Disabilities Act and the New Jersey Law Against Discrimination?

    Yes \_\_\_\_\_   No \_\_\_\_\_

    *(Please proceed to the next question.)*

2. Has Plaintiff proven, by a preponderance of the evidence, her claim that Defendant discriminated against her based on disability in violation of the New York State Human Rights Law and the New York City Human Rights Laws?

    Yes \_\_\_\_\_   No \_\_\_\_\_

    *(Please proceed to the next question.)*

3. Has Plaintiff proven, by a preponderance of the evidence, her claim that Defendant failed to provide her with a reasonable accommodation under the ADA, New York State Human Rights Law, the New York City Human Rights Law, the New Jersey Law Against Discrimination and the New Jersey Administrative Code?

    Yes \_\_\_\_\_   No \_\_\_\_\_

    *(Please proceed to the next question.)*

      4.      Has Plaintiff proven, by a preponderance of the evidence, her claim that Defendant failed to engage in the interactive process under the New Jersey Law Against Discrimination?

           Yes \_\_\_\_\_      No \_\_\_\_\_

           *(Please proceed to the next question.)*

      5.      Has Plaintiff proven, by a preponderance of the evidence, her claim that Defendant refused to engage in the cooperative dialogue under the New York City Human Rights Law?

           Yes \_\_\_\_\_      No \_\_\_\_\_

           *(Please proceed to the next question.)*

      6.      Has Plaintiff proven, by a preponderance of the evidence, her claim of retaliation under the New York City Human Rights Law?

           Yes \_\_\_\_\_      No \_\_\_\_\_

           *(If you answered "Yes" to any of Questions #1 through #6, please proceed to the next question. If you did not answer "Yes" to any of Questions #1 through #6, please proceed to the Conclusion on page 3.)*

## **COMPENSATORY DAMAGES**

      7.      <u>Back Pay</u>: Please enter the dollar amount that would fairly and adequately compensate Plaintiff for any loss of earnings for the period from the date her employment with Defendants ended on September 15, March 5, 2020, until the date of this verdict.

           $_____

           *(Please proceed to the next question.)*

      8.      <u>Front Pay</u>: Please enter the dollar amount that would fairly and adequately compensate Plaintiff for any future loss of pay, which is the period from the day following this verdict into the future.

           $_____

           *(Please proceed to the next question.)*

9. <u>Emotional Distress (Pain and Suffering)</u>: Please enter the dollar amount that would fairly and adequately compensate Plaintiff for emotional distress, pain and suffering caused by Defendant's conduct.

$_____

(*Please proceed to the next question.*)

**PUNITIVE DAMAGES**

10. <u>Punitive Damages</u>:

    (a) If you find that Defendants engaged in conduct that entitles Plaintiff to an award of punitive damages under the ADA and the New Jersey Law Against Discrimination, please enter the amount of any award here.

    $_____

    (b) If you answered "No" to question 6(a) and find that Defendants engaged in conduct that entitles Plaintiff to an award of punitive damages under the New York City Human Rights Law and the New York State Human Rights, please enter the amount of any award here.

    $_____

(*Please sign the verdict sheet and provide it to the court officer.*)

**CONCLUSION**

*Your foreperson must sign this Verdict Form, and you will all return to open court.*

_____
FOREPERSON

Sources: <u>Penzo . Consolidated Edison Co. of New York, Inc.</u>, Case No. 19-cv-7478-MKV, Dkt. 173 (S.D.N.Y. Dec. 18, 2023); <u>Mayo-Coleman v. Am. Sugar Holdings, Inc.</u>, Case No. 14-cv-79-PAC-KNF, Dkt. #168 (S.D.N.Y. Mar. 2, 2018).

Dated: New York, NY
January 27, 2025

        **SCHWARTZ PERRY & HELLER LLP**
*Attorneys for Plaintiff*

By: _____
        BRIAN HELLER
        DAVIDA S. PERRY
        3 Park Avenue, Suite 2700
        New York, NY 10016
        (212) 889-6565
        bheller@sphlegal.com
        dperry@sphlegal.com

**CLAYMAN ROSENBERG KIRSHNER & LINDER LLP**
*Attorneys for Plaintiff*

By: *James Valentino*
        JAMES F. VALENTINO
        305 Madison Avenue, Suite 650
        New York, NY 10165
        (212) 922-1080
        valentino@clayro.com