UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KATHRYN SHIBER,

                                                                                                    **1:21-cv-03649-ER**

                *Plaintiff*,

   -against-

CENTERVIEW PARTNERS LLC,

                *Defendant*.
-------------------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN *LIMINE*

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiff*
3 Park Avenue, Suite 2700
New York, NY 10016
(212) 889-6565

**CLAYMAN ROSENBERG KIRSHNER & LINDER LLP**
*Attorneys for Plaintiff*
305 Madison Avenue, Suite 650
New York, NY 10165
(212) 922-1080

# **TABLE OF CONTENTS**

| **SUBJECT** | **PAGE** |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STANDARD OF REVIEW | 2 |
| ARGUMENT | |
| PLAINTIFF'S MEDICAL CONDITIONS THAT SHE HAS NOT PLACED INTO ISSUE SHOULD BE DEEMED INADMISSIBLE | 2 |
| CONCLUSION | 6 |

## TABLE OF AUTHORITIES

**CASE**                                                                                     **PAGE**

Brito v. Gomez,
    168 A.D.3d 1 (1st Dept. 2018)        2

Dixon v. Reid,
    2025 U.S. Dist. LEXIS 261155 (S.D.N.Y. Dec. 15, 2025)        2

Donovan v. N.Y.C. Hous. Auth.,
    178 A.D.3d 640 (1st Dept. 2019)        2

Felix v Lawrence Hosp. Ctr.,
    100 A.D.3d 470 (1st Dept. 2012)        3

Gogol v. City of N.Y.,
    2017 U.S. Dist. LEXIS 221874 (S.D.N.Y. Sep. 26, 2017)        2

Katz v. 260 Park Ave. S. Condo. Assocs.,
    2016 N.Y. Misc. LEXIS 5210
    (Sup. Ct. N.Y. N.Y. Cty. Apr. 15, 2016)        3

Kenneh v. Jey Livery Serv.,
    131 A.D.3d 902 (1st Dept. 2015)        2-3

Luce v. United States,
    469 U.S. 38 (1984)        2

Manessis v. New York City Department of Transportation,
    2002 U.S. Dist. LEXIS 17884 (S.D.N.Y. Sept 24, 2002)        3

Palmieri v. Defaria,
    88 F.3d 136 (2d Cir. 1996)        2

Zhang v. Rosenbaum, Famularo & Segall, P.C.,
    2025 U.S. Dist. LEXIS 34727 (E.D.N.Y. Feb. 25, 2025)        5

**PRELIMINARY STATEMENT**

Plaintiff Kathryn Shiber ("Plaintiff" or "Shiber") moves for an Order, *in limine*, precluding Defendant Centerview Partners LLC ("Defendant" "Centerview") from introducing evidence at trial of medical conditions that are not at issue in this litigation.

In this case, Plaintiff alleges that she suffered emotional distress as a result of her discriminatory termination by Centerview. The only medical conditions that are relevant and admissible at trial, therefore, pertain to her emotional condition. Accordingly, Defendant should be precluded from introducing any medical records or evidence that do not specifically relate to Plaintiff's emotional condition. In particular, these include:[1]

(A) The medical records and deposition testimony of Dr. Jonathan D. Lichtenstein, a psychologist at Dartmouth College when Plaintiff was a student there who evaluated her for academic accommodations;

(B) The medical records and deposition testimony of Da-Shih Hu, M.D., a psychiatrist at Dartmouth College who briefly treated Shiber before she was ever employed at Centerview; and

(C) The medical records from Outer Cape Health Services, an urgent care facility where Plaintiff was seen on one single occasion on July 3, 2020, before Plaintiff began working for Centerview.

The above materials and testimony are irrelevant. Further, the prejudice to Plaintiff if evidence of non-related medical conditions were introduced during trial outweighs whatever relevance they might have. Plaintiff, therefore, respectfully requests that they be precluded *in limine*.

