**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KATHRYN SHIBER,

        Plaintiff,

   v.

CENTERVIEW PARTNERS LLC,

      Defendant.

Case No. 1:21-cv-03649

**CENTERVIEW PARTNERS LLC'S PROPOSED**
**JURY INSTRUCTIONS**

Jennifer J. Barrett
Hope D. Skibitsky
Charles H. Sangree
Janice Yoon

QUINN EMANUEL
URQUHART & SULLIVAN LLP
295 5th Ave, New York, NY 10016
Tel: 212-849-7000
Fax: 212-849-7100
jenniferbarrett@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
janiceyoon@quinnemanuel.com
charlessangree@quinnemanuel.com

*Attorneys for Centerview Partners LLC*

1

# TABLE OF CONTENTS

PRE-TRIAL INSTRUCTIONS ................................................................. 6

REQUEST NO. 1.1:  Opening Instructions ................................................ 6

REQUEST NO. 1.2:  Claims and Defenses ................................................ 7

REQUEST NO. 1.3:  "Counsel," "Court," and Rulings on Objections ................. 8

REQUEST NO. 1.4:  Role of the Jury .................................................. 10

REQUEST NO. 1.5:  Jury Conduct ..................................................... 11

REQUEST NO. 1.6:  Burden of Proof .................................................. 13

REQUEST NO. 1.7:  Evidence in the Case .............................................. 14

REQUEST NO. 1.8:  Direct and Circumstantial Evidence ............................... 16

REQUEST NO. 1.9:  Credibility of Witnesses .......................................... 17

REQUEST NO. 1.10:  What Is Not Evidence ............................................. 18

REQUEST NO. 1.11:  Note-Taking Permitted ............................................ 20

REQUEST NO. 1.12:  Order of Trial .................................................. 21

PRE-DELIBERATION INSTRUCTIONS – GENERAL ............................................ 22

REQUEST NO. 2.1:  Role of the Court ................................................ 22

REQUEST NO. 2.2:  Role of the Jury ................................................. 23

REQUEST NO. 2.3:  Witness Credibility .............................................. 25

REQUEST NO. 2.4: Prior Inconsistent Statements ..................................... 26

REQUEST NO. 2.5:  Burden of Proof .................................................. 27

PRE-DELIBERATION INSTRUCTIONS – SUBSTANTIVE ........................................ 28

REQUEST NO. 3.1:  Nature of the Action ............................................. 28

REQUEST NO. 3.2:  ADA Disability Discrimination .................................... 29

REQUEST NO. 3.2(a):  ADA Disability Discrimination – Disabled Person ............... 29

REQUEST NO. 3.2(b):  ADA Disability Discrimination – Qualified Individual ........... 30

REQUEST NO. 3.2(c):  ADA Disability Discrimination – Intentional Discrimination ..... 33

REQUEST NO. 3.2(d):  ADA Disability Discrimination – Resulting Damages .............. 34

REQUEST NO. 3.3:  Disability Discrimination Claims Under The New York State Human Rights Laws, New York City Human Rights Laws, And New Jersey Law Against Discrimination ...................................................................... 36

REQUEST NO. 3.4:  Failure to Provide Reasonable Accommodation Under the ADA ........ 37

REQUEST NO. 3.4(a):  ADA Failure to Provide Reasonable Accommodation – Informed Of Need For Accommodation ............................................................. 38

REQUEST NO. 3.4(b):  ADA Failure to Provide Reasonable Accommodation – Need For Accommodation ........................................................................................................... 38

REQUEST NO. 3.4(c):  ADA Failure to Provide Reasonable Accommodation – Reasonable Accommodation Exists ............................................................................................. 39

REQUEST NO. 3.5:  Failure to Provide Reasonable Accommodation claims Under The New York State Human Rights Laws, New York City Human Rights Laws, and New Jersey Law Against Discrimination. ........................................................................................... 41

REQUEST NO. 3.6:  Failure To Engage In An Interactive Process Under The New Jersey Law Against Discrimination ...................................................................................... 42

REQUEST NO. 3.6(a):  Failure To Engage In An Interactive Process Under The NJLAD – Perform Essential Functions ...................................................................................... 42

REQUEST NO. 3.6(b):  Failure To Engage In An Interactive Process Under The NJLAD – Defendant Aware Of Need For Accommodation .................................................... 44

REQUEST NO. 3.6(c):  Failure To Engage In An Interactive Process Under The NJLAD – Reasonable Accommodation Exists ........................................................................... 44

REQUEST NO. 3.6(d):  Failure To Engage In An Interactive Process Under The NJLAD – Effort To Accommodate ............................................................................................ 44

REQUEST NO. 3.7:  Failure To Engage In Cooperative Dialog Under The New York City Human Rights Laws ................................................................................................... 47

REQUEST NO. 3.7(a):  Failure To Engage In Cooperative Dialog Under The New York City Human Rights Laws – Accommodation Requested .................................................. 47

REQUEST NO. 3.7(b):  Failure To Engage In Cooperative Dialog Under The New York City Human Rights Laws – Failure To Engage .............................................................. 48

REQUEST NO. 3.7(c):  Failure To Engage In Cooperative Dialog Under The New York City Human Rights Laws – Written Final Determination ...................................... 48

REQUEST NO. 3.8:  Retaliation Under the New York City Human Rights Laws ................. 50

REQUEST NO. 3.8(a):  Retaliation Under the New York City Human Rights Laws – Protected Activity ...................................................................................................... 50

REQUEST NO. 3.8(b):  Retaliation Under the New York City Human Rights Laws – Knowledge of Protected Activity ............................................................................. 50

REQUEST NO. 3.8(c):  Retaliation Under the New York City Human Rights Laws – Adverse Employment Action .................................................................................... 51

REQUEST NO. 3.8(d):  Retaliation Under the New York City Human Rights Laws – Causal Connection .................................................................................................................. 51

REQUEST NO. 3.9:  Compensatory Damages – Back Pay .................................................... 52

REQUEST NO. 3.10:  Mitigation of Damages ....................................................................... 53

REQUEST NO. 3.11: Punitive Damages ................................................................................ 56

PRE-DELIBERATION INSTRUCTIONS – CONCLUDING ................................................ 58

REQUEST NO. 4.1:  Jury Deliberations ................................................................................ 58

REQUEST NO. 4.2:  Duty to Deliberate ................................................................. 59

REQUEST NO. 4.3:  Foreperson ............................................................................. 60

REQUEST NO. 4.4:  Return of Verdict ................................................................... 61

In accordance with Rule 51(a)(1) of the Federal Rules of Civil Procedure and Rule 4.B.i of the Court's Individual Practices, Defendant Centerview Partners LLC ("Centerview" or "Defendant") respectfully requests that the Court include the following in its instructions to the jury and permit the jury to retain a copy of these instructions during its deliberations.

<u>**PRE-TRIAL INSTRUCTIONS**</u>

<u>**REQUEST NO. 1.1:  Opening Instructions**</u>

Members of the jury, we are about to begin the trial of the case you heard about during jury selection.  Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before.  Let me briefly explain some of the most common to you.  The party who sues is called the plaintiff.  In this action, the plaintiff is Kathryn Shiber.  The party being sued is called the defendant.  In this action, the defendant is Centerview Partners LLC, which will be referred to as "Centerview" throughout this trial.

