UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN SHIBER,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTERVIEW PARTNERS LLC,<br><br>        Defendant. | Case No. 1:21-cv-03649 |

**CENTERVIEW PARTNERS LLC'S PROPOSED
VERDICT FORM**

Jennifer J. Barrett
Hope D. Skibitsky
Charles H. Sangree
Janice Yoon
QUINN EMANUEL
URQUHART & SULLIVAN LLP
295 5th Ave, New York, NY 10016
Tel: 212-849-7000
Fax: 212-849-7100
jenniferbarrett@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
charlessangree@quinnemanuel.com
janiceyoon@quinnemanuel.com

*Attorneys for Centerview Partners LLC*

Pursuant to the Court's Individual Rules of Practice Section 4(B) and Federal Rule of Civil Procedure 49, Defendant Centerview Partners LLC ("Centerview" or "Defendant") respectfully requests that the Court provide the proposed verdict form in this case to the jury.

## **VERDICT FORM**

*The applicable law in this case for each claim is set forth in the jury instructions. The purpose of this form is to assist you in accurately and truthfully reporting your verdict. Your verdict must be unanimous; that is, all of you must agree on the answer to each question.*

**PART A.**

**Disability Discrimination Under the Americans with Disabilities Act, New York State Human Rights Law, New York City Human Rights Law, and New Jersey Law Against Discrimination**

    1. Did Kathryn Shiber prove, by a preponderance of the evidence, that she has a disability?

        Yes \_\_\_\_\_ No \_\_\_\_\_

*If you answer "no," skip the rest of the questions in Parts A-C and proceed to Part D.*

    2. Did Kathryn Shiber prove, by a preponderance of the evidence, she is a qualified individual with a disability—meaning she could perform all essential functions of her position with Centerview?

        Yes \_\_\_\_\_ No \_\_\_\_\_

*If you answer "no," skip the rest of the questions in Parts A-B and proceed to Part C.*

    3. Did Kathryn Shiber prove, by a preponderance of the evidence, Centerview intentionally discriminated against her?

        Yes \_\_\_\_\_ No \_\_\_\_\_

*If you answer "no," skip the rest of the questions in Part A and proceed to Part B.*

    4. Did Kathryn Shiber prove, by a preponderance of the evidence, she sustained damages as a direct result of Centerview's actions?

        Yes \_\_\_\_\_ No \_\_\_\_\_

*Regardless of your answer to this last question, proceed to Part B.*

**PART B**

**<u>Failure to Provide Reasonable Accommodation Under the Americans with Disabilities Act, New York State Human Rights Law, New York City Human Rights Law, and New Jersey Law Against Discrimination</u>**

1. Did Kathryn Shiber prove, by a preponderance of the evidence, Centerview was informed of her need for an accommodation due to a disability?

    Yes _____ No _____

    *If you answer "no," skip the rest of the questions in Part B and proceed to Part C.*

2. Did Kathryn Shiber prove, by a preponderance of the evidence, she could have performed all essential functions of the job if Centerview had provided her with a reasonable accommodation?

    Yes _____ No _____

    *If you answer "no," skip the rest of the questions in Part B and proceed to Part C.*

3. Did Kathryn Shiber prove, by a preponderance of the evidence, a reasonable accommodation existed that would have allowed her to perform all essential functions of her job?

    Yes _____ No _____

    *In determining whether a reasonable accommodation existed, you may consider whether Centerview proved, by a preponderance of the evidence, that such accommodation would have imposed an undue hardship on Centerview. If an accommodation would impose such burden, the accommodation is not "reasonable" as a matter of law.*

*Regardless of your answer to this last question, proceed to Part C.*

**PART C**

**Failure to Engage in an Interactive Process Under the New Jersey Law Against Discrimination**

1. Did Kathryn Shiber prove, by a preponderance of the evidence, she was able to perform all essential functions of the job?

    Yes _____ No _____

    *If you answer "no," skip the rest of the questions in Part C and proceed to Part D.*

2. Did Kathryn Shiber prove, by a preponderance of the evidence, Centerview was aware of her need for a reasonable accommodation?

    Yes _____ No _____

    *If you answer "no," skip the rest of the questions in Part C and proceed to Part D.*

3. Did Kathryn Shiber prove, by a preponderance of the evidence, there was an accommodation that would have allowed her to perform all essential functions of her job?

    Yes _____ No _____

    *If you answer "no," skip the rest of the questions in Part C and proceed to Part D.*

4. Did Kathryn Shiber prove, by a preponderance of the evidence, Centerview did not make a good faith effort to find a reasonable accommodation that would have allowed her to perform all essential functions of the job?

