# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

KATHRYN SHIBER,

        Plaintiff,

    v.

CENTERVIEW PARTNERS LLC,

        Defendant.

Case No. 1:21-cv-03649

## CENTERVIEW PARTNERS LLC'S OBJECTIONS TO KATHRYN SHIBER'S PROPOSED JURY INSTRUCTIONS

Jennifer J. Barrett
Hope D. Skibitsky
Charles H. Sangree
Janice Yoon

QUINN EMANUEL
URQUHART & SULLIVAN LLP
295 5th Ave, New York, NY 10016
Tel: 212-849-7000
Fax: 212-849-7100
jenniferbarrett@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
janiceyoon@quinnemanuel.com
charlessangree@quinnemanuel.com

*Attorneys for Centerview Partners LLC*

# TABLE OF CONTENTS

PRE-TRIAL & PRE-DELIBERATION – UNIQUE CENTERVIEW INSTRUCTIONS ............. 4

PRE-TRIAL & PRE-DELIBERATION – OVERLAPPING INSTRUCTIONS ........................... 4

    Objections to Plaintiff's Proposed Instruction No. 1 – Burden of Proof ..................................... 4

    Objections to Plaintiff's Proposed Instruction No. 2 – Consider Only Testimony and Exhibits 6

    Objections to Plaintiff's Proposed Instruction No. 3 – What Is and Is Not Evidence ............... 7

    Objections to Plaintiff's Proposed Instruction No. 4 – Interested Witness ............................... 8

    Objections to Plaintiff's Proposed Instruction No. 5 – Circumstantial Evidence..................... 10

    Objections to Plaintiff's Proposed Instruction No. 6 – Not All Evidence Is Introduced.......... 10

    Objections to Plaintiff's Proposed Instruction No. 7 – Introduction to the Claims ................. 11

    Objections to Plaintiff's Proposed Instruction No. 8 – Perceived Disability (If Needed)........ 15

    Objections to Plaintiff's Proposed Instruction No. 9 – Claim #1 – Wrongful Termination Due to Disability Discrimination.................................................................................................... 16

    Objections to Plaintiff's Proposed Instruction No. 10 – Need to Provide a Reasonable Accommodation ..................................................................................................................... 20

    Objections to Plaintiff's Proposed Instruction No. 11 – Essential Function .......................... 23

    Objections to Plaintiff's Proposed Instruction No. 12 – Undue Hardship............................... 28

    Objections to Plaintiff's Proposed Instruction No. 13 – Claim #2 – Failure to Provide a Reasonable Accommodation ................................................................................................... 29

    Objections to Plaintiff's Proposed Instruction No. 14 – Claim #3 – Failure to Engage in the Interactive Process Under the NJLAD ..................................................................................... 33

    Objections to Plaintiff's Proposed Instruction No. 15 – Claim #4 – Failure to Engage in the Cooperative Dialogue Under the New York City Human Rights Law .................................... 34

    Objections to Plaintiff's Proposed Instruction No. 16 – Claim #5 – Retaliation Under the New York City Human Rights Law ................................................................................................ 36

    Objections to Plaintiff's Proposed Instruction No. 17 – Damages – Generally ...................... 38

    Objections to Plaintiff's Proposed Instruction No. 18 – Economic Losses............................. 40

    Objections to Plaintiff's Proposed Instruction No. 19 – Duty to Mitigate .............................. 41

    Objections to Plaintiff's Proposed Instruction No. 20 – Emotional Distress Damages........... 42

    Objections to Plaintiff's Proposed Instruction No. 21 – Punitive Damages............................ 43

CERTIFICATE OF SERVICE .................................................................................................. 48

In accordance with Rule 51(c) of the Federal Rules of Civil Procedure and Rule 4.C of the Court's Individual Practices, Defendant Centerview Partners LLC ("Centerview" or "Defendant") respectfully submits the following objections to Plaintiff's proposed jury instructions. Defendant requests that the Court adopt its Proposed Jury Instructions in full. Defendant reserves the right to assert additional objections to Plaintiff's proposed instructions and to modify, withdraw, or add any proposed instructions based on the evidence adduced at trial.

Defendant has drafted these objections to correspond to Plaintiff's Proposed Jury Instructions and the numbering in Plaintiff's submission, for the Court's ease of reference. Plaintiff's Proposed Jury Instructions do not differentiate between preliminary or final instructions, nor between general and substantive instructions. Plaintiff proposes 21 instructions, numbered "1" through "21." Defendant's Requests to Charge are divided into four categories: Pre-Trial Instructions (Request Nos. 1.1 to 1.12); Pre-Deliberation Instructions – General (Request Nos. 2.1 to 2.5); Pre-Deliberation Instructions – Substantive (Request Nos. 3.1 to 3.11); and Pre-Deliberation Instructions – Concluding (Request Nos. 4.1 to 4.4). Defendant's objections further identify where the parties have proposed competing instructions on the same topic.

## PRE-TRIAL & PRE-DELIBERATION – UNIQUE CENTERVIEW INSTRUCTIONS

Plaintiff has not differentiated between pre-trial, pre-deliberation general instructions, or pre-deliberation concluding instructions.  Defendant interprets Plaintiff's Proposed Instruction Nos. 1-6 as either pre-deliberation or pre-trial instructions.  Where Plaintiff does not propose pre-trial or pre-deliberation instructions on a topic, the Court should give Defendant's requested instructions in full, as they are necessary to instruct the jury on its role throughout the trial—that is, Defendant's Request Nos. 1.1, 1.3, 1.5, 1.11, 1.12, 2.1, 2.4, 4.1, 4.2, 4.3, and 4.4.  *See* Dkt. No. 166.

## PRE-TRIAL & PRE-DELIBERATION – OVERLAPPING INSTRUCTIONS

### Objections to Plaintiff's Proposed Instruction No. 1 – Burden of Proof

Plaintiff's Proposed Instruction:

The burden of proof rests on Plaintiff. That means Plaintiff must establish by a fair preponderance of the credible evidence that the claim she makes is true. The credible evidence means the testimony and exhibits you find believable and reliable. The preponderance of the evidence means the greater part of the evidence.

The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and effect it has on your minds, not to the quantity. The law requires that for Plaintiff to prevail on a claim, the evidence that supports her claim must appeal to you as more nearly representing what took place than the evidence opposed to her claim. If it does not, or if it weighs so evenly that you are unable to say there is a preponderance on any side, then you must decide the question against Plaintiff. It is only if the evidence favoring Plaintiff's claim outweighs the evidence opposed to it that you can find in favor of Plaintiff.

If, after considering all of the evidence, you are satisfied that the Plaintiff has satisfied her burden on each element of the claim for which she has the burden of proof, then you must find in the Plaintiff's favor. The party with the burden of proof needs no more than a preponderance of the evidence. So long as you find that the scales tip, however slightly, in favor of the Plaintiff – that what she claims is more likely true than not – then the element will have been proven by a preponderance of evidence.

If, however, you find that the evidence on a given element is evenly divided between the parties or that the evidence produced by the Plaintiff is outweighed by evidence against her claim, then you must decide that issue against the Plaintiff and find for the Defendant. That is because the party bearing the burden of proof must prove that element by more than a simple equality of evidence.

Remember what I said in the beginning about the scales of justice. At the start of the trial they are equally balanced. The party with the burden of proof must make those scales of justice tip

in her favor, even if only slightly, if she is to meet this burden of proof. If the scales have not moved or tip in the opposite direction then that party has not met her burden of proof.

This is in contrast to the burden of proof in a criminal case. In a criminal case, the standard is one of "proof beyond a reasonable doubt." This means that a reasonable person would not hesitate to rely on and act upon it in the most important of his or her affairs. This is a much more stringent standard than "preponderance of the evidence," which is all that is required under the law for the Plaintiff in this case to establish her right to recovery.

This also does not mean that the party who presents the greatest number of witnesses should prevail. Our system of justice rests on the assumption that the truth is not to be determined merely by the number of witnesses on each side of a controversy. In gauging the truth of conflicting evidence, you have no simple formulation of weights and measures upon which to rely. The touchstone is always credibility; the ultimate measure of testimonial worth is quality, not quantity.

*Plaintiff's Cited Source*:[1] N.Y. Pattern Jury Instructions ("PJI") 1:23.[2]

Defendant's Objection:

Defendant objects to Plaintiff's Proposed Instruction No. 1 and requests the Court give Defendant's Request Nos. 1.6 and 2.5 instead. ***First***, Plaintiff's proposed instruction lacks proper citation as required by the Court's Individual Rules. Rule 4.B.i notes that "[e]ach proposed jury instruction must contain a citation to the source/authority for the proposed instruction, or the request will be disregarded." Although Plaintiff cites N.Y. PJI 1:23, that pattern instruction supports only the first two paragraphs, no more. Defendant cannot locate the remaining three

---

[1]   References to "Plaintiff's Cited Source" refers to footnoted references, if any, to Plaintiff's specific Proposed Instruction as a whole.

[2]   "The burden of proof rests on AB. That means AB must establish by a fair preponderance of the credible evidence that the claim (he, she, it) makes is true. The credible evidence means the testimony and exhibits you find believable and reliable. The preponderance of the evidence means the greater part of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by any party.

The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and effect it has on your minds, not to the quantity. The law requires that for AB to prevail on a claim, the evidence that supports (his, her, its) claim must appeal to you as more nearly representing what took place than the evidence opposed to (his, her, its) claim. If it does not, or if it weighs so evenly that you are unable to say there is a preponderance on any side, then you must decide the question against AB. It is only if the evidence favoring AB's claim outweighs the evidence opposed to it that you can find in favor of AB."

paragraphs in either the New York Pattern Jury Instructions or *Federal Jury Practice*[3]—including the "scales of justice" language and criminal standard comparison—which lack any supporting citation or authority.  ***Second***, Plaintiff's "scales of justice" metaphor misinforms the jury on the law.  *Velez v. City of New York*, 730 F.3d 128, 134 (2d Cir. 2013) ("A jury instruction is erroneous if it . . . does not adequately inform the jury on the law." (quotation omitted)).  The "scales" metaphor improperly suggests Defendant must tip the scales back to Plaintiff even if Plaintiff fails to independently carry her burden.  Moreover, the instruction references "the scales" without prior explanation despite stating, "Remember what I said in the beginning about the scales of justice," which renders the Instruction confusing.  *U.S. v. Kopstein*, 759 F.3d 168, 172 (2d Cir. 2014) ("Reversal is required where . . . the charge was highly confusing.").  ***Third***, the reference to the criminal "beyond a reasonable doubt" standard is irrelevant to this civil case and particularly Plaintiff's open-ended sentence – "This is a much more stringent standard than 'preponderance of the evidence,' which is all that is required under the law for the Plaintiff in this case to establish her right to recovery" – risks confusing the jury, and "[o]rdinarily it is a mistake to give instructions on subjects not directly in issue in a case."  *DeChico v. Metro-North Commuter R.R.*, 758 F.2d 856, 861 (2d Cir. 1985) (quotation omitted).

The Court should give Defendant's Request Nos. 1.6 and 2.5, or in the alternative, only the first two paragraphs of Plaintiff's Proposed Instruction No. 1.

