## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

KATHRYN SHIBER,

        Plaintiff,

    v.

CENTERVIEW PARTNERS LLC,

        Defendant.

Case No. 1:21-cv-03649

## CENTERVIEW PARTNERS LLC'S OBJECTIONS
## TO KATHRYN SHIBER'S PROPOSED
## VERDICT FORM

Jennifer J. Barrett
Hope D. Skibitsky
Charles H. Sangree
Janice Yoon

QUINN EMANUEL
URQUHART & SULLIVAN LLP
295 5th Ave, New York, NY 10016
Tel: 212-849-7000
Fax: 212-849-7100
jenniferbarrett@quinnemanuel.com
hopeskibitsky@Fquinnemanuel.com
janiceyoon@quinnemanuel.com
charlessangree@quinnemanuel.com

*Attorneys for Centerview Partners LLC*

1

In accordance with Rule 49 of the Federal Rules of Civil Procedure and Rule 4.C of the Court's Individual Practices, Defendant Centerview Partners LLC ("Centerview" or "Defendant") respectfully submits the following objections to Plaintiff's proposed verdict form. Defendant requests that the Court adopt its Proposed Verdict Form in full. Defendant reserves the right to assert additional objections to Plaintiff's proposed form and to modify, withdraw, or add any proposed amendments based on the evidence adduced at trial.

## OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM

## GENERAL OBJECTION

Under Federal Rule of Civil Procedure 49, the Court may require the jury reach a general verdict—that is, a verdict in which "the jury finds in favor of one party or the other, as opposed to resolving specific fact questions," VERDICT, *Black's Law Dictionary* (12th ed. 2024)—or a special verdict with "finding[s] on each issue of fact." Fed. R. Civ. P. 49(a)(1). The formulation of special verdict questions "rests in the sound discretion of the trial judge" and is reviewed only for an abuse of that discretion. *Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 88 (2d Cir. 1998) (quoting *Vichare v. AMBAC Inc.*, 106 F.3d 457, 465 (2d Cir. 1996)). However, the special verdict questions, when "read in conjunction with the judge's charge to the jury," must not confuse or mislead the jury or inaccurately frame the issues for consideration. *Id.* ("Reversal is warranted if the questions mislead or confuse the jury, or if they inaccurately frame the issues to be resolved by the jury."); *see also Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, 2023 WL 2487331, at *1 (2d Cir. Mar. 14, 2023) (summary order) (verdict forms read "together" with jury instructions must ensure "no danger that the jury would have been left with the misimpression that it could have made its findings without reference to the correct burden of proof"). Plaintiff's proposed verdict form fails these standards in multiple respects.

2

Plaintiff's verdict form is internally inconsistent with—and renders meaningless—the detailed jury instructions both parties have proposed.  Plaintiff devotes substantial portions of her proposed jury instructions to explaining the distinct elements of each claim, the different burdens of proof under different statutes, and the nuanced legal standards governing reasonable accommodation, essential functions, and undue hardship.  Although technically permissible, her verdict form collapses all of this complexity into simplistic yes/no questions that fail to track these elements.  For example, Question 1 asks whether Plaintiff has "proven, by a preponderance of the evidence, her claim that Defendant discriminated against her based on disability in violation of the Americans with Disabilities Act and the New Jersey Law Against Discrimination?"  This single question purports to encompass at least four distinct elements that Plaintiff must prove.  By collapsing these elements into a single general verdict question, Plaintiff's form thus misleadingly frames the issues for consideration and creates the danger that jurors will reach a general impression of liability without actually finding that Plaintiff proved each required element by a preponderance of the evidence.  *See Shah*, 148 F.3d at 88; *Weng*, 2023 WL 2487331, at *1 (noting verdict form must "properly frame[] the issues" to avoid being misleading).

The disconnect is even more glaring when examining Plaintiff's failure to accommodate claim.  Plaintiff's Proposed Instruction No. 13, for example, walks through multiple elements the jury must consider: whether Defendant had notice of Plaintiff's disability, whether Plaintiff could perform essential functions with accommodation, whether a reasonable accommodation existed, and whether Defendant refused to provide it.  Yet Question 3 of her verdict form asks only: "Has Plaintiff proven, by a preponderance of the evidence, her claim that Defendant failed to provide her with a reasonable accommodation under the ADA, New York State Human Rights Law, the New York City Human Rights Law, the New Jersey Law Against Discrimination and the New

Jersey Administrative Code?"  This general formulation requiring only that the jury answer a single yes/no question makes it less likely that a jury will work through each element of each claim with reference to the Court's detailed jury instructions regarding the law's complex elements from essential functions, interactive process, undue hardship, to the various statutory standards.  In short, the proposed form creates exactly the danger identified in *Weng*—that the jury "could have made its findings without reference to the correct burden of proof" on each element.  2023 WL 2487331, at *1.

