quinn emanuel trial lawyers | new york

295 5th Avenue, 9th Floor, New York, New York 10016| TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7535**

WRITER'S EMAIL ADDRESS
**hopeskibitsky@quinnemanuel.com**

February 10, 2026

**VIA ECF**
The Honorable Edgardo Ramos
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007-1312

Re:     *Kathryn Shiber v. Centerview Partners LLC*, No. 1:21-cv-03649-ER

Dear Judge Ramos:

We represent defendant Centerview Partners LLC ("Centerview") in the above-referenced action. Pursuant to Your Honor's Individual Rule 3(ii) and ¶ 12(c) of the Stipulated Protective Order (Dkt. No. 42), we write to request permission to file Centerview's Opposition to Plaintiff's Motion In Limine to Exclude Medical Records and Deposition Testimony with limited redactions on the public docket.

**I.      Standard**

Any redaction or sealing of a court filing must be tailored to serve the purpose that justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  But courts recognize that privacy interests in medical information, particularly mental health records, outweigh the presumption of public access to judicial documents.  "An individual generally 'maintains significant privacy rights to her medical information,' and courts 'regularly seal' such information." *Robinson v. De Niro*, 2022 WL 2952071, at *2 (S.D.N.Y. July 26, 2022) (quoting *Valentini v. Grp. Health Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020)); *see also United States v. Milken*, 780 F. Supp. 123, 127 (S.D.N.Y. 1991) (granting request to seal material relating to the medical conditions of the defendant's family).  Courts routinely seal medical records and documents containing detailed medical information to protect patient privacy

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

interests under HIPAA and related privacy laws. *Valentini*, 2020 WL 7646892, at *2 (granting motion to seal plaintiff's confidential health records, finding that "Plaintiffs' privacy interests and Defendants' legal obligations [under HIPAA] outweigh the presumption of public access"). These privacy interests are particularly compelling where, as here, the documents contain sensitive mental health treatment records, diagnoses, and treatment histories from non-party medical providers. *See Robinson*, 2022 WL 2952071, at *2 (sealing "sensitive medical information of the parties, witnesses, and their family members, including diagnoses of diseases and symptoms suffered as a result of said diseases").

## II.     Materials That Centerview Requests Be Redacted from the Public Record

Centerview respectfully sets forth its justifications for filing these documents under seal in the table below:

| Documents Centerview seeks to be redacted | Portions sought to be redacted | Reason for redaction |
|---|---|---|
| Memorandum of Law in Opposition to Plaintiff's Motion In Limine | Portions indicated by yellow highlighting. | Contains detailed, confidential protected health information regarding plaintiff's medical conditions, diagnoses, treatment history, and mental health records from non-party medical providers, including specific diagnoses, symptoms, and treatment observations. |

The proposed redactions are narrowly tailored to protect only those portions of the Opposition that disclose certain health information—including particular diagnoses, symptoms, treatment observations, and the substance of medical provider testimony—while leaving the legal arguments, case citations, and procedural framework fully visible on the public docket. The redactions are also necessitated by Centerview's obligations under the Stipulated Protective Order (Dkt. No. 42), as the underlying deposition transcripts and medical records were designated "Confidential" by Plaintiff pursuant to ¶ 12(c) and may not be filed on the public docket without Court approval.

Accordingly, Centerview respectfully requests the Court grant its request for leave to file a redacted version of its Opposition to Plaintiff's Motion In Limine on the public docket, with an unredacted version filed under seal.

Respectfully submitted,

*/s/ Hope D. Skibitsky*

Hope D. Skibitsky

*Counsel for Centerview Partners LLC*