**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KATHRYN SHIBER,

        Plaintiff,

    v.

CENTERVIEW PARTNERS LLC,

        Defendant.

Case No. 1:21-cv-03649

**CENTERVIEW PARTNERS LLC'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE**

Jennifer J. Barrett
Hope D. Skibitsky
Charles H. Sangree
Janice Yoon

QUINN EMANUEL
URQUHART & SULLIVAN LLP
295 5th Ave, New York, NY 10016
Tel: 212-849-7000
Fax: 212-849-7100
jenniferbarrett@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
charlessangree@quinnemanuel.com
janiceyoon@quinnemanuel.com

*Attorneys for Centerview Partners LLC*

## TABLE OF CONTENTS

**Page**

OPPOSITION TO MOTION IN LIMINE................................................................................3

I.    Relevant Background................................................................................................3

II.   The Medical Records and Deposition Testimony Plaintiff Seeks To Exclude Are
      Admissible ...............................................................................................................5

      A.    No Doctor-Patient Privilege Applies ...........................................................5

      B.    The Evidence Plaintiff Seeks To Exclude Is Relevant And Not Unfairly
            Prejudicial ....................................................................................................6

CONCLUSION.............................................................................................................12

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Belvin v. Electchester Mgmt., LLC,*
  635 F. Supp. 3d 190 (E.D.N.Y. 2022) ...................................................4, 5, 7, 8, 9, 10

*Bridges v. Eastman Kodak Co.,*
  850 F. Supp. 216 (S.D.N.Y. 1994) ...........................................................................5

*Cayetano v. Fed. Express Corp,*
  2022 WL 2467735 (S.D.N.Y. July 6, 2022) .............................................................9

*Cohen v. City of New York,*
  2007 WL 2789272 (S.D.N.Y. Sept. 25, 2007)...........................................................5

*Hartman v. Snelders,*
  2010 WL 11626508 (E.D.N.Y. Jan. 28, 2010) .........................................................5

*Lewis v. Am. Sugar Refining, Inc.,*
  2018 WL 11409641 (S.D.N.Y. Mar. 26, 2018) ......................................................8, 9

*Ottawa Office Integration Inc. v. FTF Business Sys., Inc.,*
  132 F. Supp. 2d 215 (S.D.N.Y. 2001)........................................................................3

*In re Sims,*
  534 F.3d 117 (2d Cir. 2008)........................................................................................4

*Thompson v. Revonet, Inc.,*
  2006 WL 8446753 (D. Conn. June 26, 2006)............................................................6

*U.S. v. White,*
  692 F.3d 235 (2d Cir. 2012)........................................................................................4

*Williams v. MTA Bus Co.,*
  44 F.4th 115 (2d Cir. 2022) .......................................................................................8

## **Other Authorities**

Fed. R. Evid. 403 ...............................................................................................................4

Pursuant to the Court's Revised Scheduling Order (ECF No. 141), Defendant Centerview Partners LLC ("Centerview") respectfully submits this opposition to Plaintiff's Motion in *Limine* ("Motion" or "Mot.") (ECF No. 162).

## OPPOSITION TO MOTION IN LIMINE

Plaintiff's Motion seeks to exclude: (1) ███████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████ the Friday before she began work at Centerview. This evidence is admissible and the Motion should be denied.

## I.    Relevant Background

### *Dr. Da-Shih Hu*

Dr. Hu is a Board certified psychiatrist employed by Dartmouth Health ██████████

███████████████████████████████████████. ECF No. 163-4 ("Hu Dep.") 8-12.

███████████████████████████████████████████████████████████████████████

██████████████. *Id.* at 51-52. ███████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████████████. ECF No. 164-7 at 7. ███████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████." Hu Dep. 61. ███████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████.

*Id.* at 64-67. ███████████████████████████████████ because "it's open to misuse" and that it provides students too much "leeway" to miss class at their discretion based on their own assessment of their health. *Id.* at 66-67.

