Schwartz Perry & Heller LLP
3 Park Avenue, Suite 2700
New York, NY 10016

212.889.6565 PHONE
212.779.8208 FAX
www.sphlegal.com

February 13, 2026

**Via ECF**

Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Street
New York, NY 10007

      Re:    **Kathryn Shiber v. Centerview Partners LLC**
               **1:21-cv-03649-ER**

Dear Judge Ramos:

      With the prior permission of the Court, Plaintiff Kathryn Shiber ("Shiber") respectfully submits this sur-reply in further support of her motion *in limine* and in response to the opposition of Defendant Centerview Partners LLC ( "Centerview").

**Dr. Da-Shih Hu**

      Centerview grossly misrepresents the testimony of Dr. Da-Shih Hu, a psychiatrist who briefly treated Shiber while she was a student at Dartmouth. Shiber does not rely on Dr. Hu to establish her claim of emotional distress so that his testimony to that effect is irrelevant and cumulative.

      Centerview intends to argue that since Dr. Hu approved Shiber receiving academic accommodations at Dartmouth, she was not qualified for her role at Centerview. Dr. Hu is not in a position to support such an argument. He knows nothing about what the role at Centerview entailed. He only saw Shiber once and, at his deposition, could not recall treating her. (Hu Depo. 12:23-13:4). Centerview essentially treats Dr. Hu as an expert, when he was never designated as

Schwartz Perry & Heller

such. It would be prejudicial to Shiber for Centerview to present Dr. Hu as an expert to the jury.

Centerview's claim that Dr. Hu's testimony reflects on Shiber's credibility is a red herring. Following her termination, and prior to the commencement of this lawsuit, Shiber emailed Dr. Hu to ask him about the specific diagnosis she received, since what he indicated was different than what Shiber recalled, and for which she was treated during college. The fact that Dr. Hu may have perceived that Shiber was asking him to help her lawsuit, and that he wanted to help her lawsuit, is also irrelevant and a clear effort to prejudice the jury against Shiber.

**Dr. Jonathan Lichtenstein**

Dr. Jonathan Lichtenstein was a psychologist at Dartmouth who determined that Shiber required accommodations while she was a student. Centerview misrepresents Dr. Lichtenstein's testimony to create the illusion that Shiber "intentionally underperformed" on tests for those accommodations. (Opp. Brief pg. 9). Dr. Lichtenstein's testimony specifically refutes this. Rather than blaming Shiber's intent, Dr. Lichtenstein noted that it was Shiber's anxiety that caused her to underperform. (Lichtenstein Depo. 34:7, "Q. Why do you think she was not performing consistently to the best of her ability? A. I believe it had to do with anxiety."). It would be prejudicial for Centerview to misrepresent Dr. Lichtenstein's testimony to state that Shiber lied during testing. Notably, Centerview did not ask about any such accommodations when it interviewed Shiber, negating its claim that such an accommodation would disqualify her from a role at Centerview.

**Outer Cape**

In the summer of 2020, shortly before Shiber started at Centerview, Shiber went to an urgent care clinic of Outer Cape Health Services due to pain in her chest from a cardiac episode

# Schwartz Perry & Heller

the night before. Shiber was diagnosed with supraventricular tachycardia and was told to go to the hospital if she had such an episode again. Centerview claims that because the symptoms of that condition "resemble a panic attack" (Opp. Brief pg. 3), that treatment is relevant.

Centerview misrepresents Shiber's medical condition in multiple ways. First, Shiber did not go to Outer Cape for a panic attack, so that is not relevant. Second, Shiber has consistently acknowledged that she had panic attacks prior to working at Centerview (Shiber Depo. 90), so there is no need for Centerview to "prove" otherwise. The issue for the jury is whether or not any panic attacks that Shiber had following her termination from Centerview were related to her termination. The records of Outer Cape shed no light on that issue. It would be prejudicial to Shiber for Centerview to argue that because Shiber had panic attacks before Centerview, it is impossible for any subsequent panic attacks to be related to its termination of her employment.

We thank the Court for the ability to submit this sur-reply.

Respectfully submitted,

BRIAN HELLER

cc:    All counsel – via ECF