UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN SHIBER,<br><br>   Plaintiff,<br><br> v.<br><br>CENTERVIEW PARTNERS LLC,<br><br>   Defendant. | Case No. 1:21-cv-03649 |

**CENTERVIEW PARTNERS LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION IN LIMINE TO PRECLUDE KYLEE MUEGGENBURG <u>FROM OFFERING CAUSATION TESTIMONY</u>**

Jennifer J. Barrett
Hope D. Skibitsky
Charles H. Sangree
Janice Yoon

QUINN EMANUEL
URQUHART & SULLIVAN LLP
295 5th Ave, New York, NY 10016
Tel: 212-849-7000
jenniferbarrett@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
charlessangree@quinnemanuel.com
janiceyoon@quinnemanuel.com

*Attorneys for Centerview Partners LLC*

i

## REPLY IN FURTHER SUPPORT OF MOTION IN LIMINE TO PRECLUDE KYLEE MUEGGENBURG FROM OFFERING CAUSATION TESTIMONY

Plaintiff does not dispute that she must prove her alleged emotional distress damages was caused by Centerview. Plaintiff initially represented to Defendant that she would not be seeking such causation testimony from Kylee Mueggenburg, her former therapist. Apparently recognizing that such position was fatal to her emotional distress case, Plaintiff changed course in her opposition, taking the position that "[w]hile Shiber does not intend to ask Ms. Mueggenberg about the ultimate issue of causation, Ms. Mueggenberg is free to testify about her perspective on the cause of Shiber's emotional distress based on her sessions with her." ECF No. 174 ("Opposition" or "Opp.") at 13. Whatever distinction Plaintiff is attempting to draw between testifying as to "the ultimate issue of causation," as opposed to testifying about "the cause of Shiber's emotional distress," the fact remains that Ms. Mueggenburg should be precluded from offering causation testimony under *Daubert* and its progeny.

Lay witness testimony is only sufficient to establish a causal connection between a defendant's conduct and a medical condition in simple cases like a broken leg resulting from a car accident or "between hearing loss and repeated exposure to noise so loud that it causes physical pain or ear-ringing." *Tufariello v. Long Island Rail Road*, 458 F.3d 80, 89 (2d Cir. 2005). More complex issues of causation, like whether Ms. Shiber's alleged emotional distress symptoms were caused by Centerview or her preexisting health issues, requires the testimony of either an expert or a treating physician. ECF No. 157 ("Motion" or "Mot.") at 10-11. Plaintiff disputes this black letter law and relies on *Ahmad v. New York University* for the proposition that she need not offer such evidence. Opp. at 11 (citing 2025 WL 3022862 (S.D.N.Y. Oct. 29, 2025) (*vacated in part by* 2026 WL 234594 (S.D.N.Y. Jan. 29, 2026)). But in *Ahmad* the "Plaintiff [] called an expert

1

witness in forensic psychology [] to opine on Plaintiff's symptoms and whether they were caused by Defendants' conduct." *Id.* at *30. That case confirms Centerview's argument.

Implicitly conceding that Ms. Mueggenburg's lay testimony is insufficient to establish causation, Ms. Shiber claims that Ms. Mueggenburg is qualified as a "treating physician," to opine on causation. Opp. at 12 (citing cases discussing "treating physicians" and "treating doctors"). This argument fails. Even if Ms. Mueggenburg were a "treating physician" (a dubious proposition considering she is not a medical doctor), her testimony still must pass muster under *Daubert* to be admissible. Mot. 11; *see Rahman v. Lee*, 2024 WL 4043697, at *12 (S.D.N.Y. Sept. 4, 2024) ("Even if a treating physician does not file an expert report, he or she must [] demonstrate a scientifically reliable method to support the conclusions underpinning his or her opinion.") (quotation omitted). Ms. Shiber never acknowledges her burden of proving Ms. Mueggenburg's qualifications or the reliability of her methods. Regardless, she fails to meet such burden.