---

[1] Copies of the applicable material are attached to the Declaration of Brian Heller, Esq., dated January 23, 2025, which is being submitted pursuant to the Plaintiff's motion to seal, as they contain sensitive, personal information and are covered by a Confidentiality Order.

**STANDARD OF REVIEW**

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." Dixon v. Reid, 2025 U.S. Dist. LEXIS 261155, at *42-43 (S.D.N.Y. Dec. 15, 2025). "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." Gogol v. City of N.Y., 2017 U.S. Dist. LEXIS 221874, at *2 (S.D.N.Y. Sep. 26, 2017) (citing Luce v. United States, 469 U.S. 38, 40 n. 2 (1984)); see also Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) ("The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.").

**ARGUMENT**

**PLAINTIFF'S MEDICAL CONDITIONS
THAT SHE HAS NOT PLACED INTO
ISSUE SHOULD BE DEEMED INADMISSIBLE**

It is well-settled that only those conditions that are placed in controversy are relevant at trial. See Brito v. Gomez, 168 A.D.3d 1, 8 (1st Dept. 2018) (holding that "the physician-patient privilege is waived only for injuries affirmatively placed in controversy."); Donovan v. N.Y.C. Hous. Auth., 178 A.D.3d 640, 641 (1st Dept. 2019) (holding that even where plaintiff placed her physical condition at issue by alleging that defendant's actions led to a miscarriage, defendant was not entitled to "wholesale disclosure of all of plaintiff's hospital and physician records starting six months before the conduct complained of commenced."); Kenneh v. Jey Livery Serv., 131 A.D.3d 902, 903 (1st Dept. 2015) (holding that even where the plaintiff alleged physical injuries in a motor vehicle accident case, the plaintiff "did not place his diabetic condition in issue by asserting those serious injury claims, or by alleging that he continued to suffer anxiety and other symptoms

2

following the accident."); Felix v Lawrence Hosp. Ctr., 100 A.D.3d 470, 471 (1st Dept. 2012) ("Plaintiff has waived the physician-patient privilege only as to those conditions affirmatively placed in controversy. She has not placed her subsequent obstetrical treatment in controversy since her claims relate only to subsequent emotional and psychological injuries and defendants have failed to establish a particularized need."); Manessis v. New York City Department of Transportation, 2002 U.S. Dist. LEXIS 17884, at *2 (S.D.N.Y. Sept 24, 2002) (denying an employer's motion to compel and holding, "Manessis' emotional distress claim does not, however, give Defendants an unfettered right to pursue discovery to Manessis' entire medical history."); Katz v. 260 Park Ave. S. Condo. Assocs., 2016 N.Y. Misc. LEXIS 5210, at *2 (Sup. Ct. N.Y. N.Y. Cty. Apr. 15, 2016) ("It is well-settled that when a plaintiff brings an action relating to her physical condition, she waives the physician-patient privilege not for her entire physical condition but only for the conditions affirmatively placed in controversy.")

In this case, Shiber has only placed her emotional condition into issue. Accordingly, any conditions that are unrelated to her emotional condition should be deemed inadmissible.

Plaintiff specifically moves to exclude two categories of evidence that Defendant includes on its exhibit and witness list in the Joint Pre-Trial Order. Copies of the aforementioned documents are presented to the Court pursuant to Plaintiff's motion for permission to file under seal.

First, Defendant cites the records and deposition testimony of Dr. Jonathan D. Lichtenstein, a psychologist who Plaintiff saw in 2017 and 2018, while she was a student at Dartmouth College. Dr. Lichtenstein evaluated Plaintiff for academic accommodations while she was a student, years before her employment with Defendant in 2020. Dr. Lichtenstein's evaluation of Plaintiff, and his determination that she required academic accommodations, has no relevance on the question of whether Defendant discriminated against Plaintiff by firing her due to her disability. Additionally,