**REQUEST NO. 1.2:  Claims and Defenses**

Plaintiff Shiber brought this action against her former employer, Centerview Partners LLC, asserting claims of disability discrimination, failure to accommodate and engage in an interactive dialog, and retaliation pursuant to the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and the New Jersey Law Against Discrimination ("NJLAD").  Centerview denies these claims and asserts that it took action not to discriminate against Ms. Shiber but because, upon learning of her disability, it learned she was unable to fulfill the essential function of her role as an investment banking analyst, which required her to be available to perform her work at all hours.

**REQUEST NO. 1.3:  "Counsel," "Court," and Rulings on Objections**

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.  During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else.  In addition, you should not permit anyone to discuss the case in your presence.  You should avoid reading any news articles that might be published about the case.  You should also avoid watching or listening to any television or radio comments or comments on the Internet about the trial.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible.  You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.  If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case.  When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Source:  3 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions (Civil)* (6th ed. 2021) ("*Federal Jury Practice*"), § 101:01.

**REQUEST NO. 1.4:  Role of the Jury**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision.  You will determine the facts from all the testimony and other evidence that is presented.  You are the sole and exclusive judge of the facts.  I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury.  Such comments are only expressions of my opinion as to the facts.  You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

Source:  *Federal Jury Practice*, § 101.10.

**REQUEST NO. 1.5:  Jury Conduct**

I must also caution you about certain principles governing your conduct as jurors.

First, do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

Third, outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended.  If someone should try to talk to you about the case during the trial, please report it to me immediately.  This includes the lawyers, parties, and witnesses involved in this case.  If you happen to run into a lawyer, party, or witness in the hallway or elevator, don't speak to them, and I've instructed them not to speak to you.

Fourth, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or anyone involved with it.

Fifth, do not do any research or investigation about the case on your own.  This includes using any social media to do any research on the case or to comment during the trial.  That means no X or Twitter, Facebook, Instagram, TikTok, Reddit, or other social media or online discussion boards.

Sixth, do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

Seventh, "it is important that you discharge your duties as jurors without discrimination or bias regarding any party, witness, or counsel on account of race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances."[1]  "You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A [corporation, LLC or investment bank] is entitled to the same fair trial as a private individual.  All persons, including [corporations, LLCs, investment banks], and other organizations stand equal before the law, and are to be treated as equals."[2]

If you need to tell me something, simply give a signed note to the *bailiff or clerk* to give to me.

Source: Adapted from *Federal Jury Practice*, §§ 101.11, 103.12; Preliminary Jury Charge, *Pardovani v. Crown Bldg. Maintenance*, No. 15-cv-9065, ECF No. 217 (S.D.N.Y. Nov. 21, 2022); Eighth Circuit Civil Jury Instructions § 1.08

---

[1]  Eighth Circuit Civil Pattern Jury Instructions, § 1.08.

[2]  *Federal Jury Practice* § 103.12.

12

**REQUEST NO. 1.6:  Burden of Proof**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

<u>Source:</u>  *Federal Jury Practice*, § 101:41.

**REQUEST NO. 1.7:  Evidence in the Case**

The evidence in the case will consist of the following:

1.      The sworn testimony of the witnesses, no matter which party called that person as a witness.

2.      All exhibits received in evidence, regardless of who may have produced the exhibits.

3.      All facts that have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received into evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  In some cases, a deposition may be played for you on videotape.  In other cases, including where a deposition was not videotaped, lawyers may read to you from the witness's deposition transcript.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.[3]

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.  A "stipulation" is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

---

[3]   Ninth Circuit Pattern Jury Instructions – Civil, § 2.4 *Deposition in Lieu of Live Testimony*.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

<u>Source:</u> *Federal Jury Practice*, § 101:40.

**REQUEST NO. 1.8:  Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence is where a person testifies as to what she herself saw or heard or that which she has knowledge of by virtue of her own senses.  Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence.  This is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.  Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

Source:  4 Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions (Civil)* (2023 ed.) ("*Modern Federal Jury Instructions*"), Instruction 74-2.

**REQUEST NO. 1.9:  Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

<u>Source:</u>  *Federal Jury Practice*, § 101:43.

**REQUEST NO. 1.10:  What Is Not Evidence**

To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

A lawyer's question is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may incorporate into a question a statement which assumes certain facts to be true and ask the witness if the statement is true.  If the witness denies the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.  On the other hand, if the witness acknowledges the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is, in fact, true.

Testimony that is stricken or excluded is not evidence and may not be considered by you when you render your verdict.  If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.  Also, if certain testimony is received for a limited purpose – such as for the purpose of assessing a witness's credibility – then you must follow the limiting instructions I give you.

Arguments by lawyers are not evidence because the lawyers are not witnesses.  What they say to you in their opening statements and in their closing statements are intended to help you understand the evidence to reach your verdict.  If, however, your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

Statements which I may make concerning the quality of the evidence do not constitute evidence.

You are to consider only the evidence in this case, but in your consideration of the evidence you are not limited to the statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in the light of your experience.

Source: Adapted from *Modern Federal Jury Instructions*, Instruction 74-1; *Federal Jury Practice*, § 101:40.

**REQUEST NO. 1.11:  Note-Taking Permitted**

During the trial, I will permit you to take notes.  You are not required to take notes.  If you do not take notes, you should not be influenced by the notes of another juror but should rely upon your own recollection of the evidence.

Because many courts do not permit note-taking by jurors, a word of caution is in order. You must not allow your note-taking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down.  Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Your memory should be your greatest asset when it comes time to deciding this case.

Source: *Federal Jury Practice*, § 101:15.

**REQUEST NO. 1.12:  Order of Trial**

The case will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show.  Then, you will hear evidence and testimony from each side.

After the evidence is presented, the parties' lawyers will make closing arguments explaining what they believe the evidence has shown.  What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict.  You will then decide the case.

Source:  Adapted from *Federal Jury Practice*, § 101:02.

## PRE-DELIBERATION INSTRUCTIONS – GENERAL

### REQUEST NO. 2.1:  Role of the Court

You have heard all of the evidence in the case as well as the parties' final arguments.  My duty is to instruct you on the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

You should not single out any instruction as alone stating the law.  Rather, you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base your verdict upon any other view of the law than that which I give to you.

Source:  *Modern Federal Jury Instructions*, Instruction 71-2.

**REQUEST NO. 2.2:  Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven her case.

[I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.]

As to the facts of Plaintiff's claims, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

<u>Source:</u>  *Modern Federal Jury Instructions*, Instruction 71-3.

**REQUEST NO. 2.3:  Witness Credibility**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

<u>Source:</u>  *Federal Jury Practice* § 101.43.

**REQUEST NO. 2.4: Prior Inconsistent Statements**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

<u>Source:</u>  *Federal Jury Practice* § 105:04.

**REQUEST NO. 2.5:  Burden of Proof**

Plaintiff has the burden of proving her claim by a preponderance of the evidence.