    Yes _____ No _____

    *In determining whether a reasonable accommodation existed, you may consider whether Centerview proved, by a preponderance of the evidence, that such accommodation would have imposed an undue hardship on Centerview. If an*

*accommodation would impose such burden, it is not a "reasonable" accommodation as a matter of law.*

*Regardless of your answer to this last question, proceed to Part D.*

**PART D**

**Failure to Engage in Cooperative Dialog Under the New York City Human Rights Law**

1. Did Kathryn Shiber prove, by a preponderance of the evidence, she requested an accommodation?

    Yes _____ No _____

*If you answer "no," skip the rest of the questions in Part D and proceed to Part E.*

2. Did Kathryn Shiber prove, by a preponderance of the evidence, Centerview refused or otherwise failed to engage in a cooperative dialogue within a reasonable time?

    Yes _____ No _____

*If you answer "no," skip the rest of the questions in Part D and proceed to Part E.*

3. Did Kathryn Shiber prove, by a preponderance of the evidence, upon reaching a final determination at the conclusion of a cooperative dialogue, Centerview failed to provide her with a written final determination identifying any accommodation granted or denied?

    Yes _____ No _____

*Regardless of your answer to this question, proceed to Part E.*

**PART E**

**Retaliation Under the New York City Human Rights Law**

1. Did Kathryn Shiber prove, by a preponderance of the evidence, that she engaged in a protected activity under the NYCHRL?

    Yes \_\_\_\_\_ No \_\_\_\_\_

*If you answer "no," skip the rest of the questions in Part E and proceed to the Damages section.*

2. Did Kathryn Shiber prove, by a preponderance of the evidence, Centerview knew she engaged in the protected activity?

    Yes \_\_\_\_\_ No \_\_\_\_\_

*If you answer "no," skip the rest of the questions in Part E and proceed to the Damages section.*

3. Did Kathryn Shiber prove, by a preponderance of the evidence, Centerview subjected her to an adverse employment action?

    Yes \_\_\_\_\_ No \_\_\_\_\_

*If you answer "no," skip the rest of the questions in Part E and proceed to the Damages section.*

4. Did Kathryn Shiber prove, by a preponderance of the evidence, there is a causal connection between the protected activity and her termination—meaning Centerview terminated her because she requested an accommodation, not because her disability prevented her from performing all essential functions of her job?

    Yes \_\_\_\_\_ No \_\_\_\_\_

## DAMAGES

*Complete this section only if you answered "yes" to all questions in at least one of any of Parts A-E above.*

**Compensatory Damages**

1. Did Kathryn Shiber prove by a preponderance of the evidence that she is entitled to **back pay**? If not, move on to damages category number 2. If yes, what amount of back pay did she prove she is entitled to?

    $_____

2. Did Centerview prove by a preponderance of the evidence that Kathryn Shiber **failed to mitigate** her damages? If not, skip to the total damages calculation. If yes, what is the amount of Kathryn Shiber's failed mitigation?

    $_____

3. **Total Compensatory Damages After Mitigation**: Subtract the amount listed in respond to question 2 above from the amount listed in response to question 1:

$_____ = _____ - _____

    TOTAL      =     BACK PAY    -    MITIGATION
COMPENSATORY
  DAMAGES

**Punitive Damages**

Did Kathryn Shiber prove, by a preponderance of the evidence, that Centerview acted with malice or reckless indifference to her rights?

Yes \_\_\_\_\_ No \_\_\_\_\_

*If you answered "yes," consider what amount of punitive damages the evidence warrants.*

*If you answered "no", you have completed this verdict form.*

What amount of punitive damages, if any, do you award Kathryn Shiber?

$_____

*Please sign your names in the space provided below, fill in the date, and inform the officer that you have reached a verdict.*

Dated: _____, 2026

    Signatures:

    _____
    Foreperson

    _____
    Juror

    _____
    Juror

    _____
    Juror

    _____
    Juror

    _____
    Juror

    _____
    Juror

Dated: January 27, 2026

                                  Respectfully submitted,

                        By:    */s Hope D. Skibitsky*

                            Jennifer J. Barrett
                            Hope D. Skibitsky
                            Charles H. Sangree
                            Janice Yoon
                            QUINN EMANUEL
                            URQUHART & SULLIVAN LLP
                            295 5th Ave, New York, NY 10016
                            Tel: 212-849-7000
                            Fax: 212-849-7100
                            jenniferbarrett@quinnemanuel.com
                            hopeskibitsky@quinnemanuel.com
                            charlessangree@quinnemanuel.com
                            janiceyoon@quinnemanuel.com
                            *Attorneys for Centerview Partners LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on January 27, 2026, I electronically filed the foregoing Proposed Verdict Form with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

SCHWARTZ PERRY & HELLER LLP
Brian Heller
Davida S. Perry

CLAYMAN ROSENBERG KIRSHNER & LINDER LLP
James F. Valentino

              /s/ *Hope D. Skibitsky*
              Hope D. Skibitsky