## Objections to Plaintiff's Proposed Instruction No. 2 – Consider Only Testimony and Exhibits

Plaintiff's Proposed Instruction:

In deciding this case, you may consider only the exhibits that were admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom or as was read to you or shown to you during the trial. Under our rules of practice an examination before trial or testimony that was recorded before the trial was taken under oath and is entitled to equal consideration by

---

[3]  *Federal Jury Practice and Instructions* (Civil) (6th ed. 2021) ("Federal Jury Practice").

you even though it was taken before the trial and outside this courtroom. However, arguments, remarks, and summation(s) of the attorneys are not evidence, nor is anything I now say or may have said with regard to the facts, evidence. As I instructed you previously, it is important to remember that you may not use any internet services or social media, including for example, Google, Facebook, Twitter, LinkedIn, Instagram or TikTok or other media platforms, to discuss or give or get information about the case or its participants or to research topics concerning the trial. Electronic devices including any cell phones, smartphones, laptops or any other personal electronic devices must be turned off while you are deliberating. Allowing outside information which may be incomplete, inaccurate, or otherwise unreliable to affect your judgment is unfair and prejudicial to the parties and could require this case to be retried.

*Plaintiff's Cited Source*: N.Y. PJI 1:25.

Defendant's Objection: Defendant does not object to Plaintiff's Proposed Instruction No. 2 but

note that the instruction substantially overlaps with Defendant's Request Nos. 1.5, 1.7, and 1.10

which in totality are more complete statements of the law.

## Objections to Plaintiff's Proposed Instruction No. 3 – What Is and Is Not Evidence

Plaintiff's Proposed Instruction:

The evidence in this case includes the sworn testimony of the witnesses and the documents admitted into evidence. The lawyers' questions are not evidence; rather, it is the witnesses' answers to the questions that are evidence.

Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict. Arguments by lawyers are not evidence, because the lawyers are not witnesses. Lawyers do not testify. The lawyers' opening statements and their summations are intended to help you understand the evidence. If, however, your recollection of facts differs from the lawyers' statements, it is your recollection that controls.

Evidence also includes exhibits that have been received into evidence. Exhibits marked only for identification, but not admitted into evidence, are not evidence. Nor are materials brought forth only to refresh a witness's recollection. Finally, any statements that I may have made during the trial do not constitute evidence. It is for you alone to weigh the evidence and decide the facts based on the testimony you have heard and the exhibits you have seen.

*Plaintiff's Cited Source*: Mayo-Coleman v. Am. Sugar Holdings, Inc., 14-cv-79-PAC-KN, dkt. #169 (S.D.N.Y. Mar. 2, 2018).

Defendant's Objection:

Defendant does not object to Plaintiff's Proposed Instruction No. 3 but notes that the instruction substantially overlaps with Defendant's Request Nos. 1.7, 1.10, and 2.2, which in totality are more complete statements of the law.

### Objections to Plaintiff's Proposed Instruction No. 4 – Interested Witness

Plaintiff's Proposed Instruction:

The Plaintiff and employees of the Defendant have testified before you. As parties to the action, both are interested witnesses, that is, they have an interest in the outcome of the case that may have affected their testimony.

The fact that certain witnesses for Defendant were and still are employed by Defendant may be considered by you in deciding whether the testimony of those witnesses is in any way influenced by the employment relationship with Defendant.[4]

An interested witness is not necessarily less believable than a disinterested witness. The fact that they are interested in the outcome of the case does not mean that they have not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by their interest. You may reject the testimony if, after careful consideration of all the evidence in the case, including the cross-examination of the witness, you decide you do not believe the testimony or you find it is not reliable. On the other hand, you are not required to reject the testimony of such a witness and may accept all or such part of their testimony as you find believable and reliable and reject such part as you find unworthy of acceptance. The testimony is entitled to such weight as you decide it is worth.

*Plaintiff's Cited Source*: N.Y. PJI 1:25C.

Defendant's Objection:

Defendant objects to Plaintiff's Proposed Instruction No. 4 as legally inaccurate and misleading.

***First***, the instruction's opening paragraph is wrong on the law. It states: "The Plaintiff and employees of the Defendant have testified before you. As parties to the action, both are interested witnesses." This is inaccurate. Plaintiff Shiber testified as an individual party. Defendant Centerview—a limited liability company—cannot testify; only its employees as agents testified.

---

[4] N.Y. PJI 1:92.

The instruction thus erroneously characterizes Defendant's employee witnesses as "parties to the action" when they are not, which is erroneous. *Velez*, 730 F.3d at 134 ("A jury instruction is erroneous if it . . . does not adequately inform the jury on the law." (quotation omitted)).

*Second*, the instruction improperly embeds conclusions by specifically directing the jury that employment relationships "may be considered...in deciding whether the testimony of those witnesses is in any way influenced by the employment relationship." This is overly specific, conclusory, and risks improperly discrediting almost all of Defendant's witnesses. Defendant proposes instead: "Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case." *Federal Jury Practice*, § 105.01.

*Third*, to the extent Plaintiff relies on N.Y. PJI 1:92 (a New York state general, non-substantive instruction), federal law controls on matters of procedure. Generally, in cases applying state substantive law, *Erie* analysis applies to procedural jury questions, including "the form or manner of giving the instruction." *See McNamara v. Dionne*, 298 F.2d 352, 355 (2d Cir. 1962). Rules of evidence, including witness credibility instructions, are ordinarily procedural rather than substantive. *Mickle v. Christie's, Inc.*, 214 F. Supp. 2d 430, 432 (S.D.N.Y. 2002) (noting generally rules of evidence are procedural, not substantive under *Erie* analysis). Where there is a conflict for this case, the Court should employ the federal instruction.

The Court should reject Plaintiff's Proposed Instruction No. 4 and instead adopt Defendant's Request Nos. 1.9 and 2.3 appended by the above quote from § 105.01 of *Federal Jury Practice*.

**Objections to Plaintiff's Proposed Instruction No. 5 – Circumstantial Evidence**

<u>Plaintiff's Proposed Instruction</u>:

Facts must be proved by evidence. Evidence includes the testimony of a witness concerning what the witness saw, heard or did. Evidence also includes writings, photographs, or other physical objects which may be considered as proof of a fact. Evidence can either be direct or circumstantial or by a combination of both.

Direct evidence is evidence of what a witness saw, heard, or did which, if believed by you, proves a fact. For example, suppose a fact in dispute is whether I knocked over this water glass near the witness chair. If someone testifies that she saw me knock over the glass, that is direct evidence that I knocked over the glass.

Circumstantial evidence is evidence of a fact that does not directly prove a fact in dispute but which permits a reasonable inference or conclusion that the fact exists. For example, a witness testifies that he saw this water glass on the bench. The witness states that, while he was looking the other way, he heard the breaking of glass, looked up, and saw me wiping water from my clothes and from the papers on the bench. This testimony is not direct evidence that I knocked over the glass; it is circumstantial evidence from which you could reasonably infer that I knocked over the glass.

Those facts that form the basis of an inference must be proved and the inference to be drawn must be one that reasonably may be drawn. In the example, even though the witness did not see me knock over the glass, if you believe her testimony, you could conclude that I did. Therefore, the circumstantial evidence, if accepted by you, allows you to conclude that the fact in dispute has been proved.

In reaching your conclusion you may not guess or speculate. Suppose, for example, the witness testifies that the water glass was located equally distant from the court clerk and me. The witness states she heard the breaking of glass and looked up to see both the court clerk and me brushing water from our clothes. If you believe that testimony, you still could not decide on that evidence alone who knocked over the water glass. Where these are the only proved facts, it only would be a guess as to who did it. However, if the witness also testifies that she heard the court clerk say "I am sorry," then this additional evidence would allow you to decide who knocked over the water glass.

You may give circumstantial evidence less weight, more weight, or the same weight as direct evidence.

*Plaintiff's Cited Source*: N.Y. PJI 1:70.

<u>Defendant's Objection</u>: Defendant does not object to Plaintiff's Proposed Instruction No. 5, which

is substantially similar to Defendant's Request No. 1.8.

**Objections to Plaintiff's Proposed Instruction No. 6 – Not All Evidence Is Introduced**

<u>Plaintiff's Proposed Instruction</u>:

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at the trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case. Your decision must be based on the testimony and documents admitted into evidence.

*Plaintiff's Cited Source*: Mayo-Coleman v. Am. Sugar Holdings, Inc., Case No. 14-cv-79-PAC-KNF, Dkt. #169 (S.D.N.Y. Mar. 2, 2018).

Defendant's Objection:

Defendant does not object to the inclusion of Plaintiff's Proposed Instruction No. 6 but requests it be incorporated into Defendant's Request No. 1.7, with the additional phrase: "You should not draw any inference, favorable or negative, against either party based on their decision not to call certain witnesses or submit certain documents into evidence."

## Objections to Plaintiff's Proposed Instruction No. 7 – Introduction to the Claims

Plaintiff's Proposed Instruction:

As you have heard, this is an action to recover damages for disability discrimination. In this case, Plaintiff Kathryn Shiber claims that she was terminated by Defendant Centerview Partners because of her disability.

Plaintiff brings her claims under the Americans With Disabilities Act ("ADA"), which is a Federal Law, the New York State Human Rights Law, the New York City Human Rights Law, and also the New Jersey Law Against Discrimination. These laws make it unlawful for an employer to intentionally discriminate against an employee in the terms and conditions of employment because of the employee's disability.

The ADA provides in pertinent part that "[N]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[5]

The New York State Human Rights Law provides in pertinent part that it shall be unlawful for an employer "because of an individual's ... disability ... to ... discharge from employment such individual or to discriminate against such individual m compensation or in terms, conditions or privileges of employment."[6]

The New York City Human Rights Law similarly provides that "It shall be an unlawful discriminatory practice ... [f]or an employer or an employee or agent ... because of the actual or

---

[5] 42 U.S.C. §12112(a).

[6] N.Y. Executive Law §296(1)(a)

perceived ... disability ... of any person ... [t]o discriminate against such person in compensation or in terms, conditions or privileges of employment."[7]

The New Jersey Law Against Discrimination provides that "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination...[f]or an employer, because of the...disability...of any individual...to refuse to hire or employ or to bar or to discharge...from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."[8]

The disability discrimination Plaintiff alleges took five different forms.[9] First, she claims that Defendant took an adverse employment action against her – that is, terminating her – because of her disability. Second, she claims that Defendant discriminated against her by failing to provide a reasonable accommodation for her disability. Third, Plaintiff claims that Defendant failed to engage in the interactive process with her, meaning a substantive back-and-forth communication between an employer and employee to find effective, reasonable accommodations so the employee can perform essential job functions. Fourth, Plaintiff claims that Defendant failed to engage in the cooperative dialogue (similar to interactive process) required by the New York City Human Rights Law. Finally, Plaintiff claims that Defendant retaliated against her for requesting a reasonable accommodation.

I will address the elements of each of these theories below. Although there is some overlap, these theories are distinct, so I ask that you pay close attention.

_Plaintiff's Cited Source_: No citation.

Defendant's Objection:

Defendant objects to Plaintiff's Proposed Instruction No. 7 as misleading, confusing, procedurally deficient, and one-sided.  The Court should reject this instruction and instead adopt Defendant's Request Nos. 3.1 and 3.2.