In contrast, Defendant's Proposed Verdict Form tracks the elements of each claim, separates inquiries under different statutes where legal standards meaningfully diverge, and guides the jury through the logical progression of its fact-finding duties.  By requiring the jury to answer discrete questions about each element—disability, qualified individual status, intentional discrimination, causation, reasonable accommodation, essential functions, undue hardship, interactive process, cooperative dialogue, and damages—Defendant's form ensures the jury actually applies the detailed instructions to the evidence.  It also prevents the jury from engaging in impermissible speculation or reaching a general verdict based on sympathy rather than sufficient proof of each required element.  This approach ensures that verdict forms, when "read in conjunction with the judge's charge to the jury," do not "mislead or confuse the jury" or "inaccurately frame the issues to be resolved by the jury."  *Shah*, 148 F.3d at 88 (quotations omitted).

## SPECIFIC OBJECTIONS

Beyond these structural deficiencies, Plaintiff's verdict form contains several legal errors such that it is improper to put to the jury:

**Question 3 (Reasonable Accommodation):**  This question improperly suggests Plaintiff need only prove a general "failure to provide" without proving the existence of a specific reasonable accommodation that would have allowed her to perform all essential functions. *See* Defendant's Proposed Jury Instructions, Request No. 3.4, 3.4(c) at 37, 39 (ECF No. 166) (requiring plaintiff to "demonstrate an accommodation existed which 'would have been reasonable'" and to prove "a reasonable accommodation was possible that would have allowed her to fulfill the essential functions of the role," even where the employer allegedly failed to engage in the interactive process (citing *Federal Jury Practice*, § 172:21 and *McBride v. BIC Consumer Prods. Mfg. Co*., 583 F.3d 92, 101 (2d Cir. 2009)).

**Question 7 (Back Pay):** The question references "the date her employment with Defendants ended on September 15, March 5, 2020"—which appears to contain a typographical error conflating two different dates.  Further, the question fails to instruct the jury that back pay calculations must account for the limited duration of Plaintiff's analyst position (approximately three years maximum).  *See* Defendant's Request No. 3.10 (ECF No. 166); *see also* Defendant's Mem. L. Supp. Mots. in Limine, at 14–19 (ECF Nos. 155, 157, 160) (moving to preclude evidence of compensation beyond the analyst position on the grounds that Plaintiff was an at-will employee hired into a three-year program with no guarantee of completion, and damages premised on speculative future promotions are irrelevant under Fed. R. Evid. 401 and unduly prejudicial under Fed. R. Evid. 403).  Further, this question fails to guide the jury to deduct from any back pay award the amount of money Plaintiff made during the period for which the jury may decide to award back pay. *See* Defendant's Proposed Jury Instructions, Request No. 3.9 at 52–53 (ECF No. 166) (instructing that backpay must "take into account that the position for which the plaintiff was hired had a maximum duration of approximately three years"); *id.*; Request No. 3.10, at 53–54

5

(instructing that damages must be reduced by "what [the plaintiff] later earned" and "what [the plaintiff] could have earned by reasonable effort during the period from her discharge until the date of this trial").

**Question 8 (Front Pay):** Front pay is not recoverable in this case as a matter of law. *See* Defendant's Motions in Limine, Dkt. Nos. 155, 157, 160. This question should not appear on the verdict form.

**Question 9 (Emotional Distress):** Emotional distress damages are not recoverable in this case as a matter of law. *See* Defendant's Motions in Limine, Dkt. Nos. 155, 157, 160. This question should not appear on the verdict form.

**Question 10(a) and (b) (Punitive Damages):** The bifurcation of punitive damages questions between federal and state law creates confusion and risks an improper double recovery. The Court should therefore provide only one prompt for punitive damages as in Defendant's Request No. 3.11 or else clarify that only one recovery is possible.

## <u>CONCLUSION</u>

For all these reasons, the Court should reject Plaintiff's Proposed Verdict Form and instead adopt Defendant's Proposed Verdict Form, which properly frames the issues, tracks the elements of each claim, avoids confusion about burden allocation, and ensures the jury's findings reflect actual application of the law to the facts as instructed.