In 2021, after Ms. Shiber had been terminated from Centerview and after Ms. Shiber had begun the process of bringing claims against Centerview, Plaintiff requested ███████████████ ████████████. Upon receipt of those records, Ms. Shiber wrote that she was confused that the records ███████████████████████████████████████████████████████████████████ ████████████████████████████████. *Id.* at 75. Dr. Hu responded that he had not made such diagnosis. *Id.* at 76-78. Dr. Hu then spoke with Ms. Shiber on the phone where she informed him that she was seeking documentation of her disabilities because she was suing Centerview. *Id.* at 81-83. █████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████." *Id.* at 84. Dr. Hu agreed to write a revised note for Ms. Shiber. *Id.* at 85. When Dr. Hu sent his note, Ms. Shiber pushed back and asked him to alter his note to omit the fact that ██████████████████ ████" *Id.* at 89. Dr. Hu understood her to be making this request to aid her in her lawsuit against Centerview. *Id.* at 90. ████████████████████████████████████████████████████ ████████████████████████████████████████████. *Id.* at 93. He recalled including that detail because "potentially I was trying to help her case." *Id.* at 94. He understood that ████████████████████████ would make her request for sleep "more reasonable" and that this would help her lawsuit. *Id.* at 95-96.

### *Dr. Jonathan Lichtenstein*

Dr. Lichtenstein is a neuropsychologist at Dartmouth Health ██████████████████ ████████████████████. ECF No. 163-2 ("Lichtenstein Dep.") 7, 13-16. █████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████. *Id.* at 23-25, 40-41. One of Dr.

Lichtenstein's observations was that ███████████████████████████
████████. *Id.* at 23-25. ████████████████████████████████████
██████████████████████████████████████████. *Id.* at 27-31. ███
████████████████████████████████████████████████████████████
██████████████████████████████████████████ *Id.* at 33.

***Medical Records From Outer Cape Health Services***

Plaintiff visited ████████████████████████████████████████████
████████████████████████. ECF No. 163-5 at 7.  During that visit, Ms. Shiber discussed
████████████████████████████████████████ *Id.* at 8. █████████
███████████████████████████████████████ The timing and causes of Ms.

Shiber's ████████████ are hotly contested issues in this litigation as Centerview understands that

Ms. Shiber intends to argue that Centerview's termination of her caused her to have █████████

Ms. Shiber began her employment at Centerview the next Monday, July 6, 2020 (not three months

later, as Plaintiff claims).  ECF No. 109 at ¶ 16; Mot. 5.

**II.    The Medical Records and Deposition Testimony Plaintiff Seeks To Exclude Are Admissible**

Plaintiff argues that the medical records and deposition testimony at issue here are not

admissible because (1) they are subject to a doctor-patient privilege that has not been waived; and

(2) they are irrelevant and unduly prejudicial to plaintiff.  Both arguments fail.

**A.    No Doctor-Patient Privilege Applies**

First, while Plaintiff relies on caselaw regarding the application of doctor-patient privilege,

Mot. 2-3, the materials Plaintiff seeks to exclude are indisputably not protected by any such

privilege.  "It is well settled that a party waives his doctor-patient privilege when he puts his

medical condition into issue."  *Ottawa Office Integration Inc. v. FTF Business Sys., Inc.*, 132 F.

Supp. 2d 215, 220 (S.D.N.Y. 2001); *see In re Sims*, 534 F.3d 117, 134 (2d Cir. 2008) ("a plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting his psychotherapist-patient privilege"). Plaintiff indisputably put her medical history at issue in this case by asserting that she was disabled before she worked at Centerview because of her ████████ ████████████████████████████████████████████████████████████████, but that, nonetheless, her present symptoms of those conditions were caused by Centerview, and thus she should be awarded emotional distress damages as compensation for those symptoms. Ms. Shiber acknowledged her waiver by voluntarily consenting to the release of the medical records at issue here, signing release forms allowing her medical providers to disclose these records to Centerview. Given both this at issue waiver and her subsequent voluntary disclosure of the pertinent records to Centerview, Shiber cannot now be heard to argue these materials are privileged. *See Belvin v. Electchester Mgmt., LLC*, 635 F. Supp. 3d 190, 198 (E.D.N.Y. 2022) (plaintiff "waived the psychotherapist-patient privilege by producing his mental health records").