First, as Centerview described in its Motion, Ms. Mueggenburg lacks the necessary qualifications to opine on causation. Mot. at 11-12. In response, Ms. Shiber relies entirely on the argument that Ms. Mueggenburg's qualifications should be left to the jury. Opp. 13-14. But it is well-settled that the qualification of an expert (or treating physician) is a predicate issue that must be decided by the Court before the jury is permitted to hear such evidence. *See Baker v. Urban Outfitters*, 254 F. Supp. 2d. 346, 352 (S.D.N.Y. 2003) ("Rule 702 requires a trial court to make an initial determination as to whether the proposed witness qualifies as an expert."). This alone warrants exclusion.

Second, Ms. Shiber does not even attempt to argue that Ms. Mueggenburg employs reliable methods in determining the causes of Ms. Shiber's alleged distress, and instead assumes that the fact that Ms. Mueggenburg treated Plaintiff is sufficient. Opp. at 12-13. This is wrong. *See N.K.*

2

by *Bruestle-Kumra v. Abbott Lab'ys*, 2017 WL 2241507, at *8 (E.D.N.Y. May 22, 2017), *aff'd*, 731 F. App'x 24 (2d Cir. 2018) ("classifying [a treating physician] as a fact expert does not relieve this Court of its duty to ensure she utilized reliable methods in reaching her opinion."). The evidence shows Ms. Mueggenburg's methods are not reliable. Mot. 12-13. Indeed, while she apparently will opine that Ms. Shiber's termination from Centerview caused the alleged symptoms of Ms. Shiber's emotional distress, Opp. 13, Ms. Mueggenburg blindly relied on representations made by Ms. Shiber (many of which are contradicted by the record) in forming her opinions and did not consider alternative sources of Ms. Shiber's alleged distress. Mot. 12-13; ECF No. 164-2 at 71-72. She did not even know when Ms. Shiber was terminated from Centerview. Mueggenburg Dep. Tr. at 74-75. These methods are unreliable. *See Barth v. United States*, 2025 WL 2753721, at *10 (S.D.N.Y. Sept. 29, 2025) (excluding treating physician evidence because "[w]here a doctor's causation opinion is based solely on the plaintiff's 'subjective reports of her history'—i.e., when symptoms began—the causation conclusion 'render[ed] ... [is] 'speculative' and 'conjectural.'") (*quoting Johnson v. United States*, 2024 WL 1246503, at *6 (E.D.N.Y. 2024)); *Senchyshyn v. BIC Sport N. Am., Inc.*, 2020 WL 4500992, at *8 (N.D.N.Y. Aug. 5, 2020) (excluding treating physician testimony where the physician "adopted Plaintiff's narrative without attempting to rule out other possible causes"). Plaintiff relies on *Derienzo v. Metropolitan Transportation Authority* for the proposition that Ms. Mueggenburg failing to explore any potential alternative causes of Ms. Shiber's distress goes to the weight of her testimony, not its admissibility. 694 F.Supp.2d 229, 239 (S.D.N.Y. 2010). That case held precisely the opposite and excluded a proposed expert's testimony as insufficiently reliable because the expert did not consider alternative causes of an injury. *Id.* at 239-40.

3

| | |
|---|---|
| Dated: February 13, 2026<br>New York, New York | QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP |

By:  */s/ Charles H. Sangree*
Jennifer Barrett
Hope D. Skibitsky
Charles H. Sangree
Janice Yoon
295 Fifth Ave
New York, New York 10016
Tel. (212) 849-7000
Fax (212) 849-7100
jenniferbarrett@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
charlessangree@quinnemanuel.com
janiceyoon@quinnemanuel.com

*Attorneys for Centerview Partners LLC*

4

## CERTIFICATE OF WORD COUNT COMPLIANCE

I, Charles H. Sangree, hereby certify pursuant to the Court's February 12, 2026 Order, ECF No. 186, the foregoing Reply In Further Support of Motion in Limine to Preclude Kylee Mueggenburg From Offering Causation Testimony is 3 pages or fewer.

I certify under the penalty of perjury the forgoing statements are true and correct. Executed on this 13 day of February, 2026 in New York, New York.

                                                                             */s/ Charles H. Sangree*
                                                                              Charles H. Sangree