3

the accommodations at Dartmouth are completely different than the accommodation Shiber discussed with Centerview, further demonstrating its irrelevance. It appears from Defendant's deposition designations that Defendant intends to use this witness for reasons that should not be permitted at trial. For example, Dr. Lichtenstein testified in substance that Plaintiff did not perform as well as he would have expected on some of the testing related to her request for academic accommodations, and that part of this performance deficiency could be explained by Plaintiff's conscious or subconscious anxiety over wanting to retain such accommodations. To the extent that Defendant intends to use this testimony to discredit Plaintiff in general or in relation to her need for accommodations at Centerview, such use should be prohibited. It is irrelevant. Even if relevant, considering that this testimony regards testing for completely different accommodations for college classes and not an investment banking job, it would mislead the jury, confuse the issues and is overly prejudicial to Plaintiff. For these reasons, Dr. Lichtenstein's medical records (Defendant Ex. 1) and deposition testimony (included on Defendant's witness list) should be excluded.

      Second, and similarly, Plaintiff's treatment by Dr. Hu at Dartmouth before her employment at Centerview does not provide any relevance regarding any accommodation she might have received at Centerview. Dr. Hu met with Plaintiff once in October 2018. He also corresponded with her in 2019 regarding Plaintiff's request for his assistance in obtaining continued academic accommodations. As stated above, Plaintiff's need for academic accommodations in college is irrelevant to the issues that will be presented at trial. Further, it appears that Defendant intends to introduce testimony about Dr. Hu's subjective belief that one of the accommodations Plaintiff required, sporadic absences, could be misused to discredit Plaintiff. Such testimony would mislead the jury, confuse the issues and is overly prejudicial to Plaintiff. Many of Centerview's citations

to Dr. Hu's testimony relate not to his treatment of Shiber while she was a student, but rather her communications with Dr. Hu years later as she attempted to obtain medical records to produce them as part of discovery in this lawsuit. There is no probative value to such communications.

Third, the medical records of Plaintiff's single visit to Outer Cape Health Services are not relevant. Outer Cape Health Services is an urgent care facility that Plaintiff visited on July 3, 2020 due to chest pains and an elevated heartbeat. This visit was three months prior to the start of her employment at Centerview. Plaintiff's symptoms and the treatment she received at Outer Cape shed no light on the material issues at trial including whether Plaintiff was qualified for her position at Centerview, whether Centerview was capable of reasonably accommodating her and what emotional damages she sustained from Centerview's unlawful treatment of her.

In Zhang v. Rosenbaum, Famularo & Segall, P.C., 2025 U.S. Dist. LEXIS 34727, at *13 (E.D.N.Y. Feb. 25, 2025), the court excluded *in limine* medical records that referenced the plaintiff's "use of and/or reliance upon alcohol and various drugs," which the defendant claimed were "crucial" to rebut plaintiff's claim of emotional distress. The court held, "Although Plaintiff seeks an award of emotional distress damages, it is unclear how the medical records at issue demonstrate whether he suffered emotional distress." Here, the records at issue are even less relevant than in Zhang, as they relate to Shiber's medical condition before she even worked at Centerview.

Additionally, the prejudice of the evidence at issue outweighs whatever relevance might exist. Centerview should not be permitted to make arguments based on Dr. Lichtenstein's determination that Plaintiff required an academic accommodation in a college or Dr. Hu's treatment of that condition. The jury could reach the improper conclusion that such past accommodation somehow made her unqualified to work at Centerview. Finally, the records of

5

Outer Cape Health Services could improperly cause the jury to make the erroneous conclusions that she was not capable of working at Centerview, when she was.

## CONCLUSION

For the foregoing reasons, Shiber respectfully requests that her motion in limine be granted and for such further relief as this Court deems just and proper.

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiff*

By: _____
BRIAN HELLER
DAVIDA S. PERRY
3 Park Avenue, Suite 2700
New York, NY 10016
(212) 889-6565
bheller@sphlegal.com

**CLAYMAN ROSENBERG KIRSHNER & LINDER LLP**
*Attorneys for Plaintiff*

By: _____
JAMES F. VALENTINO
305 Madison Avenue, Suite 650
New York, NY 10165
(212) 922-1080
valentino@clayro.com

6