Proving by a preponderance of the evidence means to prove that something is more likely the case than not.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Source:  *Federal Jury Practice*, §§ 160:69, 160:54.

## PRE-DELIBERATION INSTRUCTIONS – SUBSTANTIVE

### REQUEST NO. 3.1:  Nature of the Action

This is an action alleging various claims of discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12112(a), in addition to claims under the New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL", respectively) and the New Jersey Law Against Discrimination ("NJLAD").  The defendant, Centerview, denies liability as to all claims.  I will instruct you on the law for each claim, and you must decide whether the plaintiff has met her burden on each element for each claim.

**REQUEST NO. 3.2:  ADA Disability Discrimination**

To prevail on a disability discrimination claim under the ADA, a plaintiff has the burden of proving all four of the following elements by a preponderance of the evidence.[4]

1.  That the plaintiff is a disabled person;

2.  That the plaintiff is a "qualified individual with a disability";

3.  That the defendant "intentionally discriminated against" the plaintiff; and

4.  That as a direct result of the defendant's actions, the plaintiff sustained damages.

I now will explain each of these elements to you in more detail.

**REQUEST NO. 3.2(a):  ADA Disability Discrimination – Disabled Person**

As to the first element, a plaintiff must prove by a preponderance of the evidence she is a disabled person.[5]  To be a disabled person under the ADA, a plaintiff must show one of the following:

a) The plaintiff had a "physical or mental impairment that substantially limited one of the major activities of life, such as caring for herself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working"; or

b) The plaintiff had a "record of such an impairment"; or

c) The plaintiff was "regarded as having such an impairment."

---

[4]  Federal Jury Practice, § 172:20.

[5]  *Id.*

**REQUEST NO. 3.2(b):  ADA Disability Discrimination – Qualified Individual**

The plaintiff also must prove by a preponderance of the evidence she is a "qualified individual with a disability."[6]  "The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."[7]  That is, a plaintiff must show the ability to perform the essential functions of the position, either without any accommodation or with a reasonable accommodation.  You must make this determination based on the date of the plaintiff's termination.[8]

The term "essential functions" for a job means "the fundamental job duties of the position."[9]  In contrast, the term "essential functions" "does not include the marginal functions of the position."[10]  In determining the "essential function," you must give consideration to the employer's judgment as to what functions of a job are essential.[11]  "Along with all the other evidence in the case, you may consider the following in determining the essential functions" of the position to the extent you find any of these factors applicable: 1) "[w]ritten job descriptions prepared for advertising or used when interviewing applicants for the job"; 2) "[t]he amount of time spent on the job performing the function in question"; 3) "[t]he consequences of not requiring

---

[6]  Federal Jury Practice, § 172:20.

[7]  42 U.S.C. § 12111(8); *see also* Federal Jury Practice, § 172:31.

[8]  *McElwee v. Cty. of Orange*, 700 F.3d 635, 642 (2d Cir. 2012).

[9]  Federal Jury Practice, § 172:33.

[10]  Federal Jury Practice, § 172:33.

[11]  Federal Jury Practice, § 172:33; *see also* 42 U.S.C. § 12111(8) (definition of "qualified individual" stating that " consideration ***shall be*** given to the employer's judgment as to what functions of a job are essential" (emphasis added)); *see also Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 579 (1999) (Thomas, J., concurring).

[the employee] to perform the function"; 4) "[t]he work experience of persons who have held the job"; and 5) "the current work experience of persons in similar jobs."[12]  Being available to work unpredictable, long, or late hours may be an essential function of a job.[13]

Although "reallocation of marginal job duties can sometimes constitute a reasonable accommodation, [an employer does] [not have to transfer any of [the plaintiff's] essential job duties to another employee to perform."[14]  It is "not a reasonable accommodation" for an employer to "require" "another employee" "to perform an essential function of the [plaintiff]-employee's job."[15]  Nor would it be considered reasonable for the employer to create a light duty job for the plaintiff.[16]  On the other hand, "reallocation of marginal job duties to another employee" may be a "reasonable accommodation" if requiring an employer to do so would not have "impos[ed] an excessive burden on an [employer or its other employees]."[17]

---

[12]    Federal Jury Practice, § 172:33 (citing 29 C.F.R. § 1630.2(n)).

[13]    *Rosenfeld v. Canon Bus. Sols., Inc.*, 2011 WL 4527959, at *20 (D.N.J. Sept. 26, 2011) (finding plaintiff was unable to perform the "essential job function" of being available for his 11:30 PM to 8:00 AM shift); *Bogner v. Wackenhut Corp.*, 2008 WL 84590, at *4 (W.D.N.Y. Jan. 7, 2008) (interpreting the ADA to find the plaintiff was not "otherwise qualified" to perform an essential function of the security officer job, which entailed "dependable attendance for required shift rotations" and noting "[i]f plaintiff was the only security officer available to fill a minimum staffing requirement during the hours he was advised to work, his absence would put Wackenhut in violation of federal standards."); *Tardie v. Rehabilitation Hosp. of Rhode Island*, 168 F.3d 538, 544 (1st Cir. 1999) (holding that working more than 40 hours per week was an essential function of employee's job as director of human resources).

[14]    Federal Jury Practice, § 172:21.

[15]    *Id.*

[16]    *Hudson v. W. New York Bics Div.*, 73 F. App'x 525 (2d Cir. 2003) (citing *Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1035-36 (2d Cir.1993)).

[17]    Federal Jury Practice, § 172:21.

In any case, an accommodation that requires the employer to eliminate the essential functions of the employee's job is never a reasonable accommodation.[18]  That is because "[t]he term 'reasonable accommodation' does not include efforts that would cause an undue hardship on [the employer]."[19]  "The term "undue hardship" means an action requiring significant difficulty or expense."[20]  The employer bears the burden of establishing what would have been an undue hardship.[21]

"[A]n employer's duty to reasonably accommodate a disabled employee does not require the employer to excessively burden [its other employees]."[22]

"The fact [an employer] may have offered certain accommodations to [an employee] in the past as a temporary experiment or as an act of compassion . . . does not mean that the same accommodations must be forever extended to [the employee] as a matter of law, or that those accommodations are necessarily reasonable under the ADA."[23]  "Otherwise, an employer would be reluctant to offer benefits or concessions to disabled employees for fear that, by once providing the benefit or concession, the employer would forever be required to provide that

---

[18]  *McMillan*, 711 F.3d at 127 ("[a] reasonable accommodation can never involve the elimination of an essential function of a job.") (quoting *Shannon v. N.Y.C. Transit Auth.,* 332 F.3d 95, 100 (2d Cir. 2003); *see also Smith v. Blue Cross Blue Shield of Kansas, Inc.*, 102 F.3d 1075, 1076 (10th Cir. 1996), cert. denied, 522 U.S. 811, 118 S.Ct. 54, 139 L.Ed.2d 18 (1997) (accommodation that required eliminating job's essential function would not be reasonable).

[19]  Federal Jury Practice, § 172:39.