**First**, the instruction is highly confusing and does not adequately inform the jury on the law in violation of Second Circuit standards.  _Velez_, 730 F.3d at 134 ("A jury instruction is erroneous if it . . . does not adequately inform the jury on the law." (quotation omitted)).  The instruction quotes statutory language without any explanation of what these statutes mean or how they apply to the facts of this case.  "To repeat statutory language is not sufficient unless its

---

[7] Administrative Code of the City of New York, §8-107(1)(a).

[8] N.J. Stat. §10:5-12(a)

[9] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pg. 12 (S.D.N.Y. Aug. 1, 2025).

meaning and application to the facts of the case are clear without any explanation." Charles A. Wright & Arthur R. Miller, *Form and Content of Instructions*, 9C Fed. Prac. & Proc. Civ. § 2556 (3d ed. 2025). Just the opposite here, where the jury is given cherry-picked excerpts from statutes with no legal context for understanding their significance or how they interact with the specific elements Plaintiff must prove. This will leave the jury "with no legal context in which to assess the significance" of the evidence. *Carvel Corp. v. Diversified Mgmt. Grp., Inc.*, 930 F.2d 228, 231 (2d Cir. 1991).

**Second**, the instruction is misleading as a whole because it presents only Plaintiff's version of events while entirely omitting Defendant's theory of the case. *Luciano v. Olsten Corp.*, 110 F.3d 210, 218 (2d Cir. 1997) ("jury instructions [are improper] if taken as a whole, [they] gave a misleading impression"). The opening paragraph states only that "Plaintiff Kathryn Shiber claims that she was terminated by Defendant Centerview Partners because of her disability"—with no mention that Defendant denies this claim and asserts it terminated Plaintiff because she could not perform the essential functions of her role. The second-to-last paragraph is particularly egregious: it lists five claims Plaintiff "alleges" or "claims" but provides no parallel statement of Defendant's defenses. This one-sided presentation violates the principle that parties are "entitled to a specific instruction on [their] theory of the case, if there is evidence to support it and if a proper request for such an instruction has been made." *Carvel*, 930 F.2d at 231 (quotation omitted). Defendant is thus entitled to a specific instruction on its theory of the case, including how each element applies to the facts, but Plaintiff's instruction provides only a general overview of the claims without defining the key legal terms or explaining what Plaintiff must actually prove for each element. For example, Plaintiff's instruction includes the "covered entity" language from the ADA, but this term is nowhere explained in the following instructions, because, as Plaintiff is aware, Defendant

has **never** contested this issue.  In contrast, Defendant's Request Nos. 3.1 through 3.8 provide the proper approach: identifying each claim and then breaking down the precise elements Plaintiff must prove, with appropriate legal standards and burden allocations in context.  An instruction that merely recites statutory language for five claims without definition of **any** of the legal terminology, which fails to give a "clear and concise statement of the law applicable to the facts of the case" required by Second Circuit precedent.  *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) ("The purpose of jury instructions is to give the jury a clear and concise statement of the law applicable to the facts of the case.").

**Third**, the instruction violates Individual Rule 4.B.i, which requires that "[e]ach proposed jury instruction must contain a citation to the source/authority for the proposed instruction, or the request will be disregarded."  Indeed, Plaintiff provides no citation for the entire instruction—only footnotes to statutory text and one unreported district court case without any quotations.  Even Plaintiff's cited jury instructions from *Ahmad v. N.Y. Univ.*, No. 1:22-cv-01248-JLR, Dkt. No. 161-9 at 12 (S.D.N.Y. Aug. 1, 2025) did not state the law for each claim separate and apart from instructions on their elements, and in the *Amhad* jury instructions, there were only two cited charges with only two claim theories.  *Id.*  Although Defendant agrees that "there is some overlap" in Plaintiff's five claims and that the jury should therefore "pay close attention" throughout the charges, no matter how close attention jurors pay, Plaintiff's Proposed Instruction No. 7 is too confusing and misleading as a whole to warrant the Court giving it to the jury.

The Court should reject Plaintiff's Proposed Instruction No. 7 and instead adopt Defendant's Request Nos. 3.1 – 3.8, which properly states the law for each claim and provides element-by-element instructions with appropriate citations to controlling authority.

14

**Objections to Plaintiff's Proposed Instruction No. 8 – Perceived Disability (If Needed)**

Plaintiff's Proposed Instruction:

Plaintiff may also demonstrate that Defendant perceived her as having a disability, or regarded her as such, even if you find that she does not have a disability. If you find that Defendant perceived Plaintiff as disabled, or regarded her as such, you may find in her favor as if she actually was.

*Plaintiff's Cited Source*: 42 U.S.C. §12102(1)(c).

Defendant's Objection:

Defendant objects to Plaintiff's Proposed Instruction No. 8 as unnecessary, confusing, misleading, and legally incomplete. The Court should reject this instruction entirely.

***First***, the instruction is unnecessary. Defendant's Request No. 3.2(a) already includes the "regarded as" prong of the ADA's disability definition along side the full ADA statutory definition. Giving Plaintiff's separate instruction would thus be simultaneously redundant and incomplete. Moreover, Plaintiff cites only the ADA statute but uses the term "perceived" without explanation. Plaintiff also provides no case law supporting her explanation of what "perceived" means, how it is any different from "regarded as" (if at all), or what evidence would satisfy this standard. Without proper citation and explanation, at least this portion of the instruction fails to meet the requirements of Individual Rule 4.B.i and should be disregarded.

***Second***, the instruction is highly confusing because it is divorced from any discussion of the claim or elements it relates to and thus is offered without context. *Kopstein*, 759 F.3d at 172 ("Reversal is required where . . . the charge was highly confusing."). The instruction incorrectly instructs jurors they "may find in [Plaintiff's] favor" if she was "regarded as" disabled –full stop. In other words, the instruction reads as if Plaintiff can prove liability by merely proving she was disabled or perceived as such. This misleading and confusing instruction must therefore be

rejected. *See Velez*, 730 F.3d at 134 ("A jury instruction is erroneous if it . . . does not adequately inform the jury on the law." (quotation omitted)).

The Court should reject Plaintiff's Proposed Instruction No. 8 as unnecessary and adopt Defendant's Request No. 3.2(a), which properly incorporates the "regarded as" prong within the context of a claim's elements and within the complete disability definition but without Plaintiff's unsupported explanations.

## Objections to Plaintiff's Proposed Instruction No. 9 – Claim #1 – Wrongful Termination Due to Disability Discrimination

Plaintiff's Proposed Instruction:

Plaintiff's first claim is that she was terminated because of her disability. She brings this claim under the ADA, the New York State Human Rights Law, the New York City Human Rights Law and the New Jersey Law Against Discrimination.

"In order to establish a prima facie case of disability discrimination, [Plaintiff] must show that: (1) her employer is subject to the ADA; (2) she is disabled within the meaning of the ADA; (3) she is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation; and (4) she suffered an adverse employment action because of her disability."[10]

In this case, you heard and saw evidence that Plaintiff suffers from a mental disability and she alleges that she was discharged because she suffers from that condition. Defendant claims that Plaintiff's condition prevents her from reasonably performing the essential functions of her job. Defendant has the burden of proving that Plaintiff's disability prevents her from performing the essential functions of the job in a reasonable manner.

In deciding whether Plaintiff's disability prevents her from reasonably performing the essential functions of an Analyst at Centerview, you must decide whether the particular disability prevents this particular employee from performing the essential functions involved in the job or occupation in a reasonable manner. Your decision may not be based on how this condition generally affects others.

*Plaintiff's Cited Source*: N.Y. PJI 9:1; Mayo-Coleman v. Am. Sugar Holdings, Inc., Case No. 14-cv-79-PAC-KNF, Dkt. #169 (S.D.N.Y. Mar. 2, 2018)

Defendant's Objection:

_____

[10] Shiber v. Centerview Partners LLC, 2025 US Dist. LEXIS 196493, at *23-24 (S.D.N.Y. Sept. 29, 2025)

Defendant objects to Plaintiff's Proposed Instruction No. 9 as containing multiple legal errors that misstate the law, improperly direct the jury's fact-finding, and would confuse and mislead the jury. This instruction violates core Second Circuit principles and must be rejected in favor of Defendant's Request Nos. 3.2 and 3.3.

***First***, the instruction states that "Defendant has the burden of proving that Plaintiff's disability prevents her from performing the essential functions of the job in a reasonable manner." That is wrong and contradicts binding Second Circuit precedent. In disability discrimination claims under the ADA, "the plaintiff bears the burdens of both production and persuasion as to the existence of some accommodation that would allow him to perform the essential functions of his employment." *McMillan v. City of New York*, 711 F.3d 120, 125-26 (2d Cir. 2013) (for both discrimination and failure to accommodate claims, "plaintiff bears the burdens of both production and persuasion as to the existence of some accommodation that would allow him to perform the essential functions of his employment"). Plaintiff herself cites *McMillan* in her comments to Instruction No. 11, acknowledging this standard. The instruction's shifting of her burden to Defendant is not a minor error—it misstates who must prove what and "does not adequately inform the jury on the law." *Velez*, 730 F.3d at 134 ("A jury instruction is erroneous if it . . . does not adequately inform the jury on the law." (quotation omitted)). In short, the instruction wrongly suggests Defendant bears a burden to prove Plaintiff cannot perform essential functions, when the correct standard is that Plaintiff must prove she can perform them, either with reasonable accommodation or without any accommodation. 42 U.S.C. § 12111(8) (under the ADA, "[t]he term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position"). Plaintiff must bear her burden, not Defendant.

**Second**, the instruction improperly tells the jury what the evidence shows.  The third paragraph instructs: "In this case, you heard and saw evidence that Plaintiff suffers from a mental disability."  This is legally erroneous and improperly invades the jury's fact-finding function.  *See* Federal Jury Practice § 101:10 ("As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.").  The court may not tell the jury what conclusions to draw from evidence.  *Id.* ("The law permits me to comment on the evidence in the case... [but] you may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.").  By instructing the jury that they "heard and saw evidence that Plaintiff suffers from a mental disability," the instruction impermissibly directs the jury to find this disputed element in Plaintiff's favor.  This paragraph must be stricken entirely.

**Third**, Plaintiff's "reasonable manner" and "reasonably performing" formulations are invented, incorrect, and confusing.  The instruction repeatedly uses phrases like "reasonably performing the essential functions" and "performing the essential functions... in a reasonable manner."  These formulations appear nowhere in the cited authorities (N.Y. PJI 9:1, *Mayo-Coleman*'s jury instructions, or this Court's summary judgment opinion)—and thus should be disregarded under Individual Rule 4.B.i—nowhere in the ADA statute or regulations, and nowhere in Second Circuit case law, at least as far as Defendant can ascertain.  The correct inquiry is whether the accommodation allows plaintiff to perform the essential functions of the job, no more, no less.  *See* 42 U.S.C. § 12111(8).  By injecting "reasonable manner" language, the instruction transforms the jury into "a roving commission to review business judgments" about employment decisions, which is improper.  *Montana v. First Fed. Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 106 (2d Cir. 1989) (citation and quotation omitted).  The jury's role is to determine

whether Plaintiff can perform the essential functions, not to second-guess Defendant's business judgment about what constitutes adequate performance. *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985) (noting absent evidence of proscribed conduct, fact-finders in employment discrimination cases should "refrain from intruding into an employer's policy apparatus or second-guessing a business's decision-making process"). Plaintiff's "reasonable manner" standard is thus highly confusing and creates an incorrect roving standard untethered to the statutory requirements and accordingly should be disregarded. *Kopstein*, 759 F.3d at 172 ("Reversal is required where . . . the charge was highly confusing.").