## PLAINTIFF'S PROPOSED VERDICT FORM

1.      Has Plaintiff proven, by a preponderance of the evidence, her claim that Defendant discriminated against her based on disability in violation of the Americans with Disabilities Act and the New Jersey Law Against Discrimination?

Yes _____ No _____

*(Please proceed to the next question.)*

2.      Has Plaintiff proven, by a preponderance of the evidence, her claim that Defendant discriminated against her based on disability in violation of the New York State Human Rights Law and the New York City Human Rights Laws?

Yes _____ No _____

*(Please proceed to the next question.)*

3.      Has Plaintiff proven, by a preponderance of the evidence, her claim that Defendant failed to provide her with a reasonable accommodation under the ADA, New York State Human Rights Law, the New York City Human Rights Law, the New Jersey Law Against Discrimination and the New Jersey Administrative Code?

Yes _____ No _____

*(Please proceed to the next question.)*

4.      Has Plaintiff proven, by a preponderance of the evidence, her claim that Defendant failed to engage in the interactive process under the New Jersey Law Against Discrimination?

Yes _____ No _____

*(Please proceed to the next question.)*

5.      Has Plaintiff proven, by a preponderance of the evidence, her claim that Defendant refused to engage in the cooperative dialogue under the New York City Human Rights Law?

Yes _____ No _____

*(Please proceed to the next question.)*

6.      Has Plaintiff proven, by a preponderance of the evidence, her claim of retaliation under the New York City Human Rights Law?

Yes _____ No _____

*(If you answered "Yes" to any of Questions #1 through #6, please proceed to the next question. If you did not answer "Yes" to any of Questions #1 through #6, please proceed to the Conclusion on page 3.*

## COMPENSATORY DAMAGES

7.  <u>Back Pay</u>: Please enter the dollar amount that would fairly and adequately compensate Plaintiff for any loss of earnings for the period from the date her employment with Defendants ended on September 15, March 5, 2020, until the date of this verdict.

$_____

(*Please proceed to the next question.*)

8.  <u>Front Pay</u>: Please enter the dollar amount that would fairly and adequately compensate Plaintiff for any future loss of pay, which is the period from the day following this verdict into the future.

$_____

(*Please proceed to the next question.*)

9.  <u>Emotional Distress (Pain and Suffering)</u>: Please enter the dollar amount that would fairly and adequately compensate Plaintiff for emotional distress, pain and suffering caused by Defendant's conduct.

$_____

(*Please proceed to the next question.*)

## PUNITIVE DAMAGES

10.  <u>Punitive Damages</u>:

(a)  If you find that Defendants engaged in conduct that entitles Plaintiff to an award of punitive damages under the ADA and the New Jersey Law Against Discrimination, please enter the amount of any award here.

$_____

(b)  If you answered "No" to question 6(a) and find that Defendants engaged in conduct that entitles Plaintiff to an award of punitive damages under the New York City Human Rights Law and the New York State Human Rights, please enter the amount of any award here.

$_____

(*Please sign the verdict sheet and provide it to the court officer.*)

## CONCLUSION

*Your foreperson must sign this Verdict Form, and you will all return to open court.*

_____
                              FOREPERSON

Sources:      Penzo . Consolidated Edison Co. of New York, Inc., Case No. 19-cv-7478-MKV,
              Dkt. 173 (S.D.N.Y. Dec. 18, 2023); <u>Mayo-Coleman v. Am. Sugar Holdings, Inc.</u>,
              Case No. 14-cv-79-PAC-KNF, Dkt. #168 (S.D.N.Y. Mar. 2, 2018).

Dated: February 10, 2026

                                     Respectfully submitted,

                           By:     */s      Hope D. Skibitsky*

                                     Jennifer J. Barrett
                                     Hope D. Skibitsky
                                     Charles Sangree
                                     Janice Yoon

                                     QUINN EMANUEL
                                     URQUHART & SULLIVAN LLP
                                     295 5th Ave, New York, NY 10016
                                     Tel: 212-849-7000
                                     Fax: 212-849-7100
                                     jenniferbarrett@quinnemanuel.com
                                     hopeskibitsky@quinnemanuel.com
                                     charlessangree@quinnemanuel.com
                                     janiceyoon@quinnemanuel.com
                                     *Attorneys for Centerview Partners LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 10, 2026, I electronically filed the foregoing Objections to Plaintiff's Proposed Verdict Form with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

SCHWARTZ PERRY & HELLER LLP
Brian Heller
Davida S. Perry

CLAYMAN ROSENBERG KIRSHNER & LINDER LLP
James F. Valentino

/s/ *Hope D. Skibitsky*
Hope D. Skibitsky