### B. The Evidence Plaintiff Seeks To Exclude Is Relevant And Not Unfairly Prejudicial

Because no doctor-patient privilege applies, the medical records and deposition testimony Plaintiff seeks to exclude should be admitted if they are relevant and such relevance is not "substantially outweighed" by the danger of "unfair prejudice." Fed. R. Evid. 403. The evidence Plaintiff seeks to exclude easily meets the "very low standard" for relevance. *U.S. v. White*, 692 F.3d 235, 246 (2d Cir. 2012). Plaintiff is simultaneously asserting that she suffered from significant mental health problems before joining Centerview, ***but also*** that her termination from Centerview is responsible for the present manifestation of those mental health symptoms and thus compensable with emotional distress damages. In cases like this "where a plaintiff has an extensive history of mental illness, such history is relevant to causation and damages." *Hartman*

*v. Snelders*, 2010 WL 11626508, at *21 (E.D.N.Y. Jan. 28, 2010); *Belvin*, 635 F. Supp. 3d at 197 (denying motion in limine because "a plaintiff's history of mental illness certainly is relevant to a determination of emotional distress damages: diagnoses and symptoms predating the relevant conduct may show the jury that some or all of [plaintiff's] emotional distress was caused by factors other than [defendant's] conduct.").

This standard compels admission of the documents and testimony at issue here. It is beyond dispute here that Plaintiff "has an extensive history of psychological treatment" for medical conditions diagnosed in high school and college, before she began work at Centerview. *Hartman*, 2010 WL 11626508, at *21; ECF No. 164-7 at 4-9. Accordingly, information regarding this history is plainly relevant to a jury's determination of whether Centerview caused the emotional distress of which Plaintiff complains. *Id.* ("plaintiff has an extensive history of psychological treatment for, among other things, depression, that may bear on or may have caused the anxiety and sleeplessness that plaintiff claims were a consequence of this incident."). It is thus unsurprising that Courts in this circuit routinely admit a plaintiff's mental health records into evidence when the plaintiff seeks emotional distress damages and has a history of mental health issues. *See, e.g., id.*; *Belvin*, 635 F. Supp. 3d at 197; *Cohen v. City of New York*, 2007 WL 2789272, at *5 (S.D.N.Y. Sept. 25, 2007) (when plaintiffs allege emotional distress, "such claims put Plaintiffs' emotional and mental histories in play."); *Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 223 (S.D.N.Y. 1994) ("since plaintiffs seek to prove that they have suffered emotional distress. . . defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related."); *Thompson v. Revonet, Inc.*, 2006 WL 8446753, at *2 (D. Conn. June 26, 2006) ("In this case, the plaintiff has elected to seek damages for severe emotional distress in connection with

his claims. To recover such damages, the plaintiff must prove that the defendants' conduct proximately caused his specific injury. The court concludes that defendants should have access to evidence which might show that the plaintiff's emotional state was caused by something other than their actions.").

Plaintiff cites the New York Appellate Division's decision *Brito v. Gomez* as support for her Motion because the court there limited the scope of discovery into a defendant's past medical records. Mot. at 2 (citing 168 A.D.3d 1, 5 (1st Dep't 2018)). But, that decision ***was reversed*** by the New York Court of Appeals. 33 N.Y.3d 1126, 1127 (2019). Indeed, the Court of Appeals' decision supports admission of the medical records and testimony Plaintiff seeks to exclude. In *Brito* a plaintiff alleged an "accident caused difficulties in walking and standing . . . ." *Id.* The defendant sought discovery into "the prior treatment of" the plaintiff's knees to show such issues were not caused by their alleged conduct. *Id.* The First Department denied this requested discovery because it found that the plaintiff was only seeking compensation for "the injuries she sustained . . . to her cervical spine, lumbar spine, and left shoulder" and thus only injuries to the spine and shoulder had been placed in controversy. 168 A.D.3d at 5. The Court of Appeals reversed, finding that the plaintiff had "placed the condition of her knees into controversy through allegations that the underlying accident caused difficulties in walking and standing that affect her ambulatory capacity and resultant damages." 33 N.Y.3d at 1127. In other words, although the plaintiff had not specifically alleged that her knees were harmed by an accident, by claiming damages connected to a more general disability allegedly resulting from the accident, discovery into prior medical treatment of her knees was appropriate. *Id.* The exact same result should apply here. Even if Plaintiff had not directly put her pre-Centerview mental condition at issue, and she