[20]  *Id.*

[21]  *Id.*

[22]  *Id.*; *see also Shannon v. New York City Transit Auth*., 332 F.3d 95, 100 (2d Cir. 2003); *see also Clark v. Coca-Cola Beverages Northeast, Inc*., 2022 WL 92060, at *2-3 (2d Cir. 2022).

[23]  Federal Jury Practice, § 172:21.

accommodation."[24]  "The fact an [interim or experimental] accommodation has been provided by [the employer] in the past to [the plaintiff] or to another disabled employee, does not necessarily mean the particular accommodation is a reasonable one.  Instead, you must determine its reasonableness under all the evidence in the case. Instead, you must determine its reasonableness under all the evidence in the case. "[25]

## REQUEST NO. 3.2(c):  ADA Disability Discrimination – Intentional Discrimination

A plaintiff also must show by a preponderance of the evidence that the defendant "intentionally discriminated against" the plaintiff.  Under the ADA, that means the plaintiff must show that the fact that she had a disability was the "but-for cause" of the adverse employment action, not simply a motivating factor.[26]

"You should be mindful that the law applicable to this case requires only that [the employer] not discriminate against [the plaintiff] because of [her] disability.  [An employer] may otherwise terminate an employee, for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for [the plaintiff] to lead you to substitute

---

[24]  *Id.*

[25]  *Id.*

[26]  *Natofsky v. City of New York*, 921 F.3d 337, 348-50 (2d Cir. 2019) (overruling use of motivating factor test in ADA cases).

your own judgment for that of [the defendant.]"[27]  This is the case even if "you personally may not approve of the action taken and would have acted differently under the circumstances."[28]

It is not discrimination for an employer to take an adverse employment action against an employee because that employee, due to a disability, cannot perform an essential function of the job.[29]

## REQUEST NO. 3.2(d):  ADA Disability Discrimination – Resulting Damages

The plaintiff must also prove that, as a direct result of the defendant's actions, the plaintiff sustained damages.[30]

*****

If you find that the plaintiff failed to prove any of these four elements by a preponderance of the evidence, you must render a verdict in favor of the defendant on this claim.

---

[27]  Federal Jury Practice, § 172:64; 42 U.S.C. § 12111(8); *Montana v. First Fed. Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 106 (2d Cir. 1989) (noting fact-finders are not "roving commission to review business judgments" of employer's employment decisions in discrimination cases).

[28]  Federal Jury Practice, § 172:64; *see Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985), cert. denied, 474 U.S. 829 (1985) (noting fact-finders "must refrain from intruding into an employer's policy apparatus or second-guessing a business's decision-making process.").

[29]  *Snowden v. Trs. of Columbia Univ.*, 612 F. App'x 7, 9 (2d Cir. 2015) (affirming district court finding that employer did not discriminate against employee on basis of disability where the employee did not dispute that certain tasks "were essential functions of her position" and where "the undisputed facts support the district court's ruling ... that there were essential functions of [the employee]'s job that she could not perform" because of her disability); *see, e.g.*, *Sharma v. Potter*, 2008 WL 461377, at *3 (S.D.N.Y. Feb. 14, 2008) ("[d]efendants contend that the essential functions of the ... position include the ability to lift up to seventy pounds, to carry forty-five pounds, to walk and stand for up to eight hours a day and to pull, bend and reach above the shoulder on a consistent basis.  Plaintiff proffers no evidence to the contrary.  Thus, plaintiffs [sic] requested accommodation-assigning to him only the "light duties" of an [Sales, Service and Distribution Associate] consistent with his medical limitations-would eliminate the essential functions of the ... position.").

[30]  Federal Jury Practice, § 172:20.

<u>Source:</u> Federal Jury Practice, § 172:20, 21, 31-33, 39, 40, 64; 42 U.S.C. § 12111(8)); 29 C.F.R. § 1630.2; *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 579 (1999); *Borkowski v. Valley Central School Dist.*, 63 F.3d 131, 138 (2d Cir. 1995); *McBride v. BIC Consumer Products Management Co.*, 583 F.3d 92, 98 (2d Cir. 2009).

**<u>REQUEST NO. 3.3:  Disability Discrimination Claims Under The New York State Human Rights Laws, New York City Human Rights Laws, And New Jersey Law Against Discrimination.</u>**

A claim of disability discrimination under the New York State Human Rights Laws, the New York City Human Rights Laws, and the New Jersey Law Against Discrimination have the same elements as the ADA discrimination claim.

<u>Source:</u>  *Fatcheric v. Bartech Grp., Inc.*, No. 15-cv-9702 (WHP), 2017 WL 3084418, at *5 (S.D.N.Y. July 19, 2017) (noting that the NYSHRL and NYCHRL have very similar requirements with respect to the ADA's "essential functions" test); *Ross v. M.A.C. Cosmetics, Inc.*, 2014 WL 2758758, at *4 (D.N.J. Jun. 17, 2014) (internal citations and quotations omitted). *Van de Pol v. Caesars Hotel Casino*, 979 F. Supp. 308, 312 (D.N.J. 1997) ("all conclusions reached by this court regarding plaintiff's ADA claim apply equally to plaintiff's NJLAD claim").

**REQUEST NO. 3.4:  Failure to Provide Reasonable Accommodation Under the ADA**

To prevail on a claim of failure to provide a reasonable accommodation under the ADA, a plaintiff must prove each of the following elements by a preponderance of the evidence.

1.    The plaintiff had a "disability," as defined in Instruction 3.2(a).[31]

2.    The plaintiff "was a 'qualified individual,'" as defined in Instruction 3.2(b).[32]

3.    The defendant "was informed of [the plaintiff's] need for an accommodation due to a disability."[33]

4.    The plaintiff "could have performed the essential functions of the job if [the defendant] had provided [the plaintiff] with"[34] a reasonable accommodation after engaging in what the law calls "the interactive process."[35]

5.    The plaintiff must demonstrate an accommodation existed which "would have been reasonable" for the defendant to implement.[36]

I already have explained the first two elements to you in Instruction Nos. 3.2(a) and 3.2(b).  I now will explain the last three elements.

---

[31]  Federal Jury Practice, § 172:21.

[32]  *Id.*

[33]  *Id.*

[34]  Federal Jury Practice, § 172:21.

[35]  *Costabile v. N.Y.C. Health & Hospitals Corp.*, 951 F.3d 77, 81 (2d Cir. 2020) (per curiam) ("To trigger the duty to engage the interactive accommodations process, the employer must have known, or have had sufficient notice such that the employer reasonably should have known, that the employee has a disability within the meaning of the Act, as opposed to a mere impairment.").

[36]  *See* Federal Jury Practice, § 172:21.

**REQUEST NO. 3.4(a):  ADA Failure to Provide Reasonable Accommodation – Informed Of Need For Accommodation**

The ADA requires that the plaintiff prove, by a preponderance of the evidence, that the defendant "was informed of [the plaintiff's] need for an accommodation due to a disability."[37] This means the employer had some form of notice that the employee was disabled.[38]

**REQUEST NO. 3.4(b):  ADA Failure to Provide Reasonable Accommodation – Need For Accommodation**

The ADA requires employers and employees to work together in an interactive process to assess whether an employee's disability can be reasonably accommodated.[39]  An employee seeking an accommodation is obliged to participate in this interactive process in order to help the employer identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.[40]  However, the employer is not required to continue to engage in the interactive process "where, in the end, no accommodation [is] possible."[41]

---

[37]  *Id.*

[38]   *McMillan v. City of New York*, 711 F.3d 120, 125-26 (2d Cir. 2013); *see also Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 135 (2d Cir. 2008); *Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 81–83 (2d Cir. 2020).