**Fourth**, the final sentence instructs: "Your decision may not be based on how this condition generally affects others." This is a vague, confusing statement, and it is misleading and contrary to the law. At the outset, it is unclear what the phrase "this condition generally affects others" means. It could be read to mean either (1) "how others with this condition are impacted by the condition" or (2) "how others in Plaintiff's environment are impacted by Plaintiff's condition." Either interpretation is incorrect as a matter of law.

Regarding the first interpretation, while it is true that disability determinations must be individualized, the law expressly permits consideration of general medical evidence, expert testimony, and evidence about how conditions typically manifest. Indeed, in determining whether an accommodation is reasonable or would impose undue hardship, the jury may—and often must—consider general evidence about the disability, typical accommodations, and industry standards. *See* Defendant's Request No. 3.2(b) (analysis includes consideration of the industry to which the employer belongs) (citing *Borkowski v. Valley Central School Dist.*, 63 F.3d 131, 139 (2d Cir. 1995)); *see also* Defendant's Request No. 3.4(c) (whether accommodation is reasonable should include consideration of the industry to which the employer belongs as well as the

19

individual characteristics of the particular defendant-employer).  By appearing to prohibit the jury from considering how Plaintiff's condition "generally affects others," the instruction thus improperly counsels discounting relevant evidence and creates confusion about what the jury may consider.

Regarding the second interpretation, it is not the case that a jury may not consider how a Plaintiff's condition impacts others.  As set forth in Defendant's Request Nos. 3.2(b), 3.4(c) a jury may expressly consider how the condition and the requested accommodation impacts the employer and other employees.

This sentence must be stricken.

***Finally***, Plaintiff's instruction is incomplete because it mentions causation but does not elaborate on the required but-for cause standard under the ADA.  *See* Defendant's Request Nos. 3.2 and 3.3 (setting forth the elements under the ADA).

The Court should reject Plaintiff's Proposed Instruction No. 9 and instead adopt Defendant's Request Nos. 3.2 and 3.3, which correctly state the elements, properly allocate burdens, and accurately reflect Second Circuit law.

## Objections to Plaintiff's Proposed Instruction No. 10 – Need to Provide a Reasonable Accommodation

Plaintiff's Proposed Instruction:

An employer is required to provide a disabled worker with a reasonable accommodation so the worker can perform the essential functions of the job so long as the accommodation does not impose an undue hardship on the business.

A reasonable accommodation may include, among other things, modification of job duties and schedules, alteration of the facilities in which a job is performed, acquisition of devices to assist the performance of job duties, and, under certain circumstances, reassignment to a vacant position. An employer is not required to reassign an employee if there is no vacant position

available. An accommodation is not reasonable if the accommodation would require the employer to eliminate an essential job function.[11]

There are two issues for you to decide on this issue. The first is whether Plaintiff has proved by a preponderance of the evidence that she could perform the essential functions of the job with the requested accommodation. The second issue for you to decide is whether Defendant has proved by a preponderance of the evidence that the requested accommodation would impose an undue hardship on the business.

*Plaintiff's Cited Source*: N.Y. PJI 9:4.1 "unless otherwise identified."

Defendant's Objection:

Defendant objects to Plaintiff's Proposed Instruction No. 10 as incomplete, misleading, and confusing. The Court should reject this instruction and instead adopt Defendant's Request Nos. 3.2(b) and 3.4(c), which properly address reasonable accommodation within the context of the specific claim elements.

**First**, the instruction is structurally confusing and misleading as a whole. *Luciano*, 110 F.3d at 218 (noting that "taken as a whole, the jury instructions" must not give "a misleading impression or inadequate understanding of the law."). The opening sentence states: "An employer is required to provide a disabled worker with a reasonable accommodation so the worker can perform the essential functions of the job so long as the accommodation does not impose an undue hardship on the business." This framework misleads the jury by suggesting the employer has an affirmative duty to provide accommodation, when in fact the plaintiff bears the burden of first proving a reasonable accommodation exists. *McMillan v. City of New York*, 711 F.3d 120, 125-26 (2d Cir. 2013) (plaintiff bears "burdens of both production and persuasion as to the existence of some accommodation"). The final paragraph attempts to correct this by stating "whether Plaintiff has proved by a preponderance of the evidence that she could perform the essential

---

[11] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pg. 12 (S.D.N.Y. Aug. 1, 2025)

functions of the job with the requested accommodation," but this correction comes too late and is buried in a way that makes the instruction misleading when "taken as a whole." *Luciano*, 110 F.3d at 218 (2d Cir. 1997) (noting that "taken as a whole, the jury instructions" must not give "a misleading impression or inadequate understanding of the law."). Moreover, the instruction presents only "two issues for you to decide," when the correct framework requires three: (1) whether Plaintiff can perform essential functions; (2) whether a reasonable accommodation exists that would allow her to do so; and (3) whether that accommodation would impose undue hardship. By collapsing this inquiry into two questions and leading with the employer's "duty," the instruction incorrectly frames the analysis.

**Second**, the instruction is legally incomplete and does not adequately inform the jury on the law regarding what constitutes a reasonable accommodation. *Velez*, 730 F.3d at 134. The instruction provides a non-exhaustive list of potential accommodations but fails to explain the critical contours of what makes an accommodation "reasonable"—namely, that it must permit the plaintiff to perform the essential functions of the job without eliminating those functions or excessively burdening other employees. The instruction states only that "[a]n accommodation is not reasonable if the accommodation would require the employer to eliminate an essential job function," but buries this limitation in the middle of a paragraph about reassignment, making it appear as a minor qualification rather than a core principle. *McMillan* v. City of New York, 711 F.3d 120, 127 (2d Cir. 2013) ("a reasonable accommodation can never involve the elimination of an essential function of a job." (quoting *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003)).

This omission is particularly problematic here, where reasonable accommodation is a central issue in the case, as this Court recognized in its summary judgment opinion. Dkt. No. 138.

"[A]s against [Plaintiff's] more general or abstract charge, [Defendant] is entitled to a specific instruction on [its] theory of the case" because "there is evidence to support it and [because] a proper request for such an instruction has been made." *Carvel, Inc.*, 930 F.2d at 231; *Girden*, 262 F.3d at 203 ("The purpose of jury instructions is to give the jury a clear and concise statement of the law applicable to the facts of the case."). Defendant's core theory is that no reasonable accommodation exists because any accommodation that would address Plaintiff's limitations would require eliminating the essential function of full-time availability. The jury must thus be properly instructed on the full legal framework for evaluating whether an accommodation is reasonable as more completely and accurately set forth in Defendant's Request No. 3.2(b). Critically, for example, Plaintiff fails to inform the jury that a reasonable accommodation can never involve the elimination of an essential function of a job. *See McMillan*, 711 F.3d at 127 (citing *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003)). If Plaintiff's instruction is given without further "specific guidance from the court, the jury [will be] left with no legal context in which to assess the significance" of the evidence regarding an accommodation's reasonableness. *Carvel*, 930 F.2d at 231.

The Court should reject Plaintiff's Proposed Instruction No. 10 and instead adopt Defendant's Request Nos. 3.2(b) and 3.4(c), which provide complete, accurate, and properly contextualized instructions on reasonable accommodation and which quote extensively from the pattern federal jury instructions, *Federal Jury Practice*.

**Objections to Plaintiff's Proposed Instruction No. 11 – Essential Function**

Plaintiff's Proposed Instruction:

Defendant has stated that Plaintiff was terminated because she was unable to fulfill the essential functions of her role. Plaintiff claims that she could perform that essential functions of her role with a reasonable accommodation.[12]

The term "essential function" is generally defined as "duties to be performed in the position in question, but not functions that are merely marginal."[13] The determination of a what constitutes an "essential function" requires "a fact-specific inquiry into both the employer's description of a job and how the job is actually performed in practice."[14] "[T]he question of whether a task constitutes an essential function depends on the totality of the circumstances."[15] You may consider the existence of a job description or policy in determining what is an essential function.[16] Further, you may undertake "a penetrating factual analysis" to determine what is an essential function.[17]

You must make the distinction between what is an "essential" function versus a "marginal" function.[18]

Under the New York City Human Rights Law, you must give Plaintiff the presumption that she could have fulfilled the essential functions of the role. Defendant has the burden of proving an affirmative defense that Plaintiff "could not, with reasonable accommodation, satisfy the essential requisites of the job."[19]

Under the ADA and the NYSHRL, the Plaintiff must prove, by a preponderance of the evidence, that some accommodation exists that would allow her to perform the essential functions of her job.[20]

Under the New Jersey Law Against Discrimination, Defendant must produce evidence that its decision that Plaintiff could not perform the essential functions of the role "was based on 'an objective standard supported by factual evidence' and not on general assumptions about the employee's disability."[21]

---

[12] N.Y. PJI 9:4.1.

[13] Tafolla v. Heilig, 80 F.4th 111, 119 (2d Cir. 2023).

[14] Id.

[15] Id.

[16] 42 U.S.C. §12111(8); Shiber, 2025 U.S. Dist. LEXIS 196493, at *26.

[17] McMillan v. City of N.Y., 711 F.3d 120, 129 (2d Cir. 2013).

[18] Id. at 128; Stone v. City of Mount Vernon, 118 F.3d 92, 99 (2d Cir. 1997).

[19] Hosking v. Meml. Sloan-Kettering Cancer Ctr., 186 A.D.3d 58, 126 N.Y.S.3d 98, 102 (1st Dept. 2009) (citing Administrative Code §8-107(15)(b)); Romanello v. Intesa Sanpaolo, S.p.A., 22 N.Y.3d 881, 885 (2013) ("Contrary to the State HRL, it is the employer's burden to prove undue hardship" under the City Law); Phillips v. City of N.Y., 66 A.D.3d 170, 182-183 (1st Dept. 2009) ("The City Council dealt explicitly with the question of whether an employee, with reasonable accommodation, would be able to perform the essential requisites of the job by placing the burden of proof not on the plaintiff, but squarely on the defendant.").

[20] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pg. 13, (S.D.N.Y. Aug. 1, 2025)

[21] Grande v. Saint Clare's Health Sys., 230 N.J. 1, 27 (2017) (quoting N.J. Admin. Code §13:13-2.8(a)(3)).

If you find that Plaintiff has not proved by a preponderance of the evidence that she would be able to perform the essential functions of the job with the requested accommodation, you should proceed no further and report to the court. If you find that Plaintiff has proved that she would be able to perform the essential functions of the job with or without an accommodation, you must proceed to consider the next question on her claim for wrongful termination.[22]

_Plaintiff's Cited Source_: No general citation

Defendant's Objection:

Defendant objects to Plaintiff's Proposed Instruction No. 11 as legally incomplete, misleading, and confusing as a whole. The Court should reject this instruction and adopt Defendant's Request No. 3.2(b).