plainly has, such condition is still relevant to the question of whether Centerview caused her current alleged symptoms of those preexisting conditions. *Id.*; *Belvin*, 635 F. Supp. 3d at 197.

Thus, viewed under the correct standard, the documents and testimony Plaintiff seeks to exclude are relevant and not unduly prejudicial.

### *Documents and Testimony From Dr. Hu*

Dr. Hu's documents and testimony are relevant for three reasons.

First, Dr. Hu's diagnosis and treatment of Ms. Shiber is clearly relevant to the issue of whether her alleged emotional distress was caused by her termination or was the result of her preexisting mental health conditions. ██████████████████████████████

████████████████████████████████████████████████████████ and testimony on the subject are relevant for the jury to understand any changes to Ms. Shiber's health after her termination from Centerview. *Belvin*, 635 F. Supp. 3d at 197.

Second, ████████████████████████████████████████████████████ whenever she chose is relevant to the question of whether Ms. Shiber was qualified to perform the essential functions of Centerview analyst. A reasonable jury could view ████████████████ ██████████████████████, which were made little more than a year before she began work at Centerview, and determine that an individual who requires such accommodations is not able to be available to work at unpredictable hours, which Centerview (and, indeed, all investment banks) require of their analysts.

Third, Dr. Hu's testimony and related documentation are relevant to Ms. Shiber's credibility. As noted, ██████████████████████████████████████████████████ ███████████████████████████████████████████████████████. Dr. Hu perceived that Ms. Shiber was acting in this manner because she believed it would help her lawsuit.

*Supra* at 2. He then testified that modified his summary of this treatment of Ms. Shiber upon her request out of a desire to "help her case." *Id.* This speaks to Ms. Shiber's credibility. *See Lewis v. Am. Sugar Refining, Inc.*, 2018 WL 11409641, at *4 (S.D.N.Y. Mar. 26, 2018) (admitting impeachment evidence).

The relevance of these materials is not substantially outweighed by the danger of unfair prejudice. Plaintiff argues in passing that the jury should not be entitled to review this evidence as it may unfairly cause them to believe Ms. Shiber was not qualified to work at Centerview. Mot. at 5. Unsurprisingly, Plaintiff cites no authority to support the proposition that it would be unfairly prejudicial for a jury to be presented with evidence it may interpret as showing that Ms. Shiber had not met her burden of proving a core element of her discrimination claims. *See Williams v. MTA Bus Co.*, 44 F.4th 115, 130-31 (2d Cir. 2022) ("a plaintiff asserting a disability discrimination claim in the employment context must be able to demonstrate that he or she was qualified for the position at issue.") (quotation omitted). These materials are admissible. *Belvin*, 635 F. Supp. 3d at 197.

### Documents and Testimony From Dr. Lichtenstein

Information regarding Dr. Lichtenstein's treatment of Ms. Shiber is admissible.

First, Dr. Lichtenstein's treatment of Ms. Shiber is plainly relevant to the question of whether her alleged current emotional distress was caused by Centerview, or is the result of preexisting conditions. ██████████████████████████████████████████

████████████████ she began her employment at Centerview and documented her symptoms of those disorders. *Supra* at 2-3. The jury is entitled to consider the records and testimony regarding this diagnosis in determining whether Ms. Shiber's current symptoms of those conditions were caused

by Centerview or are consistent with her condition before her termination. *Belvin*, 635 F. Supp. 3d at 197.