[39]  Federal Jury Practice, § 172:21.

[40]  Federal Jury Practice, § 172:21.

[41]  *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 100 (2d Cir. 2009).

**REQUEST NO. 3.4(c):  ADA Failure to Provide Reasonable Accommodation – Reasonable Accommodation Exists**

The plaintiff must demonstrate an accommodation existed which "would have been reasonable" for the defendant and the particular job at issue here.[42]  If you find the defendant failed to engage in the interactive process, the plaintiff still must prove by a preponderance of the evidence that a reasonable accommodation was possible that would have allowed her to fulfill the essential functions of the role.[43]  In addition to the instructions I provided on what accommodations are reasonable in Instruction 3.2(b), you may consider whether "the costs of [the] accommodation would not have clearly exceeded the benefits."[44]  The analysis of the costs and benefits of the accommodation's reasonability should "include consideration of the industry to which the employer belongs as well as the individual characteristics of the particular defendant-employer."[45] If the employer claims the accommodation would create an undue hardship, it bears the burden of establishing what would have been an undue hardship under these factors and those I explained in the ADA Disability Discrimination claim in Instruction 3.2(b).

*****

If you find that the plaintiff failed to prove any of these elements by a preponderance of the evidence, you must render a verdict in favor of the defendant on this claim.

---

[42]    *Federal Jury Practice*, § 172:21.

[43]    *McBride*, 583 F.3d at 101 ("[t]he employer's failure to engage in such an interactive process … does not relieve a plaintiff of her burden of demonstrating, following discovery, that some accommodation of her disability was possible."); *Monterroso*, 591 F. Supp. 2d at 579.

[44]    *Id.*; *Borkowski v. Valley Central School Dist.*, 63 F.3d 131, 139 (2d Cir. 1995) ("District courts will not be required to instruct juries on how to apply complex economic formulae; a common-sense balancing of the costs and benefits in light of the factors listed in the regulations is all that is expected.").

[45]    *Borkowski*, 63 F.3d at 139; 34 C.F.R. § 104.12(b); 45 C.F.R. § 84.12(b); cf. 42 U.S.C. § 12111(10).

<u>Source:</u>  Federal Jury Practice, § 172:31-33, 40, 64; *Costabile v. N.Y.C. Health & Hospitals Corp.*, 951 F.3d 77, 81 (2d Cir. 2020) (per curiam); *Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 419 (S.D.N.Y. 2017); *McBride*, 583 F.3d at 101; *Monterroso v. Sullivan & Cromwell, LLP,* 591 F. Supp. 2d 567, 579 (S.D.N.Y. Oct. 27, 2008).

## REQUEST NO. 3.5:  Failure to Provide Reasonable Accommodation Claims Under The New York State Human Rights Laws, New York City Human Rights Laws, and New Jersey Law Against Discrimination.

A plaintiff's claim of failure to provide a reasonable accommodation against a defendant under the New York State Human Rights Laws, the New York City Human Rights Laws, and the New Jersey Law Against Discrimination each require the plaintiff to satisfy the same elements as for an ADA failure to provide reasonable accommodation claim.

Source:  *Romanello v. Shiseido Cosmetics Am. Ltd.,* 2002 WL 31190169, at *7 (S.D.N.Y. Sept. 30, 2002); *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 76 (2d Cir. 2019) (noting NYSHRL, NYCHRL, and NJLAD failure to accommodate claims are analyzed in the same way as ADA claims); *see also McKenna v. Santander Investment Securities Inc.*, No. 21-cv-941 (DLC), 2022 WL 2986588, *7 (S.D.N.Y. July 28, 2022) ("Claims under the NYSHRL for a failure to accommodate are governed by the same legal standards as federal ADA claims." (citing *Fox*, 918 F.3d at 76)); *Campbell v. IPsoft Inc.*, No. 18-cv-10684 (DF), 2021 WL 4248861, at *21 (S.D.N.Y. Sept. 17, 2021); *Rich v. Verizon New Jersey Inc.*, No. 16-cv-1895 (FLW) (DEA), 2017 WL 6314110, at *21 n. 16 (D.N.J. Dec. 11, 2017).

**REQUEST NO. 3.6:  Failure To Engage In An Interactive Process Under The New Jersey Law Against Discrimination**

The plaintiff also claims that the defendant unlawfully failed to accommodate her disability under the NJLAD.  To prevail, the plaintiff must prove each of the following elements by a preponderance of the evidence.

1.  The plaintiff must prove that she had a "disability" as defined in Instruction 3.2(a).[46]

2.  The plaintiff must prove that she was able to perform all of the essential functions of the job, either without any accommodation or with a reasonable accommodation.

3.  The plaintiff must prove that the defendant was aware of her need for a reasonable accommodation.

4.  The plaintiff must prove a reasonable accommodation actually existed that would have allowed her to perform the essential functions of her job.

5.  The plaintiff must prove that the defendant did not make a good faith effort to find a reasonable accommodation, which would have allowed the plaintiff to perform the essential functions of the job.

I already have explained the first element to you in Instruction No. 3.2(a).  I now will explain the last four elements.

**REQUEST NO. 3.6(a):  Failure To Engage In An Interactive Process Under The NJLAD – Perform Essential Functions**

The plaintiff must prove that she was able to perform all of the essential functions of the job, either without any accommodation or with a reasonable accommodation.  In determining

---

[46]  *See* N.J.S.A. § 10:5-5(q).

whether the plaintiff was able to perform all of the essential functions of the job, you must consider which job functions were essential.[47]  Whereas the plaintiff bears the burden of proving that she could perform the essential functions of the job either without any accommodation or with a reasonable accommodation, if there is a dispute between the parties about whether a particular job function is essential, the defendant bears the burden of proving that the function is essential under the NJLAD.[48]

In determining whether a job function is essential, you should consider the following principles along with those I explained in Instruction No. 3.2(b): 1) a function may be essential because the reason the job exists is to perform the function; 2) a function may be essential because of the limited number of employees among whom that work can be distributed; and 3) a function may be essential because it is highly specialized and the person doing the job is chosen because of the person's expertise.[49]

In deciding whether a job function is essential, you should consider written job descriptions, the amount of time that the person doing the job spends performing that particular function, the consequences of not requiring the person doing the job to perform that particular function, the terms of any union collective bargaining agreement that applies to the job, and whether other employees doing that job or similar jobs are required to perform that particular function.[50]

---

[47]  New Jersey Model Civil Jury Charges, Charge 2.26, *Failure To Accommodate Employee With Disability Under The New Jersey Law Against Discrimination*, https://www.njcourts.gov/courts/civil/model-civil-jury-charges (last visited January 18, 2026).