**First**, Plaintiff is wrong that even under the NYCHRL the jury "must give Plaintiff the presumption that she could have fulfilled the essential functions of the role." Although Defendant has the burden of proving an undue hardship as an affirmative defense, this burden is only triggered, even under the NYCHRL, **after** Plaintiff places a reasonable accommodation at issue. _See_ NYCHRL § 8-107(15)(b) ("In any case where the need for reasonable accommodation **is placed in issue**, it shall be an affirmative defense that the person aggrieved by the alleged discriminatory practice could not, with reasonable accommodation, satisfy the essential requisites of the job"). It is thus misleading to state the jury must presume Plaintiff can fulfill the role's essential functions, even under the NYCHRL. The fact that just the opposite is true under the ADA and the NYSHRL makes this instruction all the more confusing for jurors. _See, e.g._, _Berger v. New York City Police Dep't_, 304 F. Supp. 3d 360, 369 (S.D.N.Y. 2018) (burden shifts to employer to show undue hardship only after plaintiff identifies a facially reasonable accommodation).

---

[22] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pg. 13, (S.D.N.Y. Aug. 1, 2025)

Regardless, even under the NYCHRL, Defendant can defeat Plaintiff's claim in two separate ways. First, Defendant can show that, even assuming a reasonable accommodation exists, Plaintiff cannot "satisfy the essential [functions] of the job." NYCHRL § 8-107(15)(b). Second, Defendant can show that even if Plaintiff could perform the role's essential functions with an accommodation, that accommodation would not be reasonable because it would impose an undue hardship on Defendant. *See Vangas v. Montefiore Med. Ctr.*, 6 F. Supp. 3d 400, 416 (S.D.N.Y. 2014) (Ramos, J.) (analyzing definition of reasonable accommodation and undue hardship under NYCHRL § 8–102(18)).

Although the final paragraph attempts to clarify the burden allocation, this belated correction cannot cure the instruction's opening misstatement that the jury "must give Plaintiff the presumption' she can fulfill essential functions. Taken as a whole, the instruction misleadingly suggests Plaintiff bears no initial burden at all. As such, the Court should clarify using Defendant's distillation of 42 U.S.C. § 12111(8) that Plaintiff must show she can perform the job's essential functions with a reasonable accommodation or without any accommodation. Or, in the case of the NYCHRL, once Plaintiff puts a reasonable accommodation at issue, Defendant must show Plaintiff cannot perform the essential functions of the job, either with reasonable accommodation or without any accommodation. *See id.*

**Second**, the instruction mischaracterizes "essential function" by stating it is "generally defined as" certain duties. The cited language from *Tafolla v. Heilig*, 80 F.4th 111, 119 (2d Cir. 2023) describes an aspect of a job's essential functions, not a standalone definition. *See id.* This framing misleads the jury into believing this partial description is the complete legal standard for what constitutes a role's essential functions. *Velez*, 730 F.3d at 134 ("A jury instruction is erroneous if it . . . does not adequately inform the jury on the law." (quotation omitted)).

26

*Third* and relatedly, the instruction is incomplete.  It omits critical legal standards that appear in Defendant's Request No. 3.2(b), including *inter alia*: (1) that consideration "shall be given to the employer's judgment as to what functions of a job are essential," 42 U.S.C. § 12111(8); (2) that fact-finders give "substantial deference" to employer determinations, *see McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 98 (2d Cir. 2009); and (3) guiding ADA regulatory factors for evaluating essential functions under 29 C.F.R. § 1630.2(n).  Without these standards, the instruction "does not adequately inform the jury on the law."  *Velez*, 730 F.3d at 134 ("A jury instruction is erroneous if it . . . does not adequately inform the jury on the law." (quotation omitted)).

*Fourth*, the instruction directs the jury to "undertake 'a penetrating factual analysis'" citing *McMillan v. City of New York*, 711 F.3d 120, 129 (2d Cir. 2013).  But *McMillan* used that phrase to describe the Court's standard of review on summary judgment, not a jury instruction.  711 F.3d at 129.  Just as summary judgment's burden shifting framework is inappropriate for the jury, so too is the "penetrating analysis" admonition.  *Cf. Lugo v. City of Troy*, 114 F.4th 80, 89–90 (2d Cir. 2024) (holding that courts must "appl[y] the standards that are appropriate for the pertinent motion and stage of litigation," and that importing the analytical framework from one procedural phase into another constitutes error); *see also Gordon v. New York City Bd. of Educ.*, 232 F.3d 111 (2d Cir. 2000) (noting "trial judges should not import uncritically language used in the traditional . . . *McDonnell Douglas* formulation into jury charges because such language—developed by appellate courts for use by judges—is at best irrelevant, and at worst misleading to a jury" (cleaned up)).  Accordingly, importing it into jury instructions misstates the law.

Moreover, instructing the jury to conduct such a "penetrating" analysis would confusingly suggest a less stringent burden of proof for Plaintiff and invite the jury to assess Defendant's

business judgment, not simply whether it violated the discrimination laws at issue here. *See Caronia v. Hustedt Chevrolet*, 2009 WL 909729, at *5 (E.D.N.Y. Apr. 1, 2009) (employment discrimination laws such as the ADA do make federal courts "a roving commission to review business judgments" nor " super personnel departments, assessing the merits—or even the rationality—of employers' non-discriminatory business decisions." (quoting *Montana*, 869 F.2d at 106 and *Mesnick v. General Elec. Co.,* 950 F.2d 816, 825 (1st Cir. 1991)).

The Court should thus reject Plaintiff's Proposed Instruction No. 11 as misleading and confusing and instead adopt Defendant's Request No. 3.2(b).

## **Objections to Plaintiff's Proposed Instruction No. 12 – Undue Hardship**

Plaintiff's Proposed Instruction:

An "undue hardship" is "an action requiring significant difficulty or expense."[23] It is the burden of the Defendant to prove that Plaintiff's requested accommodation presents an undue burden.[24] Defendant must "show special (typically case-specific) circumstances demonstrating undue hardship in the particular circumstances."[25] The Plaintiff has only the "modest burden of proposing 'the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits.'"[26]

The factors to consider in deciding whether the accommodation would impose an undue hardship include (1) the size of the employer's (business, program, enterprise) with respect to the number of employees, number and type of facilities, and size of budget, (2) the type of operation which the (business, program, enterprise) is engaged in, including the composition and structure of the workforce, and (3) the nature and cost of the accommodation needed.[27]

If you find that, considering the factors that I have previously described, Defendant has proved that the requested accommodation would impose an undue hardship on its business, then you will find for Defendant. If Defendant has failed to prove that the requested accommodation would impose an undue hardship on the business, then you will find for Plaintiff and proceed to consider damages.

---

[23] McMillan v. City of N.Y., 711 F.3d 120, 128 (2d Cir. 2013) (quoting 42 U.S.C. §12111(10)(A)).

[24] Id.

[25] Greenbaum v. N.Y.C. Transit Auth., 2022 U.S. App. LEXIS 22589, at *10-11 (2d Cir. Aug. 15, 2022).

[26] Id.

[27] N.Y. PJI 9:4.1.

_Plaintiff's Cited Source_: No General citation

Defendant's Objection:

Defendant objects to Plaintiff's Proposed Instruction No. 12 as containing erroneous instructions in isolation and confusing overall. The Court should adopt Defendant's Request No. 3.2(b).

**_First_**, the "plausible accommodation" standard is wrong. This language derives from the summary judgment burden-shifting framework, not the trial standard. _See Borkowski_, 63 F.3d at 138-39 (articulating the "plausible accommodation" standard as part of the burden-of-production framework applicable on summary judgment and noting that "[t]hese two requirements placed on the plaintiff will permit district courts to grant summary judgments for defendants"). At trial, Plaintiff must prove by a preponderance of the evidence that a reasonable accommodation exists.

**_Second_**, the instruction's arrangement confuses the jury by mixing Plaintiff's burden with Defendant's undue hardship factors. _Kopstein_, 759 F.3d at 172 ("Reversal is required where . . . the charge was highly confusing."). Defendant's Request No. 3.2(b) provides the proper framework.

**_Third_**, the instruction incompletely lists factors without clarifying they are non-exhaustive and that undue hardship determinations "must . . . show special (typically case-specific) circumstances." _See Greenbaum v. N.Y.C. Transit Auth._, 2022 WL 3347893, at *4 (2d Cir. Aug. 15, 2022).

The Court should accordingly adopt Defendant's Request No. 3.2(b).

## **Objections to Plaintiff's Proposed Instruction No. 13 – Claim #2 – Failure to Provide a Reasonable Accommodation**

Plaintiff's Proposed Instruction:

Plaintiff's second claim is that Defendant failed to accommodate her. "Disability discrimination under the ADA includes a failure to provide an employee with a reasonable accommodation for [her] disability."[28] This claim is distinct from her discrimination claim and must be viewed separately.[29]

NYSHRL, NYCHRL, and NJLAD failure to accommodate claims are analyzed in the same way as ADA claims.[30] First, the plaintiff must establish a prima facie case. "To establish a prima facie claim under the ADA for failure to accommodate, an employee must show that: (1) she is disabled within the meaning of the ADA, (2) her employer is covered by the ADA and had notice of her disability, (3) she could perform the essential functions of her job with reasonable accommodation, and (4) her employer refused to provide such an accommodation despite being on notice."[31]

Under the New York City Human Rights Law, "there is no accommodation...that is categorically excluded from the universe of reasonable accommodation."[32]

To establish a claim for failure to accommodate under New Jersey Law Against Discrimination, Plaintiff must show: "(1) she was disabled and her employer knew it; (2) she requested an accommodation or assistance; (3) her employer did not make a good faith effort to assist; and (4) she could have been reasonably accommodated but for the employer's lack of good faith."[33] Plaintiff is not required to show any adverse employment consequence as part of this claim.[34]

"[A]fter the plaintiff satisfies her burden of production and persuasion as to the existence of an accommodation that is facially reasonable, the burden shifts to the defendant to rebut the reasonableness of the proposed accommodation."[35] This burden of the Defendant "is in essence equivalent to the burden of showing, as an affirmative defense, that the proposed accommodation would cause the defendant to suffer an undue hardship."[36]

---

[28] Shiber v. Centerview Partners LLC, 2025 U.S. Dist. LEXIS 196493, at *28 (S.D.N.Y. Sep. 29, 2025).

[29] McMillan v. City of N.Y., 711 F.3d 120, 125 (2d Cir. 2013); Nixon-Tinkelman v. N.Y.C. Dept. of Health & Mental Hygiene, 434 Fed. Appx. 17, at *18-19 (2d Cir. 2011) ("A plaintiff can base a discrimination claim on an employer's failure to make a reasonable accommodation.").

[30] Shiber, 2025 U.S. Dist. LEXIS 196493, at *28.

[31] Id. at *28-29.

[32] Phillips, 66 A.D.3d at 182; Hosking, 126 N.Y.S.3d at 103 (noting that the City Council amended the City Law in 2018 to codify Phillips); Velez v. Girraphic LLC, 2021 U.S. Dist. LEXIS 88908, at *19 (S.D.N.Y. May 10, 2021).

[33] Church v. Sears Holding Corp., 605 Fed. Appx. 119, 124 (3d Cir. 2015).

[34] Richter v. Oakland Bd. of Educ., 246 N.J. 507, 532 (2020).

[35] Shiber, 2025 U.S. Dist. LEXIS 196493, at *29.

[36] Id.