Second, Dr. Lichtenstein's opinion that Ms. Shiber intentionally underperformed on tests to obtain certain "light duty" accommodations is relevant to her burden of proving she was qualified to perform the essential functions of the analyst role at Centerview. Plaintiff's argument, Mot. 4, that ████████████████████ were "different" from what she sought at Centerview misses the point. The jury is entitled to consider Ms. Shiber's demand for light duty at Centerview in the context of her previous attempt to receive and maintain such light duty accommodations. *See Cayetano v. Fed. Express Corp.*, 2022 WL 2467735, at *5 (S.D.N.Y. July 6, 2022) ("it is axiomatic that a reasonable accommodation can never require the elimination of an essential function of a position—thus, giving an employee 'light work' that exempts them from such an essential function goes beyond an employer's reasonable obligation under the ADA.").

Last, evidence that Ms. Shiber intentionally underperformed mental health testing in college in order to obtain or maintain favorable accommodation is relevant to her credibility and admissible for that purpose. *See Lewis*, 2018 WL 11409641, at *4.

Again, Ms. Shiber offers no substantive argument for why the relevance of these materials is substantially outweighed by their prejudice other than the fact that it may cause the jury to conclude she was not qualified to work at Centerview. Mot. 5. As before, this argument fails. The jury is entitled to consider these matters.

### *Documents From Outer Cape Health Services*

Last, health records from Ms. Shiber's ████████████████████ are relevant. Those records show that Ms. Shiber was ████████████████████ ████████ the Friday before she was to begin employment at Centerview. ECF No. 163-5.

Whether Ms. Shiber's ███████████ are caused by Centerview is a critical issue regarding Ms. Shiber's claim for emotional distress damages.  Indeed, Ms. Shiber told her therapist, Kylee Mueggenburg, that she only ████████████████ *after* her termination from Centerview. ECF No. 164-2 at 71-72.  While this is contradicted by Ms. Shiber's own deposition testimony, records from Ms. Shiber's Outer Cape visit, which occurred mere days before she began her Centerview employment, are relevant to the question of whether her current symptoms of her mental health conditions, ████████████, were caused by Centerview.  The jury is entitled to review this evidence.  *Belvin*, 635 F. Supp. 3d at 197.

Again, Plaintiff's only argument as to prejudice is that these records could "cause the jury to make the erroneous conclusions that she was not capable of working at Centerview, when she was."  Mot. at 6.  Again, that Plaintiff believes she was qualified to work at Centerview does not mean it is unfairly prejudicial for the jury to consider evidence it may find rebuts her assumptions and her ability to prove an essential element of her claims.  And, these records are plainly relevant to her damages claim.  *Belvin*, 635 F. Supp. 3d at 197.

## CONCLUSION

For the foregoing reasons, Centerview respectfully requests that the Court deny Plaintiff's Motion In *Limine*.

Dated: February 10, 2026      QUINN EMANUEL URQUHART &
New York, New York        SULLIVAN, LLP

By:  *Hope D. Skibitsky*
_____
Jennifer Barrett
Hope D. Skibitsky
Charles H. Sangree
Janice Yoon
295 Fifth Ave
New York, New York 10016
Tel. (212) 849-7000
Fax (212) 849-7100
jenniferbarrett@quinnemanuel.com

hopeskibitsky@quinnemanuel.com
charlessangree@quinnemanuel.com
janiceyoon@quinnemanuel.com

*Attorneys for Centerview Partners LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th of February, 2026, I electronically filed the foregoing

Memorandum of Law In Opposition to Motions in *Limine* with the Clerk of the Court using the

CM/ECF system which will send notification of such filing to the following:

SCHWARTZ PERRY & HELLER LLP
Davida S. Perry
Brian A. Heller

CLAYMAN, ROSENBERG, KIRSCHNER & LINDER LLP
James F. Valentino

/s/ *Hope D. Skibitsky*
Hope Skibitsky

12