[48]  *Id.*

[49]  *Id.*

[50]  *Id.* (citing 29 *C.F.R.* §1630.2(n) and noting "[t]here is no definition of "essential functions" in the LAD, the New Jersey regulations promulgated under the statute, or New Jersey state court case law interpreting the statute.").

**REQUEST NO. 3.6(b):  Failure To Engage In An Interactive Process Under The NJLAD –**
**Defendant Aware Of Need For Accommodation**

The plaintiff must prove that the defendant was aware of her need for a reasonable accommodation.  The plaintiff may do so by offering evidence that she requested an accommodation from the defendant.  It is not necessary that requests for accommodation be in writing or even use the phrase "reasonable accommodation".  An employee may use plain English and need not mention any law requiring accommodation.  Although there are no magic words that the employee must use, the employee must make clear to the employer that the employee needs some assistance in performing the job because of the employee's disability.[51]

**REQUEST NO. 3.6(c):  Failure To Engage In An Interactive Process Under The NJLAD –**
**Reasonable Accommodation Exists**

The plaintiff must prove a reasonable accommodation actually existed that would have allowed her to perform the essential functions of her job.  I have already given you instructions on what constitutes a reasonable accommodation in Instruction 3.2(b).[52]

**REQUEST NO. 3.6(d):  Failure To Engage In An Interactive Process Under The NJLAD –**
**Effort To Accommodate**

The plaintiff must prove that the defendant did not make a good faith effort to find a reasonable accommodation, which would have allowed the plaintiff to perform the essential functions

---

[51]  New Jersey Model Civil Jury Charges, Charge 2.26 (citations omitted).

[52]  *See id.* (noting list of examples is "not intended to be exhaustive").

of the job.[53]  Once the employer has become aware of the employee's need for assistance, an employer must initiate an informal interactive process with the employee to determine what appropriate accommodation is necessary to permit the employee to perform the essential functions of the job. Under the NJLAD, this process must identify the potential reasonable accommodations that could be adopted to overcome the employee's precise limitations resulting from the disability.  Engaging in the interactive accommodation process does not dictate that the employer must make any particular concession, but instead what it requires is that the employer make a good-faith effort to seek accommodations.  "Good faith" means that the employer acted honestly in its attempt to find a reasonable accommodation.[54]

If the defendant proves by a preponderance of the evidence that providing an accommodation would have imposed an undue hardship on the operation of its business, the accommodation is not reasonable.[55]  In determining whether an accommodation would impose undue hardship on the operation of an employer's business, you should consider the following factors:  (a) the overall size of the employer's business with respect to the number of employees, number and type of facilities, and size of budget; (b) the type of the employer's operations, including the make-up and structure of the employer's workforce; (c) the nature and cost of the accommodation needed, taking into consideration the availability of tax credits and deductions and/or outside funding; and (d) the extent to which accommodation would involve taking away an essential function of the job.[56]

*****

---

[53]  *Id.*

[54]  *Id.*

[55]  *See id.*

[56]  *Id.* (citing N.J.A.C. § 13:13-2.5(b)(3)).

If you find that the plaintiff failed to prove any of these elements by a preponderance of the evidence, you must render a verdict in favor of the defendant on this claim.

<u>Source:</u>  New Jersey Model Civil Jury Charges, Charge 2.26, *Failure To Accommodate Employee With Disability Under The New Jersey Law Against Discrimination*, https://www.njcourts.gov/courts/civil/model-civil-jury-charges (last visited January 18, 2026); *see, e.g., Lasky v. Borough of Hightstown*, 426 *N.J. Super*. 68, 78 (App. Div. 2012) (holding that when plaintiff's need for accommodation is obvious, there is no requirement that plaintiff request accommodation before filing suit in order to prevail on failure-to-accommodate claim); *N.J.A.C.* 13:13-2.5(b)(2) (requiring employer to consider reasonable accommodation before firing, demoting, or refusing to hire or promote person with disability on grounds that disability precludes job performance); *Tynan v. Vicinage 13 of Superior Court of New Jersey*, 351 *N.J. Super*. 385, 400 (App. Div. 2002), *certif. denied*, 183 *N.J.* 215 (2005); *N.J.A.C.* 13:13-2.5(b) (requiring employer to provide reasonable accommodation "unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business").

**REQUEST NO. 3.7:  Failure To Engage In Cooperative Dialog Under The New York City Human Rights Laws**

The plaintiff also claims that the defendant unlawfully failed to engage in the cooperative dialog under the NYCHRL  To prevail, the plaintiff must prove each of the following elements by a preponderance of the evidence.[57]

1. The plaintiff must prove that she had a "disability" as defined in Instruction 3.2(a).[58]

2. The plaintiff must prove she requested an accommodation.

3. The plaintiff must prove the defendant refused or otherwise failed to engage in a cooperative dialog within a reasonable time.

4. The plaintiff must show that the defendant, upon reaching a final determination at the conclusion of a cooperative dialog, failed to provide the plaintiff with a written final determination identifying any accommodation granted or denied.

I already have explained the first element to you in Instruction No. 3.2(a).  I now will explain the last three elements.

**REQUEST NO. 3.7(a):  Failure To Engage In Cooperative Dialog Under The New York City Human Rights Laws – Accommodation Requested**

The plaintiff must prove that she made a request to the defendant for an accommodation.[59]

---

[57]  N.Y.C. Admin. Code § 8-107(28)(a)(2).

[58]  *See* N.Y.C. Admin. Code § 8–102 (definition of "disability").

[59]  N.Y.C. Admin. Code § 8-107(28)(a)(2).

**REQUEST NO. 3.7(b):  Failure To Engage In Cooperative Dialog Under The New York City Human Rights Laws – Failure To Engage**

The plaintiff must also prove that the defendant "refuse[d] or otherwise fail[ed] to engage in a cooperative [d]ialog within a reasonable time."[60]  This means the employer and the employee "engage in good faith in a written or oral [d]ialog concerning the person's accommodation needs; potential accommodations that may address the person's accommodation needs, including alternatives to a requested accommodation; and the difficulties that such potential accommodations may pose for the covered entity."[61]  The cooperative dialog does not "require an employer to 'give the employee what the employee is demanding.'"[62]  The cooperative dialog also does not require that the employee be satisfied with that process or that the process result in the individual's preferred accommodation.[63]

**REQUEST NO. 3.7(c):  Failure To Engage In Cooperative Dialog Under The New York City Human Rights Laws – Written Final Determination**

The plaintiff must also prove that the defendant "[u]pon reaching a final determination at the conclusion of a cooperative [d]ialog," failed to provide the plaintiff with "a written final determination identifying any accommodation granted or denied."[64]  This written determination does not require a "written justification" for the employer's decision.[65]

---

[60]  *Id.*

[61]  *McSweeney v. Cohen*, 776 F. Supp. 3d 200, 249-50 (S.D.N.Y. 2025) (citing *Hosking v. Mem'l Sloan-Kettering Cancer Ctr.*, 186 A.D.3d 58, 126 N.Y.S.3d 98, 103 (1st Dep't 2020) and quoting N.Y.C Admin. Code § 8-102)).