"An employer is required to engage in an interactive process upon notice of the need for an accommodation."[37] Under the ADA, "the employer's failure to engage in such an interactive process does not relieve a plaintiff of her burden of demonstrating...that some accommodation of her disability was possible. To meet that burden, a plaintiff must show that the costs of the accommodation, at least facially, do not clearly exceed its benefits."[38]

If Plaintiff successfully proves, by a preponderance of the evidence, that she was able to perform the essential function of her role, then you must move onto the final element of Plaintiff's failure to accommodate claim. Here you must decide whether Defendant refused to grant her a reasonable accommodation. You may consider a failure to engage in an interactive process as proof of discriminatory intent.[39] The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both Defendant and Plaintiff. The ADA, the NYSHRL, and the NJLAD require the parties to engage in an interactive process where the parties work together to determine if and how the employee's disability can be reasonably accommodated.[40]

Under the NYCHRL, it is not enough for the Defendant to meet its burden by showing that one accommodation is an undue hardship, but rather that all possible reasonable accommodations available to Plaintiff are an undue hardship.[41]

_Plaintiff's Cited Source_: No citation.

Defendant's Objection:

Defendant objects to Plaintiff's Proposed Instruction No. 13 as containing multiple legal errors. The Court should adopt Defendant's Request No. 3.4.

***First***, the instruction does not adequately inform the jury on the law because it jumps between different concepts—reasonable accommodation, interactive process, and burden-

---

[37] Id.

[38] Id.

[39] Sheng v. M&TBank Corp., 848 F.3d 78, 87 (2d Cir. 2017) (holding that "an employer's failure to engage in a good faith interactive process can be introduced as evidence tending to show disability discrimination and that the employer has refused to make a reasonable accommodation."); Cayetano v. Fed. Express Corp., 2022 U.S. Dist. LEXIS 119102, at *19 (S.D.N.Y. July 6, 2022) (noting that a failure to engage in an interactive proves "further supports an inference of discrimination.").

[40] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pgs. 17-18 (S.D.N.Y. Aug. 1, 2025).

[41] Agostini v. EmblemHealth, Inc., 2018 U.S. Dist. LEXIS 113607, at *18 (S.D.N.Y. July 9, 2018) (noting that "the NYCHRL places the burden on the employer to show the unavailability of any safe and reasonable accommodation.").

shifting—without clearly explaining what Plaintiff must prove first, what triggers Defendant's burden, and how these concepts relate to each other. *Velez*, 730 F.3d at 134 ("A jury instruction is erroneous if it . . . does not adequately inform the jury on the law." (quotation omitted)). Plaintiff's omnibus instruction on reasonable accommodations paired with the an explanation of the interactive process is needlessly complicated and thus confusing. Where appropriate, "[t]he purpose of jury instructions is to give the jury a clear and concise statement of the law applicable to the facts of the case." *Girden*, 262 F.3d at 203 ("The purpose of jury instructions is to give the jury a clear and concise statement of the law applicable to the facts of the case."). Plaintiff's combination of these two aspects of her reasonable accommodation is much more confusing than that set forth in both Defendant's Request Nos. 3.2(b), 3.4(b), and 3.4(c).

*Second*, the instruction states: "You may consider a failure to engage in an interactive process as proof of discriminatory intent." This misstates the law. Under *Sheng v. M&T Bank Corp.*, 848 F.3d 78, 87 (2d Cir. 2017)—Plaintiff's own citation—failure to engage is "evidence tending to show" discrimination, not "proof." The distinction is critical: "proof" improperly suggests sufficiency, while "evidence tending to show" correctly describes its probative value.

*Third*, even if there is evidence to support it, the "failure" of the interactive process "does not relieve [Plaintiff] of her burden of demonstrating . . . that some accommodation of her disability was possible." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 101 (2d Cir. 2009).

*Fourth*, the NYCHRL instruction stating "there is no accommodation . . . that is categorically excluded" is misleading. While accurate that no accommodation which is automatically excluded, accommodations that eliminate essential functions remain unreasonable under all statutes. *McMillan*, 711 F.3d at 127. As noted, this is even the case under the NYCHRL where, Defendant can show as an affirmative defense that the Plaintiff "could not, with reasonable

accommodation, satisfy the essential requisites of the job." NYCHRL § 8-107(15)(b). The instruction fails to include this critical limitation and is thus erroneous.

*Fifth*, Plaintiff's instruction that Defendant must show "all possible reasonable accommodations" are an undue hardship is incomplete and confusing. Plaintiff's cited case actually requires showing the employer to show "the unavailability of any safe and reasonable accommodation." *Agostini v. EmblemHealth, Inc.*, 2018 WL 3350324, at *7 (S.D.N.Y. July 9, 2018). "All possible" suggests an unlimited hypothetical universe; "any safe and reasonable" is the correct, more limited standard. *See id.*

The Court should adopt Defendant's Request No. 3.4, which correctly states the elements and burden allocation for the reasonable accommodation claim.

## Objections to Plaintiff's Proposed Instruction No. 14 – Claim #3 – Failure to Engage in the Interactive Process Under the NJLAD

Plaintiff's Proposed Instruction:

Plaintiff's third claim is that Defendant failed to engage in the interactive process in violation of the New Jersey Law Against Discrimination.

"To show under NJLAD that an employer failed to participate in the interactive process, a disabled employee must demonstrate: (1) the employer knew about the employee's disability; (2) the employee requested accommodations or assistance for her disability; (3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and (4) the employee could have been reasonably accommodated but for the employer's lack of good faith."[42]

"The burden is first upon the employee to request assistance, and then upon the employer to come up with potential accommodations."[43] "While there are no magic words to seek an accommodation, the employee, however, must make clear that assistance is desired for her disability."[44]

"An employer is required to initiate a good faith interactive process regarding accommodations before reasonably determining whether an employee's disability reasonably precludes performance of her essential job functions."[45] For example, an employer's good faith

---

[42] Shiber, 2025 U.S. Dist. LEXIS 196493, at *32.

[43] Id.

[44] Id.

[45] Id. at *31-32.

attempt may be shown by meeting with the employee, requesting information about the condition and what limitations the employee has, asking the employee what she specifically wants, and offering and discussing available alternatives when the request is too burdensome."[46] "Participation in the interactive process is the obligation of both parties, and the employer cannot be faulted if after conferring with the employee to find possible accommodations, the employee then fails to supply information that the employer needs or does not answer the employer's request for more detailed proposals."[47]

If you find that Defendant failed to engage in the interactive process with Plaintiff in violation, you must find in her favor on this claim.

*Plaintiff's Cited Source*: No citation

Defendant's Objection: Defendant does not object to Plaintiff's Proposed Instruction No. 14,

which is substantially similar to Defendant's Request No. 3.6.

**Objections to Plaintiff's Proposed Instruction No. 15 – Claim #4 – Failure to Engage in the**

**Cooperative Dialogue Under the New York City Human Rights Law**

Plaintiff's Proposed Instruction:

Plaintiff's third claim is that the Defendant failed to engage in the cooperative dialogue with her. The New York City Human Rights Law provides, "It shall be an unlawful discriminatory practice for an employer . . . to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the [employer] has notice may require such an accommodation . . . related to a disability."[48] The cooperative dialogue required by the New York City Human Rights Law "requires a more rigorous process" than the interactive process required by federal and state law.[49]

"The term 'cooperative dialogue' means the process by which a covered entity and a person entitled to an accommodation...engage in good faith in a written or oral dialogue concerning the person's accommodation needs; potential accommodations that may address the person's accommodation needs, including alternatives to a requested accommodation; and the difficulties that such potential accommodations may pose for the covered entity."[50]

"Upon reaching a final determination at the conclusion of a cooperative dialogue," an employer "shall provide any person requesting an accommodation who participated in the cooperative dialogue with a written final determination identifying any accommodation granted or

---

[46] Id.; Goonan v. FRB of N.Y., 916 F. Supp. 2d 470, 480 (S.D.N.Y. 2013).

[47] Id.

[48] N.Y.C. Admin. Code § 8-107(28)(a); Greenbaum v. N.Y.C. Transit Auth., 2022 U.S. App. LEXIS 22589, at *15-16 (2d Cir. Aug. 15, 2022).

[49] Hosking v. Meml. Sloan-Kettering Cancer Ctr., 186 A.D.3d 58, 63-64 1st Dept. 2020).

[50] NYC Administrative Code § 8-102.

denied."[51] "The determination that no reasonable accommodation would enable the person requesting an accommodation to satisfy the essential requisites of a job or enjoy the right or rights in question may only be made after the parties have engaged, or the covered entity has attempted to engage, in a cooperative dialogue."[52]

Under the New York City Human Rights Law, an employer's failure to engage in the cooperative dialogue with an employee can alone be the basis for a claim against the employer.[53] If you find that Centerview failed to engage in the cooperative dialogue with Shiber, you must find in her favor. However, if you find that Centerview met the requirements of the cooperative dialogue before terminating Shiber, you must find in the company's favor.

_Plaintiff's Cited Source_: No citation

Defendant's Objection:

Defendant objects to Plaintiff's Proposed Instruction No. 15 as confusing.  The Court should adopt Defendant's Request No. 3.7.  Specifically, the instruction states the cooperative dialogue "requires a more rigorous process" than the interactive process under federal and state law, citing _Hosking v. Meml. Sloan-Kettering Cancer Ctr._, 186 A.D.3d 58, 63-64 (1st Dep't 2020). However, neither the instruction nor the cited case explains what "more rigorous" means or how the process should be materially different from the ADA's required interactive process.  This conclusory statement therefore is confusing for the jury without any further guidance for application.  _Kopstein_, 759 F.3d at 172 ("Reversal is required where . . . the charge was highly confusing.").

The Court should adopt Defendant's Request No. 3.7, which describes the cooperative dialogue requirements without the unsupported and confusing "more rigorous" characterization.

---

[51] NYC Administrative Code § 8-107(28)(d).

[52] NYC Administrative Code § 8-107(28)(e).

[53] Carbone v. City of N.Y., 2025 U.S. Dist. LEXIS 226110, at *23 (S.D.N.Y. Nov. 17, 2025).

**Objections to Plaintiff's Proposed Instruction No. 16 – Claim #5 – Retaliation Under the New York City Human Rights Law**

Plaintiff's Proposed Instruction:

Plaintiff's fourth claim is that she was terminated in retaliation for seeking an accommodation, which is a violation of the New York City Human Rights Law. The New York City Human Rights Law makes it unlawful "to retaliate or discriminate in any manner against any person because such person has ... requested a reasonable accommodation under this chapter."[54]

To establish a prima facie case of retaliation under the New York City Human Rights Law, Plaintiff must show that: "(1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) she suffered an action that would be reasonably likely to deter a person from engaging in a protected activity; and (4) a causal connection exists between the protected activity and the action."[55] Under the New York City Human Rights Law, "it is illegal for an employer to retaliate in any manner."[56]

Here, there is no dispute regarding the first, second or third elements. Regarding the fourth element, the Plaintiff must prove a causal connection between Plaintiff's request for an accommodation and the subsequent termination. In determining the question of Defendant's motivation, you should consider all the evidence in the case, including the timing of the allegedly retaliatory acts, the testimony of the witnesses, and the documents in evidence.[57] You may consider the temporal proximity between the Plaintiff's request for accommodation and her termination when considering an inference of retaliation.[58]

Under the NYCHRL, Plaintiff need only show that retaliation for requesting an accommodation played some role in her termination. If Plaintiff cannot demonstrate that retaliation played at least some part, even if not the only part, in her termination, then you must find that she has not established a causal connection between her request for an accommodation and her subsequent termination.[59]

*Plaintiff's Cited Source*: No citation

---

[54] Administrative Code §8-107(7); Velez v. Girraphic LLC, 2021 U.S. Dist. LEXIS 88908, at *18 (S.D.N.Y. May 10, 2021); ("The NYCHRL further provides that failing to provide a reasonable accommodation for a person with a disability and retaliating against a person for requesting a reasonable accommodation are discriminatory practices.").