[62]  *Id.*

[63]   *Stuart v. T-Mobile USA, Inc.*, 2015 WL 4760184, at *10–11 (S.D.N.Y. Aug. 12, 2015)

[64]  N.Y.C. Admin. Code § 8-107(28)(d).

[65]  *Goolsby v. City of New York*, 83 Misc. 3d 445, 448 (N.Y. Sup. Ct. 2024).

\*\*\*\*\*

If you find that plaintiff failed to prove any of these elements by a preponderance of the evidence, you must render a verdict in favor of defendant.

<u>Source:</u>  N.Y.C. Admin. Code §§ 8–102, 8-107(28)(a)(2), 8-107(28)(d).

**REQUEST NO. 3.8:  Retaliation Under the New York City Human Rights Laws**

The plaintiff also claims that the defendant unlawfully retaliated against her for requesting to accommodate her disability under the NYCHRL.  To prevail, the plaintiff must prove each of the following elements by a preponderance of the evidence.[66]

1. The plaintiff must prove she engaged in an activity protected under the law.

2. The plaintiff must prove the defendant subjected the plaintiff to an adverse employment action.

3. The plaintiff prove by a preponderance of the evidence there is a causal connection between the plaintiff engaging in the protected activity and the adverse employment action.


**REQUEST NO. 3.8(a):   Retaliation Under the New York City Human Rights Laws – Protected Activity**

A "protected activity" under the NYCHRL is an activity in which the employee "oppose[d] discrimination",[67] or "request[s] a reasonable accommodation."[68]

**REQUEST NO. 3.8(b):   Retaliation Under the New York City Human Rights Laws – Knowledge of Protected Activity**

For the defendant to have known that the plaintiff engaged in the protected activity, the defendant or its employees must have been aware that plaintiff engaged in the protected activity under the NYCHRL.[69]

---

[66]  *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013)

[67]  *Fletcher v. Dakota, Inc.*, 948 N.Y.S.2d 263, 269 (N.Y. App. Div. 2012) (citing  Code § 8–107(7)).

[68]  *Martinez v. Staten Island Univ. Hosp.*, 2026 WL 35930, at *19 (E.D.N.Y. Jan. 6, 2026) (citing N.Y.C. Admin. Code § 8–107(7)(v)).

[69]  *Id.*

**REQUEST NO. 3.8(c):  Retaliation Under the New York City Human Rights Laws – Adverse Employment Action**

Under the NYCHRL, an "adverse employment action" is one whereby an employer took action towards an employee in a way that disadvantaged the employee or that would deter the employee from taking protected actions.[70]

**REQUEST NO. 3.8(d):  Retaliation Under the New York City Human Rights Laws – Causal Connection**

Under the NYCHRL, there is a causal connection between the plaintiff engaging in the protected activity and the adverse employment action if the employer took its course of action for the purpose of retaliating against the employee for engaging in the protected activity.  There is not a causal connection between the employer's adverse employment action and the protected activity if the employer acted for a reason other than because the employee engaged in protected activity, including because the employee's disability prevented the employee from performing the essential functions of the job.[71]

*****

If you find that the plaintiff failed to prove any of these elements by a preponderance of the evidence, you must render a verdict in favor of the defendant.

---

[70]    *Id.* (citing *Albunio v. City of New York*, 889 N.Y.S.2d 4 (N.Y. App. Div. 2009)).

[71]    *See Snowden v. Trs. of Columbia Univ.*, 612 F. App'x 7 (2d Cir. 2015) (noting finding that plaintiff "she could not perform the essential functions of her position, with or without a reasonable accommodation" obviated any inference of discrimination); *Jacobsen v. New York City Health & Hosps. Corp.*, 22 N.Y.3d 824, 838 (2014) (under the NYCHRL, "the lack of an interactive process is relevant primarily to the issue of whether a reasonable accommodation was available for the employee's disability and does not substantially impact the court's or the factfinder's determination of causation."); *see also Kraiem v. JonesTrading Institutional Servs. LLC*, 571 F. Supp. 3d 53, 62 (S.D.N.Y. 2021) (finding insufficient allegations of causal connection to support NYCHRL retaliation claim).

<u>Source</u>:  *Pilgrim v. McGraw–Hill Companies, Inc.*, 599 F. Supp. 2d 462, 469 (S.D.N.Y. 2009); *Ya-Chen Chen v. City University of New York*, 805 F.3d 59, 76 (2d Cir. 2015) (quoting *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 112 (2d Cir. 2013) and citing N.Y.C. Admin. Code § 8–107(7)).

### REQUEST NO. 3.9:  Compensatory Damages – Back Pay

I will now instruct you on damages that the plaintiff may recover on her claims if you find in favor of plaintiff on any of her claims.  Just because I am instructing you on damages, however, does not mean that I have any opinion on whether damages should be awarded.[72]  My instructions on damages are provided for your guidance only in the event that you find in favor of the plaintiff. In that case, you must determine an amount that is fair compensation.  In doing so, you may award compensatory damages only for injuries that the plaintiff proves were caused by the defendant's allegedly wrongful conduct.   The compensatory damages that you award must be fair compensation—no more and no less.[73]  Your award of backpay, if any, is advisory—this means the judge will consider whether any back pay award is reasonable under the law.[74]  In this case, you may award back pay, reduced by mitigation, if any.

"In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require [a plaintiff]

---

[72]  Final Jury Instructions, *Kaloma Cardwell v. Davis Polk & Wardwell LLP et al.*, 19 Civ. 10256 (GHW) (S.D.N.Y. 2024) (Dkt. No. 413 at 252).

[73]  Federal Jury Practice, § 172:70

[74]  *Murray v. UBS Sec., LLC*, 2020 WL 7384722, at *7 (S.D.N.Y. Dec. 16, 2020).

to prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit."[75]

"If you determine the defendant discriminated against the plaintiff in terminating her, then you must determine the amount of damages that the defendant's actions have caused the plaintiff" including "any lost wages and benefits, taking into consideration any increases in salary and benefits that plaintiff would have received had plaintiff not been discriminated against."[76]  The backpay period is usually measured from the date of the termination until the date of judgment, but you may shorten the period based on the evidence, including when an applicant voluntarily removes herself from the job market.[77]  Here, any award for backpay must take into account that the position for which the plaintiff was hired had a maximum duration of approximately three years.[78]


## REQUEST NO. 3.10:  Mitigation of Damages

"If you determine [the plaintiff] is entitled to damages, you must reduce these damages by: 1) what [the plaintiff] later earned; and 2) what [the plaintiff] could have earned by reasonable

---

[75]    Federal Jury Practice, § 172:70.

[76]    Federal Jury Practice, § 172:71; *see Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993) ("The purpose of back pay is to "completely redress the economic injury the plaintiff has suffered as a result of discrimination.");

[77]    *Gilbert v. Hotline Delivery*, 2001 WL 799576, at *2 (SDNY 2001).