[55] Shiber, 2025 U.S. Dist. LEXIS 196493, at *35.

[56] Id.

[57] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pg. 20 (S.D.N.Y. Aug. 1, 2025)

[58] Id. at *37-28; Tafolla, 80 F.4th at 126 ("The close temporal proximity between Tafolla's requests for the accommodation and the instruction that she would need to go on medical leave is sufficient to support on inference of retaliation.").

[59] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pg. 21 (S.D.N.Y. Aug. 1, 2025).

<u>Defendant's Objection</u>:

Defendant objects to Plaintiff's Proposed Instruction No. 16 as misleading and legally incomplete.  The Court should adopt Defendant's Request No. 3.8.

***First***, the instruction states: "Here, there is no dispute regarding the first, second or third elements."  This is improper because Defendant has not stipulated to these elements, and this instruction thus improperly invades the jury's fact-finding function.  *Federal Jury Practice* § 101:10.

***Second***, the instruction is misleading as a whole because it omits Defendant's theory that the termination was not retaliatory but resulted from Plaintiff's inability to perform essential job functions.  *Luciano*, 110 F.3d at 218 (2d Cir. 1997) (noting that "taken as a whole, the jury instructions" must not give "a misleading impression or inadequate understanding of the law."). Although the motivating factor analysis is applicable to the NYCHRL claim, Plaintiff must show it was discriminatory animus against Plaintiff's disability that motivated its action, not a legitimate business-related decision.  As against Plaintiff's general instruction, Defendant is entitled to a specific instruction on its theory of the case.  *Carvel, Inc.*, 930 F.2d at 231 (noting parties are "entitled to a specific instruction on [their] theory of the case, if there is evidence to support it and if a proper request for such an instruction has been made.").

***Third***, the instruction improperly directs the jury's fact-finding by stating: "You may consider the temporal proximity...when considering an inference of retaliation."  While temporal proximity is relevant evidence under the NYCHRL, the instruction as phrased misleadingly suggests the jury should draw this inference rather than permitting it to evaluate all evidence.

The Court should adopt Defendant's Request No. 3.8, which properly states the elements and includes Defendant's theory that termination for inability to perform essential functions negates causal connection.

## Objections to Plaintiff's Proposed Instruction No. 17 – Damages – Generally

Plaintiff's Proposed Instruction:

My charge to you on the law of damages must not be taken as a suggestion that you should find for the Plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether Plaintiff is entitled to recover from Defendant. If you decide that Defendant is not liable to Plaintiff, you need not consider damages. Only if you decide that Defendant is liable to Plaintiff will you consider the amount of Plaintiff's damages.

If you find that Plaintiff is entitled to recover from Defendant, you must render a verdict in a sum of money that will justly and fairly compensate Plaintiff for all losses and harm resulting from Defendant's conduct. Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize Defendant.

Compensatory damages for employment discrimination and retaliation are not limited to the actual loss of time or money. You may also award Plaintiff a sum of money to compensate her for any past, present, or future mental pain, suffering and humiliation that resulted from the wrongful conduct on the part of the Defendants.[60] You must determine the amount that will fairly compensate Plaintiff for her harm. There is no exact standard to be applied. You must award an amount that is fair and just in light of the evidence. In determining Plaintiff's damages, you should consider Plaintiff's emotional pain and mental anguish as well as any monetary loss.

Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.[61]

When deciding what injuries a defendant caused, the law says that a defendant "takes the plaintiff as he finds her." Some of us are, for example, more susceptible to stress than others. Consequently, a particular event might have a different effect on us than it would on many other people. In this case, you have heard testimony from Plaintiff concerning the impact she claims the actions of Defendant had on her. The extent of her emotional distress depends at least in part on your assessment of the credibility of her claims of emotional distress.

---

[60] See Esposito-Hilder v. SFX Broadcasting, Inc., 654 N.Y.S. 259 (1996); Robinson v. Lockridge, 230 A.D. 389; McDougald v. Garber, 73 N.Y.2d 246; 538 N.Y.S.2d 937; Harris v. Forklift Systems, 510 U.S. 17 (1993).

[61] Kocar v. Port Auth. of N.Y. & N.J., 2024 U.S. Dist. LEXIS 156589, at *79-80 (S.D.N.Y. Jan. 26, 2024).

*Plaintiff's Cited Source*: N.Y. Pattern Jury Instr. § 9:5.1.

Defendant's Objection:

Defendant objects to Plaintiff's Proposed Instruction No. 17 aside from the first, second, and fourth paragraphs.  The Court should adopt Defendant's Request Nos. 3.9 and 3.10 with these paragraphs appended.

***First***, the first paragraph includes emotional damages which are inapplicable as a matter of law.  *See* Defendant's Motions in Limine, Dkt. Nos. 155, 157, 160.

***Second***, the final paragraph states: "When deciding what injuries a defendant caused, the law says that a defendant 'takes the plaintiff as he finds her.'  Some of us are, for example, more susceptible to stress than others.  Consequently, a particular event might have a different effect on us than it would on many other people."  This instruction has no citation, is legally erroneous in the employment discrimination context—particularly where emotional damages are inapplicable—and thus misleads the jury. Furthermore, the egg-shell plaintiff doctrine has traditionally been applied only in cases where the plaintiff suffered physical injuries.  *Ragin v. Harry Macklowe Real Est. Co.*, 6 F.3d 898, 908 (2d Cir. 1993) (declining to apply egg-shell plaintiff theory in emotional damages context because "[t]he theory ordinarily applies to tort cases involving physical injuries where a defendant must accept a plaintiff's pre-existing physical vulnerabilities.").  In any event, Plaintiff provides no citation supporting the eggshell plaintiff's applicability here to award emotion distress damages in any employment discrimination cases and thus it must be disregarded.  Individual Rule 4.B.i.  The unsupported instruction also misleadingly suggests the jury must accept whatever level of distress Plaintiff claims without the jury evaluating credibility and objective evidence and, therefore, should be disregarded.  *Velez*, 730 F.3d at 134

("A jury instruction is erroneous if it . . . does not adequately inform the jury on the law." (quotation omitted)).  This paragraph must be stricken.

The Court should adopt Defendant's Request Nos. 3.9 and 3.10 with the first, second, and fourth paragraphs appended.

## Objections to Plaintiff's Proposed Instruction No. 18 – Economic Losses

Plaintiff's Proposed Instruction:

If you find that Defendant is liable on any of Plaintiff's claims, you may award Plaintiff damages in the form of back-pay, front-pay, and other economic loss that came about as a result of Defendant's alleged violations of law. You must keep in mind that the purpose of money damages is to make people whole and that which makes Plaintiff whole is a matter of putting Plaintiff in the position that she would have been in if she had not been terminated on September 15, 2020.[62]

If you find that Defendant subjected Plaintiff to an unlawful termination, for example, then you must award as actual damages an amount that reasonably compensates her for any lost wages and benefits that Plaintiff would have received from Defendant had Plaintiff not been the subject of Defendant's discrimination.[63]

Back pay damages include any wages, employee benefits and other compensation that you find Plaintiff would have received from the date of her termination to the date of this trial, but for the Defendants' unlawful conduct.

Front pay damages, if any, represent a plaintiff's lost salary and benefits, caused by an unlawful discharge or other adverse action, accruing from the time of trial until the date when Plaintiff would have voluntarily resigned or obtained other comparable employment. Factors to be considered in determining front pay include the age of the Plaintiff and her reasonable prospects of obtaining comparable alternative employment.[64]

*Plaintiff's Cited Source*: No source

Defendant's Objection:

Defendant does not object to Plaintiff's Proposed Instruction No. 18, which is substantially similar to Defendant's Request No. 3.9, except that the Court should strike any reference to front

---

[62] Fed. Jury Prac. & Instr. § 172.70 (5th ed. 2001) (modified).

[63] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pgs. 24-25 (S.D.N.Y. Aug. 1, 2025), unless otherwise noted.

[64] Ahmad v. New York Univ., et al., 1:22-cv-01248-JLR, dkt. #161-9, pgs. 24-25 (S.D.N.Y. Aug. 1, 2025), unless otherwise noted.

pay and other economic damages as inapplicable as a matter of law.  *See* Defendant's Motions in Limine, Dkt. Nos. 155, 157, 160.  Moreover, the Court should clarify that any back pay award under the ADA is advisory and subject to the Court's review for reasonableness.

### Objections to Plaintiff's Proposed Instruction No. 19 – Duty to Mitigate

Plaintiff's Proposed Instruction:

Plaintiff has a duty under the law to "mitigate" her damages which means she must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the Defendant's actions or omissions. Plaintiff fails to mitigate her damages and is not entitled to backpay or front pay if she fails to remain in the labor market, fails to accept substantially similar employment, fails diligently to search for alternative work, or voluntarily quits alternative employment without good reason.

Defendant has the burden of proving that Plaintiff failed to mitigate. If the Defendant persuades you, by a preponderance of the evidence, that the Plaintiff has failed to take advantage of an opportunity that was reasonably available to her, then you must reduce the amount of the Plaintiff's damages by the amount that could have been reasonably obtained if she had taken advantage of such an opportunity.

Plaintiff must show that she used reasonable diligence in finding other suitable employment.[65] This duty is not onerous. Plaintiff need not go into another line of work, accept a demotion, or take a demeaning position.[66] An assessment of the reasonableness of Plaintiff's effort to mitigate "entails a consideration of such factors as the individual characteristics of the claimant and the job market, as well as the quantity and quality of the particular measures undertaken by the plaintiff to obtain alternate work... The defendant bears the evidentiary burden of showing that the plaintiff has failed to satisfy the duty to mitigate."[67]

You have heard testimony that the Plaintiff left a job to attend graduate school. It is up to you to determine whether Plaintiff's "furtherance of [her] education is inconsistent with his [sic] responsibility to use reasonable diligence in finding other suitable employment."[68]

In determining the amount of damages, you must exercise good judgment and common sense. The purpose of a damage award is to make a plaintiff whole, that is, to compensate for the injuries, if any, that resulted from the Defendant's violation of her legal rights. The damages that you award should be fair and reasonable, neither inadequate nor excessive.

*Plaintiff's Cited Source*:

Defendant's Objection:

---

[65] <u>Ramey v. Dist.</u>, 362 Fed. Appx. 212, 215-16 (2d Cir. 2010).

[66] Id. at 216.

[67] Id.

[68] <u>Dailey v. Societe Generale</u>, 108 F.3d 451, 456-57 (2d Cir. 1997)

Defendant objects to Plaintiff's Proposed Instruction No. 19.

*First*, the Court should strike any reference to front pay and other economic damages as inapplicable as a matter of law.  *See* Defendant's Motions in Limine, Dkt. Nos. 155, 157, 160.

*Second*, the characterization of Plaintiff's duty as "not onerous" should be stricken as vague and confusing.  Individual Rule 4.B.i.