[78]    *E.E.O.C. v. Joint Apprenticeship Comm. of Joint Indus. Bd. of Elec. Indus.*, 186 F.3d 110, 124 (2d Cir. 1999) (noting district court may not speculate about whether plaintiff would have completed multi-year training program when awarding backpay); *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993) ("The purpose of back pay is to completely redress the economic injury the plaintiff has suffered as a result of discrimination."); *Tse v. New York Univ.*, 190 F. Supp. 3d 366, 371 (S.D.N.Y. 2016) ("In general, a plaintiff in an employment discrimination case is entitled to back pay from date of the discrimination through the date of judgment.").

effort during the period from her discharge until the date of this trial."[79]  That is because the law requires a plaintiff to have made "every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment after termination."  This is referred to as "mitigation of damages."[80]  It is the defendant's burden to "prove by a preponderance of the evidence that [the plaintiff] failed to mitigate her lost compensation damages."[81]

The law does not allow a plaintiff to claim damages if she could have "accept[ed] employment that is 'of a like nature,'" including by turning down similar jobs.[82]  In determining whether a different job is 'of a like nature,' you may consider: 1) the type of work; 2) the hours she worked or would have worked had she accepted a comparable job offered to her; 3) the compensation; 4) the job security; 5) the working conditions; and 6) other conditions of employment."[83]  Furthermore, "[y]ou must decide whether [the plaintiff] acted reasonably in not seeking or accepting a particular job.  If you determine [the plaintiff] did not make reasonable efforts to obtain another similar job, you must decide whether any damages awarded resulted from her failure to do so.  You must not compensate [the plaintiff] for any portion of [her alleged] damages resulting from [her] failure to make reasonable efforts to reduce [her] damages."[84]

*****

---

[79]  Federal Jury Practice, § 172:75.

[80]  *Id.*.

[81]  *Id.*

[82]  *Id.*

[83]  Federal Jury Practice, § 172:75;  *Ford Motor Co. v. EEOC,* 458 U.S. 219, 231-32 (1982) (noting an unemployed claimant "is subject to the statutory duty to minimize damages ... forfeit[ing] his right to backpay if he refuses a job substantially equivalent to the one that was denied.").

[84]  *Id.*

To determine the total amount of compensatory damages, you should add up any back pay damages you have awarded and then reduce that amount by the total amount of mitigation.

<u>Source:</u>  Federal Jury Practice, § 172:70-72, 75.

**REQUEST NO. 3.11: Punitive Damages**

To be entitled to additional punitive damages, a plaintiff must prove by a preponderance of the evidence that the defendant acted "with malice or reckless indifference to [her] rights."[85] "Malice" and "reckless indifference" in this context refer to the employer's knowledge that it may be acting in violation of federal law, not your perception of the egregiousness of the employer's conduct.[86]  If you find the evidence supports this claim, you may award "punitive damages in addition to compensatory damages."[87]

"In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct.  An award of punitive damages is appropriate only if you first find for [the plaintiff] and then further find from a preponderance of the evidence:

- ***First***, that a higher management official personally acted with malice or reckless indifference to the plaintiff's federally protected rights; and

- ***Second***, that [defendant] itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace."[88]

"If you find they should be awarded, . . . [p]unitive damages must bear a reasonable relationship to the plaintiff's actual injury.  However, there is no simple way to link punitive to compensatory damages.  In determining a reasonable relationship to the actual injury, you must consider all relevant factors.  These factors include:

---

[85]   Federal Jury Practice, § 172:74.

[86]   *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535 (1999); *see also Weissman v. Dawn Joy Fashions, Inc.,* 214 F.3d 224, 235–36 (2d Cir.2000) (vacating jury's punitive damage award based on absence of evidence indicating employer "discriminate[d] in the face of a perceived risk that its actions [would] violate" the plaintiff's ADA rights).

[87]   Federal Jury Practice, § 172:74.

[88]   *Id.*

1.      The impact or severity of defendant's conduct;

2.      The amount of time defendant conducted itself in this manner;

3.      The amount of compensatory damages;

4.      The potential profits defendant may have made from defendant's conduct;

5.      The attitudes and actions of defendant's top management after the misconduct was

discovered; and

6.      The effect of the damages award on defendant's financial condition."[89]

<u>Source:</u>  Federal Jury Practice, § 172:74.

---

[89]  *Id.*

## PRE-DELIBERATION INSTRUCTIONS – CONCLUDING

### REQUEST NO. 4.1:  Jury Deliberations

You are about to go into the jury room and begin your deliberations.  Copies of the exhibits will be brought into the jury room for your review.  If you want any of the testimony read, you may also request that.  Please remember that it is not always easy to locate what you might want, so try to be as specific as you possibly can in requesting portions of the testimony.

Your requests for testimony—or any other communication with the Court—should be made to me in writing, signed by your foreperson, and given to one of the United States Marshals. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Source: Adapted from *Modern Federal Jury Instructions*, Instruction 78-1.

**REQUEST NO. 4.2:  Duty to Deliberate**

You will now return to decide this case.  In order to prevail, Ms. Shiber must sustain her burden of proof by a preponderance of the evidence on each element of her claims, as I have explained it to you.  If you find that Ms. Shiber has failed to sustain her burden on any element of her claims, you should return a verdict on that claim against her and for Centerview.

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching a unanimous verdict.  Each of you must decide the case for yourselves, but you should do so only after consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous on each and every question that you must decide, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a unanimous verdict or solely because of the opinions of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Source:  Adapted from *Modern Federal Jury Instructions*, Instruction 78-3.

**REQUEST NO. 4.3:  Foreperson**

When you retire, you should select one member of the jury as your foreperson.  That person

will preside over the deliberations and speak for you in open court.

Source:  *Modern Federal Jury Instructions*, Instruction 78-5.

**REQUEST NO. 4.4:  Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I have prepared a general verdict form for you to use in recording your decision.  On the form, there is a space to indicate your verdict on the plaintiff's claims.  Remember, the verdict must be unanimous and must reflect the conscientious judgment of each juror.

I stress that each of you must be in agreement with the verdict which is announced in court. In other words, your verdict on each question must be unanimous.  Once your verdict is announced by your foreperson in open court and officially recorded, it ordinarily cannot be revoked.

Source:  *Modern Federal Jury Instructions*, Instructions 78-6, 78-7.

Dated: January 27, 2025

Respectfully submitted,


By:    */s Hope D. Skibitsky*

    Jennifer J. Barrett
    Hope D. Skibitsky
    Janice Yoon
    Charles Sangree
    QUINN EMANUEL
    URQUHART & SULLIVAN LLP
    295 5th Ave, New York, NY 10016
    Tel: 212-849-7000
    Fax: 212-849-7100
    jenniferbarrett@quinnemanuel.com
    hopeskibitsky@quinnemanuel.com
    janiceyoon@quinnemanuel.com
    charlessangree@quinnemanuel.com
    *Attorneys for Centerview Partners LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2026, I electronically filed the foregoing Proposed Jury

Instructions with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to the following:

SCHWARTZ PERRY & HELLER LLP
Brian Heller
Davida S. Perry

CLAYMAN ROSENBERG KIRSHNER & LINDER LLP
James F. Valentino

/s/ *Hope D. Skibitsky*
Hope D. Skibitsky