*Third*, Defendant's instruction on what constitutes a different "line of work" is more complete and thus more accurate.

*Finally*, the last paragraph is needlessly cumulative and thus confusing in tandem with Plaintiff's Proposed Instruction No. 17 and/or Defendant's Request No. 3.9 and thus should not be given.

## Objections to Plaintiff's Proposed Instruction No. 20 – Emotional Distress Damages

Plaintiff's Proposed Instruction:

Plaintiff has alleged that, as a result of Defendant's conduct, she has suffered emotional distress. Plaintiff has the burden of proving any such damages by a preponderance of the evidence.[69] If Plaintiff does not establish that she has experienced emotional distress because of Defendant's conduct, then she cannot recover compensatory damages for those types of suffering. Do not decline to award emotional damages for the sole reason that they are hard to measure. While emotional injuries cannot be measured with precision, it does not mean that they are not real.[70]

Compensatory damages may also include compensation for pain, suffering, humiliation, mental anguish, or emotional distress. Plaintiff seeks emotional distress damages for the emotional distress that she allegedly suffered as a result of Defendant's alleged discriminatory actions against her. Therefore, if you find Defendant liable, you may award emotional distress damages for the emotional distress that was proximately caused by Defendant's actions.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be

---

[69] Id.

[70] See Cullen v. Nassau County Civil Serv. Commn., 53 N.Y.2d 492, 497 (1981); McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc., No. 128889/94 (N.Y. 1997), with further proceedings 175 Misc.2d 795, 806 (Sup. Ct. N.Y. Cty. 1997), appl. dismd., 256 A.D.2d 269 (1st Dept. 1998), leave to appl. denied, 94 N.Y.2d 753 (1999).

awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.[71]

If you find that Plaintiff is entitled to recover from Defendants, you must render a verdict in a sum of money that will justly and fairly compensate Plaintiff for all losses and harm resulting from Defendants' conduct.

Psychiatric or other medical treatment is not a precondition to recovery.[72] Nor is Plaintiff required to prove her claim through expert medical testimony. There is no requirement that evidence of the monetary value of such intangible things as mental anguish be introduced. Any award you make should be fair in light of the evidence presented at trial.[73]

*Plaintiff's Cited Source*: <u>Mayo-Coleman v. Am. Sugar Holdings, Inc.</u>, 14-cv-79-PAC-KNF, dkt. #169 (S.D.N.Y. Mar. 2, 2018).

<u>Defendant's Objection</u>:

Defendant objects to Plaintiff's Proposed Instruction No. 20 in its entirety because

emotional distress damages are here inapplicable as a matter of law.  *See* Defendant's Motions in

Limine, Dkt. Nos. 155, 157, 160.

## **Objections to Plaintiff's Proposed Instruction No. 21 – Punitive Damages**

<u>Plaintiff's Proposed Instruction</u>:

In addition to the compensatory damages just described, you will also be asked to determine if punitive damages are appropriate.

Punitive damages are intended not only to punish the wrongdoer, but also to deter future reprehensible conduct.[74] Punitive damages "differ conceptually from compensatory damages and are intended to address gross misbehavior or conduct that willfully and wantonly causes hurt to another."[75] The Human Rights law authorizes an award of punitive damages for the purpose of punishing a wrongdoer and serving as an example or warning to other employers not to engage in conduct of the types just described. Punitive damages serve to "act as a deterrent to the offender

---

[71] <u>Mayo-Coleman v. Am. Sugar Holdings, Inc.</u>, 14-cv-79-PAC-KNF, dkt. #169 (S.D.N.Y. Mar. 2, 2018).

[72] <u>Mayo-Coleman v. Am. Sugar Holdings, Inc.</u>, 14-cv-79-PAC-KNF, dkt. #169 (S.D.N.Y. Mar. 2, 2018).

[73] Id.

[74] <u>Chauca v. Abraham</u>, 30 N.Y.3d 325, 331 (2017); <u>Cush-Crawford v. Adchem Corp.</u>, 271 F.3d 352, 259 (2d Cir. 2001).

[75] Id.

'and to serve as a warning to others.'"[76] An award of punitive damages "is a particularly appropriate response to flagrant acts of discrimination."[77] Much of the evidence used to support a finding of intent is also probative of reckless disregard of a plaintiff's rights.[78]

Under the federal law of the ADA, punitive damages are appropriate where Defendants' actions were undertaken in the face of a perceived risk that its actions would violate federal law.[79] You may award punitive damages to Plaintiff even in the absence of actual damages.[80] A finding of punitive damages does not require a showing of "egregious" conduct.[81]

The standard for an award of punitive damages is lower under the New York State and New York City Human Rights Laws. Under the New York State and City Human Rights laws, "a plaintiff is entitled to punitive damages where the wrongdoer's actions amount to willful or wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.[82] This standard "requires nether a showing of malice or awareness of the violation of a protected right, representing the lowest threshold, and the least stringent form, for the state of mind required to impose punitive damages."[83] This means that if you find that the conduct of Defendant was undertaken with the knowledge that it may have been in violation of Plaintiff's human rights, then you may award Plaintiff punitive damages.[84]

You do not need to find that direct evidence exists that Defendant acted with knowledge that it was engaging in discrimination or that its conduct would violate Plaintiff's human rights in order to find the required state of mind to justify an award of punitive damages. A defendant's "acknowledgment of training in equal opportunity permits an inference of the requisite mental state."[85]

You must use your best judgment in determining the amount of a punitive damages award, as "[n]o objective standard exists that justifies the award of one amount, as opposed to another, to

---

[76] Thoreson v. Penthouse Intl., Ltd., 563 N.Y.S.2d 968, 973 (1990) (quoting Home Ins. Co. v. American Home Prods., 75 N.Y.2d 196, 203 (1990)).

[77] Thoreson, 149 Misc. 2d at 158.

[78] Greenbaum v. Handelsbanken, 67 F.Supp.2d 228, 262 (S.D.N.Y. 1999).

[79] Kolstad v. American Dental Association, 527 U.S. 526, 535 (1999).

[80] See Cush-Crawford v. Adchem Corp., 271 F.3d 352, 357 (2d Cir. 2001) ("An award of actual or nominal damages is not a prerequisite for an award of punitive damages in Title VII cases.").

[81] See Kolstad, 527 U.S. at 534-35.

[82] Chauca, 30 N.Y.3d at 329 (citations omitted).

[83] Id. at 333.

[84] Kolstad, 527 U.S. at 536.

[85] See Zimmerman v. Associates First Capital Corp., 251 F.3d 376, 385 (2d Cir. 2002); Parrish v. Sollecito, 280 F.Supp.2d 145, 152 (S.D.N.Y. 2003) (recognizing that "the Second Circuit has found that general training in equal opportunity protocol and hiring practices is sufficient to infer awareness" and citing supporting cases, including Zimmerman).

punish a tortfeasor appropriately for his misconduct. Nor is there any formula to determine the dollar amount needed to effectuate deterrence."[86]

In determining the amount to award for punitive damages, you should consider the following: the nature of Defendant's conduct, the harm caused as a result of the conduct, and "the degree to which the conduct offends principles of justice."[87] You may consider the Defendant's financial resources when considering the amount to an award.[88] The amount of punitive damages awarded must be sufficient to punish Defendant and to act as an effective deterrent against the commission of such acts in the future.[89]

_Plaintiff's Cited Source_: No citation

Defendant's Objection:

Defendant objects to Plaintiff's Proposed Instruction No. 21 as incomplete, confusing, and misleading.  The Court should adopt Defendant's Request No. 3.11.

**_First_**, the instruction omits the constitutional requirement that punitive damages "must bear a reasonable relationship to the plaintiff's actual injury."  *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 580-81 (1996).  This constitutional limitation is mandatory and its omission renders the instruction legally deficient.  *Velez*, 730 F.3d at 134 ("A jury instruction is erroneous if it . . . does not adequately inform the jury on the law." (quotation omitted)).

**_Second_**, the instruction's structure is misleading.  It leads with deterrence language in multiple paragraphs before defining the legal standards for awarding punitive damages.  The jury cannot understand the purpose of punitive damages without first knowing when they may be

---

[86] Payne v. Jones, 711 F.3d 85, 93 (2d Cir. 2012); Garcia v. Comprehensive Ctr., LLC, 2019 U.S. Dist. LEXIS 203447, at *22 (S.D.N.Y. Nov. 21, 2019) ("Under New York law, whether to award punitive damages and how much to award are primarily questions which reside in the sound discretion of the original trier of the facts.") (citations omitted).

[87] Thoreson v. Penthouse Intl., 149 Misc. 2d 150, 161 (Sup. Ct. N.Y. Cty. 1990)

[88] Rivera v United Parcel Serv., Inc., 148 A.D.3d 574, 575 (1st Dept. 2017) (upholding a punitive damages award while noting the "defendant's substantial income.") (citing McIntyre v. Manhattan Ford, 256 A.D.2d 269, 271 (1st Dept. 1998) ("The wealth of a defendant is material to the assessment of punitive damages.").

[89] Thoreson, 149 Misc. 2d at 161.

awarded.  The proper sequence is: (1) threshold legal standards (malice/reckless indifference under ADA; conscious disregard under NYSHRL/NYCHRL); (2) definition and purpose; (3) factors for amount. *See* Defendant's Request No. 3.11 (following this sequence consistent with *Federal Jury Practice* pattern jury instructions).

*Third*, the repeated discussion of deterrence across three separate paragraphs is needlessly cumulative and improperly emphasizes deterrence over other statutory considerations, giving a misleading, and thus erroneous, impression of the law.  *Luciano*, 110 F.3d at 218 ("It is well-established that a jury charge is erroneous if the instruction misleads the jury as to the proper legal standard, or it does not adequately inform the jury of the law." (quotation and citation omitted)).

*Fourth*, while the instruction sets forth the NYSHRL/NYCHRL standards, describing these standards as "lower" confuses the jury by suggesting a comparative hierarchy rather than simply stating each law's requirements.  *Kopstein*, 759 F.3d at 172 ("Reversal is required where . . . the charge was highly confusing.").

*Fifth*, the instruction fails to state that punitive damages may only be awarded if the jury first finds liability on at least one claim.

*Sixth*, the statement that a defendant's "acknowledgment of training in equal opportunity permits an inference of the requisite mental state" is overly conclusory and invades the province of the jury without sufficient context to justify its inclusion.

The Court should instead adopt Defendant's Request No. 3.11, which properly sequences the standards, includes constitutional limitations, and avoids confusing characterizations.

Dated: February 10, 2026

Respectfully submitted,

By:    /s      *Hope D. Skibitsky*

Jennifer J. Barrett
Hope D. Skibitsky
Charles Sangree
Janice Yoon

QUINN EMANUEL
URQUHART & SULLIVAN LLP
295 5th Ave,
New York, NY 10016
Tel: 212-849-7000
Fax: 212-849-7100
jenniferbarrett@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
janiceyoon@quinnemanuel.com
charlessangree@quinnemanuel.com
*Attorneys for Centerview Partners LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2026, I electronically filed the foregoing Objections to Plaintiff's Proposed Jury Instructions with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

SCHWARTZ PERRY & HELLER LLP
Brian Heller
Davida S. Perry

CLAYMAN ROSENBERG KIRSHNER & LINDER LLP
James F. Valentino

/s/ *Hope D. Skibitsky*
Hope D. Skibitsky